IH-32 Rev: 2014-1

# United States District Court
for the
# Southern District of New York
## Related Case Statement

---

### Full Caption of Later Filed Case:

Ruby Freeman and Wandrea' Moss

**Plaintiff**

vs.

Rudolph W. Giuliani

**Defendant**

**Case Number**

24-cv-6563

### Full Caption of Earlier Filed Case:

(including in bankruptcy appeals the relevant adversary proceeding)

Ruby Freeman and Wandrea' Moss

**Plaintiff**

vs.

Rudolph W. Giuliani

**Defendant**

**Case Number**

24-mc-353

IH-32                                                                                                                  Rev: 2014-1

**Status of Earlier Filed Case:**

☑ Closed   (If so, set forth the procedure which resulted in closure, e.g., voluntary dismissal, settlement, court decision. Also, state whether there is an appeal pending.)

☐ Open   (If so, set forth procedural status and summarize any court rulings.)

The earlier filed case is a proceeding to enforce a judgment entered in the U.S. District Court for the District of Columbia. In aid of judgment enforcement, Plaintiffs have moved for appointment as a receiver over certain specific property (which property is also at issue in this newly filed action). That motion is pending.

The earlier filed case appears to have been closed as an administrative matter by the Clerk's office on August 7, 2024. The earlier filed case remains an active, pending district court proceeding to enforce a judgment entered in another district of the United States. As set forth below, this Court has deemed later-filed civil actions related in similar procedural circumstances.

**Explain in detail the reasons for your position that the newly filed case is related to the earlier filed case.**

The earlier filed case is a proceeding to enforce a final money judgment in favor of Plaintiffs and against Defendant entered in the U.S. District Court for the District of Columbia and registered in this District pursuant to 28 USC 1963. In the earlier-filed proceeding, Plaintiffs have moved pursuant to NY CPLR 5228 for appointment of a receiver over certain specific property, including Defendant's condominium apartment located in Palm Beach, Florida. This newly filed action seeks a judgment declaring that Defendant's Palm Beach condominium does not qualify for homestead protection under the Florida Constitution and that Plaintiffs' lien against the condominium may be enforced as a prior lien without interference by any subsequent claim of homestead protection. In short, this declaratory judgment action seeks a conclusive determination that Plaintiffs' lien may be enforced against the condominium, and that the condominium may be sold to satisfy Plaintiffs' judgment, notwithstanding any claim to homestead protection that Defendant may make now or in the future.

This newly filed action is related to the earlier filed action because it will determine Plaintiffs' authority to sell the condominium in satisfaction of their judgment, as receivers under CPLR 5228 or otherwise. All of the considerations set forth in Rule 13(a) of the Rules for Division of Business favor accepting this newly-filed case as related: The parties, facts, property, transactions, and events involved in this declaratory judgment action all overlap substantially with those involved in Plaintiffs' motion for receivership filed in the earlier case, particularly as to the property at issue in both cases. Further, accepting this newly filed case as related will conserve judicial and party resources, avoid substantial duplication of effort and expense, delay, potentially conflicting judicial orders, and ensure the most efficient disposition of both cases without undue delay. This Court has recently reached a similar conclusion as to a later-filed civil action relating to property at issue in an earlier-filed miscellaneous enforcement proceeding. See, e.g., Docket Entry dated April 3, 2024, No. 24-cv-2420-KPF (accepting later-filed civil case as related to earlier-filed miscellaneous proceeding to enforce civil judgment).

Signature: s/ Aaron E. Nathan                                  Date: 08/30/2024

Firm: Willkie Farr & Gallagher LLP