KENNETH CARUSO LAW
15 West 72nd Street | New York, NY 10022
E: ken.caruso@kennethcarusolaw.com | P: (646) 599-4970

September 26, 2024

<u>Via ECF</u>

Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

      Re:    *Freeman et al v. Giuliani*, 24-cv-06563-LJL, 24-mc-00353-LJL

Dear Judge Liman:

      I represent Mr. Giuliani ("Defendant") in these cases. **Plaintiffs' counsel has refused to agree to what I regard as professional courtesies and/or a schedule that is reasonable under the circumstances. I therefore write—reluctantly—to ask the Court to fix a schedule for these cases. As requested below, I ask the Court to extend all existing deadlines to October 16, 2024, and to make the additional rulings requested below.**

      I have attempted to confer in good faith with Plaintiffs' counsel, by both telephone and email, in an effort to resolve the dispute.

*    *    *

      The United States District Court for the District of Columbia entered a judgment against Defendant, and in favor of Plaintiffs, in the amount of approximately $146 million (including $75 million in punitive damages) for defamation and intentional infliction of emotional distress. Plaintiffs now seek to enforce that judgment in these proceedings before Your Honor. Meanwhile, Defendant appealed to the D.C. Circuit. I represent Defendant on that appeal.

      *First*, I have a deadline of October 2, 2024, to file Defendant's opening Brief in the D.C. Circuit. Therefore, between now and then, I will be tied up in finishing that Brief. (I will also be heavily tied up with a substantial filing, due on September 30, 2024, and consisting of a brief, an expert affidavit and a fact affidavit, in state court, in *AT&T v. GST*, Index No. 650330/2020.)

      *Second*, and coincidentally, October 2, 2024, is the deadline for Defendant to answer or move with respect to the Complaint in civil action 24-cv-06563, transferred to Your Honor from Judge Hellerstein.[1] Considering that I am tied up on the D.C. Circuit appeal until October 2, I believe that I would be justified in seeking what I regard as a customary, 30-day extension of time. Plaintiffs' counsel, however, has refused that courtesy.

---

[1] Plaintiffs served process on Defendant, within the State of New York, on September 11, 2024. Rule 12(a)(1)(A)(i) gives 21 days to respond, which fixes the deadline as October 2, 2024.

Hon. Lewis J. Liman
*Re: Freeman et al v. Giuliani*
September 26, 2024
Page 2 of 2

**Therefore, I now ask that the Court extend the deadline in that case to October 16, 2024, a request that Plaintiffs' counsel has also rejected.**  I respectfully suggest that a two-week extension is reasonable, considering that I appeared in this case a mere six days ago, that I cannot fully turn to this case until October 2 (for the reasons stated above), and that I have been short-handed (in that my associate, who has also appeared in this case, has been in Asia on his honeymoon, returning only today).  I have made no previous requests for this extension of time.  There are no scheduled appearances before the Court.

*Third*, **I ask that the Court direct counsel to discuss a schedule for the next steps in that action—that is, to make initial disclosures under Rule 26(a), identify the necessary/requested discovery, fix a discovery schedule and fix a schedule for a summary-judgment motion.**  Considering that Plaintiffs' counsel seems to be in such a hurry, I do not see how they can oppose this request.

*Fourth*, **I ask the Court to apply that same schedule to the case bearing number 24-mc-00353 (the case originally assigned to Your Honor).**  At the moment, Plaintiff wants substantial action in that case, such as substantive litigation on exemptions from execution by October 1, 2024, and a document production by October 7, 2024— *before* the answer/motion due- date in 24-cv-06563 (assuming the Court grants the two-week extension requested above).

These cases are before Your Honor for all purposes.  It makes no sense to litigate some issues on one schedule, and other issues (including overlapping issues, such as Defendant's domicile) on another schedule—unless, of course, the goal is to gain an unfair advantage on the merits by pressuring me, so that I will not have time to do a proper, professional job in defending my client.  (I will move for formal consolidation, under Rule 42(a), at my first opportunity.)

\*     \*     \*

This is a *case*, not a *cause*, although Plaintiffs' counsel, who appear *pro bono*, apparently think otherwise.  I am ready, willing and able to litigate the case expeditiously, but I need a reasonable amount of time to investigate the facts, research the law (*e.g.*, Florida homestead law, not a topic routinely encountered in the S.D.N.Y.), and then litigate the case to the best of my professional ability.  That need is especially acute where, as here, the stakes are so high: An 80-year-old man is in danger of losing his home.

**Plaintiffs' counsel refuses to give me the time that I reasonably need to do my job.  Therefore, I respectfully (and, again, reluctantly) ask the Court to do so.**

                                                              Respectfully submitted,

                                                           /s/ Kenneth A. Caruso
                                                            Kenneth A. Caruso

cc:     Counsel of Record