# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

October 27, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL)

Dear Judge Liman,

Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this letter and proposed case management plan and scheduling order in advance of tomorrow's conference in the above-captioned matter.

Counsel for Plaintiffs and Defendant Rudolph W. Giuliani have conferred and have been able to reach agreement on most, though not all, discovery-related issues in this matter. The parties' areas of agreement are reflected in the attached proposed case management plan and scheduling order, subject to Plaintiffs' request below with respect to a shortened deadline to produce responsive materials under Federal Rules of Civil Procedure 33, 34, and 36.

Trial in this case—should trial be necessary—is scheduled for January 16, 2025, only 80 days from the date of tomorrow's conference. In recognition of that compressed time frame and Defendant's history of discovery abuses in this litigation, Plaintiffs respectfully request that the Court shorten the time for Defendant to make complete productions or answers in response to all discovery requests to 14 days.

Federal Rules of Civil Procedure 33(b)(2), 34(b)(2)(A), and 36(a)(3) each provide a default response deadline of 30 days for interrogatories, document requests, and requests for admission, but also expressly provide that the Court may shorten that time. *See* Fed. R. Civ. P. 33(b)(2), 34(b)(2(A), 36(a)(3) ("A *shorter* or longer time may be stipulated to under Rule 29 *or be ordered by the court*.") (emphases added). A district court has "broad discretion to direct and manage the pre-trial discovery process." *Wills v. Amerada Hess Corp.*, 379 F.3d 32, 41 (2d Cir. 2004). That discretion extends to "the setting and enforcement of discovery deadlines," *Reid v. A-Plus Care HHC Inc.*, No. 1:23-cv-01163 (JPC) (SDA), 2024 WL 3219795, at *2 (S.D.N.Y. June 28, 2024).

October 27, 2024
Page 2

      The circumstances of this case amply justify a shortened 14-day deadline for Defendant to make complete productions and provide complete answers in response to Plaintiffs' discovery requests. Defendant has a demonstrated history of discovery misconduct in this litigation, as found by not one but *two* federal courts. *See* No. 23-mc-353, ECF No. 9 at 7-10; No. 23-mc-353, ECF No. 50, at 7-10.[1] In both the underlying D.C. litigation and the subsequent bankruptcy case, Defendant's approach to discovery was exemplified by his refusal to respond to discovery requests in a timely fashion, and ultimately by his refusal to make complete productions *at all*, necessitating motions to compel, and orders granting those motions and compelling responses. Ultimately, when Defendant disobeyed those orders as well, he was subjected to significant sanctions, including adverse inferences under Rule 37, default judgment under Rule 37, and dismissal of his bankruptcy case for cause. Meanwhile, in the enforcement proceedings parallel to this case, Defendant has simply ignored Plaintiffs' information subpoena.

      Defendant will surely insist that this time will be different, but he has forfeited the benefit of the doubt in that regard. And in any event, even in the best of circumstances, 80 days is a highly compressed time in which to conduct an entire case's worth of discovery: leaving the default 30-day deadlines in place for discovery responses would leave insufficient time for the parties to confer about deficiencies in production, litigate the inevitable motions to compel, and then litigate any motions for sanctions should they be necessary. Moreover, the relevant evidence is primarily in Defendant's possession and control, and should be straightforward for him to collect and produce. If special circumstances regarding particular materials warrant a short extension beyond a default deadline of 14 days, the burden should be on *Defendant* to explain those special circumstances and why they constitute good cause.

      Plaintiffs have conferred with Defendant's counsel about this request, and Defendant's counsel have declined to consent, saying only that Defendant would make "best efforts" to respond to discovery requests within 14 days. With all respect, that is not good enough in this case, given the highly expedited nature of these proceedings and Defendant's extensive, *adjudicated* track record of discovery abuses.

      Plaintiffs accordingly request that the Court set a default 14-day deadline for all productions and answers under Rule 33, 34, and 36. If that request is granted, Plaintiffs otherwise consent to the joint proposed case management plan and scheduling order attached hereto, and ask that the Court enter it promptly.

                                                   Respectfully submitted,

                                                   s/ Aaron E. Nathan

---

[1] Unless otherwise indicated, pincites to documents filed on the docket refer to the pagination of the ECF docket stamp, rather than the document's internal pagination.