UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

    Plaintiffs,

    v.

RUDOLPH W. GIULIANI,

    Defendant.

Case No. 24-cv-6563 (LJL)

**DECLARATION OF AARON E. NATHAN
PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 56(d)
IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT**

I, Aaron E. Nathan, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am counsel to Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") in the above-captioned action.

2. I submit this declaration pursuant to Rule 56(d) of the Federal Rules of Civil Procedure in support of Plaintiffs' Opposition to Defendant Rudolph W. Giuliani's ("Defendant") Cross-Motion for Summary Judgment (ECF Nos. 41, 44) (the "Cross-Motion"). As the Court is aware, no discovery has been produced in this action. For that reason, and for the reasons set forth below, Plaintiffs cannot present facts essential to justify their opposition to certain portions of the Cross-Motion.

3. Defendant's Cross-Motion seeks summary judgment in Defendant's favor on all claims, asserting that there is no genuine dispute as to any material fact on all elements of Plaintiffs' claims. Defendant's Cross-Motion and its supporting papers make or rely on certain

factual assertions that Plaintiffs are unable even to evaluate—much less dispute, admit, or deny—without engaging in discovery of all relevant evidence.

4. The bulk of relevant evidence in this case, and the bulk of the evidentiary materials on which Defendant's Cross-Motion relies, is uniquely within Defendant's possession and control, including Defendant's own self-serving testimony. Because Plaintiffs have not yet had the opportunity to conduct any discovery, to obtain relevant documentary evidence, or to depose Defendant, Plaintiffs are unable to evaluate the credibility (or even the authenticity) of Defendant's proffered evidence, particularly his own testimony.

5. For example, Defendant makes various assertions as to his New York residency, including that in July 2023 he "decided to sell [the] New York cooperative apartment," that "[o]nce the New York Apartment was sold, the Palm Beach Condo would be [his] only residence" and that he "allowed his New York driver's license to expire." (Defendant's Local Rule 56.1 Statement in Support of Cross-Motion for Summary Judgment (ECF No. 46) ("Cross 56.1 Statement") ¶¶ 2–3, Declaration of Rudolph W. Giuliani (ECF No. 42) ("Giuliani Decl.") ¶¶ 5, 7, 10). Each of these factual assertions are either made without any reference to actual evidence or rely on evidence solely in Mr. Giuliani's possession—without producing *all* relevant evidence that would permit Plaintiffs to evaluate whether the self-selected evidence offered in support of Mr. Giuliani's claims tells the whole story. In a similar vein, Mr. Giuliani has made several unsupported factual assertions pertaining to his travel schedule during 2024. (Giuliani Decl. ¶ 16). His declaration asserts—without reference to any exhibits—that "[w]hen I was in Palm Beach, I resided in my condo," "[w]hen I was in New York, I conducted business and visited family," and "[w]hen I was in New Hampshire, I conducted business . . . [and] engaged in leisure activities." (Giuliani Decl. ¶ 16; *see also* Cross 56.1 Statement ¶¶ 8–11). Without discovery, including a deposition of Mr.

Giuliani, Plaintiffs have no way to test the credibility of Mr. Giuliani's testimony or the factual assertions made therein.

6. Defendant also makes various assertions purporting to demonstrate his activities and residency in Florida, including that "[o]n February 22, 2024, Defendant was issued a Florida driver's license, at the address of the Palm Beach Condo" (Cross 56.1 Statement ¶ 3, Giuliani Decl.¶ 10), that "[o]n May 6, 2024, Defendant registered his 1980 automobile in Florida, at the address of the Palm Beach Condo, and was issued a Florida license plate" (Cross 56.1 Statement ¶ 4, Giuliani Decl.¶ 11), that "[o]n May 18, 2024, Defendant registered to vote in Florida" (Cross 56.1 Statement ¶ 5, Giuliani Decl. ¶ 12), and that "Palm Beach County has granted homestead tax exemptions to Defendant, for 2024." (Cross 56.1 Statement ¶ 6, Giuliani Decl. ¶ 13). Once again, although Mr. Giuliani supports these assertions with exhibits, without discovery Plaintiffs are unable to verify the authenticity of those exhibits, or evaluate them in the context of the larger universe of relevant materials, which may reveal that Mr. Giuliani has merely cherry-picked the most favorable evidence he can think of, while omitting a *preponderance* of evidence weighing against his claims, or impeaching his own credibility.

7. Notably, the Giuliani Declaration attaches Exhibit G as evidence that Defendant has been "granted homestead tax exemptions," but it is unclear from the face of Exhibit G when Defendant applied for the homestead tax exemptions, when (or if) such exemptions were granted, or the date of the document itself—all facts that would be highly relevant to Plaintiffs' claims if summary judgment is not granted in Plaintiffs' favor.

8. As set forth in Plaintiffs' own motion for summary judgment, summary judgment should be granted in Plaintiffs' favor as a matter of law. However, if Plaintiffs' Motion is not granted, Plaintiffs would require discovery to learn and present additional facts to properly oppose

3

Defendant's Cross-Motion. In that event, the proper resolution of the Cross-Motion, and the most efficient way to proceed in this case, would be to deny the Cross-Motion and permit the parties to litigate this case through discovery and trial. *See* Fed. R. Civ. P. 56(d)(1).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 30, 2024.

s/ Aaron E. Nathan
Aaron E. Nathan
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
anathan@willkie.com

*Attorney for Ruby Freeman and Wandrea' Moss*