UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RUBY FREEMAN and WANDREA' MOSS,

                Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                Defendant.

No. 24-cv-06563-LJL

---

**REPLY MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANT'S
CROSS-MOTION FOR SUMMARY JUDGMENT**

KENNETH CARUSO LAW LLC
15 West 72nd Street
New York, NY 10023
(646) 599-4970
ken.caruso@kennethcarusolaw.com

LABKOWSKI LAW, P.A.
250 95th Street, Unit #547233
Surfside, Florida 33154
(786) 461-1340
david@labkowskilaw.com

Of Counsel:
    Kenneth A. Caruso
    David Labkowski

**TABLE OF CONTENTS**

POINT I:  THE COURT SHOULD ABSTAIN ................................................................................ 1

    A.    The Court Should Abstain Under *Burford* ........................................................................ 1

    B.    The Burford Doctrine Allows Abstention In Favor Of A State Court.............................. 2

POINT II:  THE COURT SHOULD DECLINE TO ISSUE A DECLARATORY JUDGMENT... 4

POINT III:  PLAINTIFFS HAVE NOT SHOWN THAT DEFENDANT IS NOT ENTITLED TO A FLORIDA HOMESTEAD EXEMPTION ................................................................................ 6

CONCLUSION............................................................................................................................. 10

i

## TABLE OF AUTHORITIES

**CASES**

*Admiral Ins. Co. v. Niagara Transformer Corp.,*
   57 F.4th 85 (2d Cir. 2023) ............................................................................................... 4, 5

*American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.*,
   351 F. Supp. 2d 79 (S.D.N.Y. 2004) ..................................................................................... 6

*Andonian v. Soleimani*,
   2024 WL 36007 (S.D.N.Y. Jan. 3, 2024) .............................................................................. 3

*Ankenbrandt v. Richards*,
   504 U.S. 689 (1992) ......................................................................................................... 3, 4

*Avail Holding LLC v. Ramos*,
   2017 WL 979027 (E.D.N.Y. March 10, 2017) ...................................................................... 4

*Baldwin v. Henriquez*,
   279 So. 3d 328 (Fla. 2d DCA 2019) .................................................................................... 2

*Carbonell v. Glade,*
   ___ So.3d ___, 2024 WL 3049413 (Fla. 3d DCA June 19, 2024). ................................. 1, 8

*Caudill v. Eubanks Farms, Inc.*,
   301 F.3d 658 (6th Cir. 2002) ............................................................................................... 4

*Chames v. DeMayo*,
   972 So. 2d 850 (Fla. 2007) ............................................................................................. 1, 5

*City of Jacksonville v. Bailey*,
   30 So. 2d 529 (Fla. 1947) ................................................................................................... 9

*Colorado River Water Conservation District v. United States*,
   424 U.S. 800 (1976) ............................................................................................................ 3

*Feiwus v. Genpar, Inc.*,
   43 F. Supp. 2d 289 (E.D.N.Y. 1999) .................................................................................... 4

*Friedman v. Revenue Management of New York, Inc.*,
   38 F.3d 668 (2d Cir. 1994) .................................................................................................. 3

*Grau v. Provident Life and Accident Ins. Co.*,
   899 So. 2d 396 (Fla. 4th DCA 2005) ............................................................................... 6, 7

*In re Herr*,
   197 B.R. 939 (Bankr. S.D. Fla. 1996) ................................................................................ 10

*In re Mendoza*,
   597 B.R. 686 (Bankr. S.D. Fla. 2019) .................................................................................. 2

*In re Motors Liquidation Co.*,
   957 F.3d 357 (2d Cir. 2020) ............................................................................................... 6

*Louisiana Power & Light Co. v. City of Thibodaux*,
   360 U.S. 25 (1959) ............................................................................................................. 5

*Monson v. First Nat. Bank of Bradenton*,
   497 F.2d 135 (5th Cir. 1974) .............................................................................................. 9

*Nelson v. Murphy*,
   44 F.3d 497 (7th Cir. 1995) ................................................................................................ 4

*Olesky v. Nicholas*,
   82 So. 2d 510 (Fla. 1955) .................................................................................................. 9

*Progressive Exp. Ins. Co. v. Camillo*,
   80 So. 3d 394 (Fla. 4th DCA 2012) ................................................................................... 7

*Quackenbush v. Allstate Ins. Co.*,
   517 U.S. 706 (1996) .................................................................................................. 2, 3, 5

*Sackheim v. Marine Bank & Trust Co.*,
   341 So. 2d 247 (Fla. 2d DCA 1976) .................................................................................. 9

*Salazar-Abreu v. Walt Disney Parks & Resorts U.S., Inc.*,
   277 So. 3d 629 (Fla. 5th DCA 2018) ................................................................................. 7

*Semple v. Semple*,
   89 So. 638, 639 (Fla. 1921) .............................................................................................. 10

*Estate of Skuro*,
   487 So. 2d 1065 (Fla. 1986) ..................................................................................... 8, 9, 10

*Yost-Rudge v. A to Z Properties, Inc.*,
   263 So. 3d 95 (Fla. 4th DCA 2019) ................................................................................... 8

**TREATISES**

Wright & Miller, <u>Federal Practice and Procedure</u> § 4244 ................................................... 4

Defendant, Rudolph W. Giuliani ("Defendant"), respectfully submits this reply memorandum of law (which uses terms defined in his opening memorandum of law, ECF 41).

## POINT I

## THE COURT SHOULD ABSTAIN

A.  **The Court Should Abstain Under *Burford***

Question: What's so special about Florida homestead law?  Answer: Nothing, according to Plaintiffs, who contend that this case presents a run-of-the-mill choice-of law issue, the kind routinely decided in diversity cases.  *See* ECF 54 at 20.

Thus, Plaintiffs contend: "This case does not implicate the sovereignty of another legal system[.]"  ECF 54 at 19.  The homestead exemption, however, does precisely that: The homestead exemption provides "a right designed to protect both the individual and the public. . . . [It] protects not only the debtor, but also the debtor's family and the State. . . . Therefore, the right to the homestead exemption is not purely personal as some others are."  *Chames v. DeMayo*, 972 So. 2d 850, 860 (Fla. 2007).

The substance of the homestead right confirms its own unique status.  Florida, unlike any other state, protects the homestead in its entirety.  *See* ECF 48 at 2-3.

The structure of the homestead right further confirms its unique status.  The right is enshrined in the state Constitution; it cannot be waived, absent abandonment or alienation; it cannot be forfeited in a particular case; it may be raised for the first time on appeal; it cannot be taken away as a sanction for violation of court orders.  *Carbonell v. Glade,* ___ So. 3d ___, 2024 WL 3049413 (Fla. 3d DCA June 19, 2024)*.*

"No policy of this State is more strongly expressed in the constitution, laws and decisions of this State than the policy of our exemption laws."  *Chames*, 972 So. 2d at 855 (cleaned up).

1

Clearly, the Florida homestead provisions involve policy problems of substantial public import, which affect the state of Florida as a sovereign, thereby necessarily transcending the result in this particular case. Adjudication here would "overlook[] . . . the interest of the State in its exemption laws[.]" *Id.* at 856.

Plaintiffs do not come to grips with Fla. Stat. § 222.10, which places homestead issues in the hands of a single court, thereby "permit[ting] an experienced cadre of state judges to obtain specialized knowledge in the field." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 724 (1996). Plaintiffs cite seven cases for the proposition that federal courts "routinely adjudicate Florida homestead claims[.]" ECF 54 at 8. The citations, however, are misleading. None of those cases addressed, much rejected, *Burford* abstention. Those cases therefore provide no precedent here.

Plaintiffs contend that the homestead-execution exemption and the homestead-tax exemptions "are distinct[.]" ECF 54 at 11. Principles applicable to one, however, inform the other. *In re Mendoza*, 597 B.R. 686, 689-90 (Bankr. S.D. Fla. 2019). "The homestead exemption[,]" moreover, which Palm Beach County has granted to Defendant, "should ensure more protection from forced sale than it receives from the tax exemption." *Baldwin v. Henriquez*, 279 So. 3d 328, 336 (Fla. 2d DCA 2019) (cleaned up). Plainly, inconsistent decisions regarding the two homestead exemptions would defeat coherence.

**B.     The Burford Doctrine Allows Abstention In Favor Of A State Court**

Plaintiffs contend: "*Burford* abstention is categorically improper where, as here, no state administrative proceeding or order is at issue." ECF 54 at 4. This contention goes too far.

The Supreme Court has not articulated a "formulaic test for determining when dismissal is appropriate under *Burford*." *Quackenbush*, 517 U.S. at 727. Certainly, many *Burford*-

2

abstention cases involve state administrative agencies. *See* ECF 54 at 5-6 (citing Supreme Court and Second Circuit cases).

In other cases, however, the Supreme Court has "provided more generalized descriptions of the *Burford* doctrine[.]" *Quackenbush*, 517 U.S. at 725. Thus, the Court has stated the test without any mention of state administrative agencies:

> *Burford* allows a federal court to dismiss a case only [1] if it presents difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar, or [2] if its adjudication in a federal forum would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.

*Quackenbush*, 517 U.S. at 726-27 (cleaned up); *see also Colorado River Water Conservation District v. United States*, 424 U.S. 800, 814 (1976) (substantially similar to *Quackenbush*; no mention of state administrative agencies). The Second Circuit has stated and applied this more generalized test. *See Friedman v. Revenue Management of New York, Inc.*, 38 F.3d 668, 671 (2d Cir. 1994) (no mention of state administrative agencies).

*Ankenbrandt v. Richards*, 504 U.S. 689 (1992), demonstrates that *Burford* allows abstention in favor of a state court, rather than an administrative agency. There, the plaintiff sought damages for alleged parent-child torts ("sexual and physical abuse"). The Court, invoking the first *Burford* prong ("difficult questions of state law" etc.), stated that abstention "might well be the case if a federal suit were filed prior to effectuation of a divorce, alimony, or child custody decree and the suit depended on a determination of the status of the parties." *Id.* at 705-06. In other words, a federal court might well abstain in favor of a state court.

Indeed, the Second Circuit's decision in *Friedman* necessarily leads to abstention in favor of a state court. *See Andonian v. Soleimani*, 2024 WL 36007, at *3 (S.D.N.Y. Jan. 3, 2024) (applying *Friedman*, "the state court is still best positioned to determine" issues involving

3

corporate dissolution); *Feiwus v. Genpar, Inc.*, 43 F. Supp. 2d 289, 296 (E.D.N.Y. 1999) ("New York courts offer an appropriate forum for resolving questions of corporate dissolution.")

In sum, the Supreme Court's statements "are not wholly consistent[.]" Wright & Miller, Federal Practice and Procedure ("WRIGHT & MILLER") § 4244 (3d Ed., Updated July 2024). *Burford* certainly *does* apply in cases involving state administrative agencies. Neither the Supreme Court nor the Second Circuit, however, has held that *Burford* applies *only* in such cases. *See also Caudill v. Eubanks Farms, Inc.*, 301 F.3d 658, 661-62 (6th Cir. 2002) (rejecting contention that "*Burford* abstention is unavailable because no state *administrative* agency is involved"); *Nelson v. Murphy*, 44 F.3d 497, 500-07 (7th Cir. 1995) (agency role not essential).

The more general statements of the two-prong *Burford* test, moreover, and decisions like *Ankenbrandt* and *Friedman*, certainly leave room for abstention in favor of state-court adjudication. "[I]t seems too narrow to try to confine *Burford* [and progeny] to their own facts and to hold that this kind of abstention is proper only when . . . the state has specially concentrated all judicial review of administrative orders of the sort involved in a single state court." WRIGHT AND MILLER § 4244.[1]

### POINT II

### THE COURT SHOULD DECLINE TO
### ISSUE A DECLARATORY JUDGMENT

Plaintiffs dispute that the fourth and fifth *Admiral* factors predominate here. *See Admiral Ins. Co. v. Niagara Transformer Corp.,* 57 F.4th 85, 99 (2d Cir. 2023). According to Plaintiffs, any defendant could mount the same arguments in favor of abstention on "virtually every other

---

[1] *Avail Holding LLC v. Ramos*, 2017 WL 979027 (E.D.N.Y. March 10, 2017), cited by Plaintiffs, ECF 54 at 6 n.3, suffers from a doctrinal flaw: *Avail* makes an illusory distinction between "*Thibodaux* abstention" and "*Burford* abstention." *Id*. at *3-5. *Thibodaux* actually forms part of the *Burford* doctrine. *See* WRIGHT & MILLER § 4244 (analyzing *Thibodaux* as part of *Burford*; citing *Thibodaux* for the "difficult questions of state law" portion of *Burford* test, which does not require agency involvement).

4

state-law claim" in every diversity, declaratory-judgment action. ECF 54 at 19. The unique, public nature of Florida's policy and law, however, distinguishes Defendant's contentions. *Chames*, 972 So. 2d at 860 (homestead exemption protects the State and "is not purely personal"). A defendant simply could not mount these arguments in "every" case. Accordingly, here, "the use of a declaratory judgment would increase friction between sovereign legal systems or improperly encroach on the domain of a [Florida] court[.]" *Admiral Ins.,* 57 F.4th at 99.

Plaintiffs also dispute that the Florida Circuit Court provides "a better or more effective remedy[.]" *Id*.; *see* ECF 54 at 20. Plaintiffs, however, devalue that court's "experienced cadre" of judges, *Quackenbush*, 517 U.S. at 724, who have "specialized knowledge[.]" *Id*. As the Supreme Court has recognized, "Informed local courts may find meaning not discernible to the outsider." *Louisiana Power & Light Co. v. City of Thibodaux*, 360 U.S. 25, 30 (1959).

Plaintiffs next contend that the other *Admiral* factors weigh against abstention. ECF 54 at 15-16. In reality, those factors (clarity, certainty, finality, etc.) do not materially affect the analysis. A Florida Circuit Court would provide the same clarity, certainty and finality—and would do so with special expertise. The homestead action before this Court can readily be severed from the turnover proceeding before this Court. Then, two courts—this Court and the Florida Circuit Court—would adjudicate different legal issues, involving different kinds of property (real and personal), doing so without duplication, inefficiency or inconsistent results.

Plaintiffs, finally, contend that the Court should reject abstention "because there is no parallel state-court proceeding in whose favor the Court could abstain." ECF 54 at 20. The *Admiral Ins*. factors, however, do not include the pendency (or not) of a parallel state-court proceeding. Abstention in favor of a parallel state-court proceeding triggers *Colorado River* abstention, which Defendant does not invoke.

# POINT III

## PLAINTIFFS HAVE NOT SHOWN THAT DEFENDANT IS NOT ENTITLED TO A FLORIDA HOMESTEAD EXEMPTION

Plaintiffs contend: Defendant's "July 1, 2024 motion to convert his case to chapter 7 is conclusive evidence . . . that he had abandoned any then-existing intent to *ever* reside, much less permanently reside, in the Palm Beach Condo as of that date. . . . And because [Defendant] was never there again between that date and August 8, 2024, he could not have established a homestead there[.]" ECF 54 at 24-25.  For the following reasons, however, this contention fails.

*First*, Defendant's "motion to covert" is not "conclusive evidence."  That motion did not constitute a judicial admission, even within the bankruptcy case.  "Judicial admissions are statements of fact rather than legal arguments made to a court." *In re Motors Liquidation Co.*, 957 F.3d 357, 360 (2d Cir. 2020) (cleaned up).  Here, Defendant's one-page motion stated: "The Debtor wishes to convert the instant Chapter 11 case to a proceeding under Chapter 7 pursuant to Section 1112(a) of the Bankruptcy Code." *In re Giuliani*, No. 23-12055-SHL (Bankr. S.D.N.Y.) ECF ("Bankruptcy Court, ECF") 277.  That motion made no statements of fact about Defendant's intent.  Therefore, even assuming that the motion could have had the legal consequences urged by Plaintiffs, the motion did not constitute a judicial admission.

In any event, a party's admission in one proceeding does not bind that party in another proceeding. *American Tissue, Inc. v. Donaldson, Lufkin & Jenrette Securities Corp.*, 351 F. Supp. 2d 79, 93 (S.D.N.Y. 2004) (Lynch, J.)  Therefore, even if the motion admitted some fact in the bankruptcy case, the admission is not binding here.  *Cf. Grau v. Provident Life and Accident Ins. Co.*, 899 So. 2d 396, 401 (Fla. 4th DCA 2005) (prior inconsistent statements "are fodder for impeachment[,]" not "a case busting equitable defense.")

6

*Second*, Plaintiffs waived their contention.  "The elements of waiver are: (1) the existence of a right which may be waived; (2) actual or constructive knowledge of the right; and (3) the intent to relinquish the right."  *Progressive Exp. Ins. Co. v. Camillo*, 80 So. 3d 394, 400 (Fla. 4th DCA 2012).  Here, the Court may assume that Plaintiffs had, as of the date of the motion to convert, a right to have a chapter 7 trustee sell the Palm Beach Condo.  Plaintiffs, furthermore, through their counsel, are charged with knowledge of that right.  Plaintiffs, however, intentionally relinquished that right when they opposed the motion to convert and instead moved to dismiss the bankruptcy case.  *See* Bankruptcy Court, ECF 289 at 17 (Memorandum of Decision: "Conversion is vigorously opposed . . . by the Freeman Plaintiffs[]").  Plaintiffs, having rejected the (claimed) benefits of, and rights under, Chapter 7, cannot have them now.

*Third,* Plaintiffs are judicially estopped.  "In Florida, judicial estoppel encompasses the following four elements: [1] A claim or position successfully maintained in a former action or judicial proceeding, [2] bars a party from making a completely inconsistent claim or taking a clearly conflicting position in a subsequent action or judicial proceeding, [3] to the prejudice of the adverse party, [4] where the parties are the same in both actions[.]"  *Salazar-Abreu v. Walt Disney Parks & Resorts U.S., Inc.*, 277 So. 3d 629, 631 (Fla. 5th DCA 2018) (cleaned up).

Here, Plaintiffs opposed Defendant's motion to convert and instead moved to dismiss the bankruptcy case.  Plaintiffs, furthermore, successfully maintained that position—they won before the Bankruptcy Court.  *See* Bankruptcy Court, ECF 289 at 16-17.  Accordingly, Plaintiffs are barred from taking their current position, which is inconsistent with, and which conflicts with, their prior position.  The change of positions would obviously prejudice Defendant.

*Fourth*, Plaintiffs' contention fails on the merits.  "[W]hen homestead status has been acquired, it continues until the homestead is abandoned . . . or alienated in the manner prescribed

7

by law." *Estate of Skuro*, 487 So. 2d 1065, 1066 (Fla. 1986); *see Carbonell,* 2024 WL 3049413, at * 2 (same).

Here, the undisputed record shows that Defendant acquired homestead status for the Palm Beach Condo by May 26, 2024, when he departed Florida for the summer months. *See* ECF 42; 42-1-9 (Giuliani Declaration and Exhibits); ECF 43 (Labkowski Declaration). The question, therefore, is whether the July 1, 2024, filing of the motion to convert worked an abandonment or an alienation of that homestead status. The answer is no. Thus:

**As to abandonment:** Abandonment is "normally evidenced by the establishment of domicile at some other place[.]" *Estate of Skuro*, 487 So. 2d at 1066. "[A] finding of abandonment requires a strong showing of intent not to return to the homestead." *Yost-Rudge v. A to Z Properties, Inc.*, 263 So. 3d 95, 97 (Fla. 4th DCA 2019).

Here, Plaintiffs do not even contend—much less make a strong showing—that Defendant established a domicile at some place other than the Palm Beach Condo between July 1 and either July 10 (the date on which Defendant consented to dismissal of the bankruptcy case) or August 8, 2024 (the date as of which Plaintiffs claim a lien). Indeed, during that period, Defendant traveled to six states and two foreign countries—a peripatetic schedule, by no means conducive to the establishment of a new domicile. ECF 42 at ¶ 16.

In any event, "[t]he temporary absence from the homestead . . . in search of health, pleasure or for business reasons will not deprive it of the homestead status." *Hillsborough Inv. Co. v. Wilcox*, 13 So. 2d 448, 450 (Fla. 1943). "[A]nd when the owner . . . after an absence for business . . . purposes[,] again occup[ies] the property claiming that he has not abandoned his homestead rights therein, a forced sale . . . on the judgments is a violation of the organic homestead rights." *Olesky v. Nicholas*, 82 So. 2d 510, 512 (Fla. 1955) (cleaned up).

8

Here, from July 1, 2024, through both July 10, 2024, and August 8, 2024, Defendant was absent from Florida for reasons of health, leisure and or business. *See* ECF 42 ¶ 16 and ECF 42-9 (Exhibit I); ECF 43. During that period, furthermore, he intended to return to the Palm Beach Condo. *See* Reply Declaration of Rudolph W. Giuliani ("Giuliani Reply Decl.") ¶ 4. He did nothing inconsistent with that intent to return. For example, with respect to the Palm Beach Condo: Defendant did not remove his furniture; *Monson v. First Nat. Bank of Bradenton*, 497 F.2d 135, 139 (5th Cir. 1974); did not terminate utility services; and did not rent it out. *City of Jacksonville v. Bailey*, 30 So. 2d 529, 529-30 (Fla. 1947) (no abandonment even though absent party rented-out property). Giuliani Reply Decl. ¶ 6(b).

During this period, finally, Defendant kept his Florida driver's license, auto registration and voter registration intact. *Monson*, 497 F.2d at 139; *In re Lloyd*, 394 B.R. 605, 610-14 (Bankr. S.D. Fla. 2008) (no abandonment even though party resided in California, and obtained driver's license and voter registration in California, in addition to Florida). Defendant did not obtain a driver's license, an auto registration or a voter registration in any other state. And, in fact, Defendant did return to Florida on or before September 23, 2024. Giuliani Reply Decl. ¶ 7.

**As to alienation:** The filing of the motion to convert did not alienate the homestead. "Alienate means to convey; to transfer title to property." *Skuro*, 487 So. 2d at 1066; *Sackheim v. Marine Bank & Trust Co.*, 341 So. 2d 247, 249 (Fla. 2d DCA 1976) (when spouses actually "sell their interest . . . and it is no longer occupied . . . as homestead property, the bar to enforceability of the judgment lien . . . vanishes[]").

Mere intent to convey, or to transfer title, does not constitute alienation. *Skuro*, 487 So. 2d at 1066 (where owner "had signed contract to sell, he had not alienated the property"); *In re*

9

*Herr*, 197 B.R. 939, 941 (Bankr. S.D. Fla. 1996) (intent to sell, "or offering the property for sale" held insufficient).

Here, the bankruptcy court denied Defendant's motion to convert. Therefore, Defendant never alienated the Palm Beach Condo (to a chapter 7 estate). Intent to alienate does not suffice. *In re Herr*, 197 B.R. at 941 ("Thousands of 'For Sale' signs are posted on homesteads throughout Dade County this very minute and those homesteads are not thereby abandoned.")

*Semple v. Semple*, 89 So. 638, 639 (Fla. 1921), is distinguishable.[2] In *Semple*, the party never acquired a homestead. *See Id*. at 638 ("The question in this case is, Was the property in controversy homestead real estate at the time the conveyance was made?"); *id*. at 143 ("without the title being in him, he could not establish a homestead"). Here, by contrast, Defendant acquired a homestead; the question is whether he abandoned or alienated it.

In *Semple*, furthermore, the party actually alienated the property: He deeded the property to his wife, and "sought to divest himself of title." 89 So. 2d at 640. As held, the execution of the deed "disproves any intention at variance with that act, and is conclusive of the fact that it was not his intention to claim the property as a homestead in the meaning of the law." *Id*. at 639.

Here, by contrast, Defendant never alienated the Palm Beach Condo. Rather, at best for Plaintiffs, Defendant expressed an intention to participate in the Chapter 7 process, which may have led to alienation. *Semple* relied on "the specific act of executing a deed of conveyance to his wife[.]" *Id*. at 640. Here, Defendant did no such thing.

## CONCLUSION

The Court should grant Defendant's cross-motion for summary judgment.

Dated: November 8, 2024

---

[2] In opposition to this cross-motion, ECF 54 at 23, 25, Plaintiffs cite their "Motion," which is ECF 29, and their "Reply," which is ECF 51. Each of those filings cites *Semple*.

| | |
|---|---|
| New York, New York | Respectfully Submitted, |
| | KENNETH CARUSO LAW LLC |
| | By:  /s/ Kenneth A. Caruso |
| | Kenneth A. Caruso |
| | 15 W. 72nd Street |
| | New York, NY 10023 |
| | (646) 599-4970 |
| | ken.caruso@kennethcarusolaw.com |
| | LABKOWSKI LAW, P.A. |
| | By:  /s/ David Labkowski |
| | David Labkowski |
| | 250 95th Street, Unit #547233 |
| | Surfside, Florida 33154 |
| | (786) 461-1340 |
| | david@labkowskilaw.com |
| | *Attorneys for Defendant,* |
| | *Rudolph W. Giuliani* |