UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>                Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>                Defendant. | No. 24-cv-6563 (LJL) |

**SUR-SUR-REPLY IN SUPPORT OF PLAINTIFFS'
MOTION FOR SUMMARY JUDGMENT**

Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
rachel.goodman@protectdemocracy.org


Von DuBose (*pro hac vice forthcoming*)
DuBose Miller LLC
75 14th Street NE Suite 2110
Atlanta, GA 30309
(404) 720-8111
dubose@dubosemiller.com

Michael J. Gottlieb
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
M. Annie Houghton-Larsen
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com


*Attorneys for Plaintiffs*

**SUR-SUR-REPLY**

Mr. Giuliani's sur-reply raises four new arguments disputing the evidentiary effect of his chapter 7 conversion motion in these proceedings. Those arguments are all waived,[1] and in any event, have no application here. Mr. Giuliani's first three arguments—regarding judicial admissions, waiver, and judicial estoppel—all respond to straw men. ECF No. 64, at 10–11.[2] Plaintiffs are not relying on the "judicial admissions" doctrine, *id.* at 10; Mr. Giuliani's motion to convert his bankruptcy case is significant not for any factual statements it made in *that* case, but because of its independent evidentiary significance in *this* case, which renders immaterial all pre-July 1, 2024 evidence about his intentions regarding the Condo under Florida law, ECF No. 51, at 9–12. Similarly, Mr. Giuliani's argument that Plaintiffs "waived" their "right to have a chapter 7 trustee sell the Palm Beach Condo," ECF No. 64, at 11, is irrelevant because Plaintiffs are not asserting any such right here. Judicial estoppel is similarly inapplicable, because Plaintiffs' opposition to Mr. Giuliani's chapter 7 motion is irrelevant to what the fact of that application's filing says *now* about Mr. Giuliani's intentions when he filed it. In any event, Plaintiffs did not take any position there inconsistent with their position now. *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72–73 (2d Cir. 1997) (for judicial estoppel to apply, "there must be a true inconsistency").

Finally, Mr. Giuliani raises a new argument about the effect in *these* proceedings of his motion to convert to chapter 7, citing for the first time to Florida law holding that an attempt to sell homestead property—even including the execution of a contract of sale—does not constitute

---

[1] "[I]t is beyond cavil that arguments raised for the first time in a sur-reply are deemed waived." *Tacon v. Cromwell*, No. 23-CV-8100 (KMK), 2024 WL 4275625, at *17 (S.D.N.Y. Sept. 24, 2024) (collecting cases). Only one of Mr. Giuliani's sur-reply arguments is not waived for this reason: his repeated argument that his absences from the Palm Beach Condo after May 26 did not constitute an "abandonment" of a purported prior homestead claim. But as Plaintiffs explained in their Reply, assuming *arguendo* that Mr. Giuliani had established a homestead at the Condo prior to May 26, Mr. Giuliani surrendered his homestead exemption as of July 1, rendering his travels prior to that date immaterial. ECF No. 51, at 9–12. And his undisputed absence from the Condo *after* that date means he could not have established or re-established a homestead there under Florida law. *Id.*

[2] Pincites to documents filed on the docket refer to the pagination of the ECF docket stamp.

1

"alienation" of the property. ECF No. 64, at 13–14 (citing *In re Est. of Skuro*, 487 So. 2d 1065 (Fla. 1986)). While that is true as far as it goes,[3] even if it were not waived, that argument would be inapplicable here. The Florida Supreme Court has recognized that—unlike in the *Skuro* scenario—"a debtor in a federal bankruptcy proceeding *may* cease to receive the constitutional protection from forced sale or levy by not claiming homestead property as exempt." *Osborne v. Dumoulin*, 55 So. 3d 577, 590 (Fla. 2011) (emphasis added). Notably, that is true even where—**unlike here**—the debtor *could* have claimed a Florida homestead exemption in the bankruptcy case. Here, because of Mr. Giuliani's undisputed New York domicile at the time of his bankruptcy filing, he never could have done so. ECF No. 51, at 9–10.

In *Skuro*, the homesteader contracted to sell his property but died before closing. *Skuro*, 487 So. 2d at 1066. At the time of his death, therefore, he "still had legal title," albeit "subject to whatever rights the contracting party had." *Id.* Here, by contrast Mr. Giuliani filed a voluntary petition on December 21, 2023, which "create[d] an estate." 11 U.S.C. § 541(a). That estate was "comprised of . . . *all legal or equitable interests* of [Mr. Giuliani] in property as of the commencement of the case." *Id.* § 541(a)(1) (emphasis added). As the majority of bankruptcy courts recognized for years before the Florida Supreme Court adopted their view in *Osborne*, "[t]he effect of not declaring property interests exempt at the time a voluntary petition is filed is that such interests become part of the estate, pursuant to 11 U.S.C. § 541" at which point "**the protection afforded by the homestead exemption has ceased**." *In re Maritas*, No. 08-CV-80563, 2008 WL 7801998, at *5 (S.D. Fla. Nov. 24, 2008) (emphasis added). *Osborne* adopted that view as authoritative Florida law, recognizing that even where a debtor *has* a valid Florida homestead

---

[3] In fact, it could not be otherwise, because a homestead exemption is not actually extinguished by a voluntary sale at all, but passes upon closing to the "cash and non-cash proceeds from a voluntary sale of the homestead." *JBK Assocs., Inc. v. Sill Bros.*, 191 So. 3d 879, 881 (Fla. 2016). Under Florida law, however, surrender of property to a bankruptcy trustee without claiming (or being *able* to claim) an exemption does *not* have that effect. *Osborne*, 55 So. 3d at 590.

2

claim on the petition date, surrendering the property to a bankruptcy estate without claiming the exemption surrenders the exemption as well. 55 So. 3d at 590.

Mr. Giuliani's chapter 7 motion thus represented more than a "mere intent to convey." ECF No. 64, at 13. It was—according to his own stated view—the final step in a process that began when he voluntarily vested in the bankruptcy estate "all legal or equitable interests" in the Condo, at a time when he undisputedly *had no valid homestead claim*. 11 U.S.C. § 541(a)(1). To take that step, Mr. Giuliani *personally signed* a document seeking conversion to chapter 7 liquidation. Bankr. Dkt. 277. His counsel contemporaneously took the position that "the debtor has an *absolute right* to convert," and had used the "appropriate process" to effectuate that right. Bankr. Dkt. 291, at 19:22–23 (emphasis added). His counsel further recognized that chapter 7 would "become a liquidation of the debtor's assets," Bankr. Dkt. 292, at 13:17–18, but even before that—under black-letter bankruptcy law—it would have extinguished the last of Mr. Giuliani's rights as debtor-in-possession of estate property, including the Condo, in favor of the chapter 7 trustee, 11 U.S.C. § 704(a)(1). The chapter 7 motion was accordingly an act that, in Mr. Giuliani's own view, had the conclusive and unreviewable effect of surrendering the Condo into the hands of a trustee with statutory power to dispose of it, unprotected by the homestead exemption. And he did all this at a time when he had no "legal or equitable" interest of his own in the Condo. *In re Maritas*, 2008 WL 7801998, at *5. In light of that undisputed evidence, no "rational trier of fact" could conclude that Mr. Giuliani maintained any intention to reside permanently at the Palm Beach Condo, and therefore had any homestead claim there, as of July 1, 2024. *Scott v. Harris*, 550 U.S. 372, 380 (2007). By the time Mr. Giuliani even arguably re-established such a future intention, he was undisputedly absent from the Palm Beach Condo—and he undisputedly did not return until after Plaintiffs had established their lien. Plaintiffs' motion for summary judgment should be granted.

3

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: November 12, 2024<br>New York, New York | s/ Aaron E. Nathan |
| Rachel Goodman<br>United to Protect Democracy<br>82 Nassau Street, #601<br>New York, NY 10038<br>(202) 579-4582<br>rachel.goodman@protectdemocracy.org<br><br>Von DuBose (*pro hac vice forthcoming*)<br>DuBose Miller LLC<br>75 14th Street NE. Suite 2110<br>Atlanta, GA 30309<br>(404) 720-8111<br>dubose@dubosemiller.com | Michael J. Gottlieb<br>Meryl C. Governski (admitted *pro hac vice*)<br>Willkie Farr & Gallagher LLP<br>1875 K Street NW<br>Washington, DC 20006<br>(202) 303-1000<br>mgottlieb@willkie.com<br>mgovernski@willkie.com<br><br>Aaron E. Nathan<br>M. Annie Houghton-Larsen<br>Willkie Farr & Gallagher LLP<br>787 Seventh Avenue<br>New York, NY 10019<br>(212) 728-8000<br>anathan@willkie.com<br>mhoughton-larsen@willkie.com |

*Attorneys for Plaintiffs*

4