| | |
|---|---|
| KENNETH CARUSO LAW LLC | LABKOWSKI LAW, P.A. |
| 15 W. 72nd Street | 250 95th Street, Unit #547233 |
| New York, New York 10023 | Surfside, Florida 33154 |
| (646) 599-4970 | (786) 461-1340 |
| ken.caruso@kennethcarusolaw.com | david@labkowskilaw.com |

November 13, 2024

<u>Via ECF</u>

Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

   Re: *Freeman et al. v. Giuliani*, 24-cv-06563-LJL; 24-mc-00353-LJL

Dear Judge Liman:

  We represent Defendant, Rudolph W. Giuliani ("Defendant"). We hereby submit this letter motion for leave to file two sealed *ex parte* documents. We attach the proposed sealed *ex parte* documents ("Proposed Documents") to this filing.

*  *  *

  Judicial documents, such as the Proposed Documents, are subject to a common-law, presumptive right of public access. A court will determine the weight of the presumption, which varies, in the particular case, over a "continuum[,]" depending on "the role of the materials at issue in the exercise of . . . judicial power[.]" *Lugosch v. Pyramid Co. of Onandaga*, 435 F.3d 110, 119 (2d Cir. 2006) (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2d Cir. 1995)). The court will then "balance competing considerations against [the presumption,] such as the privacy interests" of the parties who propose sealing. *Lugosch*, 435 F.3d at 119-20 (cleaned up).

  Here, the Proposed Documents do not go "to the Court's core role in adjudicating a case[,]" *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019), or "determin[ing] litigants' substantive legal rights[.]" *Lugosch*, 435 F.3d at 121. They go, rather, to an exercise of judicial authority that "is ancillary to [that] core role[.]" *Brown*, 929 F.3d at 50. Accordingly, the weight of the presumption is "somewhat lower[,]" and the reasons for sealing "usually need not be as compelling as those required to seal[,]" for example, trial evidence or summary judgment filings. *Id.*; *see Broidy v. Global Risk Advisors LLC*, 2023 U.S. Dist. LEXIS 151536, at *10-11 (S.D.N.Y. Aug. 24, 2023) (involving motion to disqualify and citing cases involving discovery motions; holding that the presumption "is close to the 'modest' end of the spectrum[]" where motion "is not likely to affect the outcome of the case[]").

  Here, the lowered weight of the presumption is outbalanced by the privacy interests at issue. Thus, sealing here will protect "confidential information," as defined in New York Professional Rule 1.6(a): "'Confidential information' consists of information gained during or relating to the representation of the client, whatever its source, that is (a) protected by the

1

Hon. Lewis J. Liman
November 13, 2024
Page 2 of 3

attorney-client privilege, (b) likely to be embarrassing or detrimental to the client if disclosed, or (c) information that that the client has requested be kept confidential." A lawyer, of course, "shall not knowingly reveal confidential information[.]" Rule 1.6(a).

We respectfully submit the following: The Proposed Documents disclose confidential information within the meaning of Rule 1.6(a)—information that counsel has a duty to protect. *Cf. Broidy*, 2023 U.S. Dist. LEXIS 151536, at *16 (law firm satisfied Professional Rules by filing under seal). That conclusion, we believe, will be readily apparent to the Court when it reads the Proposed Documents. Counsel, however, stand ready to provide additional information or argument on the point, if the Court deems that necessary or helpful, or to have an *ex parte*/in camera conference with the Court. And, of course, counsel will make whatever disclosures or public filings that may flow from the Court's ruling(s).

\*     \*     \*

The courts also recognize "that the public and the press have a qualified First Amendment right . . . to access to certain judicial documents." *Lugosch*, 435 F.3d at 120. Here, however, the Court should decide this motion under the common-law standard, not the constitutional standard. The matters discussed in the Proposed Documents primarily raise issues of party and counsel access rather than general-public and press access. Under the "experience and logic" prong of the First Amendment right, those matters are not the type that has historically been open to the public.

In any event, even the qualified constitutional right may be overcome where sealing is (1) "necessary to preserve higher values" and (2) "narrowly tailored to achieve that aim." *Brown*, 929 F.3d at 48 (cleaned up).

The protection of the attorney-client privilege "is a higher value that may"—and here, does—"justify sealing a document." *Richards v. Kallish*, 2023 U.S. Dist. LEXIS 134369, at *4 (E.D.N.Y. Aug. 30, 2023) (citing cases). The protection of the other categories of "confidential information," set forth in sub-parts (b) and (c) of the definition in Rule 1.6(a), is also a higher value, or should be. *But see Bernstein v. Bernstein Litowitz Berger & Grossman LLP,* 814 F.3d 132, 145 (2d Cir. 2016) (dictum expressing "skepticism" on this issue).

Finally, we respectfully submit that the Proposed Documents should be sealed, rather than redacted. With the exception of introductory matters, the Proposed Documents, in their entirety, disclose, or would lead to the disclosure of, confidential information. Therefore, in the first instance, to satisfy our duty to avoid prejudice, we submit the Proposed Documents under seal. Again, we stand ready to respond further to the Court.

\*     \*     \*

Accordingly, we request leave to file the Proposed Documents under seal.

Hon. Lewis J. Liman
November 13, 2024
Page 3 of 3

Respectfully Submitted,

| KENNETH CARUSO LAW LLC | LABKOWSKI LAW, P.A. |
|---|---|
| By: /s/ Kenneth A. Caruso<br>Kenneth A. Caruso<br>15 W. 72nd Street<br>New York, NY 10023<br>Tel: (646) 599-4970<br>ken.caruso@kennethcarusolaw.com<br><br>*Attorneys for Defendant,*<br>*Rudolph W. Giuliani* | By: /s/ David Labkowski<br>David Labkowski<br>250 95th Street, #547233<br>Surfside, FL 33154<br>Tel: (786) 461-1340<br>david@labkowskilaw.com<br><br>*Attorneys for Defendant,*<br>*Rudolph W. Giuliani* |