**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

November 18, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL)

Dear Judge Liman:

    Plaintiffs Ruby Freeman and Wandrea' Moss respectfully move pursuant to Local Rule 7.1(d), Paragraph 1(C) of the Court's Individual Rules and Practices, Federal Rules of Civil Procedure 34 and 37, and the Court's Orders dated October 28, 2024 (ECF No. 53) and November 4, 2024 (ECF No. 59), for an order compelling Defendant Rudolph W. Giuliani to make full and complete productions in response to Plaintiffs' First Set of Requests for Productions ("First RFPs"). Defendant has ignored this first, essential discovery request entirely, having lodged no responses or objections, made no productions, and made no extension requests as to any of the foregoing, within the Court-ordered deadline.

    This Court entered a Case Management Plan and Scheduling Order on October 28, 2024. ECF No. 53. In that Order, the court "order[ed] that all discovery requests be responded to within 14 days of service, including responses & objections as well as document production pursuant to Fed. R. Civ. P. 34." *Id.* at 1.

    Plaintiffs served their First RFPs on November 1, 2024. *See* Exhibit A; Exhibit B. Pursuant to the Case Management Plan and Scheduling Order, Defendant was required to serve any responses and objections, and make productions, by November 15, 2024. ECF No. 53, at 1. That deadline has now passed with no response whatsoever from Defendant. Nor was any motion filed seeking an extension of that deadline, much less within the deadline prescribed by Paragraph 1(D) of this Court's Individual Rules and Practices. Even more concerningly, shortly after serving the First RFPs, and repeatedly thereafter, Plaintiffs reached out to Defendant's counsel with offers to meet and confer, and proposals for search terms, in an effort to facilitate prompt responses and head off any disputes over these requests. *See* Exhibit A. Each of those messages was met with silence, despite Defendant's counsel continuing to correspond actively with Plaintiffs' counsel regarding other matters.

November 18, 2024
Page 2

      On November 17, 2024, Plaintiffs' counsel wrote to Defendant's counsel at 11:47 a.m. and requested a meet-and-confer pursuant to Paragraph 4(C) of the Court's Individual Rules and Practices. Exhibit A. At 10:48 a.m. this morning, Defendant's counsel responded to that request by stating that he would "reach out" in a "few hours" with a response to the email. *Id.* Plaintiffs again asked Defendant's counsel to confirm the answers to their questions, which had been pending for two weeks, and for an assurance that productions would be made this afternoon. Exhibit A. Despite corresponding with Plaintiffs' counsel by email about other matters, Defendant's counsel did not respond to that email within the requested time, and the 24-hour waiting period from Plaintiffs' initial meet-and-confer request, prescribed by ECF No. 59, has now expired.

      Plaintiffs' accordingly seek an order compelling Defendant to make full and complete productions in response to Plaintiffs' First RFPs. Any objections Defendant may have had to the RFPs are now waived as a result of Plaintiffs' failure to respond within the prescribed time. *See Favors v. Cuomo*, No. 11-CV-5632 (DLI) (RR) (GEL), 2013 WL 12358269, at *3 (E.D.N.Y. Aug. 27, 2013); *Callaway Golf Co. v. Corp. Trade Inc.*, No. 10-CV-1676 (GBD) (JCF), 2011 WL 1642377, at *2 (S.D.N.Y. Apr. 25, 2011) (a party waives objections to a Rule 34 request for production when it "fails to respond entirely").

      In the circumstances of this case, the Court should permit Defendant no leeway to introduce new objections, or otherwise cause more delay, in an already truncated discovery schedule. Trial is now fewer than 60 days away, fact discovery will close on January 9, 2024, and the deadline for all depositions to be completed is December 31, 2024. Meanwhile, Defendant has reacted to Plaintiffs' first discovery requests by ignoring them entirely, without seeking any extension or even responding to Plaintiffs' numerous earlier emails seeking assurances about Defendant's compliance with his preservation, collection, and search obligations. The Court should enter an order compelling full and complete responses immediately.

                                                                 Respectfully submitted,

                                                                 s/ Aaron E. Nathan