# EXHIBIT A

Docusign Envelope ID: AD0A8443-8A7E-461A-A7D3-3CCA80374EF2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

                        Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                        Defendant.

No. 24-mc-353

**QUESTIONS IN CONNECTION WITH
INFORMATION SUBPOENA TO
RUDOLPH W. GIULIANI PLLC**

To:    Rudolph W. Giuliani, PLLC
       455 Park Ave, 18th Floor
       New York, NY 10022

### INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Judgment Debtor" means Rudolph W. Giuliani. The term "Giuliani Affiliated Entities" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity in which you have reason to believe the Judgment Debtor has an interest, including any trust established by the Judgment Debtor or for the Judgment Debtor's benefit. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

### REQUESTS

1.      State the amount of funds or property being held pursuant to the Restraining Notice served herewith.

2.      Identify with specificity any property in your possession, custody, or control in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest, the nature of such interest, and the approximate value of such property.

3.      Identify with specificity any financial accounts as to which you have ever shared ownership or control with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as trustee, as custodian, as nominee, as a beneficiary, and the dates that such ownership or control over such accounts was shared. As to each such account, list the financial institution at which the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

4.      Other than any accounts specified in response to the preceding question, are you aware of any financial account in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest? Specify any such account, date the account was opened, the account number, the names of the signatories on the account, the amount on deposit, and the source of your knowledge of the foregoing information.

5.      Are you aware of any interest of the Judgment Debtor, whether direct or indirect, in any corporation, partnership, company, or other entity, other than Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation? If so, state the nature of such interest and the source of your knowledge.

6.      Are you aware of any trust either created or settled by the Judgment Debtor (or a Giuliani Affiliated Entity) or for the Judgment Debtor's benefit? If so, state the name of such trust, the name of all trustees, the date of creation, the law of organization, the location of the trust, the

7

nature and value of any trust property, and the location of any trust property including the financial institution or other custodian by whom such property is held.

      7.     Identify any transfer of money (including in the form of salary, consulting fees, profit distribution, or otherwise), leases, deeds, securities, intangibles, receivables, or other property from the Judgment Debtor or any Giuliani Affiliated Entity to you, including (i) the identity of the property transferred, (ii) where applicable, amounts transferred, (iii) the date of each transfer and (iv) the consideration, if any, given in exchange for each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

      8.     List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

      9.     Identify any debt owed by you to the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral, and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.

      10.    Do you have personal or professional access to any account in the name of the Judgment Debtor or any Giuliani Affiliated Entity, or any other entity in which the Judgment Debtor may have an interest, whether under the name of such entity, under a trade or corporate name, or in association with others? As to each such account, list the financial institution at which

the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

11.    Have you ever received a statement of the financial condition of the Judgment Debtor or any Giuliani Affiliated Entity? What assets are disclosed therein (or in the alternative supply a copy thereof)?

12.    Do you have documents relating to any other entity controlled by or established for the benefit of the Judgment Debtor including but not limited to a trust or a political action committee? What information is contained therein (or in the alternative supply a copy thereof)?

13.    Identify with specificity any assets, including real or personal property, whether in the United States or any other country, you have ever shared with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as custodian, as nominee, or as a beneficiary, the dates those assets were shared, the reason the assets ceased being shared, and the disposition of those assets.

14.    List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, of the Judgment Debtor or any Giuliani Affiliated Entity contained in your records, including all accounts on which the Judgment Debtor is a signatory or authorized user. Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

15.    Have you provided the Judgment Debtor with a benefit, monetary or non-monetary, worth in excess of $250?  If so, please list the benefit, the date give, the reason given, and the approximate amount the benefit is worth.

Responding Entity: Rudolph W. Giuliani PLLC ("Responding Entity")

Responses to information subpoena.

# 1- None. There is no bank account for Responding Entity.

# 2- None.

# 3- No financial accounts were shared with the Judgment Debtor or any Giuliani Affiliated Entity.

# 4- No.

# 5- Yes. Ryan Medrano, Former Comptroller has personal knowledge that Judgment Debtor has a membership interest in Standard USA LLC.

# 6-  Yes. Ryan Medrano, Former Comptroller has personal knowledge that there is a defense fund known as the Giuliani Freedom Fund Legal Defense T.R. Fund. No other knowledge is known.

# 7- There may have been transfers of monies at certain unknown points in time as capital contributions or loans from the Judgment Debtor to the Responding Entity.  The Responding Entity is insolvent and lacks the capacity to repay any such capital contributions or loans to the Judgment Debtor. There have been no transfers of any monies during 2024.

# 8- None.

# 9- None.

# 10- No.

# 11- No.

# 12- No.

# 13- None.

# 14- None, responding to this questions as the Respondent Entity. Ryan Medrano, 27 Maryland Plaza, Apt 1B, St. Louis, Missouri 63108; Rudolph W. Giuliani, 315 S. Lake Drive, Palm Beach, Florida 33410; Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716.

# 15- There may have been transfers of monies at certain unknown points in time as repayment of capital contributions, repayment of loans, salary or distributions to the Judgment Debtor from the Responding Entity.  There have been no transfers of any monies during 2024.

Questions # 7 and # 15 may be answered along with additional financial information responsive to this information subpoena by Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716, who prepared income tax returns for this and other Giuliani Affiliated Entities.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge information and belief.

Dated: November 13, 2024

DocuSigned by:

*Ryan Medrano*

AB630EC7E7B3449...

Ryan Medrano, former Former Comptroller of Insolvent Responding Entity.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS, | |
| Plaintiffs, | No. 24-mc-353 |
| v. | **QUESTIONS IN CONNECTION WITH INFORMATION SUBPOENA TO GIULIANI GROUP LLC** |
| RUDOLPH W. GIULIANI, | |
| Defendant. | |

To:   Giuliani Group, LLC
      National Registered Agents, Inc.
      28 Liberty Street
      New York, NY 10005

## INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "<u>Judgment Debtor</u>" means Rudolph W. Giuliani. The term "<u>Giuliani Affiliated Entities</u>" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity in which you have reason to believe the Judgment Debtor has an interest, including any trust established by the Judgment Debtor or for the Judgment Debtor's benefit. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

## REQUESTS

1.     State the amount of funds or property being held pursuant to the Restraining Notice served herewith.

Docusign Envelope ID: AD0A8443-8A7E-461A-A7D3-3CCA80374EF2

Case 1:24-mc-00353-LJL    Document 70-7    Filed 10/29/24    Page 8 of 10
Case 1:24-mc-00353-LJL    Document 95-1    Filed 11/18/24    Page 8 of 37

2.      Identify with specificity any property in your possession, custody, or control in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest, the nature of such interest, and the approximate value of such property.

3.      Identify with specificity any financial accounts as to which you have ever shared ownership or control with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as trustee, as custodian, as nominee, as a beneficiary, and the dates that such ownership or control over such accounts was shared. As to each such account, list the financial institution at which the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

4.      Other than any accounts specified in response to the preceding question, are you aware of any financial account in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest? Specify any such account, date the account was opened, the account number, the names of the signatories on the account, the amount on deposit, and the source of your knowledge of the foregoing information.

5.      Are you aware of any interest of the Judgment Debtor, whether direct or indirect, in any corporation, partnership, company, or other entity, other than Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation? If so, state the nature of such interest and the source of your knowledge.

6.      Are you aware of any trust either created or settled by the Judgment Debtor (or a Giuliani Affiliated Entity) or for the Judgment Debtor's benefit? If so, state the name of such trust, the name of all trustees, the date of creation, the law of organization, the location of the trust, the

nature and value of any trust property, and the location of any trust property including the financial institution or other custodian by whom such property is held.

7.      Identify any transfer of money (including in the form of salary, consulting fees, profit distribution, or otherwise), leases, deeds, securities, intangibles, receivables, or other property from the Judgment Debtor or any Giuliani Affiliated Entity to you, including (i) the identity of the property transferred, (ii) where applicable, amounts transferred, (iii) the date of each transfer and (iv) the consideration, if any, given in exchange for each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

8.      List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

9.      Identify any debt owed by you to the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral, and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.

10.     Do you have personal or professional access to any account in the name of the Judgment Debtor or any Giuliani Affiliated Entity, or any other entity in which the Judgment Debtor may have an interest, whether under the name of such entity, under a trade or corporate name, or in association with others? As to each such account, list the financial institution at which

the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

11.    Have you ever received a statement of the financial condition of the Judgment Debtor or any Giuliani Affiliated Entity? What assets are disclosed therein (or in the alternative supply a copy thereof)?

12.    Do you have documents relating to any other entity controlled by or established for the benefit of the Judgment Debtor including but not limited to a trust or a political action committee? What information is contained therein (or in the alternative supply a copy thereof)?

13.    Identify with specificity any assets, including real or personal property, whether in the United States or any other country, you have ever shared with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as custodian, as nominee, or as a beneficiary, the dates those assets were shared, the reason the assets ceased being shared, and the disposition of those assets.

14.    List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, of the Judgment Debtor or any Giuliani Affiliated Entity contained in your records, including all accounts on which the Judgment Debtor is a signatory or authorized user. Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

15.    Have you provided the Judgment Debtor with a benefit, monetary or non-monetary, worth in excess of $250? If so, please list the benefit, the date give, the reason given, and the approximate amount the benefit is worth.

Responding Entity: Giuliani Group, LLC ("Responding Entity")

Responses to information subpoena.

# 1- None. There is no bank account for Responding Entity.

# 2- None.

# 3- No financial accounts were shared with the Judgment Debtor or any Giuliani Affiliated Entity.

# 4- No.

# 5- Yes. Ryan Medrano, Former Comptroller has personal knowledge that Judgment Debtor has a membership interest in Standard USA LLC.

# 6-  Yes. Ryan Medrano, Former Comptroller has personal knowledge that there is a defense fund known as the Giuliani Freedom Fund Legal Defense T.R. Fund. No other knowledge is known.

# 7- There may have been transfers of monies at certain unknown points in time as capital contributions or loans from the Judgment Debtor to the Responding Entity.  The Responding Entity is insolvent and lacks the capacity to repay any such capital contributions or loans to the Judgment Debtor. There have been no transfers of any monies during 2024.

# 8- None.

# 9- None.

# 10- No.

# 11- No.

# 12- No.

# 13- None.

# 14- None, responding to this questions as the Respondent Entity. Ryan Medrano, 27 Maryland Plaza, Apt 1B, St. Louis, Missouri 63108; Rudolph W. Giuliani, 315 S. Lake Drive, Palm Beach, Florida 33410; Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716.

# 15- There may have been transfers of monies at certain unknown points in time as repayment of capital contributions, repayment of loans, salary or distributions to the Judgment Debtor from the Responding Entity.  There have been no transfers of any monies during 2024.

Questions # 7 and # 15 may be answered along with additional financial information responsive to this information subpoena by Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716, who prepared income tax returns for this and other Giuliani Affiliated Entities.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge information and belief.

Dated: November 13, 2024

*Ryan Medrano*
AB630EC7F7B3449...

Ryan Medrano, former Former Comptroller of Insolvent Responding Entity.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

                         Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                         Defendant.

No. 24-mc-353

**QUESTIONS IN CONNECTION WITH
INFORMATION SUBPOENA TO
GIULIANI AND COMPANY LLC**

To:    Giuliani & Company, LLC
        National Registered Agents, Inc.
        28 Liberty Street
        New York, NY 10005

## INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Judgment Debtor" means Rudolph W. Giuliani. The term "Giuliani Affiliated Entities" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity in which you have reason to believe the Judgment Debtor has an interest, including any trust established by the Judgment Debtor or for the Judgment Debtor's benefit. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

## REQUESTS

1.    State the amount of funds or property being held pursuant to the Restraining Notice served herewith.

2.      Identify with specificity any property in your possession, custody, or control in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest, the nature of such interest, and the approximate value of such property.

3.      Identify with specificity any financial accounts as to which you have ever shared ownership or control with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as trustee, as custodian, as nominee, as a beneficiary, and the dates that such ownership or control over such accounts was shared. As to each such account, list the financial institution at which the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

4.      Other than any accounts specified in response to the preceding question, are you aware of any financial account in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest? Specify any such account, date the account was opened, the account number, the names of the signatories on the account, the amount on deposit, and the source of your knowledge of the foregoing information.

5.      Are you aware of any interest of the Judgment Debtor, whether direct or indirect, in any corporation, partnership, company, or other entity, other than Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation? If so, state the nature of such interest and the source of your knowledge.

6.      Are you aware of any trust either created or settled by the Judgment Debtor (or a Giuliani Affiliated Entity) or for the Judgment Debtor's benefit? If so, state the name of such trust, the name of all trustees, the date of creation, the law of organization, the location of the trust, the

nature and value of any trust property, and the location of any trust property including the financial institution or other custodian by whom such property is held.

7.      Identify any transfer of money (including in the form of salary, consulting fees, profit distribution, or otherwise), leases, deeds, securities, intangibles, receivables, or other property from the Judgment Debtor or any Giuliani Affiliated Entity to you, including (i) the identity of the property transferred, (ii) where applicable, amounts transferred, (iii) the date of each transfer and (iv) the consideration, if any, given in exchange for each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

8.      List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

9.      Identify any debt owed by you to the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral, and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.

10.     Do you have personal or professional access to any account in the name of the Judgment Debtor or any Giuliani Affiliated Entity, or any other entity in which the Judgment Debtor may have an interest, whether under the name of such entity, under a trade or corporate name, or in association with others? As to each such account, list the financial institution at which

8

Docusign Envelope ID: AD0A8443-8A7E-461A-A7B3-3C9A803745E2

Case 1:24-mc-00353-LJL    Document 70-6    Filed 10/29/24    Page 10 of 10
Case 1:24-mc-00353-LJL    Document 95-1    Filed 11/18/24    Page 15 of 37

the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

11.     Have you ever received a statement of the financial condition of the Judgment Debtor or any Giuliani Affiliated Entity? What assets are disclosed therein (or in the alternative supply a copy thereof)?

12.     Do you have documents relating to any other entity controlled by or established for the benefit of the Judgment Debtor including but not limited to a trust or a political action committee? What information is contained therein  (or in the alternative supply a copy thereof)?

13.     Identify with specificity any assets, including real or personal property, whether in the United States or any other country, you have ever shared with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as custodian, as nominee, or as a beneficiary, the dates those assets were shared, the reason the assets ceased being shared, and the disposition of those assets.

14.     List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, of the Judgment Debtor or any Giuliani Affiliated Entity contained in your records, including all accounts on which the Judgment Debtor is a signatory or authorized user. Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

15.     Have you provided the Judgment Debtor with a benefit, monetary or non-monetary, worth in excess of $250?  If so, please list the benefit, the date give, the reason given, and the approximate amount the benefit is worth.

9

Responding Entity: Giuliani & Company, LLC ("Responding Entity")

Responses to information subpoena.

# 1- None. There is no bank account for Responding Entity.

# 2- None.

# 3- No financial accounts were shared with the Judgment Debtor or any Giuliani Affiliated Entity.

# 4- No.

# 5- Yes. Ryan Medrano, Former Comptroller has personal knowledge that Judgment Debtor has a membership interest in Standard USA LLC.

# 6- Yes. Ryan Medrano, Former Comptroller has personal knowledge that there is a defense fund known as the Giuliani Freedom Fund Legal Defense T.R. Fund. No other knowledge is known.

# 7- There may have been transfers of monies at certain unknown points in time as capital contributions or loans from the Judgment Debtor to the Responding Entity. The Responding Entity is insolvent and lacks the capacity to repay any such capital contributions or loans to the Judgment Debtor. There have been no transfers of any monies during 2024.

# 8- None.

# 9- None.

# 10- No.

# 11- No.

# 12- No.

# 13- None.

# 14- None, responding to this questions as the Respondent Entity. Ryan Medrano, 27 Maryland Plaza, Apt 1B, St. Louis, Missouri 63108; Rudolph W. Giuliani, 315 S. Lake Drive, Palm Beach, Florida 33410; Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716.

# 15- There may have been transfers of monies at certain unknown points in time as repayment of capital contributions, repayment of loans, salary or distributions to the Judgment Debtor from the Responding Entity. There have been no transfers of any monies during 2024.

Questions # 7 and # 15 may be answered along with additional financial information responsive to this information subpoena by Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716, who prepared income tax returns for this and other Giuliani Affiliated Entities.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge information and belief.

Dated: November 13, 2024

DocuSigned by:

*Ryan Medrano*

AB630EC7F7B3449...

Ryan Medrano, former Former Comptroller of Insolvent Responding Entity.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

                Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                Defendant.

No. 24-mc-353

**QUESTIONS IN CONNECTION WITH INFORMATION SUBPOENA TO WORLDCAPITAL PAYROLL CORPORATION**

To:    WorldCapital Payroll Corporation
        United Corporate Services, Inc.
        800 North State Street, Suite 304,
        Dover, DE 19901

## INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Judgment Debtor" means Rudolph W. Giuliani. The term "Giuliani Affiliated Entities" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity in which you have reason to believe the Judgment Debtor has an interest, including any trust established by the Judgment Debtor or for the Judgment Debtor's benefit. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

## REQUESTS

1.    State the amount of funds or property being held pursuant to the Restraining Notice served herewith.

2.      Identify with specificity any property in your possession, custody, or control in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest, the nature of such interest, and the approximate value of such property.

3.      Identify with specificity any financial accounts as to which you have ever shared ownership or control with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as trustee, as custodian, as nominee, as a beneficiary, and the dates that such ownership or control over such accounts was shared. As to each such account, list the financial institution at which the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

4.      Other than any accounts specified in response to the preceding question, are you aware of any financial account in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest? Specify any such account, date the account was opened, the account number, the names of the signatories on the account, the amount on deposit, and the source of your knowledge of the foregoing information.

5.      Are you aware of any interest of the Judgment Debtor, whether direct or indirect, in any corporation, partnership, company, or other entity, other than Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation? If so, state the nature of such interest and the source of your knowledge.

6.      Are you aware of any trust either created or settled by the Judgment Debtor (or a Giuliani Affiliated Entity) or for the Judgment Debtor's benefit? If so, state the name of such trust, the name of all trustees, the date of creation, the law of organization, the location of the trust, the

nature and value of any trust property, and the location of any trust property including the financial institution or other custodian by whom such property is held.

       7.     Identify any transfer of money (including in the form of salary, consulting fees, profit distribution, or otherwise), leases, deeds, securities, intangibles, receivables, or other property from the Judgment Debtor or any Giuliani Affiliated Entity to you, including (i) the identity of the property transferred, (ii) where applicable, amounts transferred, (iii) the date of each transfer and (iv) the consideration, if any, given in exchange for each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

       8.     List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

       9.     Identify any debt owed by you to the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral, and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.

      10.    Do you have personal or professional access to any account in the name of the Judgment Debtor or any Giuliani Affiliated Entity, or any other entity in which the Judgment Debtor may have an interest, whether under the name of such entity, under a trade or corporate name, or in association with others? As to each such account, list the financial institution at which

8

the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

11.    Have you ever received a statement of the financial condition of the Judgment Debtor or any Giuliani Affiliated Entity? What assets are disclosed therein (or in the alternative supply a copy thereof)?

12.    Do you have documents relating to any other entity controlled by or established for the benefit of the Judgment Debtor including but not limited to a trust or a political action committee? What information is contained therein (or in the alternative supply a copy thereof)?

13.    Identify with specificity any assets, including real or personal property, whether in the United States or any other country, you have ever shared with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as custodian, as nominee, or as a beneficiary, the dates those assets were shared, the reason the assets ceased being shared, and the disposition of those assets.

14.    List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, of the Judgment Debtor or any Giuliani Affiliated Entity contained in your records, including all accounts on which the Judgment Debtor is a signatory or authorized user. Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

15.    Have you provided the Judgment Debtor with a benefit, monetary or non-monetary, worth in excess of $250? If so, please list the benefit, the date give, the reason given, and the approximate amount the benefit is worth.

Responding Entity: WorldCapital Payroll Corporation ("Responding Entity")

Responses to information subpoena.

# 1- None. There is no bank account for Responding Entity.

# 2- None.

# 3- No financial accounts were shared with the Judgment Debtor or any Giuliani Affiliated Entity.

# 4- No.

# 5- Yes. Ryan Medrano, Former Comptroller has personal knowledge that Judgment Debtor has a membership interest in Standard USA LLC.

# 6- Yes. Ryan Medrano, Former Comptroller has personal knowledge that there is a defense fund known as the Giuliani Freedom Fund Legal Defense T.R. Fund. No other knowledge is known.

# 7- There may have been transfers of monies at certain unknown points in time as capital contributions or loans from the Judgment Debtor to the Responding Entity. The Responding Entity is insolvent and lacks the capacity to repay any such capital contributions or loans to the Judgment Debtor. There have been no transfers of any monies during 2024.

# 8- None.

# 9- None.

# 10- No.

# 11- No.

# 12- No.

# 13- None.

# 14- None, responding to this questions as the Respondent Entity. Ryan Medrano, 27 Maryland Plaza, Apt 1B, St. Louis, Missouri 63108; Rudolph W. Giuliani, 315 S. Lake Drive, Palm Beach, Florida 33410; Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716.

# 15- There may have been transfers of monies at certain unknown points in time as repayment of capital contributions, repayment of loans, salary or distributions to the Judgment Debtor from the Responding Entity. There have been no transfers of any monies during 2024.

Questions # 7 and # 15 may be answered along with additional financial information responsive to this information subpoena by Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716, who prepared income tax returns for this and other Giuliani Affiliated Entities.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge information and belief.

Dated: November 13, 2024

Ryan Medrano

Ryan Medrano, former Former Comptroller of Insolvent Responding Entity.

Docusign Envelope ID: AD0A8443-8A7E-461A-A7B3-3C6A8037F5E2
Case 1:24-mc-00353-LJL    Document 70-2    Filed 10/29/24    Page 7 of 10
Case 1:24-mc-00353-LJL    Document 95-1    Filed 11/18/24    Page 22 of 37

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

                              Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                              Defendant.

No. 24-mc-353

**QUESTIONS IN CONNECTION WITH
INFORMATION SUBPOENA TO
GIULIANI COMMUNICATIONS, LLC**

To:    Giuliani Communications, LLC
        United States Corporate Services, Inc.
        10 Bank Street, Suite 560
        White Plains, NY 1060

## INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Judgment Debtor" means Rudolph W. Giuliani. The term "Giuliani Affiliated Entities" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity in which you have reason to believe the Judgment Debtor has an interest, including any trust established by the Judgment Debtor or for the Judgment Debtor's benefit. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

## REQUESTS

1.    State the amount of funds or property being held pursuant to the Restraining Notice served herewith.

Docusign Envelope ID: AD0A8443-8A7E-461A-A7B3-3C6A803745E2

Case 1:24-mc-00353-LJL    Document 95-1    Filed 11/18/24    Page 23 of 37
Case 1:24-mc-00353-LJL    Document 70-2    Filed 10/29/24    Page 8 of 10

2.      Identify with specificity any property in your possession, custody, or control in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest, the nature of such interest, and the approximate value of such property.

3.      Identify with specificity any financial accounts as to which you have ever shared ownership or control with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as trustee, as custodian, as nominee, as a beneficiary, and the dates that such ownership or control over such accounts was shared. As to each such account, list the financial institution at which the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

4.      Other than any accounts specified in response to the preceding question, are you aware of any financial account in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest? Specify any such account, date the account was opened, the account number, the names of the signatories on the account, the amount on deposit, and the source of your knowledge of the foregoing information.

5.      Are you aware of any interest of the Judgment Debtor, whether direct or indirect, in any corporation, partnership, company, or other entity, other than Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation? If so, state the nature of such interest and the source of your knowledge.

6.      Are you aware of any trust either created or settled by the Judgment Debtor (or a Giuliani Affiliated Entity) or for the Judgment Debtor's benefit? If so, state the name of such trust, the name of all trustees, the date of creation, the law of organization, the location of the trust, the

7

nature and value of any trust property, and the location of any trust property including the financial institution or other custodian by whom such property is held.

7.    Identify any transfer of money (including in the form of salary, consulting fees, profit distribution, or otherwise), leases, deeds, securities, intangibles, receivables, or other property from the Judgment Debtor or any Giuliani Affiliated Entity to you, including (i) the identity of the property transferred, (ii) where applicable, amounts transferred, (iii) the date of each transfer and (iv) the consideration, if any, given in exchange for each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

8.    List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

9.    Identify any debt owed by you to the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral, and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.

10.    Do you have personal or professional access to any account in the name of the Judgment Debtor or any Giuliani Affiliated Entity, or any other entity in which the Judgment Debtor may have an interest, whether under the name of such entity, under a trade or corporate name, or in association with others? As to each such account, list the financial institution at which

the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

11.    Have you ever received a statement of the financial condition of the Judgment Debtor or any Giuliani Affiliated Entity? What assets are disclosed therein (or in the alternative supply a copy thereof)?

12.    Do you have documents relating to any other entity controlled by or established for the benefit of the Judgment Debtor including but not limited to a trust or a political action committee? What information is contained therein (or in the alternative supply a copy thereof)?

13.    Identify with specificity any assets, including real or personal property, whether in the United States or any other country, you have ever shared with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as custodian, as nominee, or as a beneficiary, the dates those assets were shared, the reason the assets ceased being shared, and the disposition of those assets.

14.    List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, of the Judgment Debtor or any Giuliani Affiliated Entity contained in your records, including all accounts on which the Judgment Debtor is a signatory or authorized user. Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

15.    Have you provided the Judgment Debtor with a benefit, monetary or non-monetary, worth in excess of $250? If so, please list the benefit, the date give, the reason given, and the approximate amount the benefit is worth.

Responding Entity: Giuliani Communications LLC ("Responding Entity")

Responses to information subpoena.

# 1- None. There is a bank account at Parkside Financial restrained. Amount restrained unknown.

# 2- None.

# 3- No financial accounts were shared with the Judgment Debtor or any Giuliani Affiliated Entity.

# 4- No.

# 5- Yes. Ryan Medrano, Former Comptroller has personal knowledge that Judgment Debtor has a membership interest in Standard USA LLC.

# 6- Yes. Ryan Medrano, Former Comptroller has personal knowledge that there is a defense fund known as the Giuliani Freedom Fund Legal Defense T.R. Fund. No other knowledge is known.

# 7- There may have been transfers of monies at certain unknown points in time as capital contributions or loans from the Judgment Debtor to the Responding Entity. The Responding Entity is insolvent and lacks the capacity to repay any such capital contributions or loans to the Judgment Debtor.

# 8- None.

# 9- None.

# 10- No.

# 11- No.

# 12- No.

# 13- None.

# 14- None, responding to this questions as the Respondent Entity. Ryan Medrano, 27 Maryland Plaza, Apt 1B, St. Louis, Missouri 63108; Rudolph W. Giuliani, 315 S. Lake Drive, Palm Beach, Florida 33410; Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716.

# 15- There may have been transfers of monies at certain unknown points in time as repayment of capital contributions, repayment of loans, salary or distributions to the Judgment Debtor from the Responding Entity. There have been no transfers of any monies during 2024.

Questions # 7 and # 15 may be answered along with additional financial information responsive to this information subpoena by Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716, who prepared income tax returns for this and other Giuliani Affiliated Entities.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge information and belief.

Dated: November 13, 2024

*Ryan Medrano*
AB630EC7E7B3449...

Ryan Medrano, former Former Comptroller of Insolvent Responding Entity.

Docusign Envelope ID: AD0A8443-847E-461A-A7B3-3CGA803745F2

Case 1:24-mc-00353-LJL    Document 70-3    Filed 10/29/24    Page 7 of 10
Case 1:24-mc-00353-LJL    Document 95-1    Filed 11/18/24    Page 28 of 37

### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

                        Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                        Defendant.

No. 24-mc-353

**QUESTIONS IN CONNECTION WITH
INFORMATION SUBPOENA TO
GIULIANI PARTNERS, LLC**

To:    Giuliani Partners, LLC
       National Registered Agents, Inc.
       28 Liberty Street
       New York, NY 10005

### INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "Judgment Debtor" means Rudolph W. Giuliani. The term "Giuliani Affiliated Entities" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity in which you have reason to believe the Judgment Debtor has an interest, including any trust established by the Judgment Debtor or for the Judgment Debtor's benefit. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

### REQUESTS

1.    State the amount of funds or property being held pursuant to the Restraining Notice served herewith.

6

Docusign Envelope ID: AD0A8443-8A7E-461A-A7B3-3C6A8037A5E2
Case 1:24-mc-00353-LJL    Document 70-3    Filed 10/29/24    Page 8 of 10
Case 1:24-mc-00353-LJL    Document 95-1    Filed 11/18/24    Page 29 of 37

2.      Identify with specificity any property in your possession, custody, or control in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest, the nature of such interest, and the approximate value of such property.

3.      Identify with specificity any financial accounts as to which you have ever shared ownership or control with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as trustee, as custodian, as nominee, as a beneficiary, and the dates that such ownership or control over such accounts was shared. As to each such account, list the financial institution at which the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

4.      Other than any accounts specified in response to the preceding question, are you aware of any financial account in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest? Specify any such account, date the account was opened, the account number, the names of the signatories on the account, the amount on deposit, and the source of your knowledge of the foregoing information.

5.      Are you aware of any interest of the Judgment Debtor, whether direct or indirect, in any corporation, partnership, company, or other entity, other than Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation? If so, state the nature of such interest and the source of your knowledge.

6.      Are you aware of any trust either created or settled by the Judgment Debtor (or a Giuliani Affiliated Entity) or for the Judgment Debtor's benefit? If so, state the name of such trust, the name of all trustees, the date of creation, the law of organization, the location of the trust, the

nature and value of any trust property, and the location of any trust property including the financial institution or other custodian by whom such property is held.

7.  Identify any transfer of money (including in the form of salary, consulting fees, profit distribution, or otherwise), leases, deeds, securities, intangibles, receivables, or other property from the Judgment Debtor or any Giuliani Affiliated Entity to you, including (i) the identity of the property transferred, (ii) where applicable, amounts transferred, (iii) the date of each transfer and (iv) the consideration, if any, given in exchange for each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

8.  List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

9.  Identify any debt owed by you to the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral, and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.

10.  Do you have personal or professional access to any account in the name of the Judgment Debtor or any Giuliani Affiliated Entity, or any other entity in which the Judgment Debtor may have an interest, whether under the name of such entity, under a trade or corporate name, or in association with others? As to each such account, list the financial institution at which

8

the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

11.     Have you ever received a statement of the financial condition of the Judgment Debtor or any Giuliani Affiliated Entity? What assets are disclosed therein (or in the alternative supply a copy thereof)?

12.     Do you have documents relating to any other entity controlled by or established for the benefit of the Judgment Debtor including but not limited to a trust or a political action committee? What information is contained therein (or in the alternative supply a copy thereof)?

13.     Identify with specificity any assets, including real or personal property, whether in the United States or any other country, you have ever shared with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as custodian, as nominee, or as a beneficiary, the dates those assets were shared, the reason the assets ceased being shared, and the disposition of those assets.

14.     List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, of the Judgment Debtor or any Giuliani Affiliated Entity contained in your records, including all accounts on which the Judgment Debtor is a signatory or authorized user. Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

15.     Have you provided the Judgment Debtor with a benefit, monetary or non-monetary, worth in excess of $250?  If so, please list the benefit, the date give, the reason given, and the approximate amount the benefit is worth.

9

Responding Entity: Giuliani Partners, LLC ("Responding Entity")

Responses to information subpoena.

# 1- None. There is no bank account for Responding Entity.

# 2- None.

# 3- No financial accounts were shared with the Judgment Debtor or any Giuliani Affiliated Entity.

# 4- No.

# 5- Yes. Ryan Medrano, Former Comptroller has personal knowledge that Judgment Debtor has a membership interest in Standard USA LLC.

# 6- Yes. Ryan Medrano, Former Comptroller has personal knowledge that there is a defense fund known as the Giuliani Freedom Fund Legal Defense T.R. Fund. No other knowledge is known.

# 7- There may have been transfers of monies at certain unknown points in time as capital contributions or loans from the Judgment Debtor to the Responding Entity. The Responding Entity is insolvent and lacks the capacity to repay any such capital contributions or loans to the Judgment Debtor. There have been no transfers of any monies during 2024.

# 8- None.

# 9- None.

# 10- No.

# 11- No.

# 12- No.

# 13- None.

# 14- None, responding to this questions as the Respondent Entity. Ryan Medrano, 27 Maryland Plaza, Apt 1B, St. Louis, Missouri 63108; Rudolph W. Giuliani, 315 S. Lake Drive, Palm Beach, Florida 33410; Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716.

# 15- There may have been transfers of monies at certain unknown points in time as repayment of capital contributions, repayment of loans, salary or distributions to the Judgment Debtor from the Responding Entity. There have been no transfers of any monies during 2024.

Questions # 7 and # 15 may be answered along with additional financial information responsive to this information subpoena by Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716, who prepared income tax returns for this and other Giuliani Affiliated Entities.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge information and belief.

Dated: November 13, 2024

DocuSigned by:

*Ryan Medrano*

AB630EC7F7B3449...

Ryan Medrano, former Former Comptroller of Insolvent Responding Entity.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS, | |
| Plaintiffs, | No. 24-mc-353 |
| v. | **QUESTIONS IN CONNECTION WITH** |
| RUDOLPH W. GIULIANI, | **INFORMATION SUBPOENA TO** |
| Defendant. | **GIULIANI SECUIRTY & SAFETY, LLC** |

To:    Giuliani Security & Safety, LLC
       The Corporate Trust Company
       Corporations Trust Center
       1209 Orange Street
       Wilmington, DE 19801

## INSTRUCTIONS

This information subpoena seeks information during the period beginning December 1, 2020 through the present, unless some other time period is specified in a particular request. For purposes of this information subpoena, the term "<u>Judgment Debtor</u>" means Rudolph W. Giuliani. The term "<u>Giuliani Affiliated Entities</u>" includes Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation, and any other entity in which you have reason to believe the Judgment Debtor has an interest, including any trust established by the Judgment Debtor or for the Judgment Debtor's benefit. The terms "you," "yourself," and "your" include you and any individual or entity acting on your behalf or in concert with you.

## REQUESTS

1.    State the amount of funds or property being held pursuant to the Restraining Notice served herewith.

6

2.      Identify with specificity any property in your possession, custody, or control in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest, the nature of such interest, and the approximate value of such property.

3.      Identify with specificity any financial accounts as to which you have ever shared ownership or control with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as trustee, as custodian, as nominee, as a beneficiary, and the dates that such ownership or control over such accounts was shared. As to each such account, list the financial institution at which the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

4.      Other than any accounts specified in response to the preceding question, are you aware of any financial account in which the Judgment Debtor or any Giuliani Affiliated Entity has an interest? Specify any such account, date the account was opened, the account number, the names of the signatories on the account, the amount on deposit, and the source of your knowledge of the foregoing information.

5.      Are you aware of any interest of the Judgment Debtor, whether direct or indirect, in any corporation, partnership, company, or other entity, other than Giuliani Communications LLC, Giuliani Partners LLC, Giuliani Security & Safety, LLC, Giuliani Group, LLC, Giuliani & Company LLC, Rudolph W. Giuliani PLLC, WorldCapital Payroll Corporation? If so, state the nature of such interest and the source of your knowledge.

6.      Are you aware of any trust either created or settled by the Judgment Debtor (or a Giuliani Affiliated Entity) or for the Judgment Debtor's benefit? If so, state the name of such trust, the name of all trustees, the date of creation, the law of organization, the location of the trust, the

7

Docusign Envelope ID: AD0A8443-8A7E-461A-A7B3-3C6A8037A5F2

nature and value of any trust property, and the location of any trust property including the financial institution or other custodian by whom such property is held.

7.      Identify any transfer of money (including in the form of salary, consulting fees, profit distribution, or otherwise), leases, deeds, securities, intangibles, receivables, or other property from the Judgment Debtor or any Giuliani Affiliated Entity to you, including (i) the identity of the property transferred, (ii) where applicable, amounts transferred, (iii) the date of each transfer and (iv) the consideration, if any, given in exchange for each transfer. Where the transfer was to or from an account at a bank, securities brokerage firm, or other financial institution, please set forth the name and address of the institution and the name and number on the account(s) from which and/or to which the transfer was made.

8.      List any and all gifts given to you by the Judgment Debtor and the approximate value of each of those gifts and the dates the gifts were received and the current location and ownership of those gifts.

9.      Identify any debt owed by you to the Judgment Debtor or any Giuliani Affiliated Entity or any other entity in which the Judgment Debtor or a Giuliani Affiliated Entity has an interest. For each such debt, state the amount of the debt, the entity or individual to which the debt is owed, the nature of the debt, whether the debt is secured and if so by what collateral, and the terms of any agreement giving rise to the debt including: the interest rate, if any, the maturity date, if any, the repayment schedule, if any, and the amounts repaid, if any.

10.     Do you have personal or professional access to any account in the name of the Judgment Debtor or any Giuliani Affiliated Entity, or any other entity in which the Judgment Debtor may have an interest, whether under the name of such entity, under a trade or corporate name, or in association with others? As to each such account, list the financial institution at which

8

Docusign Envelope ID: AD0A8443-8A7E-461A-A7B3-3C6A803745E2

Case 1:24-cv-00353-LJL   Document 95-1   Filed 11/18/24   Page 36 of 37
Case 1:24-mc-00353-LJL   Document 70-4   Filed 10/29/24   Page 10 of 10

the account is held, the exact name on the account, the date the account was opened, the account number, the names of the signatories on the account and the amount presently on deposit or, if closed, the amount on deposit when the account was closed.

11.    Have you ever received a statement of the financial condition of the Judgment Debtor or any Giuliani Affiliated Entity? What assets are disclosed therein (or in the alternative supply a copy thereof)?

12.    Do you have documents relating to any other entity controlled by or established for the benefit of the Judgment Debtor including but not limited to a trust or a political action committee? What information is contained therein (or in the alternative supply a copy thereof)?

13.    Identify with specificity any assets, including real or personal property, whether in the United States or any other country, you have ever shared with the Judgment Debtor or any Giuliani Affiliated Entity, whether jointly, in trust, as custodian, as nominee, or as a beneficiary, the dates those assets were shared, the reason the assets ceased being shared, and the disposition of those assets.

14.    List any bank accounts, brokerage accounts, investment accounts, checking accounts, credit card accounts, and all other accounts, whether in the United States or any other country, of the Judgment Debtor or any Giuliani Affiliated Entity contained in your records, including all accounts on which the Judgment Debtor is a signatory or authorized user. Set forth the names and addresses of all the individuals who assisted or participated in providing information for, or formulating responses to, this Information Subpoena.

15.    Have you provided the Judgment Debtor with a benefit, monetary or non-monetary, worth in excess of $250?  If so, please list the benefit, the date give, the reason given, and the approximate amount the benefit is worth.

Responding Entity: Giuliani Security & Safety LLC ("Responding Entity")

Responses to information subpoena.

# 1- None. There is no bank account for Responding Entity.

# 2- None.

# 3- No financial accounts were shared with the Judgment Debtor or any Giuliani Affiliated Entity.

# 4- No.

# 5- Yes. Ryan Medrano, Former Comptroller has personal knowledge that Judgment Debtor has a membership interest in Standard USA LLC.

# 6- Yes. Ryan Medrano, Former Comptroller has personal knowledge that there is a defense fund known as the Giuliani Freedom Fund Legal Defense T.R. Fund. No other knowledge is known.

# 7- There may have been transfers of monies at certain unknown points in time as capital contributions or loans from the Judgment Debtor to the Responding Entity. The Responding Entity is insolvent and lacks the capacity to repay any such capital contributions or loans to the Judgment Debtor. There have been no transfers of any monies during 2024.

# 8- None.

# 9- None.

# 10- No.

# 11- No.

# 12- No.

# 13- None.

# 14- None, responding to this questions as the Respondent Entity. Ryan Medrano, 27 Maryland Plaza, Apt 1B, St. Louis, Missouri 63108; Rudolph W. Giuliani, 315 S. Lake Drive, Palm Beach, Florida 33410; Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716.

# 15- There may have been transfers of monies at certain unknown points in time as repayment of capital contributions, repayment of loans, salary or distributions to the Judgment Debtor from the Responding Entity. There have been no transfers of any monies during 2024.

Questions # 7 and # 15 may be answered along with additional financial information responsive to this information subpoena by Joseph Ricci, CPA, Ricci & Company, CPA, P.C., 80 Orville Drive, Suite 100, Bohemia, New York 11716, who prepared income tax returns for this and other Giuliani Affiliated Entities.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge information and belief.

Dated: November 13, 2024

DocuSigned by:

*Ryan Medrano*
AB630EC7F7B3449

Ryan Medrano, former Former Comptroller of Insolvent Responding Entity.