IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| RUBY FREEMAN and WANDREA' MOSS,<br><br>         Plaintiffs,<br><br>v.<br><br>RUDOLPH W. GIULIANI,<br><br>         Defendant. | No. 24-mc-00353 (LJL)<br>No. 24-cv-6563 (LJL) |

**DECLARATION OF M. ANNIE HOUGHTON-LARSEN IN SUPPORT OF PLAINTIFFS' MOTION FOR LEAVE TO SERVE RYAN MEDRANO BY ALTERNATIVE MEANS AND FOR EX PARTE CONSIDERATION AND DECISION OF THIS MOTION**

I, M. Annie Houghton-Larsen, an attorney admitted to practice in this court, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am counsel to Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") in the above-captioned actions.

2. I submit this declaration in support of Plaintiffs' Motion for Leave to Serve Ryan Medrano by Alternative Means and for *Ex Parte* Consideration and Decision of This Motion. (the "Motion").

3. On November 14, 2024, Plaintiffs' counsel emailed the Letter-Motion to Compel Dr. Maria Ryan, Mr. Theodore "Ted" Goodman, and Mr. Ryan Medrano, No. 24-mc-00353 ECF. No. 113 (the "Motion to Compel"), to counsel for Defendant Rudolph W. Giuliani, Kenneth Caruso and David Labkowski. Plaintiffs' counsel asked Defendant's counsel to confirm that they were not representing Dr. Ryan, Mr. Goodman, or Mr. Medrano in connection with the above captioned cases. Defendant's counsel confirmed they do not.

4. Plaintiffs' counsel is not aware that Mr. Medrano is represented by counsel in the above captioned cases.

5. On November 14, 2024, Plaintiffs' counsel sent Mr. Medrano the Motion to Compel and the Court's order on the Motion to Compel, No. 24-mc-00353 ECF. No. 116, via email. Plaintiffs' counsel asked if Mr. Medrano had representation in the above captioned cases and if he would accept service via email.

6. Plaintiffs' counsel obtained the email address for Mr. Medrano through discovery in *Freeman et al. v. Giuliani*, No. 21-cv-3354 (D.D.C.), which showed that the email address was used by Mr. Medrano, including in his capacity as an employee and/or officer of Giuliani Partners, LLC, and was affiliated with the domain giulianipartners.com. Plaintiffs received further confirmation that the email address belonged to Mr. Medrano during discovery in *In re Rudolph W. Giuliani*, No. 23-12055 (Bankr. S.D.N.Y. Dec. 21, 2023).

7. Plaintiffs' counsel did not receive a bounce-back email to the message sent to Mr. Medrano, which would have indicated that the email message could not be delivered.

8. On November 15, 2024, November 16, 2024, and November 18, 2024, a process server engaged by Plaintiffs' counsel attempted to serve the Motion to Compel on Mr. Medrano at his address, 27 Maryland Plaza, 2nd Floor, St. Louis, Missouri, 63108. A true and correct copy of the Proof of Attempted Service on Mr. Medrano is attached as Exhibit 1. The process server confirmed that the buzzer of the building had Mr. Medrano's name on it.

9. As of the time of filing, Plaintiffs' counsel have not received any response from Mr. Medrano regarding the Motion to Compel or the November 14, 2024 email.

10. Plaintiffs' counsel believe that Mr. Medrano continues to be employed by Defendant Giuliani or one or more of Defendant Giuliani's companies, in part because on

November 13, 2024, Mr. Medrano signed the responses to Plaintiffs information subpoenas for the following entities: Rudolph W. Giuliani PLLC; Giuliani Group, LLC; Giuliani & Company, LLC; WorldCapital Payroll Corporation; Giuliani Communications LLC; Giuliani Partners, LLC; and Giuliani Security & Safety LLC. No. 24-mc-00353 ECF. No. 70-8 at 6, 11, 16, 21, 27, 32, 37.

11. Plaintiffs are not aware of Mr. Medrano's actual place of business.

12. Plaintiffs seek *ex parte* consideration and decision of the Motion because good and sufficient reasons exist to do so.

13. Despite diligent efforts, detailed above and in the Motion, Plaintiffs are not aware of any legal representation retained by Mr. Medrano in connection with the above captioned cases. Counsel for Defendant Giuliani has confirmed in writing that they do not represent Mr. Medrano. Mr. Medrano has not responded to Plaintiffs' attempts to ascertain if he is represented by counsel in this matter.

14. Mr. Medrano will have an opportunity to challenge the manner of service in any opposition to Plaintiffs' Motion to Compel.

15. Plaintiffs have not previously applied for *ex parte* relief as to Mr. Medrano.

16. Mr. Medrano likely has actual notice of this proceeding via Mr. Giuliani and/or his counsel as he has been in touch with Mr. Giuliani and/or his attorneys as recently as November 13, 2024 when he signed the responses to the information subpoenas directed to certain of Mr. Giuliani's companies. ECF. No. 70-8 at 6, 11, 16, 21, 27, 32, 37.

17. For the foregoing reasons, the Court should grant the Motion and Plaintiffs' request to serve Mr. Medrano on an *ex parte* basis.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 20, 2024.                         s/ M. Annie Houghton-Larsen
                                                                                  M. Annie Houghton-Larsen

                                        Willkie Farr & Gallagher LLP
                                        787 Seventh Avenue
                                        New York, NY 10019
                                        (212) 728-8000
                                        mhoughton-larsen@willkie.com

*Attorney for Ruby Freeman and Wandrea' Moss*