| | |
|---|---|
| KENNETH CARUSO LAW LLC | LABKOWSKI LAW, P.A. |
| 15 W. 72nd Street | 250 95th Street, Unit #547233 |
| New York, New York 10023 | Surfside, Florida 33154 |
| (646) 599-4970 | (786) 461-1340 |
| ken.caruso@kennethcarusolaw.com | david@labkowskilaw.com |

November 19, 2024

Via ECF

The Court will hear from Messrs. Caruso, Labkowski, and Cammarato and the Defendant on November 26, 2024.

November 21, 2024

*[signature]*
LEWIS J. LIMAN
United States District Judge

Hon. Lewis J. Liman
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St.
New York, NY 10007-1312

Re: *Freeman et al. v. Giuliani*, 24-cv-06563-LJL; 24-mc-00353-LJL

Dear Judge Liman:

We write pursuant to the Court's Order, ECF 117,[1] replying[2] to Plaintiffs' opposition to our motions to withdraw as counsel for Defendant, ECF 110-111.

\* \* \*

As Plaintiffs concede, they "are unaware of the precise factual basis for [our] request to withdraw[.]" ECF 124 at 5. Nevertheless, they "oppose [our] withdrawal from this case, absent assurances from Defendant and his new counsel that there will be no disruptions to the existing schedules in these two cases." *Id*. According to Plaintiffs, we should continue "to handle the immediate and time-sensitive needs of this case, including but not limited to addressing Mr. Giuliani's deficient and/or non-existent discovery responses." *Id*. at 5.

For the reasons stated in our motion to withdraw, however, ECF 110-112, and consistent with our professional responsibilities, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ As we previously stated:

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] For the Court's ease, like Plaintiffs' letter, "[a]lthough these documents were filed in both of the above-captioned cases, the[] ECF citations refer to the docket in No. 24-mc-353." ECF 124 n.1.

[2] This reply is in the format of a letter (and not a declaration or memorandum of law), given that it replies to Plaintiffs' opposition, ECF 124, which was in the form of a letter. If the Court prefers that this reply be submitted as a declaration or a memorandum of law, we are prepared to refile accordingly.

Hon. Lewis J. Liman
Re: *Motion to Withdraw*
November 19, 2024
Page 2 of 4

███████████████████████████████████████
███████████████████████████████████████
███████████████████████████████████████

ECF 112 ¶ 4.

    Clearly, when "addressing" discovery disputes, we cannot truthfully and completely state Defendant's position—to Plaintiffs' counsel, or on the public record of these actions—without prejudicing Defendant, which, of course, we must avoid.

    For similar reasons, we cannot "address" the requests for information made, and to be made, by Plaintiffs' counsel in the Turnover Proceeding. As we previously stated, ███ ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ████████████████ *Id.* ¶ 5.

    Plaintiffs, in short, are in no position to suggest a solution, where, as here, they do not know the problem. We seek to withdraw because of ███████████████████████ ███████████████████████████████████████ For avoidance of doubt, ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████ ██

    Plaintiffs next contend that we should continue to work on this case because we still appear as counsel to Defendant on his appeal to the D.C. Circuit from the underlying judgment. Respectfully, this contention compares apples to oranges. It is one thing to represent a client on appeal, where the record is fixed, the issues are purely legal ██████████████████████ ███████ It is another to represent that ██████████████████████████████ ███████████████████████████████████████ ████████████

* * *

    Plaintiffs complain that Mr. Giuliani "failed to serve any responses or objections or produce any documents, necessitating a motion to compel…[e]ven before Defendant's counsel filed their applications to withdraw, they had already spent nearly two weeks ignoring Plaintiffs' requests for confirmation that Mr. Giuliani had preserved potentially responsive materials or made efforts to collect such materials[.]" ECF 124 at 3. The criticism is inaccurate and unfair. In fact, we have spent our time trying to achieve compliance with deadlines, demands and rules.

* * *

Hon. Lewis J. Liman
Re: *Motion to Withdraw*
November 19, 2024
Page 3 of 4

  The cases cited by Plaintiffs are inapposite. They all involve cases where an attorney moved to withdraw without a substitution of counsel filed, and critically, involve cases where substantial discovery *already* occurred.

  In *Chen v. Best Miyako Sushi Corp.*, 2017 WL 11698623, at *3 (S.D.N.Y. June 12, 2017), an attorney moved to withdraw "[t]hree weeks after discovery closed" without a successor. *Id*. at *1. Here, Defendant has a new attorney and discovery remains underway. In *Rophaiel v. Alken Murray Corp.*, 1996 WL 306457 (S.D.N.Y. June 7, 1996), "[t]he sole basis for the motion [to withdraw] [wa]s the defendants' failure to pay the firm's outstanding legal fees." *Id*. at *1. The Court denied the motion because "the firm" had "failed to convince [the Court] that its clients are truly unable to fulfill those payment obligations." *Id*. at *2. That is not the case here or a reason cited in our motion. ECF 110 ¶ 3. Similarly, *Worms v. State Corp. "Deposit Ins. Agency"*, 2021 WL 706550, at *4 (S.D.N.Y. Feb. 22, 2021), like *Rophaiel*, involved "nothing more than nonpayment of fees and a deterioration of the [attorney-client] relationship," coupled with the attorney continuing to represent the party in a separate appeal. *Id*. at *4. There, understandably, the Court second-guessed the attorney's claim he was not paid, given that he continued to work for the client on an appeal. Here, for avoidance of doubt, counsel is not withdrawing for non-payment, ECF 110 ¶ 3.

*   *   *

  Plaintiffs oppose the request for extensions of deadlines based entirely on concerns about "disruption to the existing schedules[.]" *Id*. at 6. Yet, Plaintiffs do not contest the necessity or propriety of the withdrawal itself or the substitution of counsel. Plaintiffs' position implicitly acknowledges that their real concern lies with the extension, not our withdrawal. For the reasons previously stated, we ask the Court to permit our withdrawal.

  The Court has before it a "consent order granting substitution of attorney," ECF 119, and in fact, Mr. Cammarata, already filed a notice of appearance, ECF 120. The Court should grant our motion to withdraw "because, among other reasons," and for the reasons previously stated, "[Defendant] has retained [Mr. Cammarata] as substitute counsel." *Diaz v. Scores Holding Co., Inc.*, 2009 WL 6539954, at *1 (S.D.N.Y. Mar. 2, 2009).

Respectfully Submitted,

| KENNETH CARUSO LAW LLC | LABKOWSKI LAW, P.A. |
|---|---|
| By: /s/ Kenneth A. Caruso<br>Kenneth A. Caruso<br>15 W. 72nd Street<br>New York, NY 10023<br>Tel: (646) 599-4970<br>ken.caruso@kennethcarusolaw.com | By: /s/ David Labkowski<br>David Labkowski<br>250 95th Street, #547233<br>Surfside, FL 33154<br>Tel: (786) 461-1340<br>david@labkowskilaw.com |

Hon. Lewis J. Liman
Re: *Motion to Withdraw*
November 19, 2024
Page 4 of 4

      *Attorneys for Defendant,*                                       *Attorneys for Defendant,*
      *Rudolph W. Giuliani*                                             *Rudolph W. Giuliani*

cc:      Counsel of Record (via ECF)