```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/21/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- X
:
RUBY FREEMAN and WANDREA' MOSS, :
:
                Plaintiffs, :
:
   -v- :
:
RUDOLPH W. GIULIANI, :
:    24-mc-00353 (LJL)
                Defendant, :
:
   -and- :
:
ANDREW H. GIULIANI, :
:
                Intervenor-Defendant :
                Applicant. :
:
------------------------------------------------------------------- X
:
:
RUBY FREEMAN and WANDREA' MOSS, :
:
                Plaintiffs, :    24-cv-06563 (LJL)
:
   -v- :
:
RUDOLPH W. GIULIANI, :
:    MEMORANDUM AND
                Defendant. :         ORDER
:
------------------------------------------------------------------- X

LEWIS J. LIMAN, United States District Judge:

      Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") move, pursuant to Local Civil Rule 6.1(d), New York Civil Practice Law and Rules §§ 308(1)–(5), and Federal Rule of Civil Procedure

4(e)(1), (2), for entry of an order permitting Plaintiffs to serve Mr. Ryan Medrano ("Medrano") with copies of the Motion to Compel (No. 24-mc-353, Dkt. No. 113), the Order (No. 24-mc-353, Dkt. No. 116), and a Rule 45 Subpoena via specified alternative methods. No. 24-mc-353, Dkt. No. 128.[1] The motion is granted.

## BACKGROUND

On November 13, 2024, Plaintiffs filed a motion to compel third parties Dr. Maria Ryan, Ted Goodman, and Ryan Medrano to provide complete responses to the information subpoenas served on each of them (the "Motion to Compel"). No. 24-mc-353, Dkt. No. 113. On November 14, 2024, the Court ordered Dr. Ryan, Mr. Goodman, and Medrano to respond to the Motion to Compel by November 21, 2024[2] and Plaintiffs to reply by November 25, 2024 (the "Order"). No. 24-mc-353, Dkt. No. 116. The Court advised that it was prepared to hear the parties on the Motion to Compel during a conference on November 26, 2024, during which Dr. Ryan, Mr. Goodman, and Medrano could participate telephonically. *Id*. The Court further directed Plaintiffs to file proof of service on the ECF Docket. *Id*.

Plaintiffs have not yet been able to serve Medrano, nor are Plaintiffs aware of any counsel engaged to represent Medrano in connection with these matters. No. 24-mc-353, Dkt. No. 135 ¶ 4. Plaintiffs have emailed copies of the documents to be served to Medrano at his email address, which Plaintiffs obtained through discovery in *Freeman et al. v. Giuliani*, No. 21-cv-3354 (D.D.C.) and confirmed through discovery in *In re Rudolph W. Giuliani*, 23-12055 (Bankr. S.D.N.Y.), attaching the service materials, asking if he would accept service via email. *Id*. ¶¶ 5–6. Plaintiffs did not receive any

---

[1] For convenience, all citations in this Memorandum and Order are to the docket in at 24-mc-353 (the judgment enforcement action). This order also applies to 24-cv-06563 (the homestead action).
[2] The Order at Dkt. No. 116 states the deadline for the third parties to respond to the Motion to Compel is "November 21, 2025," instead of November 21, 2024. It is apparent that the 2025 date was a typographical error. The Motion was filed on November 14, 2024, Plaintiff's deadline to reply was set for November 25, 2024, and the hearing on the Motion was set for November 26, 2024. For avoidance of doubt, the Court has issued a Corrected Order, *see* 24-mc-353, Dkt. No. 141.

bounce-back email, indicating that the email address was still active. *Id.* ¶ 7. Plaintiffs have engaged process servers who attempted to serve Medrano at his home address six times. *Id.* ¶ 8, Exhibit 1.  The process server confirmed Medrano's name appears on the buzzer for the apartment complex. *Id.* Plaintiffs attest to their belief that Medrano may still be employed by Mr. Giuliani or one or more of his entities but are not aware of Medrano's actual place of business. *Id.* ¶¶ 10–11.

## LEGAL STANDARD

Rule 4 of the Federal Rules of Civil Procedure allows an individual located within a judicial district of the United States to be served by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located." Fed. R. Civ. P. 4(e)(1), (2).  Rule 4 makes the state law of either the location where service is effected or the location of the district court equally applicable. *Id.*  In New York, service may be effected upon a person by: (1) personal service; (2) delivery to a "person of suitable age and discretion at the individual's actual place of business, dwelling or usual abode" and mailing it to the individual; (3) service on an agent; or (4) "affixing the summons" to the individual's actual place of business, dwelling or usual abode and mailing it to the individual. N.Y. C.P.L.R. § 308(1)–(4).  Furthermore, a court may direct alternative methods of service where service by the enumerated means is "impracticable." N.Y. C.P.L.R. § 308(5).  "The meaning of 'impracticable' depends on the facts and circumstances of a particular case. In general, plaintiff must make some showing that the other prescribed methods of service could not be made." *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 593 (S.D.N.Y. 2021) (cleaned up). "The decision to allow alternative service is committed to the sound discretion of the district court." *In re Bystolic Antitrust Litig.*, 2021 WL 4296647, at *1 (S.D.N.Y. Sept. 20, 2021) (internal citations omitted).  The standard for impracticability under C.P.L.R. § 308(5) is different from the more stringent requirement of "due diligence" under C.P.L.R. § 308(4).  Impracticability "does not require satisfying due diligence, or even showing that actual prior attempts to serve a party under each and every method

3

provided in the statute have been undertaken." *Hamza v. Yandik*, 2022 WL 976888, at *8 (N.D.N.Y. Mar. 31, 2022) (quoting *Kelly v. Lewis*, 220 A.D.2d 485, 485 (N.Y. App. Div. 1995)). "Even where plaintiffs have imperfectly served defendants, courts have been willing to find impracticability under C.P.L.R. § 308(5) and to direct substitute service, particularly when defendants have participated in the litigation." *Id*.

Courts routinely find that alternative service, including by email, is appropriate where the moving party provides evidence that the recipient is likely to receive the service through the alternative method. *See, e.g., Cargill Financial Services International, Inc. et al v. Barshchovskiy*, 2024 WL 4240998, at *3 (S.D.N.Y. Sept. 19, 2024), Dkt. No. 15; *Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *6 (S.D.N.Y. July 17, 2020); *In re Bystolic Antitrust Litig.*, 2021 WL 4296647, at *2; *Juniper Time Inv., LLC v. Wellington*, 2022 WL 20582421, at *1 (S.D.N.Y. July 27, 2022); *Sirius XM Radio Inc.*, 339 F.R.D. at 593; *Avail 1 LLC v. Kalsi*, 2023 WL 7297214, at *2 (S.D.N.Y. Nov. 6, 2023); *Ferrarese v. Shaw*, 164 F. Supp. 3d 361, 365–66 (E.D.N.Y. 2016); *see also* Supplementary Practice Commentaries, N. Y. C.P.L.R. § 308 (McKinney). With respect to Rule 45 subpoenas, "district courts in this Circuit have held that, in appropriate circumstances, alternative forms of service may be used, as long as they are calculated to provide timely actual notice." *Tube City IMS, LLC v. Anza Cap. Partners, LLC*, 2014 WL 6361746, at *2 (S.D.N.Y. Nov. 14, 2014) (collecting cases).

## DISCUSSION

Plaintiffs have adequately demonstrated that service on Medrano through traditional methods is impracticable for the purposes of C.P.L.R. § 308(5). There is no indication that Medrano is represented by counsel who would consent to service on his behalf.[3] No. 24-mc-353, Dkt. No. 135 ¶ 4. Plaintiffs

---

[3] Plaintiffs note that they reached out to counsel for Defendant to confirm that they were not representing Mr. Medrano in this action, and Defendant counsel confirmed that they were not. No. 24-mc-353, Dkt. No. 135 ¶ 3.

have attempted to serve Medrano at his one known physical address over the course of multiple days, making multiple attempts. The attempts have been unsuccessful even though Medrano's name is on the doorbell buzzer. *Id*. at ¶ 8. Plaintiffs' numerous attempts to serve Medrano in person have established impracticability. *See* Barshchovskiy, 2024 WL 4240998, at *4. Service under C.P.L.R. § 308(4) is also impracticable under the circumstances due to the impending hearing date. C.P.L.R. § 308(5) does not require that service has been actually attempted pursuant to C.P.L.R. § 308(1), (2) and (4) to make out impracticability. *See Khokhar v. Beschastnikh*, 20 N.Y.S.3d 292 (N.Y. Sup. Ct. 2015) (citing *In re Kaila B.*, N.Y.S.2d 132 (2nd Dept 2009)); *Hamza*, 2022 WL 976888, at *8.

The proposed methods of service are sufficient to satisfy constitutional due process under *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950). "Email service has also repeatedly been found by courts to meet the requirements of due process." *Pearson Educ. Inc. v. Doe 1*, 2019 WL 6498305, at *3 (S.D.N.Y. Dec. 2, 2019) (quoting *Elsevier, Inc. v. Siew Yee Chew*, 287 F. Supp. 3d 374, 379 (S.D.N.Y. 2018) (collecting cases)); *see also Convergen Energy LLC v. Brooks*, 2020 WL 4038353, at *6. Plaintiffs have demonstrated that email is likely to reach Medrano. *See F.T.C. v. Pecon Software Ltd.*, 2013 WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013). The email address was provided in connection with court proceedings and apparently is still active. No. 24-mc-353, Dkt. No. 135 ¶¶ 6–7. Service by Federal Express to Mr. Medrano's home address also satisfies the *Mullane* standard. *See S.E.C. v. Spot Tech House, Ltd.*, 2021 WL 3674515, at *2 (D. Nev. June 11, 2021) (granting motion to serve parties by FedEx as "reasonably calculated to provide notice and opportunity to respond."). Medrano's name is on the doorbell buzzer. Directing Defendant to inform Medrano is a backstop and will also help ensure that Medrano has actual notice, given that Defendant has evidently been in contact with Medrano as recently as November 13, 2024. No. 24-mc-353, Dkt. No. 114–15. In addition, there is every reason to believe

5

that Medrano has actual notice of the events in this action, as evidenced by Medrano's signatures on the responses to information subpoenas directed to seven of Defendant's companies. *Id*.

Accordingly, the Court grants Plaintiffs permission to serve Medrano with copies of the Motion to Compel, the Order at No. 24-mc-353, Dkt. No. 116, the Corrected Order at No. 24-mc-353, Dkt. No. 141, and a Rule 45 Subpoena by email to his email address, by FedExing the documents for overnight delivery to his home address, and by transmitting those materials to Defendant's counsel with an instruction to provide them to Medrano. Proof of service shall be filed on the docket.

The Clerk of Court is respectfully directed to close No. 24-mc-353, Dkt. No. 133.

SO ORDERED.

Dated: November 21, 2024
      New York, New York

_____
      LEWIS J. LIMAN
      United States District Judge