# EXHIBIT 2

AO 88B (Rev. 12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Southern District of New York

| | |
|---|---|
| Freeman *Plaintiff* v. Giuliani *Defendant* | ) ) ) ) Civil Action No. 24-cv-6563 (LJL); 24-mc-00353 ) ) ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Maria Ryan
418 Walnut Street, Manchester, NH 03104-2543

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Schedule A

| Place: Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099 (within 100 miles of where you are employed and regularly conduct business) | Date and Time: 11/29/2024 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/14/2024

*CLERK OF COURT*

OR

_____          /s/ Aaron Nathan
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Freeman, who issues or requests this subpoena, are:

Aaron Nathan, Willkie Farr & Gallagher LLP, 787 Seventh Avenue, New York, NY 10019-6099; anathan@willkie.com; (212) 728-8904

**Notice to the person who issues or requests this subpoena**

A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  12/13) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 24-cv-6563 (LJL); 24-mc-00353

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

### Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

This subpoena for documents, including each individual Request for Documents (collectively, the "Requests"), shall be read and interpreted in accordance with the definitions and instructions set forth below.

## GENERAL DEFINITIONS

Plaintiffs incorporate by reference all the instructions, definitions, and rules contained in the Federal Rules of Civil Procedure ("FRCP") and for purposes of this Subpoena, the following definitions shall apply:

1. Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

2. The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP.

3. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all information that might otherwise be construed to be outside of their scope.

4. "You," "Your," or "Yours" refers to Maria Ryan and includes any persons or entities acting for him or on his behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Maria Ryan has control.

5. "Communication" means, in addition to its customary and usual meaning, every contact of any nature, whether documentary, electronic, written or oral, formal or informal, at any time or place and under any circumstances whatsoever whereby information of any nature is transmitted or transferred by any means, including, but not limited to letters, memoranda,

reports, emails, text messages, instant messages, social media, telegrams, invoices, telephone conversations, voicemail messages, audio recordings, face-to-face meetings and conversations, or any other form of communication, and any Document relating to such contact, including but not limited to correspondence, memoranda, notes or logs of telephone conversations, e-mail, electronic chats, text messages on any platform, instant messages, direct or private messages, correspondence in "meet ups" or chat rooms, and all other correspondence on Social Media. Without limiting the foregoing in any manner, commenting as well as any act of expression that is not directed at a specific person, or otherwise may not be intended to provoke a response (such as a social media posting, "likes," "shares," or any other form of reacting to another's use of Social Media), are forms of communication.

6. "Document" or "Documents" means documents broadly defined in Rule 34 of the FRCP and includes (i) papers of all kinds, including, but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes, notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, bank checks, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio recordings, podcasts, Internet files (including "bookmarks" and browser history), word documents, note taken electronically, online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically,

photographically, or chemically. Without limiting the foregoing in any way, every Communication is also a Document.

7.  "Relating to" means "concerning," "referring to," "describing," "evidencing," or "constituting."

## SPECIFIC DEFINITIONS

1.  "Financial Accounts" refers to accounts with any financial institution, including bank, and debit or credit card accounts, to which Defendant has direct or indirect assess, including but not limited to the ability to use for purposes of deposits, withdraws, or charges. This definition includes any such accounts to which You have sole or shared ownership.

2.  "Defendant" refers to Rudolph W. Giuliani, the defendant in *Freeman v. Giuliani*, Case No. 24-cv-6563 (LJL) (S.D.N.Y. 2024) and *Freeman v. Giuliani*, Case No. 24-mc-00353 (LJL) (S.D.N.Y. 2024).

3.  "Giuliani Entities" refers to any or all of the following entities: Giuliani and Company, LLC; Giuliani Communications, LLC; Giuliani Group, LLC; Giuliani Partners, LLC; Giuliani Security and Safety, LLC; Rudolph W. Giuliani, PLLC; Standard USA, LLC; WorldCapital Payroll Corp.; and any other entity in which You are aware that Defendant has an interest.

4.  "Information Subpoena" refers to the information subpoena served on You via certified mail on August 9, 2024.

5.  "New York Apartment" means the cooperative apartment located at 45 East 66th Street, Apt. 10W New York, NY 10065.

6. "Palm Beach Condo" refers to the condominium apartment at 315 South Lake Drive, Unit 5D, Palm Beach, Florida.

7. "Plaintiffs" means Ruby Freeman and Wandrea' "Shaye" Moss, the plaintiffs in *Freeman v. Giuliani*, Case No. 24-cv-6563 (LJL) (S.D.N.Y. 2024) and *Freeman v. Giuliani*, Case No. 24-mc-00353 (LJL) (S.D.N.Y. 2024).

8. "Sensitive Personal Property" refers to including Defendant's passport, birth certificate, will, trust documents, divorce records, personal and family heirlooms, and sports memorabilia.

## INSTRUCTIONS

1. Unless otherwise specified, the relevant time period for the requests is January 1, 2023 through the present.

2. Your responses to the following Requests shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

3. Produce all responsive documents in Your possession, custody, or control, regardless of whether such documents are possessed directly by You or persons under Your control, including Your agents, employees, representatives, or attorneys, or their agents, employees, or representatives.

4. If no responsive documents exist for any particular requests, specifically state that no responsive documents exist.

5. If any responsive document was, but is no longer, in Your possession, custody, or control, state the whereabouts of such document when last in Your possession, custody or control, state the date and manner of its disposition, and identify its last known custodian.

6.  Certify that Your production is complete and correct in accordance with specifications of the attached Certification that Response is Complete and Correct form provided as Exhibit 1.

7.  All documents shall be produced in electronic form and shall include related metadata. Produce in TIFF or native format (i.e., Word documents as .DOC or .DOCX files, Outlook emails as .PST files, Excel spreadsheets as .XLS or .XLSX files, Adobe PDF documents as .PDF files). For all forms of electronically stored information, ensure that electronically stored information is provided in unencrypted form and free of password protection.

8.  Any alteration of a responsive document, including any marginal notes, handwritten notes, underlining, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, and other versions of a document, is a responsive document in its own right and must be produced.

9.  In instances where two or more exact duplicates of any document exist, the most legible copy shall be produced.

10. If You have withheld from production responsive documents or tangible things on the basis that You assert a claim of privilege as to that document or thing, You shall prepare a list of withheld documents and things that lists the following information for each such document or thing, or part thereof, withheld on such a basis:

    a. the type of document, e.g., letter or memorandum;

    b. the general subject matter of the document;

    c. the date of the document;

d. such other information as is sufficient to identify the document for a subpoena duces tecum, including, where appropriate, the author of the document, the addressees of the document, and any other recipients shown in the document, and, where not apparent, the relationship of the author, addressees, and recipients to each other;

e. the nature and the basis for the claim of privilege; and

f. sufficient additional information about the document as is necessary to justify Your claim of privilege.

## DOCUMENTS TO BE PRODUCED

**DOCUMENT REQUEST NO. 1:**

All Documents and Communications relating to the nature of Defendant's use and occupancy of the Palm Beach Condo, including his purported intention to establish it as a permanent residence.

**DOCUMENT REQUEST NO. 2:**

All Documents and Communications relating to Defendant's travel between July 1, 2023 and August 8, 2024, including with Defendant, Ted Goodman, Vanessa Fenderson, Michael Ragusa, Ryan Medrano, or anyone who has coordinated, booked, or handled travel and related logistics for Defendant.  For the avoidance of doubt, this request seeks all conversations relating to Defendant's travel plans and logistics, as well as documents relating to his travel, such as credit card statements, receipts, reimbursements, itineraries, airline or train tickets, car rental reservations, lodging bookings, or lodging folios.

**DOCUMENT REQUEST NO. 3:**

All physical or electronic calendars or schedules reflecting Defendant's travel or whereabouts throughout 2024.

**DOCUMENT REQUEST NO. 4:**

Documents or Communications sufficient to show the location of Defendant's Sensitive Personal Property at all periods of time between February 7, 2024 and August 8, 2024

**DOCUMENT REQUEST NO. 5:**

All Documents and Communications relating to updating or changing Defendant's address with any person, business, government entity, subscription service, or any other third-party.

**DOCUMENT REQUEST NO. 6:**

All Documents and Communications relating to the removal of property from the New York Apartment between July 1, 2023 and October 31, 2024.

**DOCUMENT REQUEST NO. 7:**

All Documents and Communications relating to the storage of property at Corporate Transfer Storage, Inc., America First Warehouse, and Sky Line Warehouse 485 Brown Court, Oceanside, New York, including, but not limited to, contracts, invoices, payments, access to or the transference of any of the property stored at either location.

**DOCUMENT REQUEST NO. 8:**

All Documents and Communications relating to Standard USA, LLC in any way, including but not limited to its formation, corporate structure, owners, members, financial records, bank accounts, assets, debts, loans, payments, profits, property, financial transactions, and total, yearly, and monthly revenue.

**DOCUMENT REQUEST NO. 9:**

All Documents and Communications relating to Giuliani Communications LLC in any way, including but not limited to its corporate structure, owners, members, financial records, bank accounts, assets, debts, loans, payments, profits, property, financial transactions, and total, yearly, and monthly revenue.

**DOCUMENT REQUEST NO. 10:**

Documents sufficient to show the finances of the Giuliani Entities, including but not limited to their financial records, bank accounts, assets, debts, payments, profits, property, financial transactions, and total, yearly, and monthly revenue.

**DOCUMENT REQUEST NO. 11:**

All Documents and Communications to show all property, including but not limited to financial payments, You or Defendant have received in any way from any of the Giuliani Entities, such as, for example, paystubs, tax documents, gift receipts, or distribution statements.

**DOCUMENT REQUEST NO. 12:**

All Documents and Communications relating to any of the litigation between Defendant and Plaintiffs, including in the District of Columbia, the bankruptcy proceedings in the Southern District of New York, or the above-captioned proceedings. For the avoidance of doubt, this request asks for all Communications You have had with Defendant about any of the legal proceedings, including Your assistance with any filings in any of them such as that described in your response to the Information Subpoena question 10.

**DOCUMENT REQUEST NO. 13:**

All Documents and Communications relating to any Financial Accounts, including any withdrawals or transfers of funds, or the use of any debit or credit cards. For the avoidance of doubt, this request seeks all Documents and Communications relating to Defendant's Citibank account as described in your response to the Information Subpoena question 10.

**DOCUMENT REQUEST NO. 14:**

All Documents and Communications relating to the transfer of any money or property from You to Defendant or Defendant to You. For the avoidance of doubt, this request applies to the provision of gifts, including but not limited to jewelry, as well as the payment of any expenses,

- 9 -

including but not limited to mortgages, travel, and day-to-day expenses, such as meals, lodging, dry cleaning, or clothing.

**DOCUMENT REQUEST NO. 15:**

All Documents and Communications relating to agreements or contracts that relate in any way to assets or property that is currently or ever was owned or possessed by Defendant, such as, for illustrative purposes only, the agreements and contracts with Corporate Transfer Storage, Inc. for the moving and storage of Defendant's physical property.

# EXHIBIT 1

## **CERTIFICATION THAT RESPONSE IS CORRECT AND COMPLETE**

I, _____ , certify as follows:

1. The enclosed production of Documents and Communications were prepared and assembled under my personal supervision;

2. The Documents and Communications contained in this production to the Subpoena are authentic, genuine and what they purport to be;

3. Attached is a true and accurate record of all persons who prepared and assembled any productions and responses to the Subpoena, all persons under whose personal supervision the preparation and assembly of productions and responses to the Subpoena occurred, and all persons able competently to testify: (a) that such productions and responses are complete and correct to the best of such person's knowledge and belief; and (b) that any Documents produced are authentic, genuine and what they purport to be; and

4. Attached is a true and accurate statement of those requests under the Subpoena as to which no responsive Documents were located in the course of the aforementioned search.

Signature: _____       Date: _____

Printed Name: _____

Address, e-mail and telephone number: _____

_____

_____