# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 9, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL)

Dear Judge Liman:

Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") write to provide the Court with an update regarding their Motion for Civil Contempt and Sanctions relating to Plaintiffs' First Requests for Production ("First RFPs"), ECF No. 106 (the "Motion").[1] On December 8, 2024, Mr. Giuliani purported to respond to Plaintiffs' First RFPs by serving certain responses and objections and a document production containing 19 "exhibits." *See* Decl. ¶ 6, Exs. D.1 and D.2. These responses, objections, and production do *not* constitute complete responses and productions in response to Plaintiffs' First RFPs; the Motion is *not* mooted by their service; and indeed, the Motion and the relief requested therein is not affected at all by service of these manifestly insufficient responses and productions.

On November 22, 2024, the Court granted Plaintiffs' motion to compel compliance with Plaintiffs' First RFPs, holding that any objections had been waived, and ordering that "Defendant shall comply with the First RFPs by no later than November 26, 2024, by producing serving responses and all documents responsive to the First RFPs in his possession, custody or control, or show cause why he should not be held in contempt . . . . Violation of this Order, unless modified, may also be punishable by contempt." ECF No. 103 at 2.

Mr. Giuliani's production of 19 "exhibits" (produced without Bates stamps or metadata) is facially incomplete and nothing more than an exercise in cherry-picking the documents that will be available to adjudicate Plaintiffs' claims. As one notable example, the production ***does not include a single text message or email***. It is not plausible that Mr. Giuliani does not have a single email or text message regarding even one of Plaintiffs' requests. Indeed, Plaintiffs know that Mr. Giuliani uses at least one email account with a "protonmail" domain, because Mr. Giuliani's own attorneys have copied that

---

[1] A copy of Plaintiffs' First RFPs is attached hereto as Exhibit B to the Declaration of M. Annie Houghton-Larsen Regarding Plaintiffs' Letter Update On Plaintiffs' Motion for Civil Contempt and Sanctions ("Decl."). *See* Decl. ¶ 4, Ex. B.

December 9, 2024
Page 2

email address on communications to Plaintiffs' counsel, and Mr. Giuliani himself emailed Plaintiffs' counsel from that account just last week, in connection with a different matter. Decl. ¶¶ 3 and 5; *see id.* Exs. A and C. Second, where the "production" *does* include responsive documents, the production is obviously incomplete.[2]

Further, Mr. Giuliani's "responses," improperly assert objections disguised as representations that Mr. Giuliani does not possess wide swaths of documents. These "responses" are waived by Mr. Giuliani's failure to timely respond. *See* ECF No. 103 at 2. Moreover, these "responses" are facially incredible and cannot be credited.[3] Plaintiffs understand that Defendant has waived all rights to object to the First RFPs and has been ordered to produce all responsive materials, and do not therefore engage with the lack of validity to any of the objections, but are willing to submit supplemental briefings to the extent the Court invites briefing on their merits.

Mr. Giuliani is no more in compliance with the Court's orders and Plaintiffs' discovery requests than when Plaintiffs filed the Motion. The relief requested in the Motion remains appropriate, as does the Court-ordered briefing schedule: Defendant should still be required to respond to the Motion by December 19, 2024; Plaintiffs will reply by December 27, 2024; and the Court should still hold a hearing as scheduled on January 3, 2025. ECF No. 112.

Respectfully submitted,

s/ Aaron E. Nathan

---

[2] For example, the production includes statements from Mr. Giuliani's Citibank account only between March 1 and July 31, 2024, despite the fact that Plaintiffs' requests seek documents between January 1, 2020 and the date the requests were served. If Mr. Giuliani were able to access his Citibank account information for March 1 through July 31, 2024, there is no possible reason (and he does not offer any reason) that he could not do the same for the rest of the dates as requested by Plaintiffs and ordered to be produced by this Court.

[3] For example, Plaintiffs' Request No. 15 requests "All Documents and Communications relating to the purposes of, and travel and lodging arrangements for Your time spent in New York, New Hampshire, Wisconsin, Illinois, Texas, France, and England, between February 7, 2024 and August 8, 2024." In response, Mr. Giuliani provides: "***Defendant is not in possession of any Documents and Communications*** relating to the purposes of, and travel and lodging arrangements for Defendant's time spent in New York, New Hampshire, Wisconsin, Illinois, Texas, France, and England, between February 7, 2024 and August 8, 2024." Decl. ¶ 6, Ex. D.1 at 7 (emphasis added). It is wholly incredible that Mr. Giuliani does not have a single document or communication—a text, an email, a credit card receipt, a hotel invoice, a train ticket, an airplane ticket— responsive to this request.