# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 13, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL)

Dear Judge Liman:

Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") respectfully move for a status conference to discuss the time allotted for trial in this matter, currently scheduled for January 16, 2025, in light of Defendant's recent and untimely disclosure of five additional named witnesses and an unknown number of still-unnamed witnesses who he now asserts may possess discoverable information and who he may call as witnesses at trial.

The deadline for initial disclosures pursuant to Rule 26(a) was November 4, 2024. ECF No. 53. Mr. Giuliani served his initial disclosures on November 3, 2024, listing only himself as a witness likely to have discoverable information. Ex. A at 1. Plaintiffs have been relying on Mr. Giuliani's initial disclosures to conduct discovery and prepare for trial on a tight timeframe. As the Court is aware, Plaintiffs have been seeking documents from Mr. Giuliani for more than a month, ECF Nos. 93, 106— efforts that have yielded only a handful of cherry-picked documents and no emails, text-messages, or other communications. ECF No. 117. Mr. Giuliani's deposition is scheduled for just over two weeks from now—December 27, 2024—and all depositions are to be completed by December 31, 2024. ECF No. 53.

Now, more than a month after the deadline to make initial disclosures—on December 8, 2024— Mr. Giuliani served amended disclosures, adding ***five new witnesses*** who he now says may possess discoverable information that he may use at trial: Maria Ryan, Ryan Medrano, Joseph Ricci, Michael Ragusa, and Robert Wagner (the "Newly-Disclosed Witnesses"). Ex. E. Mr. Giuliani disclosed that each "is likely to have discoverable information regarding but not limited to the Rudolph W. Giuliani moving to Florida as his permanent residence which he actually and does actually occupy as his domicile." *Id.* at 3. None of these new witnesses have been deposed and only one has produced documents (in response to a subpoena served in connection with the miscellaneous enforcement proceeding, No. 24-mc-353, seeking documents relevant to Mr. Giuliani's assets but not his homestead claim).

December 13, 2024
Page 2

Further, Mr. Giuliani did not provide any address, telephone number, or other contact information for either Mr. Ragusa or Robert Wagner. Ex. E. And although Plaintiffs are familiar with Mr. Ragusa from earlier proceedings, Plaintiffs do not know who Mr. Wagner is or how to distinguish him from the multitude of others who share that common name, much less locate him for the purpose of serving a subpoena.

Still more troubling, these late disclosures emerged only after (in a late-served response to Plaintiffs' First Interrogatories), Mr. Giuliani disclosed that numerous previously undisclosed individuals possessed information relevant to his homestead claim. Ex. B (Interrogatory Nos. 1, 2, 5, 6). Plaintiffs promptly asked Mr. Giuliani's counsel to confirm that Mr. Giuliani's initial disclosures remained accurate in light of those late disclosures, prompting Mr. Giuliani to amend his initial disclosures. Ex. C. Had Plaintiffs not contacted Mr. Giuliani's counsel, he may have never disclosed the additional witnesses.[1]

As the Court explained on November 26, 2024, "two very discrete issues are set for trial: The homestead exemption issue and the ownership of the World Series rings. At most, a couple of witnesses would need to be prepared." ECF No. 107-5 at 21:15–18. That understanding was consistent with the parties' consistent representations up to that point,[2] including at that very hearing, at which the Court inquired about potential witnesses for trial. Plaintiffs' counsel represented that they believed only two witnesses would be necessary: Mr. Giuliani and his son, Mr. Andrew Giuliani. ECF No. 107-5 at 16:4–14. Mr. Giuliani's counsel was provided the opportunity to be heard and at no point indicated that he would require additional witnesses *Id.* at 16:19–19:1.

Of the Newly-Disclosed Witnesses, Plaintiffs had already served document subpoenas on Maria Ryan, and Ryan Medrano in connection with this action. ECF Nos. 110, 116-6. Plaintiffs had also served a document subpoena on Joseph Ricci (and received a responsive production) in connection with No. 24-mc-353, seeking information relating to Mr. Giuliani's assets but not his homestead claim. As the Court is aware, Dr. Ryan has not timely responded to that document subpoena. Prior to learning of Mr. Giuliani's late disclosures, Plaintiffs had not planned to seek depositions of any of the Newly-Disclosed Witnesses.

In an attempt to resolve these issues without the Court's intervention, Plaintiffs' counsel have attempted to seek clarification from Defendant's counsel about whether he actually intends to call these Newly-Disclosed Witnesses at trial. Ex. F. Defendant's counsel requested a meet-and-confer, and Plaintiffs' counsel immediately offered to speak right then, and at any time during the following business day, but Defendant's counsel did not respond to that email or to subsequent emails offering times to speak. *Id.*

Plaintiffs' counsel then informed Defendant's counsel that they would need to seek the Court's intervention if Defendant's counsel was unable to meet and confer by 10:00 a.m. on December 13. Defendant's counsel responded to that email in the evening of December 13, asking to speak at noon,

---

[1] Separately, counsel for Intervenor Andrew Giuliani has informed Plaintiffs that he intends to call himself and an additional new witness, Mr. Sean Kalin, in relation to Mr. Andrew Giuliani's claim to the World Series rings. Ex. D.

[2] In their joint proposed case management plan and scheduling order, the Parties estimated the length of trial at two days. ECF No. 53, at 3.

December 13, 2024
Page 3

and stating without elaboration that "There are other witnesses that need to be deposed." *Id*. Defendant's counsel did not specify *who* these additional witnesses are, much less disclose contact information or articulate a reason for their late disclosure.

To preserve their rights, Plaintiffs are attempting to serve document and deposition subpoenas on the newly disclosed witnesses they know about—although they cannot even begin that process with respect to the witnesses who remain anonymous or for whom Mr. Giuliani has not provided contact information. However, it remains unclear how Mr. Giuliani expects to call six-plus witnesses on the homestead questions alone while adhering to the current trial schedule. To be clear, Plaintiffs vehemently oppose any effort by Mr. Giuliani to use these late-disclosed witnesses as an excuse to seek an adjournment of the trial date. And Plaintiffs reserve the right to seek an order precluding Mr. Giuliani's reliance on the testimony of any witness not timely disclosed, including all of the Newly Disclosed Witnesses, or from any witness that has not made adequate and timely document productions or been made available for a timely deposition.

In light of these circumstances, Plaintiffs respectfully request that the Court hold a status conference—by telephone, if convenient—to address these issues.

Respectfully submitted,

s/ Aaron E. Nathan