# Exhibit C

| | |
|---|---|
| **From:** | Nathan, Aaron E. |
| **To:** | Joseph Cammarata, Esq. |
| **Cc:** | Governski, Meryl Conant; Houghton-Larsen, M Annie |
| **Subject:** | RE: Freeman v. Giuliani - Initial Disclosures |
| **Date:** | Tuesday, December 3, 2024 11:46:59 AM |

Joe,

Further to the below email, Defendant's untimely responses to Plaintiffs' First Set of Interrogatories are facially deficient and require supplementation. Please complete your responses to these interrogatories **by no later than 5pm tomorrow, December 4, 2024**. Below, we identify only those deficiencies that we believe are critical to Plaintiffs' efforts at this time, not all of the deficiencies. Plaintiffs reserve the right to supplement our request at a later date.

- With respect to Interrogatory #3, the interrogatory asks Defendant to identify "all" documents he intends to rely on to support his homestead contention, but the response is "not limited to" the listed documents and "reserves the right to submit and use" "other documents" that are not disclosed in the interrogatory response. Defendant is required to supplement this response accordingly.

- With respect to Interrogatory #4, Defendant's objection is waived because it is untimely. Fed. R. Civ. P. 33(b)(4). Further, Defendant's objection is meritless because the interrogatory seeks the identities of "any financial, medical, or legal professional or firm" that Defendant consulted within the relevant period and that information is not protected from disclosure by any privilege. Moreover, Defendant has waived any such privilege by disclosing the identities of attorneys he has consulted in his response to Interrogatory #5. Defendant is required to supplement this response accordingly.

- With respect to Interrogatory #8, Defendant's objection is waived because it is untimely. Fed. R. Civ. P. 33(b)(4). Further, Defendant's objection is meritless because the stated objection does not constitute a valid basis to withhold responsive information. Defendant is required to supplement this response accordingly.

- With respect to Interrogatory #9, Defendant's response does not include the requested "detail" and therefore is facially deficient. Defendant is required to supplement this response accordingly.

Thank you,
Aaron

**Aaron E. Nathan**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8904 | Fax: +1 212 728 8111
anathan@willkie.com | vCard | www.willkie.com bio

**From:** Houghton-Larsen, M Annie <MHoughton-Larsen@willkie.com>
**Sent:** Monday, December 2, 2024 6:38 PM
**To:** Joseph Cammarata, Esq. <Joe@CammarataLawPC.com>
**Cc:** Nathan, Aaron E. <ANathan@willkie.com>; Governski, Meryl Conant <MGovernski@willkie.com>
**Subject:** Freeman v. Giuliani - Initial Disclosures

Joe,

Thank you for providing Mr. Giuliani's responses to Plaintiffs first set of interrogatory responses. We are continuing to review the responses and expect that we will be following up regarding the deficiency of many of them.

In the interim, we wanted to confirm that Mr. Giuliani's initial disclosures, which I am attaching here for your convenience, remain accurate. Specifically, the disclosure that the only witness he intends to rely on is himself in light of the responses to interrogatory requests 1, 2, 5, and 6. We ask that you confirm the accuracy of Mr. Giuliani's initial disclosures or provide updated disclosures by no later than this Friday December 6 at 12 p.m.

Thank you,
Annie

**M.Annie Houghton-Larsen**
**Willkie Farr & Gallagher LLP**
787 Seventh Avenue | New York, NY 10019-6099
Direct: +1 212 728 8164 | Fax: +1 212 728 9164
mhoughton-larsen@willkie.com | vCard | www.willkie.com bio
Pronouns: she, her, hers