# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 13, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:   *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL)

Dear Judge Liman:

    Plaintiffs Ruby Freeman and Wandrea' Moss respectfully move pursuant to Local Rule 7.1(d), Paragraph 1(C) of the Court's Individual Rules and Practices, Federal Rules of Civil Procedure 37(a), and the Court's Orders dated October 28, 2024 (ECF No. 53) and November 4, 2024 (ECF No. 59), for an order compelling Defendant Rudolph W. Giuliani to answer Interrogatories #4 and #8 from Plaintiffs' First Set of Interrogatories ("First Interrogatories").

    The Court entered the Case Management Plan and Scheduling Order in this case on October 28, 2024. ECF No. 53. As relevant here, that Order required "that all discovery requests be responded to within 14 days of service." *Id.* at 1.

    Plaintiffs served their First Interrogatories on November 6, 2024. Declaration of Aaron E. Nathan In Support of Plaintiffs' Letter-Motion to Compel ("Decl.") ¶¶ 2–3, Exs. A, B. The two Interrogatories relevant to this motion are as follows:

- **Interrogatory No. 4:** Identify any financial, medical, or legal professional or firm whom you have consulted during the period of January 1, 2020, through the present.

- **Interrogatory No. 8:** Identify all email accounts, messaging accounts, and phone numbers that You have used during the period January 1, 2023, through the present.

    Mr. Giuliani was required to serve any responses and objections by November 20, 2024. ECF No. 53, at 1. When no responses were received by that deadline, Plaintiffs' counsel emailed Defendant's counsel stating that the responses were late and requesting a meet-and-confer. Decl. ¶ 4, Ex. C at 4. Plaintiffs' counsel ultimately agreed to an extension to November 26, 2024, *id.*, but no responses were

December 13, 2024
Page 2

served by that date, Decl. ¶ 5. In an unrelated meet-and-confer, Defendant's counsel volunteered that the answers would be served by November 29, 2024. Decl. ¶ 6. No responses were served by that date. *Id.*

Mr. Giuliani served his responses to Plaintiffs' First Interrogatories on December 2, 2024. Decl. ¶ 7, Ex. D; *see also* ECF No. 107-4. In those responses, Mr. Giuliani did not answer Interrogatory #4 and instead objected "to the extent that it seeks information and/or a response that is protected from disclosure by any privilege, including, but not limited to the attorney-client privilege and/or work product doctrine and doctor patient privilege." Decl. ¶ 7, Ex. D at 5. Mr. Giuliani also objected to Interrogatory #8, stating that answering "poses a safety and security concern to his wellbeing, as there were previous threats received by Defendant." *Id.* at 6. On December 3, 2024, Plaintiffs' counsel informed Defendant's counsel that those objections were waived under Fed. R. Civ. P. 33(b)(4) and were meritless, and further requested that Mr. Giuliani provide answers to those Interrogatories. Decl. ¶ 7, Ex. E, at 5–6. Defendant's counsel requested, and Plaintiffs' counsel consented to, two extensions of time for Mr. Giuliani to supplement his responses to the First Interrogatories. *Id.* at 1–4. On December 8, 2024, Mr. Giuliani served amended responses to Interrogatories #4 and #8 from Plaintiffs' First Interrogatories (the "Amended Responses"). Decl. ¶ 9, Ex. F.

In his Amended Responses, Mr. Giuliani still did not provide answers to Interrogatories #4 or #8. *Id.* Rather, Mr. Giuliani asserted new or renewed untimely objections. *Id.* These objections are waived, because they were not asserted by the November 20, 2024 deadline to respond to Plaintiffs' First Interrogatories, *or* the November 26, 2024 extended deadline agreed to by Plaintiffs. Fed. R. Civ. P. 33(b)(4) ("Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure."); *see Barbera v. Grailed, LLC*, No. 24-CV-3535 (LJL), 2024 WL 4836616, at *1 (S.D.N.Y. Nov. 20, 2024) ("[A] litigant's failure to respond or object to a discovery request in a timely manner waives any objection that may have been available.") (internal quotation omitted) (citation omitted).

In any event, Mr. Giuliani's objections are meritless.

**Interrogatory No. 4:** Mr. Giuliani's amended response to this interrogatory abandons an earlier privilege objection and instead objects to the interrogatory to the extent it seeks information for the period prior to January 1, 2024, on the grounds that the request seeks irrelevant information and is disproportionate to the needs of the case. Decl. ¶ 9, Ex. F at 4–5. Notably, although Mr. Giuliani's objection only applies to the pre-January 1, 2024 period, he does not answer the interrogatory for the *post*-January 1, 2024 period. In any event, Mr. Giuliani's objections have no merit. The identity of the medical, financial, and legal professionals that Mr. Giuliani has consulted during this period is relevant to the question whether he established a homestead at the Palm Beach Condo under well established Florida law. Because "a debtor's intent to reside permanently at a subject property is subjective and difficult to prove through testimony which, on the part of the debtor, is likely self-serving, courts may look to documentary and other evidence" of intent. Tracy Batement, 28A Fla. Jur. 2d § 45 (2024). Here, where Mr. Giuliani claims to have changed his permanent residence from New York to Florida as of January 1, 2024, the identities (and locations) of medical, legal, and financial professionals that he has consulted in the years prior to and following that date will be relevant to the overall assessment of his claim to have moved his permanent residence to the Palm Beach Condo as of January 1, 2024. *See also* Barry Nelson & Cassandra Nelson, *Homestead: Creditor Issues*, *in* ASSET PROTECTION IN FLORIDA (The Florida Bar, 8th ed. 2024) (listing among suggested "acts indicating [an] intent" to establish a Florida

December 13, 2024
Page 3

domicile that the individual should: "Obtain a doctor in Florida to act as your primary care physician, and have your medical records transferred to his or her office"). Further, Mr. Giuliani's proportionality arguments are meritless: the Interrogatory seeks a list of names and identifying information that would presumably fit on one or two pages, and is confined to the under-5-year period during which Mr. Giuliani maintained sole ownership of the Palm Beach Condo and his New York Apartment.

**Interrogatory No. 8:** Mr. Giuliani's amended response to Interrogatory #8 objects on the grounds that disclosing his email addresses and phone number(s) would threaten his safety and security. Decl. ¶ 9, Ex. F at 5–7. Mr. Giuliani cites no authority in support of this objection other than a single case from the Northern District of New York involving potential disclosure of the identity of a juvenile sex abuse victim. *Benacquista v. Spratt*, No. 16-CV-0581-DNH-DJS, 2017 WL 11286310, at *3 (N.D.N.Y. Mar. 7, 2017). In any event, even if Mr. Giuliani's objection had merit, the proper remedy would not be nondisclosure but a protective order, which he has not sought. Moreover, the force of Mr. Giuliani's claim for *any* remedy here is diminished by the fact that at least one of his email addresses is already a matter of public record thanks to his own filings in the underlying D.D.C. litigation. *See, e.g.*, *Freeman v. Giuliani*, No. 21-cv-3354 (D.D.C. July 25, 2024), ECF No. 84-1 at 33. Finally, Plaintiffs' need for this information is potentially significant, as without complete disclosure of Mr. Giuliani's means of communication, Plaintiffs will be unable to test the completeness or adequacy of any production of documents and communications that Mr. Giuliani may make, much less seek discovery from sources that Plaintiffs may still be unaware of.

For the foregoing reasons, the Court should compel Mr. Giuliani to provide complete answers to Interrogatories #4 and #8.

Respectfully submitted,

s/ Aaron E. Nathan