# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 19, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL), No. 24-mc-353 (LJL)

Dear Judge Liman:

Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") respectfully move pursuant to Local Rule 7.1(d), Paragraph 1(C) of the Court's Individual Rules and Practices, New York Civil Practice Law and Rules ("C.P.L.R.") §§ 308(1)–(5), Federal Rules of Civil Procedure ("Rules") 4(e)(1), 4(e)(2), 45, and the Court's Orders dated October 28, 2024 (No. 24-cv-6563, ECF No. 53) and November 4, 2024 (*Id.*, ECF No. 59) for an order compelling third-party Mr. Ryan Medrano to produce documents responsive to Plaintiffs' subpoena served under Rule 45 within three business days of the entry of such an order. Declaration of M. Annie Houghton-Larsen ("Decl.") ¶ 8, Ex. 7 ("Document Subpoena").

### I.      The Court Should Compel Mr. Medrano To Respond To The Document Subpoena Within Three Business Days Of The Entry Of An Order.

Mr. Medrano has personal knowledge of and discoverable information about topics directly relevant to Plaintiffs' claims. In Mr. Giuliani's belated initial disclosures, he disclosed Mr. Medrano as a person "likely to have discoverable information regarding but not limited to the [*sic*] Rudolph W. Giuliani moving to Florida as his permanent residence which he actually and does actually occupy as his domicile." No. 24-cv-6563, ECF No. 125-5, at 3; *see also* Decl. ¶ 11, Ex. 10. In his signed interrogatory responses, Mr. Giuliani identified Mr. Medrano as a witness "with knowledge of [Mr. Giuliani's] travel and lodging arrangements, whether personal or business-related, for the period of July 1, 2023, through the present." No. 24-cv-6563, ECF No. 107-4, at 4. In his amended responses to Plaintiffs' information subpoena, Mr. Giuliani listed Mr. Medrano as a "person with knowledge or information concerning the nature, extent and location" of his assets. No. 24-mc-353, ECF No. 114-14, at 8. Mr. Medrano personally signed the information subpoena responses of all of Mr. Giuliani's business entities ("Giuliani Entities") and indicated awareness of the bank accounts of five of the eight Giuliani Entities. *Id.*, ECF No. 124-1, at 6, 11, 16, 21, 26, 32, 37; *id.*, ECF No. 144 at 32–33; Decl. ¶ 6, Ex. 4. Accordingly, Plaintiffs' Document Subpoena seeks information in Mr. Medrano's possession, custody, or control relating to these topics.

December 19, 2024
Page 2

Decl. ¶ 8, Ex 7. The Document Subpoena includes 13 requests focused on those issues, including, for example, all documents and communications relating to Defendant's use and occupancy of the Palm Beach Condo, his travel between July 1, 2023 and August 8, 2024, the Giuliani Entities, and agreements and contracts relating to assets or property owned by Defendant or the Giuliani Entities. *Id*.

Plaintiffs served Mr. Medrano with the Document Subpoena via the alternative means permitted by this Court's November 21, 2024 Order (No. 24-cv-6563, ECF No. 102; No. 24-mc-353, ECF No. 143) by:[1] transmitting it to Defendant's counsel via email on November 22, 2024 with an instruction to provide them to Mr. Medrano (Decl. ¶ 7, Ex. 5); emailing it to Mr. Medrano directly to his email address at the domain giulianipartners.com on December 4, 2024 (Decl. ¶ 8, Ex. 6); and FedExing it by overnight delivery to Mr. Medrano's home address (Decl. ¶ 9, Ex. 8). The Document Subpoena had a return date of December 18, 2024—14 days after service. *See* No. 24-cv-6563, ECF No. 53, at 1 (requiring "all discovery requests be responded to within 14 days of service"); *see also id.*, ECF No. 120, at 2 n.2 (holding that to "the extent that the Rule 45 subpoenas pertain to the Judgment Enforcement rather than the Homestead action, 14 days is still the appropriate turnaround time." (citations omitted)); No. 24-mc-353, ECF No. 161, at 2 n.2 (same).[2]

Mr. Medrano has not responded to the Document Subpoena in any way: he has not lodged responses or objections; he has not produced documents; and he has not requested any extension of his deadline to respond. Plaintiffs have a limited amount to time to receive documents from Mr. Medrano to use in an upcoming deposition and at trial, during which Mr. Giuliani intends to call Mr. Medrano as a witness.[3] Decl. ¶ 11, Ex. 10. Plaintiffs seek an order compelling Mr. Medrano to fully and completely respond to the Document Subpoena by producing all responsive documents within three business days of an order granting this motion to compel. Any objections Mr. Medrano may have had to the Document Subpoena are now waived as a result of his failure to respond within the prescribed time. *See Top Jet Enters., Ltd. v. Kulowiec*, No. 21-MC-789 (RA) (KHP), 2022 WL 280459, at *4, *6 (S.D.N.Y. Jan. 31, 2022). In the circumstances of this case, the Court should promptly compel Mr. Medrano's compliance with the Document Subpoena.

---

[1] On November 14, 2024, Plaintiffs filed a motion to compel Mr. Medrano to respond to a separately served information subpoena, in which Plaintiffs explained that they would attempt to serve the motion by traditional means. No. 24-mc-353, ECF No. 113. The Court entered a scheduling order the same day. *Id.*, ECF No. 116. That day, Plaintiffs emailed Mr. Medrano a copy of the Document Subpoena along with Plaintiffs' Motion to Compel (*Id.*, ECF No. 113) and the Court's November 14, 2024 Scheduling Order (*Id.*, ECF No. 116) to his email at the domain giulianipartners.com, and also sent an email to Defendant's Counsel. Decl. ¶¶ 4–5, Exs. 2, 3. Mr. Medrano never responded to this email. Decl. ¶ 4. After diligent and unsuccessful efforts to serve Mr. Medrano, Plaintiffs on November 20 moved the Court for permission to serve the motion to compel, scheduling order, and the Document Subpoena via alternative means, which the Court granted the next day. No. 24-mc-353, ECF Nos. 133, 143; No. 24-cv-6563, ECF Nos. 98, 102.

[2] *See also Angelo, Gordon & Co., L.P. v. MTE Holdings, LLC*, No. 20 Misc. 23, 2020 WL 4700910, at *2 (S.D.N.Y. Aug. 13, 2020) ("although Rule 45 does not define a reasonable time to comply, courts in this circuit have found fourteen days to be presumptively reasonable" (cleaned up)); *see also* FED. R. CIV. P. 45(d)(2)(B) (requiring a person commanded to produce documents to serve objections before the "earlier of the time specified for compliance or 14 days after the subpoena is served").

[3] Plaintiffs have attempted to personally serve a deposition subpoena on Mr. Medrano since December 11, 2024 and have sent a copy of that subpoena to him through the mail. However, in light of Plaintiffs' inability to serve that subpoena through traditional means (*see* Decl. ¶ 10, Ex. 9), Plaintiffs withdraw that subpoena and will re-serve it by such alternative means as the Court authorizes in response to this Letter-Motion.

December 19, 2024
Page 3

## II.    The Court Should Permit Plaintiffs To Serve Mr. Medrano By Alternative Means For The Pendency of These Actions.

As discussed above, the Court has already granted Plaintiffs' request to serve Mr. Medrano certain documents by alternative means based on having demonstrated that "service on Medrano through traditional methods is impracticable for the purposes of C.P.L.R. § 308(5)." No. 24-mc-353, ECF No. 143, at 4; No. 24-cv-6563, ECF No. 102, at 4. The same reasons that necessitated alternative service earlier continue to warrant permitting alternative service for the duration of these matters. C.P.L.R. § 308(5); *see also* No. 24-cv-6563, ECF No. 99, at 2–4; *id.*, ECF No. 102, at 4–6; No. 24-mc-353, ECF No. 134, at 2–4; *id.*, ECF No. 143, at 4–6. As in November, there still is no indication that Mr. Medrano is represented by counsel who could consent to service on his behalf, and Defendant's counsel represented to the Court in their December 17, 2024 letter that they "are not counsel to Ryan Medrano" and "cannot accept subpoenas" on his behalf. No. 24-cv-6563, ECF No. 138, at 1. Mailing a copy is likely to reach Mr. Medrano, as evidenced by Plaintiffs' successful mailing of a copy of the Document Subpoena to Mr. Medrano at his home via FedEx. Decl. ¶ 9, Ex. 8. The same is true with respect to email service, as it is clear his email at the domain <u>giulianipartners.com</u> is still active, and Plaintiffs have received documents in third-party productions showing he still used that email address as of October 7 of this year. Decl. ¶ 3, Ex. 1. Courts routinely find that alternative service is appropriate where, as here, the record indicates that Mr. Medrano is likely to receive the service through the alternative method. No. 24-cv-6563, ECF No. 102, at 4; No. 24-mc-353, ECF No. 143, at 4.

Continually repeating attempts to serve Mr. Medrano via traditional means throughout the pendency of these actions would be impracticable here both because of the costs to Plaintiffs of attempting traditional service where alternative service will be effective, and, even more importantly, in light of the impending trial date and the resulting need for efficiency. As demonstrated by Plaintiffs' attempts to serve Mr. Medrano with a subpoena to testify at a deposition, in-person service to Mr. Medrano or to a person of suitable age and discretion at his dwelling is unlikely to be successful in a reasonable timeframe under these circumstances. Decl. ¶ 10, Ex. 9. Further, the 10-day waiting period for nail-and-mail service under C.P.L.R. § 308(4) renders that method impracticable here as well in light of the impending trial, which is now under a month away.

***

For the foregoing reasons, the Court should enter an order compelling Mr. Medrano to produce all documents responsive to the Document Subpoena within three business days of such order and to permit Plaintiffs to serve Mr. Medrano for the pendency of these actions via the same alternative means previously approved: via email to Defendant's counsel; via email to Mr. Medrano's known email address; and via FedEx to his home address.

Respectfully submitted,
s/ Aaron E. Nathan