# WILLKIE FARR & GALLAGHER LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 19, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL)

Dear Judge Liman:

    Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this response to the Court's December 19 Order, ECF No. 140, to advise whether Defendant's filing at ECF No. 138 moots their request for a conference prior to Friday, January 3, 2024 (ECF No. 124).

    Plaintiffs respectfully submit that their request is not moot, although the Court may prefer to address these matters by written order on the papers, rather than through an additional conference prior to January 3, 2025. In particular, Defendant's late disclosure of additional witnesses—and his *second*, amended, and still late disclosure of a different slate of witnesses—raise important questions about whether the time currently allocated for trial will be sufficient to accommodate Defendant's newly expanded case, in the event that the Court permits Defendant's newly disclosed witnesses to testify. To be clear, although Plaintiffs plan to pursue document productions and depositions of each of the newly disclosed trial witnesses, Plaintiffs also reserve the right to move to preclude the testimony of any or all of those witnesses on the grounds of their untimely disclosure. Should any or all of those witnesses not ultimately 1) accept service of appropriate subpoenas, 2) make timely and complete document productions, and/or 3) sit for timely depositions, the grounds for such a motion will only grow stronger.

    On December 13, 2024, Plaintiffs wrote this Court seeking a status conference regarding Mr. Giuliani's late-disclosed (and undisclosed) trial witnesses. ECF No. 124. The same day, the Court entered an order directing Mr. Giuliani, by no later than December 17, 2024 at 5 p.m. to: "indicate whether he will arrange for the five additional witnesses to receive subpoenas and to be made available for deposition on or before January 9, 2025, including when and where the witnesses will be made available for in-person depositions. Defendant shall also indicate whether he will arrange for the responsive documents of each of the witnesses to be produced to the Plaintiffs at least one week prior to deposition." ECF No. 129.

December 19, 2024
Page 2

On December 17, 2024, Defendant amended his initial disclosures a *second* time, serving a new set on Plaintiffs that reshuffled his witness disclosures once again. Those second-amended initial Disclosures dropped Mr. Robert Wagner and added an entirely new witness, Monsignor Alan Placa. Houghton-Larsen Declaration, Ex. A. Defendant also filed a letter responding to the Court's Order, stating that he now intends to call five witnesses at trial: himself, Maria Ryan, Ryan Medrano, Michael Ragusa, and Monsignor Placa. ECF No. 138. Defendant has provided an address for Monsignor Placa, but only a phone number for Mr. Ragusa. *Id.* According to Defendant's letter response, his counsel has "been advised" that the four third-party witnesses "will make themselves available for a deposition," but otherwise leaves it in Plaintiffs' hands to effectuate service of deposition subpoenas and coordinate those depositions. *Id.* Defendant's letter-response does not mention document productions by any of those third-party witnesses, much less whether documents will be produced one week prior to any depositions. *Id.*; *see* ECF No. 129.

Counsel for Plaintiffs conferred by telephone with Defendant's counsel today, but Defendant's counsel did not change his position from that stated in the December 17, 2024 letter.

Thus, as things stand, Plaintiffs are left in the position of pursuing document productions and depositions from at least four third-party witnesses whose relevance to this case Defendant only revealed on December 8, 2024, ECF No. 125-5, and—in one case—only two days ago. *See* Ex. A. Needless to say, Defendant's delay in disclosing these third-party witnesses is inexcusable under the circumstances; to the extent they possess information relevant to this case, Defendant has known or should have known that all along. And all parties have been on notice for months of the compressed discovery schedule necessitated by the circumstances of this case.

In light of the foregoing, the following open issues may benefit from the Court's intervention, whether at a status conference or otherwise:

1. Defendant has still not confirmed that he will "arrange for the . . . additional witnesses to receive subpoenas and to be made available for deposition on or before January 9, 2025, including when and where the witnesses will be made available for in-person depositions," or that he will "arrange for the responsive documents of each of the [third-party] witnesses to be produced to the Plaintiffs at least one week prior to deposition." ECF No. 129. Instead, Defendant has done nothing more than provide Plaintiffs with (some of) the contact information required by Federal Rule of Civil Procedure 26(a)(3)(A)(iii), indicating his view that no special effort is required on his part to facilitate appropriate third-party discovery notwithstanding his own inexcusably late disclosures, and the fact that the late-disclosed witnesses are not represented by counsel and are, respectively, his business partner, a lifelong friend, and two employees on his payroll.

2. Meanwhile, early indications are that complete document productions may *not* be so readily forthcoming: Maria Ryan's demonstrably insufficient production (of *a single document*) in response to the Court's order compelling a complete production likely will required

December 19, 2024
Page 3

additional motions practice.[1] Houghton-Larsen Decl. ¶ 4. Plaintiffs filed a motion to compel Mr. Medrano, who never responded in any way to a document subpoena served via the alternative means permitted by this Court. ECF No. 141. And Plaintiffs lack an address for Mr. Ragusa altogether. At this rate, obtaining document productions prior to taking depositions by January 9, never mind one week prior to such depositions, may not be practical in the face of certain of these witnesses already-demonstrated reluctance to comply with Rule 45 subpoenas. At a status conference, Plaintiffs would raise the possibility of alternative service on these third-party witnesses, should Defendant's counsel maintain his inability to accept service on their behalf or otherwise ensure their compliance.

3. Plaintiffs also believe the Court and the parties may benefit from additional clarity with respect to the time allocated for trial in this matter. The parties' initial estimated length of trial was two days, ECF No. 53, which is likely inconsistent with a trial at which Plaintiffs will call one witness, Defendant will call five, on the homestead issues alone—to say nothing of the other contested matters set for trial on January 16, 2025. It is Plaintiffs' firm position that Defendant's late witness disclosures should not be a basis for any adjournment of the trial date.

For the above reasons, and those outlined in ECF No. 124, Plaintiffs believe that a status conference (by telephone if convenient) would assist the Court and the parties in resolving these issues. Alternatively, the Court may wish to address any or all of these issues by written order. In any event, Plaintiffs reserve the right to move to preclude the testimony of any or all of Defendant's late-disclosed witnesses on the grounds of their untimely disclosure, and for other reasons, including those discussed in this letter.

Respectfully submitted,

s/ Aaron E. Nathan

---

[1] Plaintiffs served depositions subpoenas on Dr. Ryan and Ted Goodman, and plan to depose them both on December 30, 2024, despite Dr. Ryan's insufficient production and Mr. Goodman's nonexistent one (even after the Court compelled them both to provide a complete production by yesterday, December 18, 2024). *See* ECF No. 159.