# CAMMARATA  &  DE MEYER  P.C.

ATTORNEYS AT LAW
456 ARLENE STREET, STATEN ISLAND, NY 10314

TEL: 718.477.0020
FAX: 718.494.3288
www.CDLAwPC.COM

December 23, 2024

Hon. Lewis J. Liman
United States District Court, Southern District of New York
500 Pearl Street
New York, New York 10007

Re: Freeman, et.al. v. Giuliani, Case No. 24-cv-6563 and 24-mc-353

Dear Judge Liman:

I am the attorney for Defendant. I respectfully submit this letter motion for a protective order in accordance with your Honor's Individual Part Rule 1(C). This letter is also in response to the Court's Order dated 12/17/2024 (ECF Docket Number 139) where the Court asks why Defendant should not show cause why Defendant should not be held in contempt for not answering Plaintiffs' Interrogatory # 4 and Interrogatory # 8. I certify that I attempted to confer in good faith with Plaintiffs' counsel in an effort to resolve the dispute without court intervention (Fed.R.Civ.P. 26(c)). Under Fed. R. Civ. P. 26(c), the appropriateness of a protective order is a balance of the litigation needs of the requesting party and the protectable interests of the party from whom discovery is sought. Tota v Bentley, 2008 US Dist LEXIS 13038, at 1 (W.D.N.Y. Feb. 21, 2008, No. 06CV514S). Under Fed.R.Civ.P. 26(c), this Court may issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense" by not having a proposed disclosure or discovery device, or conditioning the time and manner of that discovery. Fed. R. Civ. P. 26(c)(1), (2)-(3); see id. R. 26(c)(4) (limit the scope or the matters inquired into). Tota v Bentley, Id.

A copy of Plaintiffs' First Set of Interrogatories to Defendant are annexed hereto as **Exhibit "1".**  Defendant was an attorney with many clients, including the former and future President of the United States, President Donald J. Trump. During the period from January 1, 2020 through the present time, Defendant consulted with many dozens or hundreds of attorneys on behalf of Defendant's clients including President Donald J. Trump and others.   Interrogatory # 4 is written by Plaintiffs' counsel in a way to require Defendant to disclose any and all legal professionals or firms that Defendant "consulted" with, with no limitation. This means that Defendant would have to disclose all legal professionals or firms that Defendant (i) consulted with on behalf of all clients of Defendant, (ii) consulted with on behalf of President Donald J. Trump, and (iii) consulted with on behalf of himself (Defendant).

The issue in this case, and the issue at trial is whether Defendant's Florida condominium unit was his homestead and permanent residence where he actually resided and resides in (the "Homestead Issue"). Seeking information about legal professionals and firms that the Defendant "consulted" with regarding any subject matter and with regard to any person or client, is not relevant to the issue in this case, which is the Florida Homestead.

1

It should not relevant to this case whether the Defendant consulted with attorneys for President Donald J. Trump and who Defendant consulted with regarding President Donald J. Trump.

Defendant should not have to reveal each and every legal professional that the Defendant consulted with in 2020? 2021? 2022? 2023?  Time periods when Defendant does not claim Florida Homestead for.  The only issue for this Court is whether Defendant has Florida Homestead protection and if the Defendant's Florida condominium unit became Defendant's homestead prior to August 5, 2024, when the Plaintiffs filed their judgment in Florida and New York.

Plaintiffs' counsel, Willkie, Farr & Gallagher LLP, with whom at least one person was a partner with or affiliated with Hunter Biden as Boies Schiller Flexner LLC, President Joseph Biden's son, and had been involved with, upon information and belief, Burisma Holdings and/or Ukrainian  issues is seeking information from Defendant, unrelated to the Homestead Issue and information that has nothing to do with the Homestead Issue. This Court should want to keep the focus on the Homestead Issue and not give Plaintiffs' counsel, Willkie, Farr & Gallagher LLP information that has nothing to do with the Homestead Issue.

Should Defendant have to disclose to Plaintiffs' counsel, Willkie, Farr & Gallagher LLP all financial professionals that Defendant consulted with on behalf of Defendant's clients? No. The interrogatory is overbroad and Defendant should not be required to breach his attorney-client privilege with his former clients, including President Donald J. Trump.

Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss will not benefit with any information of whether Defendant consulted with financial professionals in 2020, 2021, 2022, 2023 or 2024 and that is why Interrogatory # 4 is overbroad and irrelevant to the Homestead Issue.

Plaintiffs' counsel, Willkie, Farr & Gallagher LLP is also seeking Defendant to disclose all medical professionals that Defendant consulted with from January 1, 2020 through the present time.  Again, this interrogatory is overbroad and irrelevant to the Homestead Issue.  Whether Defendant consulted with a doctor or medical professional in 2020 has no bearing on this case or the Homestead Issue.  The seeking of Defendant's medical professionals is only Plaintiffs' counsel, Willkie, Farr & Gallagher LLP seeking to get information from Defendant for purposes that cannot be related to this case or the Homestead Issue.  There would be no reason for this Court to allow Plaintiffs' counsel, Willkie, Farr & Gallagher LLP to obtain the names of any and all doctors that Defendant in 2020; or in 2021; or in 2022; or in 2023; or in 2024. Plaintiffs' counsel, Willkie, Farr & Gallagher LLP that you're going beyond what is necessary to determine whether Defendant held a homestead in Florida prior to August 5, 2024 and that is inappropriate.

On February 9, 2023, this court stated in SEC v. Rayat, 2023 U.S. Dist. Lexis 22583 (S.D.N.Y. 2023) that "Federal Rule of Civil Procedure 26 itself protects against overbroad requests or requests designed to 'embarrass or harass.' *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)".

Even if Defendant discloses the names of every attorney, legal professional, law firm, doctor, nurse, nurse practitioner or medical professional that he consulted with in 2020, 2021,

2

2022, 2023 and 2024, Plaintiffs' counsel, Willkie, Farr & Gallagher LLP could not even ask any questions of the attorneys, legal professionals, law firms, financial professionals, doctors, nurses, nurse practitioners or medical professionals, because any responses would be protected by the attorney-client privilege or doctor-patient privilege.

It is public knowledge that Defendant underwent radioactive seed implantation for prostate cancer in September 2000. As a survivor of prostate cancer, Defendant has the right to choose whatever doctors he wishes to be treated by, including New York doctors, even if Defendant resides in and is a permanent resident and actually resides in the State of Florida. Defendant disclosing what doctors he consulted with or has seen between January 1, 2020 and the present time is an invasion of his privacy and he should not be required to disclose the names of any medical providers that he "consulted with". Defendant should not have to disclose the names of medical professionals that he consulted with, as that could lead to release of private doctor-patient information, and could result in clients of Plaintiffs' counsel, Willkie, Farr & Gallagher LLP and the public from knowing whether Defendant visited specific specialists in a way to determine any potential medical issues concerning Defendant which is not relevant to this case.

If Defendant has to disclose his personal cellular telephone number to Plaintiffs and Plaintiffs' counsel, Willkie, Farr & Gallagher LLP, Defendant will have to obtain a new telephone number because once his personal cellular telephone number is disclosed by Plaintiffs or Plaintiffs' counsel, Willkie, Farr & Gallagher LLP to the press, he will receive telephone calls and harassment from among the millions of people in the United States that do not like Defendant or do not like the fact that he worked for President Donald J. Trump or claimed interference with the 2020 election. This Court should not require Defendant to disclose his personal cellular telephone number, because doing so, has nothing at all to do with the Homestead Issue or with the Plaintiffs. This case involves a defendant that was a United States Attorney who prosecuted the Mafia and was the former Mayor of New York City, who actually received death threats.  There is no legitimate basis for Plaintiffs' counsel, Willkie, Farr & Gallagher LLP wanting Defendant's cell phone number.

Defendant's cell phone number will not assist Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss in determining whether Defendant was homesteaded in Florida prior to August 5, 2024, and this Court should grant Defendant's motion for a protective order. SEC v. Rayat, Id., (Federal Rule of Civil Procedure 26 itself protects against overbroad requests or requests designed to 'embarrass or harass.' *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 353 n.17, 98 S. Ct. 2380, 57 L. Ed. 2d 253 (1978)).

**Wherefore, it is respectfully requested that Defendant need not respond to Interrogatory # 4 or # 8.**

Respectfully submitted,

Joseph M. Cammarata

# Exhibit "1"

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RUBY FREEMAN and WANDREA' MOSS,

               Plaintiffs,

v.

RUDOLPH W. GIULIANI,

               Defendant.

No. 24-cv-6563 (LJL)

### PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT RUDOLPH W. GIULIANI

       Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP"), Plaintiffs Ruby Freeman and Wandrea' Moss hereby request that Defendant Rudolph W. Giuliani ("You") answer under oath the First Set of Interrogatories ("Interrogatories") set forth below in compliance with the Court's Case Management Plan and Scheduling Order in the above captioned case, unless otherwise agreed by the parties or required by any modified scheduling order entered by the Court in this action.

       The Definitions and Instructions that appear below form an integral part of the Interrogatories that follow and must be read in conjunction with them and followed when responding to the Interrogatories.

## DEFINITIONS AND INSTRUCTIONS

Plaintiffs incorporate by reference all instructions, definitions, and rules contained in the FRCP. For purposes of the Interrogatories, the following definitions shall apply:

1. These Interrogatories are continuing in nature as provided in Rule 26(e) of the FRCP. To the extent that You or Your agents or representatives become aware of additional information responsive to the Interrogatories subsequent to the initial response, You are required to immediately provide such information requested herein.

2. You must answer each Interrogatory separately and fully in writing under oath as required by Fed. R. Civ. P. 33(b)(3).

3. Answers, responses, and objections shall identify and quote each interrogatory in full immediately preceding the answer, response, or objection thereto.

4. You must personally sign the answers to these Interrogatories as required by Rule 33(b)(5).

5. In answering these Interrogatories, You must furnish all information available to You.

6. Your responses to the following Interrogatories shall be based on all knowledge and information (whether or not hearsay or admissible) in Your possession, custody, or control.

7. Your responses to Interrogatories asking you to identify Documents shall, in addition to identifying any such documents, identify the custodian and location and provide a general description of relevant documents in accordance with Local Civil Rule 33.3(a).

8. If You cannot answer an Interrogatory in full after exercising due diligence to secure the necessary information, so state and answer the Interrogatory to the extent possible, specifying Your inability to answer the remainder and stating whatever information or knowledge You have concerning the unanswered portions.

9.      If You object to any Interrogatory, state with specificity the grounds for such objection.  Any Interrogatory to which an objection is made should be responded to insofar as it is not deemed objectionable.

10.      Unless words or terms have been given a specific definition herein, each word or term used herein shall be given its usual and customary dictionary definition.

11.      The terms defined herein should be construed broadly to the fullest extent of their meaning in a good faith effort to comply with the FRCP.

12.      "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Requests all information that might otherwise be construed to be outside of their scope.

13.      "You," "Your," or "Yours" refers to Defendant Rudolph W. Giuliani and includes any persons or entities acting for him or on his behalf, including but not limited to all representatives, servants, agents, employees, officers, affiliates, subsidiaries, parent companies, third parties, as well as any entities over which Defendant Rudolph W. Giuliani has control.

14.      "Plaintiffs" means Ruby Freeman and Wandrea' "Shaye" Moss, the plaintiffs in the above-captioned litigation.

15.      The word "evidence" includes but is not limited to information provided to You, whether orally or in writing, by any individual or source.

16.      "Document" or "Documents" means documents broadly defined in Rule 34 of the FRCP and includes (i) papers of all kinds, including, but not limited to, originals and copies, however made, of letters, memoranda, hand-written notes,  notebooks, work-pads, messages, agreements, rough drafts, drawings, sketches, pictures, posters, pamphlets, publications, news articles, advertisements, sales literature, brochures, announcements, bills, receipts, bank checks, credit card statements, and (ii) non-paper information of all kinds, including but not limited to, any computer generated or electronic data such as digital videos, digital photographs, audio

recordings, podcasts, Internet files (including "bookmarks" and browser history), word documents, note taken electronically, online articles and publications, website content, electronic mail (e-mail), electronic chats, instant messages, text messages, uploads, posts, status updates, comments, "likes", "shares", direct messages, all Social Media activity, or any other use of ephemeral communications services or Social Media, and (iii) any other writings, records, or tangible objects produced or reproduced mechanically, electrically, electronically, photographically, or chemically. Without limiting the foregoing in any way, every Communication is also a Document.

17.    "Declaration" refers to Your Declaration in Opposition to Plaintiff's Motion for Summary Judgment in *Freeman v. Giuliani*, No. 24-CV-06563-LJL (S.D.N.Y. Oct. 16, 2024), ECF. No. 42.

18.    Your "Rule 56.1 Statement" refers to Your Local Rule 56.1 Statement in Support of Cross-Motion for Summary Judgment filed in in *Freeman v. Giuliani*, No. 24-CV-06563-LJL (S.D.N.Y. Oct. 16, 2024), ECF. No. 46.

19.    "Palm Beach Condo" refers to the Condominium at 315 South Lake Drive, Unit 5D, Palm Beach, Florida.

## PLAINTIFFS' FIRST SET OF INTERROGATORIES

### INTERROGATORY NO. 1:

Identify all witnesses with whom You have discussed Your intentions to establish a permanent residence at the Palm Beach Condo.

### INTERROGATORY NO. 2:

Identify all witnesses with knowledge of Your travel and lodging arrangements, whether personal or business-related, for the period of July 1, 2023 through the present.

**INTERROGATORY NO. 3:**

Identify all Documents You intend to rely on to support your claim that You established a homestead at the Palm Beach Condo within the meaning of article X, section 4 of the Florida Constitution.

**INTERROGATORY NO. 4:**

Identify any financial, medical, or legal professional or firm whom you have consulted during the period of January 1, 2020 through the present.

**INTERROGATORY NO. 5:**

Identify all individuals with whom You consulted or communicated and all witnesses or Documents you relied on or referenced in order to prepare and serve responses to Plaintiffs' Requests for Admissions, Interrogatories, or Requests for Production, or to prepare and file Your Declaration, Rule 56.1 Statement, and/or Declaration of Domicile, and any document filed in this case.

**INTERROGATORY NO. 6:**

Identify all witnesses with knowledge of and all Documents reflecting Your efforts to preserve materials relevant to the above captioned case.

**INTERROGATORY NO. 7:**

Identify all electronic devices that You have used or on which You have stored any Documents or made any Communications during the period January 1, 2023 through the present.

**INTERROGATORY NO. 8:**

Identify all email accounts, messaging accounts, and phone numbers that You have used during the period January 1, 2023 through the present.

**INTERROGATORY NO. 9:**

Identify in detail the efforts you undertook to preserve relevant evidence and to collect and produce responsive materials in response to Plaintiffs' Requests for Production.

DATED: November 6, 2024

/s/ Aaron E. Nathan
WILLKIE FARR & GALLAGHER LLP
Aaron E. Nathan (N.Y. Bar No. 5478227)
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com

*Attorneys for Plaintiffs Ruby Freeman and
Wandrea' Moss*