UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Ruby Freeman and Wandrea' Moss                    Case No. 24-mc-353 (LJL)

        Plaintiffs,

- against –

Rudolph W. Giuliani

        Defendant.
-----------------------------------------------------------X

**DEFENDANT'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS'
MOTIONS FOR AN ORDER TO SHOW CAUSE
WHY DEFENDANT RUDOLPH W. GIULIANI SHOULD NOT BE HELD IN
CONTEMPT FOR FAILING TO COMPLY WITH THE TURNOVER ORDERS**

                      Joseph M. Cammarata, Esq.
                      Cammarata & DeMeyer P.C.
                      Attorneys for Defendant
                      456 Arlene Street,
                      Staten Island, New York 10314
                      718-477-0020

i

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................1

PLAINTIFF RECEIVERS FAILED TO FILE OATH............................................................1

ARGUMENT.................................................................................................................................

I.         STANDARD OF REVIEW .......................................................................................10

Conclusion ...................................................................................................................16

## **TABLE OF AUTHORITIES**

**Cases**                                                                                                         Page(s)

1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park, 809 F. App'x 44, 45 (2d Cir 2020)…………………………………………………………… 9, 10

In re Oliver, 333 U.S. 257, 275, 68 S. Ct. 499, 92 L. Ed. 682 (1948) ……………… 11

Accettola v. Linda Mei He, 2024 U.S. Dist Lexis 116079 (S.D.N.Y. 2024) ………… 13

Acmetel USA LLC v. Ptgi Int'l Carier Servs., 2024 U.S. Lexis 186029 (S.D.N.Y. 2024). ……………………………………………………………………………………. 12

Bank of Credit & Commerce Int'l (Overseas) Ltd. v. Tamraz, 2006 U.S. Dist. LEXIS 39256, 2006 WL 1643202, at 3 (S.D.N.Y. June 13, 2006)……………………………. 11

BOC Aviation Ltd. v. AirBridgeCargo Airlines, LLC, 2022 U.S. Dist. LEXIS 223726, 2022 WL 17581775, at 17 (S.D.N.Y. Dec. 12, 2022)………………………………… 11

Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991))…10

Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp., 602 F.2d 1062, 1066 (2d Cir. 1979)……………………………………………………………………13

Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106, 109-10 (2d Cir.1987) …….. 11

Drywall Tapers & Pointers, Loc. 1974 v. Loc. 530 of Operative Plasterers & Cement Masons Int'l Ass'n, 889 F.2d 389, 394 (2d Cir. 1989)……………………………….. 11

Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017)………………………………………………………………………… 11

Hong v. Mommy's Jamaican Mkt. Corp., 2024 U.S. Dist Lexis 145299 (S.D.N.Y. 2024)…………………………………………………………………………………… 12

Keawsri v Ramen-Ya Inc., 2023 US Dist LEXIS 204713, at 3-4 (S.D.N.Y. Nov. 15, 2023 ……………………………………………………………………………………. 9, 10, 12

King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995)…………………… 9, 10

Lesser v. U.S. Nat'l Bank Ass'n, 2011 U.S. Dist. LEXIS 28127, 2011 WL 1004708, (E.D.N.Y. Mar. 18, 2011) …………………………………………………………….11

Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734

(1962))…10

Mine Workers v. Bagwell, 512 U.S. 821, 826-30 (1994))…………………………….. 11

New York State Nat. Org. for Women v. Terry, 886 F.2d 1339, 1353 (2d Cir. 1989)…11

Perez v. Edwards, 2023 U.S. Dist. Lexis 161167 (S.D.N.Y. 2023)(LJL)…………….. 15

Rodriguez v New Generation Hardware Store Corp., 2024 US Dist LEXIS 79913, (S.D.N.Y. Apr. 24, 2024, No. 22-cv-4422 (LJL))………………………………… 11, 14

Schlaifer Nance & Co., Inc. v. Est. of Warhol, 194 F.3d 323, 336 (2d Cir. 1999) ……10

Seena Int'l, Inc. v. One Step Up, Ltd., 2016 U.S. Dist. LEXIS 64850, 2016 WL 2865350, (S.D.N.Y. May 11, 2016)…………………………………………………………… 13

Sterling Nat'l Bank v. A-1 Hotels Int'l Inc., 2004 U.S. Dist. LEXIS 11566, 2004 WL 1418201 (S.D.N.Y. June 23, 2004)……………………………………………… 11

Suarez v Liquid Blue, Inc., 2024 US Dist LEXIS 83169, at 7-8 (S.D.N.Y. May 7, 2024, No. 23-cv-10140 (LJL)……………………………………………………………… 13, 14

Z-Int'l, Inc. v. Z Line Int'l, Inc., 2005 U.S. Dist. LEXIS 13188, 2005 WL 1580609, (S.D.N.Y. July 6, 2005)…………………………………………………………….. 11

**PRELIMINARY STATEMENT**

Defendant Rudolph W. Giuliani ("Defendant"), respectfully submits this memorandum of law in opposition to Plaintiffs' motion for an order to show cause why Defendant Rudolph W. Giuliani should not be held in contempt for violating the Court's October 22, 2024 Order on Plaintiffs' Motion to Enforce Judgment, ECF No. 62 (the "Turnover Order"), the Court's November 8, 2024 Order, ECF No. 94 (the "Instructions Order"), and the Court's November 22, 2024 Order, ECF No. 148 (the "Modified Instructions Order"), collectively the Turnover Order, the Instructions Order and the Modified Instructions Order hereafter referred to as the "Turnover Orders".

**Plaintiff Receivers Failed To File Oath**

On October 22, 2024, the Court issued an Order appointing Plaintiffs as receivers (Dkt. No. 62) pursuant to New York CPLR §5225 and 5228 (the "Turnover Order"). The Receiver Order required that Defendant deliver to Plaintiffs the specific personal and real property in his possession listed in the proposed order and memorandum at Dkt. No. 11 and appointed Plaintiffs as receivers thereof.

Paragraph "4(c)" of the Turnover Order states that "… Receivers shall comply with the requirements of CPLR 5228, 6402, 6403, 6404 and 6405 and other applicable court rules".

New York CPLR § 6402 states:

> "A temporary receiver, **before entering upon his duties, shall be sworn faithfully and fairly to discharge the trust committed to him.** The oath may be administered by any person authorized to take acknowledgments of deeds by the real property law. The oath may be waived upon consent of all parties."

1

It appears that according to the Court docket, Plaintiffs as the Court appointed receivers failed to comply with CPLR § 6402, and never filed an "Oath" with the Court as required by CPLR § 6402 before entering their duties to act as receivers. Hence, the receivership has not yet technically or legally begun. The New York Civil Practice Law and Rules applies to the Judgment being enforced herein. The Oath was required to be signed by Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss as the receivers and an oath must have been administered by any person authorized to take acknowledgment of deeds by the real property law of New York State, and then filed with the Court *before* the Plaintiffs undertook the duties as Receivers.

Even if the Plaintiffs could have filed the Oath at any time, the Plaintiffs failed to do so.

It appears that the Plaintiffs as receivers have never been permitted under law to act as receivers as Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss apparently have not taken oaths, signed oaths, had the oaths notarized or acknowledged, and filed the oaths with the Court as required by CPLR § 6402. Under applicable law, Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss should not be permitted to act and cannot act as receivers at this time or until oaths are properly executed and filed with the Court. Only then, under applicable law, should Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss be permitted to act as court appointed receivers.

The Court should require that Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss comply with New York CPLR § 6402 as stated in the Turnover Order where the Court stated that "… Receivers shall comply with the requirements of CPLR …. 6402 ….. and other applicable court rules". Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss disregarded and disobeyed this Court's order to comply with CPLR § 6402.

Until an Oath is filed in compliance with New York CPLR § 6402, the Court should not

permit Plaintiffs as the court appointed receivers to act or to perform their duties as receivers.

New York CPLR § 5228 states that:

"The order of appointment shall specify the property to be received, the duties of the receiver and the manner in which they are to be performed… Sections 6402, 6403, 6404 and 6405 are applicable to receivers appointed under this subdivision."

Until the Plaintiffs file oaths pursuant to CPLR § 6402 to act as the receivers, the Court should not have Ordered the Defendant to turn over any property to the Plaintiffs as the receivers.

Based on the foregoing and the fact that Defendant complied with the Court's orders in full or substantially, Defendant should not be held in contempt or sanctioned for any violation, if any, of any of the Court's orders, including the Turnover Order, because the receivers have not been in compliance with New York CPLR § 6402 which prevents the Plaintiffs as receivers from acting as the receivers in accordance with New York law until the oaths are filed.

In *Ernest Lawrence Group v. Government Careers Ctr. of Oakland*, 2000 U.S. Dist. Lexis 15988 (S.D.N.Y. 2000), the Court stated that "The receiver, prior to entering upon its duties, shall execute and file an oath that it will faithfully and fairly discharge the trust committed to it." See also, *Spotnana, Inc. v. Am. Talent Agency, Inc.,* 2013 U.S. Dist. Lexis 15208 (S.D.N.Y. 2013); *Daum Global Holdings Corp., v. Ybrant Digital,* 2018 U.S. Dist. Lexis 77552 (S.D.N.Y. 2018).

In *Pala Assets Holdings Ltd.. v Rolta, LLC*, 2021 N.Y. Misc. LEXIS 48183, at 9 (Supreme Ct. N.Y. Co., Aug. 24, 2021, No. 652798/2018), the Court stated that "ORDERED that, prior to commencing his duties, the Receiver shall file an oath in accordance with CPLR 6402". Similarly, this Court ordered the Plaintiffs as receivers as follows "… Receivers shall

3

comply with the requirements of CPLR 5228, 6402, 6403, 6404 and 6405 and other applicable court rules".

In *14 Maiden , LLC v. Stempel*, 2021 N.Y. Misc. Lexis 45372, Supreme Ct. N.Y. Co., (2021), the Court stated that "ORDERED that, prior to commencing his or her duties, the receiver shall: (1) file an oath in accordance with CPLR 6402".

In *Coscia v Eljamal*, 48 Misc 3d 361, 368, n 4 (Supreme Ct., Westchester Co. 2015), the Court stated that "The provisions of CPLR 6402 through 6405, which are the parts of the provisional remedy article that govern a receiver's oath, bond, accounts, and removal, are made applicable by adoption to the CPLR 5228 receivership" (Siegel, NY Prac § 512 at 901 [5th ed 2011])."

The Second Department of the New York Appellate Division has held that a receiver is not entitled to receive rents until "qualified." *See, e.g., 570 Kosciusko Realty Corp. v. Kingdale Estates, Inc.*, 256 A.D. 997, 10 N.Y.S.2d 700 (2d Dept 1939), *appeal denied*, 280 N.Y. 811; *Manufacturers' Trust Co. v. Sadenet Realty, Inc.*, 234 A.D. 893, 254 N.Y.S. 428 (2d Dept 1931). To this date, Plaintiffs have not "qualified" as receivers because they failed to file oaths required by CPLR § 6402.

There appears to be no evidence that Plaintiffs complied with CPLR 6402.

CPLR 6402 states that "Oath. A temporary receiver, before entering upon his duties, shall be sworn faithfully and fairly to discharge the trust committed to him. The oath may be administered by any person authorized to take acknowledgments of deeds by the real property law. The oath may be waived upon consent of all parties."

Defendant did not waive the requirement for the Plaintiffs to file oaths, as there was no consent of Defendant, and Plaintiffs did not seek Defendant's consent to waive an Plaintiffs'

4

requirement to sign and file oath for each of Plaintiff Ruby Freeman and Plaintiff Wandrea' Moss.

Notwithstanding the foregoing, the Court ordered that Defendant turn over items to the Plaintiffs as Receiver and the Defendant complied with everything that the Defendant was capable of complying with because the Defendant did not want to violate this Court's Orders.

The Turnover Order requires the following items to be turned over and the Court should note that if Plaintiffs do not comply with CPLR 6402, then Defendant should not be able to be held in contempt where the Plaintiffs themselves failed to comply with CPLR 6402 by failing to file oaths with the Court to conduct themselves and their duties as required by CPLR 6402:

1. "Shares evidencing Defendant's interest in 45 East 66th Street Owners Corp., appurtenant to the apartment located at 45 East 66th Street, Apt. 10W, New York, NY 10065, and any proprietary lease, and other document entitling him to ownership and possession of such apartment". Defendant signed documents requested by Plaintiffs' counsel to effectuate the transfer of Defendant's ownership interests in the aforesaid Cooperative Apartment. Defendant did not possess the shares or proprietary lease, and the Defendant could not give documents which he did not possess. All of the documents required by 45 East 66th Street Owners Corp. and the Plaintiffs' counsel was signed and furnished to Plaintiffs' counsel in order to allow 45 East 66th Street Owners Corp. to turn over the ownership of the cooperative apartment to the Plaintiffs as receivers.

2. All rights and interests in, and cause of action for, fees owed to Mr. Giuliani for services rendered in 2020 and 2021 to former President Trump's presidential campaign and the Republican National Committee. The Court ordered the foregoing, and there are no documents that are possessed by Defendant to tender or deliver "All rights and interests in, and cause of

5

action for, fees owed to Mr. Giuliani for services rendered in 2020 and 2021 to former President Trump's presidential campaign and the Republican National Committee" to Plaintiffs. The Court order does that by stating that the foregoing is Receivership Property, and if Defendant is asked to sign any document to effectuate the said transfer, Defendant would sign whatever is reasonably necessary, but Plaintiffs have not stated what they need signed by Defendant. It is respectfully submitted that by the Court Order stating that it is Receivership Property, the Plaintiffs already have that claim.

3. The nonexempt cash in the checking accounts held at Citibank, N.A., with account numbers ending in -1428 and -5812" (excluding those amounts that Defendant established as exempt as of September 30, 2024). Defendant directed Citibank, N.A. to turn over the nonexempt cash in the checking accounts held at Citibank, N.A., with account numbers ending in -1428 and -5812. There is nothing else for Defendant to do, as Defendant did what was requested and required of him to do. Plaintiffs should have received the funds, and it is believed that the Plaintiffs restrained those accounts, and based on the Turnover Order and restraint on the accounts, Plaintiffs should have those funds.

4. The Turnover Order said that Defendant was to turnover the possession of the "Mercedes-Benz, Model SL500, model year 1980" to Plaintiffs as Receivership Property. Defendant did in fact have the said vehicle delivered to Miami, Florida as the Plaintiffs' counsel has requested. The Turnover Order was complied with. It is Defendant's understanding that Plaintiffs may require a signature of Defendant on certain transfer documents, which Defendant would of course sign when presented to Defendant for signature. Plaintiffs have the Mercedes-Benz automobile.

5. There was personal property listed on the Turnover Order that is Receivership

Property set forth in paragraph "3" on page 16 of the Turnover Order. Various items of furniture, television, sports memorabilia, Diamond Ring, watches were turned over to the Plaintiffs (See Declaration of Defendant).

6.  Paragraph "4(a)(ix)" of the Turnover Order states that "Subject to any additional limitation hereafter ordered by the Court, Receivers shall have power to…. Execute and deliver, and to <u>require Defendant to execute and deliver, any document necessary to effect the foregoing</u>".

7.  Upon information and belief, Plaintiffs' counsel has not requested Defendant to execute and deliver any document necessary to effect the transfers and deliveries required under the Turnover Order. Plaintiffs' counsel should be required to comply with CPLR 6402 regarding the Oath of the Plaintiffs as receivers prior to Plaintiffs performing their duties as receivers.

8.  Paragraph "4(f)" of the Turnover Order states that "For the avoidance of doubt, Defendant and his agents, attorneys, accountants, and any other representatives are directed to execute and deliver to the Receivers all documents necessary for the Receivers to take possession of all Receivership Property…". Defendant has delivered the Receivership Property which he possessed. If Plaintiffs require certain documents to be signed by Defendant, Defendant will sign such documentation upon receipt of same.

Plaintiffs seek to hold Defendant in contempt or to impose sanctions for violation of the Court's orders of October 22, 2024 (Dkt. No. 62 (the "Turnover Order")), the November 8, 2024 (Dkt. No. 94 (the "Instructions Order")) and the Court's November 22, 2024 Order (Dkt. No. 148 (the "Modified Instructions Order").

To determine what assets the Defendant has and had, Plaintiffs apparently relied on the Schedule A/B dated January 26, 2024 that was filed by Defendant's attorneys in the Defendant's bankruptcy proceeding entitled *In re Rudolph W. Giuliani*, 23-12055-shl, Dkt. No. 70 (S.D.N.Y., Bankr. January 26 2024) (See Declaration of Aaron E. Nathan, Esq., dated August 30, 2024, Dkt. No. 10, paragraph 5, 6).

The Declaration of Defendant dated December 24, 2024 filed contemporaneously with this memorandum of law refers to the items that Defendant turned over to Plaintiffs.

Plaintiffs' memorandum of law states that "Mr. Giuliani has not produced a single document in response to Plaintiffs' discovery orders in this matter notwithstanding multiple orders from this Court requiring him to do so…" (Plaintiff's memorandum of law, page 1). That is not true and is false (See Declaration of Defendant).

### **Defendant should not be held in Contempt**

Sanctions are not required to coerce Defendant into compliance with any court orders. It is respectfully submitted that Plaintiffs have not established by clear and convincing evidence that the Defendant violated the district court's edicts and therefore, based upon the Court's inherent authority sanctions should not be granted.

As this Court has seen, once Defendant's prior counsel withdrew as counsel on November 26, 2024, present counsel for Defendant ensured nearly full compliance with all of the court orders capable of being complied with.

Because there has been full or substantial compliance with the Court orders by Defendant, sanctions are not required to be imposed to coerce Defendant into compliance the Court orders. Additionally, Plaintiffs have not suffered any losses by any non-compliance or delayed compliance with the Court orders at all, so there is no reason for this Court to

compensate Plaintiffs for any monetary losses, as Plaintiffs did not suffer any losses as a result of the lack of compliance by Defendant. Therefore, based on the facts, there is no reason to sanction Defendant or hold Defendant in contempt.

This Court stated in Keawsri v Ramen-Ya Inc., 2023 US Dist LEXIS 204713, at 3-4 (S.D.N.Y. Nov. 15, 2023, No. 17-cv-02406 (LJL) that "Civil contempt sanctions serve two purposes: to coerce a party into compliance, or to compensate the adverse parties for any losses suffered as a result of the lack of compliance." 1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park, 809 F. App'x 44, 45 (2d Cir 2020)."A contempt order" issued pursuant to a court's inherent authority "is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995). "More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Id.

There was no willful non-compliance by Defendant. As stated above, it is evident that once Defendant changed counsels, a plethora of discovery responses and compliance with the court orders was accomplished.

# ARGUMENT
## POINT I
### STANDARD OF REVIEW

"Federal courts possess certain 'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'" Goodyear Tire & Rubber Co. v. Haeger, 581 U.S. 101, 137 S. Ct. 1178, 1186, 197 L. Ed. 2d 585 (2017) (quoting Link v. Wabash R. Co., 370 U.S. 626, 630-31, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). A court's "inherent power to sanction derives from the fact that courts are 'vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates.'" Schlaifer Nance & Co., Inc. v. Est. of Warhol, 194 F.3d 323, 336 (2d Cir. 1999) (quoting Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991)). "Civil contempt sanctions serve two purposes: to coerce a party into compliance, or to compensate the adverse parties for any losses suffered as a result of the lack of compliance." 1199 SEIU United Healthcare Workers E. v. Alaris Health at Hamilton Park, supra. "A contempt order" issued pursuant to a court's inherent authority "is warranted only where the moving party establishes by clear and convincing evidence that the alleged contemnor violated the district court's edict." King v. Allied Vision, Ltd., 65 F.3d 1051, 1058 (2d Cir. 1995). "More specifically, a movant must establish that (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." Id. Keawsri v Ramen-Ya Inc., supra.

"Before the Court can hold a person in civil contempt, due process requires that the person be given notice that he or she is a defendant in a contempt hearing, and, if he or she faces possible incarceration, that he or she be afforded the right to counsel. *See* Bank of Credit &

Commerce Int'l (Overseas) Ltd. v. Tamraz, 2006 U.S. Dist. LEXIS 39256, 2006 WL 1643202, at 3 (S.D.N.Y. June 13, 2006); *see also* Drywall Tapers & Pointers, Loc. 1974 v. Loc. 530 of Operative Plasterers & Cement Masons Int'l Ass'n, 889 F.2d 389, 394 (2d Cir. 1989) ("Due process requires that before being held in contempt, a party must have notice that it is a defendant in a contempt hearing." (citing Fed. R. Crim. P. 42(b))); Dole Fresh Fruit Co. v. United Banana Co., 821 F.2d 106, 109-10 (2d Cir.1987) (same); Z-Int'l, Inc. v. Z Line Int'l, Inc., 2005 U.S. Dist. LEXIS 13188, 2005 WL 1580609, at *4 (S.D.N.Y. July 6, 2005) ("Before imposing sanctions on a person charged with civil contempt, due process requires that the person receive notice and an opportunity to be heard." (citing Sterling Nat'l Bank v. A-1 Hotels Int'l Inc., 2004 U.S. Dist. LEXIS 11566, 2004 WL 1418201, at 2 (S.D.N.Y. June 23, 2004))); Lesser v. U.S. Nat'l Bank Ass'n, 2011 U.S. Dist. LEXIS 28127, 2011 WL 1004708, at 7-8 (E.D.N.Y. Mar. 18, 2011) (same); *see generally* In re Oliver, 333 U.S. 257, 275, 68 S. Ct. 499, 92 L. Ed. 682 (1948). Rodriguez v New Generation Hardware Store Corp., 2024 US Dist LEXIS 79913, at 6-8 (S.D.N.Y. Apr. 24, 2024, No. 22-cv-4422 (LJL)).

When imposing sanctions pursuant to its inherent powers, a federal court "may go no further than to redress the wronged party 'for losses sustained'; it may not impose an additional amount for the sanctioned party's misbehavior." Goodyear Tire, 137 S. Ct. at 1186 (citing Mine Workers v. Bagwell, 512 U.S. 821, 826-30 (1994)). "When imposing coercive sanctions, a court should consider (1) the character and magnitude of the harm threatened by the continued contumacy, (2) the probable effectiveness of the sanction in bringing about compliance, and (3) the contemnor's financial resources and the consequent seriousness of the sanction's burden." New York State Nat. Org. for Women v. Terry, 886 F.2d 1339, 1353 (2d Cir. 1989). Sanctions should be no "more than . . . necessary to compel compliance." BOC Aviation Ltd. v.

AirBridgeCargo Airlines, LLC, 2022 U.S. Dist. LEXIS 223726, 2022 WL 17581775, at *17 (S.D.N.Y. Dec. 12, 2022). It has been represented that Kora is outside the United States, returning on November 20, 2023. Dkt. No. 763. The Court will give him time to come into compliance before contempt sanctions begin to run. The Court therefore imposes a sanction on Kora of $1,000 per diem, beginning on November 28, 2023, for each day that he remains in violation of the Court's July 6, 2023 Order. Those funds are to be paid directly to Plaintiffs on a weekly basis beginning on December 5, 2023." Keawsri, supra.

In Acmetel USA LLC v. Ptgi Int'l Carier Servs., 2024 U.S. Lexis 186029 (S.D.N.Y. 2024), this Court was asked to award attorneys' fees to the Proposed Intervenors. This Court denied the motion for attorney's fees.

In Hong v. Mommy's Jamaican Mkt. Corp., 2024 U.S. Dist Lexis 145299 (S.D.N.Y. 2024), this Court was asked to impose sanctions against former counsel to the defendants pursuant to the Court's inherent authority and pursuant to 28 U.S.C. §1927. The motions were based on "the conduct of Defendants' counsel, Mr. Lee, in moving to vacate the Court's entry of a default judgment and in resisting the motion to reinstate the default judgment. In brief, and as further described below, that conduct involved statements made to the Court over multiple hearings, including under oath, in briefs and in declarations that misrepresented when Mr. Lee began advising Defendants, which was a central issue in with respect to the default judgment."

This Court imposed a sanction against Mr. Lee for the excess attorneys' fees that Plaintiff incurred and the waste of judicial resources that were directly caused by Mr. Lee's bad faith conduct, which unnecessarily and vexatiously prolonged the litigation. This Court ordered that Mr. Lee pay $10,000 as a sanction unless and until Defendants have paid the fees incurred prior to November 16, 2021 and Mr. Lee shall be relieved of this sanction only with respect to those

amounts that exceed the amount of reasonable fees and costs incurred after November 16, 2021 as set forth in the Court's Order.

In <u>Accettola v. Linda Mei He</u>, 2024 U.S. Dist Lexis 116079 (S.D.N.Y. 2024), this Court was asked to impose sanctions on Plaintiff pursuant to Fed.R.Civ.P. 37 for Plaintiff's failure to appear at her noticed deposition on June 14, 2024. The Court stated in its order that "The 'mildest' sanction 'is an order to reimburse the opposing party for expenses caused by the failure to cooperate.'" <u>Seena Int'l, Inc. v. One Step Up, Ltd.</u>, 2016 U.S. Dist. LEXIS 64850, 2016 WL 2865350, at *11 (S.D.N.Y. May 11, 2016) (quoting <u>Cine Forty-Second St. Theatre Corp. v. Allied Artists Pictures Corp.</u>, 602 F.2d 1062, 1066 (2d Cir. 1979)). "Monetary sanctions are the norm, not the exception, when a party is required to engage in motion practice in order to obtain the discovery to which it is entitled." <u>Id.</u> "If monetary sanctions are not sufficient, more stringent orders may be issued, including adverse inference orders, preclusion orders prohibiting the introduction of evidence on particular points, and orders deeming disputed issues determined adversely to the position of the disobedient party." <u>Focus 2000 Corp.</u>, 2017 U.S. Dist. LEXIS 102304, 2017 WL 2840279, at *10 (internal quotation marks omitted)". If the Court were to impose any sanctions against Defendant, they should only be a monetary sanction for Plaintiffs' "expenses caused by the failure to cooperate", and not any adverse inference orders, preclusion orders prohibiting the introduction of evidence on particular points, or orders deeming disputed issues determined adversely to the position of the disobedient party. <u>Accettola v Linda Mei He</u>, 2024 US Dist LEXIS 116079, at 7-8 (S.D.N.Y. July 1, 2024, No. 23-cv-1983 (LJL)).

In <u>Suarez v Liquid Blue, Inc.</u>, 2024 US Dist LEXIS 83169, at 7-8 (S.D.N.Y. May 7, 2024, No. 23-cv-10140 (LJL)), this Court stated that "The Court finds that monetary sanctions are appropriate at this stage. Counsel for Defendant was present at the initial conference, during

13

which the parties discussed outstanding discovery requests and the Court issued the first of several orders with respect to discovery. *See* Mar. 6, 2024 Minute Entry. Defendant has been given notice that noncompliance with the Court's orders would result in sanctions. *See* Dkt. No. 21. Defendant's noncompliance has been an issue in this action for nearly three months, delaying the proceedings and causing Plaintiff to incur additional costs pursuing the action. Because Rule 37(b)(2)(C) requires that the Court award attorneys' fees and costs—unless the failure to comply was "substantially justified" or "other circumstances make an award of expenses unjust," Fed. R. Civ. P. 37(b)(2)(C), neither of which is applicable here—Plaintiff is entitled to attorneys' fees and costs incurred in connection with its efforts to obtain the discovery to which it is entitled. Should Defendant continue to fail to comply with the Court's discovery orders, further sanctions may be warranted. Suarez, supra. In Suarez, Id., this Court ordered that Defendant pay Plaintiff's reasonable attorneys' fees and costs incurred to obtain the discovery to which Plaintiff is entitled. In Suarez, Id., the Court acknowledged that "Defendant's noncompliance has been an issue in this action for nearly three months, delaying the proceedings and causing Plaintiff to incur additional costs pursuing the action". In the instant case, there has been no delay, as this Court is holding the trial on January 16, 2025, and the discovery in this case has been ordered to be very expedited and there has been no delays by Defendant which caused Plaintiff to incur additional costs pursuing the action and no sanctions should apply.

In Rodriguez v. New Generation Hardware Store Corp., 2024 U.S. Dist. Lexis 79913, (S.D.N.Y. May 7, 2024, No. 22-cv-4422 (LJL)), Plaintiff filed a motion for sanctions against Defendant for non-compliance with the Court's order of January 22, 2024, beginning April 12, 2024. The Court decided not to increase the sanctions amount of $500 per week day "penalty", but stated that it would permit Plaintiff to renew his request for Defendant's arrest if Defendant

14

remained in contempt of the Court's clear directives by May 12, 2024. The case involved violations of the Fair Labor Standards Act and New York Labor Law and Plaintiff obtained a default judgment against Defendants and Defendants failed to appear in this case. Thereafter Defendant was served with an information subpoena and Defendant failed to respond to the information subpoena. The court imposed monetary contempt sanctions accruing at the amount of $500 per weekday, and the Court further stated that if Defendant failed to comply by May 12, 2024, Plaintiff may renew his request on that date or thereafter for a court order directing Defendant's arrest.

In Perez v. Edwards, 2023 U.S. Dist. Lexis 161167 (S.D.N.Y. 2023)(LJL), the Court imposed sanctions in the amount of reasonable attorneys' fees and costs, where Plaintiff had shown a lack of interest in the case's prosecution and persistent failures to comply with Court deadlines.

If there court were to grant Plaintiffs' motion, which it is respectfully submitted should not be granted, the only imposition should be reasonable attorneys' fees and costs for any monies that Plaintiffs expended as a result of any delay in Defendant's responses to discovery, and nothing else, however, it is respectfully submitted that Plaintiffs' have not incurred attorney's fees and costs as a result of any failure to comply with discovery or court orders.

## **Conclusion**

For the foregoing reasons, Plaintiffs' motions and orders to show cause to hold Defendant in contempt or sanction Defendant, should be denied in its entirety and for such other and further relief as this Court deems just and proper.

Dated: December 24, 2024
      Staten Island, New York

_____
Joseph M. Cammarata, Esq.
Cammarata & DeMeyer P.C.
Attorneys for Defendant
456 Arlene Street,
Staten Island, New York 10314
718-477-0020