UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Ruby Freeman and Wandrea' Moss

                Plaintiffs,                    Case No. 24-cv-6563(LJL)
                                                           Case No. 24-mc-353 (LJL)

-   against –

                                                            Declaration of Rudolph W. Giuliani

Rudolph W. Giuliani

                Defendant.
------------------------------------------------------------X

       Pursuant to 28 U.S.C. § 1746, I, Rudolph W. Giuliani, declare and state under penalties of perjury that:

       1.       I am the defendant in this action.

       2.       I respectfully submit this Declaration in opposition to the Plaintiffs' motion to hold Defendant in civil contempt and impose sanctions.

       3.       I respectfully submit that this Court should deny Plaintiffs' motion for an order holding me in civil contempt and imposing sanctions.

       4.       The October 22, 2024 Court Order (Dkt. 62) stated that "The Court finds that all of the items and interests listed in pp. 16-18 should be subject to turnover and receivership…" **(Exhibit "1")**.

       5.       The October 22, 2024 Court Order (Dkt. 62) directed the turnover of the following:

       a.       "The shares evidencing Defendant's interest in 45 East 66th Street Owners Corp." I signed documents that were requested to be signed by Plaintiffs' counsel and counsel for 45 East 66th Street Owners Corp. which was signed in the Courthouse on November 26, 2024 and given by my counsel to Plaintiff's counsel. I fully complied with this;

b. "All rights and interests in, and cause of action for, fees owed to Mr. Giuliani for services rendered in 2020 and 2021 to former President Trump's presidential campaign and the Republican National Committee". Plaintiffs have not requested anything regarding this.

c. "The nonexempt cash in the checking accounts held at Citibank, N.A. with account numbers ending in -1428 and -5812". I signed a document directing Citibank, N.A. to turn over all nonexempt cash in the checking accounts held at Citibank, N.A. to Plaintiff **(Exhibit "2")**.

d. "Mercedez-Benz, Model SL500, model year 1980". I turned over the physical Mercedes-Benz and compiled with this requirement and Plaintiffs acknowledge that they received the Mercedes-Benz. I had the vehicle delivered to Miami, Florida as requested by Plaintiffs.

e. "Various items of furniture", "Television", "Sports Memorabilia", "Signed Reggie Jackson picture", "Signed Yankee Stadium picture", Signed Joe DiMaggio shirt". Exhibit "1 to Plaintiff's counsel's declaration filed as Dkt. No. 200-1, shows that I turned over forty two (42) items, which is more than what the Court order specifically requires.

I delivered and turned over "Various items of furniture" (See Exhibit Dkt. No. 200-1) which included:

    a. book cabinet,

    b. three living room end tables,

    c. living room leather sofa bed,

    d. storage bed drawer,

    e. leather office chair,

    f. living room coffee table,

    g. folding upholstered chairs,

    h. two red leather overstuffed chairs,

    i. drop leaf table,

    j. rolled mattress,

    k. seat cushions,

    l. cushioned ottoman,

    m. lamp shades,

    n. lamp and pillows,

    o. master bedroom slats and hardware,

    p. master bed siderails,

    q. sofa bed legs,

    r. nightstand,

    s. master bed footboard,

    t. master bed mirror,

    u. Storage bed siderails,

    v. Master bed headboard,

    w. Master Bed Dresser,

    x. PLUS, there was a significant amount of furniture contained in the New York cooperative apartment, which was also turned over to the Plaintiffs. The Court should note that I turned over what I was required to turn over and more.

    f. "Television". I turned over a television, carrier packed wrapped (See Plaintiff's exhibit - Dkt. No. 200-1);

    g. "Sports Memorabilia". I turned over sports memorabilia, including Yankee Picture, Yankee Banner, Mickey Mantle Picture, John Daly framed art, Derek Jeter picture, (See Plaintiff's exhibit - Dkt. No. 200-1). The following photos are contained in Plaintiff's exhibit - Dkt. No. 200-1, which shows the Sports Memorabilia items turned over:



Hallway Yankee Picture



Yankee Banner

Mickey Mantle Picture 

John Daly framed art 

Jeter picture 

There is no Reggie Jackson picture, the picture was Derek Jeter.

The Yankee Stadium picture is the "Hallway Yankee Picture".

There is no Signed Joe DiMaggio shirt that I possess, I believe that the Signed Joe DiMaggio shirt was hanging in the New York Cooperative apartment at the time that the apartment was turned over to Plaintiffs.

The Court order did not specifically state that I had to turn over the Yankee Banner, the Mickey Mantle Picture, the John Daly art or the Derek Jeter picture, but I turned over these items

to comply with the Court's order.

  I have given all of the items that the Court required me to provide that I possessed, and out of an abundance of caution, additional items were provided to the Plaintiffs.

  h. "Costume jewelry" and "Diamond Ring". I do not possess any costume jewelry. I turned over my diamond ring, I turned over 18 watches. I turned over all of the watches that I possess and retained one watch that is exempt from judgment under New York and Florida law.

  6. I respectfully submit that the items which I was required to turn over, I turned over.

  7. The Court should see that I gave everything that I could give. I gave items of furniture and sports memorabilia that were not specifically listed on the Court's Turnover Order, but I gave them anyway to ensure that I was complying with this Court's orders.

  8. The Instructions Order (Dkt. No. 94 – Exhibit "3")) required that I was required to amend my responses to the Information Subpoena, which I did.

  9. The Instructions Order (Dkt. No. 94) required that I tell the Plaintiffs where the "outstanding property listed on pp.17-18 of the Turnover Order" was and which had to be delivered to Plaintiffs. It is undisputed that I told the Plaintiffs where the items were, they were in a storage facility in Ronkonkoma, New York, where Plaintiffs' attorneys went to and saw all of the items located there, and thereafter, I had the items removed from the storage facility in Ronkonkoma, New York and delivered to the storage facility in Queens, New York, as directed by Plaintiffs' counsel.

  10. As required by the Court's November 22, 2024 Order, ECF No. 148 ( Exhibit "4") (the "Modified Instructions Order"), I had all of the property at the CTS Facility in Ronkonkoma, New York segregated, separating the property that was subject to the Court's

Turnover Order from items that were not subject to the Turnover Order. I complied with this requirement.

11. I also provided a detailed list containing pictures of the segregated Receivership Property located at the CTS Facility in Ronkonkoma, New York to show the size and quantity of that property (See Dkt. No. 200-2) as required by the Modified Instructions Order.

12. I provided the location of the New York-based storage facility to Plaintiffs as required by the Modified Instructions Order.

13. I complied with the Court's three orders, the Turnover Order, the Instructions Order and the Modified Instructions Order.

14. I have not intentionally or willfully disobeyed any of this Court's orders or Plaintiffs' discovery demands. If any documents were not produced by me, it was because I did not possess them or was unable to locate them.

15. The following documents were served upon Plaintiffs by my counsel for compliance with discovery:

   a. Defendants' Amended Response to Plaintiffs' First Set of Interrogatories (Exhibit "5");

   b. Defendants' Response to Plaintiffs' First Set of Interrogatories (Exhibit "6");

   c. Defendants' Second Amended Response to Plaintiffs' First Set of Interrogatories (Exhibit "7");

   d. Defendants' Response to Plaintiffs' First Set of Document Requests (Exhibit "8");

   e. Defendants' Amended Initial Disclosures Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1) (Exhibit "9");

   f. Defendants' Second Amended Initial Disclosures Pursuant to Federal Rules of Civil Procedure Rule 26(a)(1) (Exhibit "10");

      g.  Defendant's provision of storage facility photos (Exhibit "11").

16.     I respectfully refer to and adopt the Defendant's memorandum of law.

17.     I respectfully submit that I fully or substantially complied with the Court's Turnover Order, the Instructions Order and the Modified Instructions Order.

18.     I respectfully submit that I should not be held in contempt or sanctioned.

**WHEREFORE,** it is respectfully requested that Plaintiffs' motions for contempt and sanctions be denied in its entirety and for such other and further relief as this Court deems just and proper.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge information and belief.

Dated: December 24, 2024

                                                                Rudolph W. Giuliani