**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

December 26, 2024

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Freeman et al. v. Giuliani*, No. 24-cv-6563 (LJL); No. 24-cv-353 (LJL)

Dear Judge Liman:

　　　Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this letter in opposition to Defendant Rudolph W. Giuliani's letter-motion for a protective order, ECF No. 158 (the "Letter-Motion").[1] The Letter-Motion seeks a protective order providing that "Defendant need not respond" to Plaintiffs' Interrogatories #4 or #8—the two Interrogatories that Defendant has thus far refused to answer in full, including after the Court granted Plaintiffs' motion to compel and ordered Defendant to answer by December 20, 2024, or show cause why he should not be held in contempt. Letter-Motion at 3; *see* ECF No. 139.

　　　Defendant's Letter-Motion should be denied. Defendant's responses to Interrogatories #4 and #8 were due November 20, 2024. ECF No. 139, at 2. The Letter-Motion asserts objections that could have and should have been raised by that date, and are consequently waived. *Id.* at 3. For the most part, Defendants' objections have also been rejected by the Court on their merits as well. *Id.* at 3-8.[2] The Letter-Motion is thus, in effect, a motion for reconsideration of the Court's Order granting Plaintiffs' motion to compel, but it is well settled that a motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking

---

[1] All docket references herein refer to 24-cv-6563 (LJL).

[2] Defendant raises a new overbreadth objection to Interrogatory #4, interpreting it to require disclosure of every financial, legal, or medical professional that Defendant has consulted with for any purposes, including on behalf of his own clients. Letter-Motion at 3. To be clear, (and as should have been obvious, but could have been clarified had Defendant ever *sought* such clarification from Plaintiffs), that Interrogatory seeks only the identities of the financial, medical, and legal professionals that Defendant has consulted on his own behalf over the relevant period, and seeks plainly relevant information for the reasons set forth in the Court's opinion. ECF No. 139, at 5-6. In any event, any objection to the scope of that Interrogatory is waived. If Defendant had good-faith concerns about that scope, he could have conferred with Plaintiffs to seek clarification and, if necessary, sought agreement narrowing the scope of the interrogatory to address his concerns or, failing that, timely sought an order from this Court narrowing the Interrogatory or protecting his answers from public disclosure. He did none of those things.

BRUSSELS　CHICAGO　DALLAS　FRANKFURT　HOUSTON　LONDON　LOS ANGELES　MILAN
MUNICH　NEW YORK　PALO ALTO　PARIS　ROME　SAN FRANCISCO　WASHINGTON

December 26, 2024
Page 2

a second bite at the apple." *Eletson Holdings, Inc. v. Levona Holdings Ltd.*, No. 23-CV-7331 (LJL), 2024 WL 2963719, at *2 (S.D.N.Y. June 12, 2024) (cleaned up). And while it is true that the Court contemplated that Defendant *could* have sought a "protective order" to remedy his confidentiality concerns, ECF No. 139, at 8, the protective order Defendant now seeks would not require confidential treatment of his answers but relieve him of the obligation to answer altogether—a result already foreclosed by the Court's decision granting the motion to compel. *Id.* at 8 (holding that Defendant's confidentiality concerns are "*not* a reasonable basis to object" to the interrogatories) (emphasis added). Defendant *still* has not sought a protective order that would permit him to answer the contested Interrogatories subject to restrictions on their disclosure or their use outside of this litigation; evidently, he is not actually interested in that form of relief.

Further, because Defendant has not shown cause why he should not be held in contempt for his refusal to provide complete answers to the subject interrogatories, the Court should hold Defendant in contempt and, at the January 3, 2024 hearing, consider and enter the following adverse inferences:

1. That the identities, and correspondingly, locations of the Defendant's professional services providers would show that Mr. Giuliani did not treat the Palm Beach Condo as his permanent residence, as a matter of subjective intent and actual occupancy;

2. That the identities, and correspondingly, locations of the Defendant's professional services providers would show that Mr. Giuliani treated the Palm Beach Condo as a vacation home.;

3. That Defendant's true answer to Interrogatory #8 would show that Defendant's discovery responses and disclosures were incomplete; and

4. That Defendant's true answer to Interrogatory #8 would show that Mr. Giuliani's unproduced and undisclosed discovery would have been relevant to the questions of Mr. Giuliani's homestead.

Respectfully submitted,

s/ Aaron E. Nathan