UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

                          Plaintiffs,

v.                                                          No. 24-cv-06563-LJL

RUDOLPH W. GIULIANI,

                          Defendant.

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO HOLD GIULIANI IN CIVIL
CONTEMPT AND TO IMPOSE SANCTIONS**

Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
rachel.goodman@protectdemocracy.org

Von DuBose (*pro hac vice forthcoming*)
DuBose Miller LLC
75 14th Street NE. Suite 2110
Atlanta, GA 30309
(404) 720-8111
dubose@dubosemiller.com

Michael J. Gottlieb
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
M. Annie Houghton-Larsen
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mhougton-larsen@willkie.com

*Attorneys for Plaintiffs*

Plaintiffs Ruby Freeman and Wandrea' ArShaye Moss ("Plaintiffs") respectively submit this reply in support of their Motion to Hold Mr. Giuliani in Civil Contempt and to Impose Sanctions (ECF No. 106).

## INTRODUCTION

For months, Plaintiffs have been diligently attempting to obtain discovery regarding Mr. Giuliani's homestead claim in order to allow the parties to conduct a trial on the full evidentiary record. Plaintiffs strongly believe that discovery in this case would further confirm that Mr. Giuliani had not established his Palm Beach Condo as his homestead prior to August 8, 2024 when Plaintiffs' lien attached. Plaintiffs believe that this case, like all cases, should be decided based upon a complete evidentiary record, but Mr. Giuliani's actions have rendered that impossible.

Mr. Giuliani does not contest that he has refused to produce anything close to full discovery. Based on that undisputed fact, Plaintiffs moved for contempt and sanctions to preclude Mr. Giuliani from benefitting from his refusal to comply with the basic rules of discovery. Mr. Giuliani's Opposition[1] is telling: because Mr. Giuliani cannot (and does not) dispute that the Court's Orders were clear, that he violated them, and that he did not meaningfully attempt to comply, he resorts to unprofessional ad hominem attacks on Plaintiffs' counsel and the Court. Indeed, the vast majority of the Opposition is devoted to advancing political attacks on lawyers and the Court, with virtually no effort to address Mr. Giuliani's own conduct. Those attacks are baseless, incoherent, and irrelevant to the legal issues before the Court—accordingly, Plaintiffs respectfully submit that this Court should simply ignore them. *Infra* at Argument I.

---

[1] "Opposition" refers to Mr. Giuliani's opposition to the Motion, ECF No. 144, and "Declaration" refers to Mr. Giuliani's declaration submitted in support thereof. All Capitalized terms not defined herein have the meaning defined in the Motion.

Because Mr. Giuliani has once again refused to comply with the most rudimentary of discovery obligations, this Court should infer that Mr. Giuliani is concealing evidence that would prove Plaintiffs' case. If Mr. Giuliani's homestead claims were meritorious, he would have had nothing to lose from playing by the rules in this case: he *never* would have told his own attorney that he "will not participate in electronic discovery." ECF No. 156 at ¶ 4. Instead Mr. Giuliani belatedly produced just 19 "exhibits," which are nothing more than a cherry-picked selection of documents (not a single of which is a text message, email, or other form of communication) that he believes supports his homestead claim.[2] Both the law—and common sense—support the obvious inference that Mr. Giuliani did this because his records would reveal the truth of Plaintiffs' claims, and he did not want Plaintiffs or this Court to learn that.

This is not complicated. Civil contempt is not only appropriate, but obviously so—the Court entered clear orders directing Mr. Giuliani to produce full and complete discovery, warned Mr. Giuliani of the consequences of non-compliance, Mr. Giuliani did not do so, and Mr. Giuliani provided no evidence that he diligently attempted to comply in a reasonable manner.

The only question is what sanctions are appropriate. Adverse inferences and preclusion were already appropriate at the time Plaintiffs filed the Motion—the evidence showed that Mr. Giuliani knowingly refused to produce relevant evidence, and that his refusal had prejudiced Plaintiffs' ability to litigate their claims. Such severe sanctions are even more warranted now in light of the newly un-sealed evidence that Mr. Giuliani told his attorneys that he "will not participate in electronic discovery in the Homestead Action" and "will not identify or provide access to his electronic device(s) for imaging by an electronics-discovery vendor." ECF No. 156

---

[2] On December 9, 2024, Plaintiffs submitted a letter updating the Court regarding Mr. Giuliani's late production, ECF No. 117, which was made *after* Plaintiffs filed the Motion.

at ¶ 4. Mr. Giuliani is a sophisticated party, once the chief law enforcement official in this District, who has been represented by counsel throughout this proceeding, and plainly understands the consequences of flouting court orders. All that is left to do is to impose those consequences—Mr. Giuliani has left the Court with no other option.

## ARGUMENT

I.   **THE COURT SHOULD STRIKE, OR IN THE ALTERNATIVE DISREGARD, THE FIRST 14 PAGES OF MR. GIULIANI'S OPPOSITION.**

Before turning to the few pages of relevant argument in Mr. Giuliani's Opposition, Plaintiffs first respectfully submit that this Court should strike, or at minimum ignore as utterly irrelevant, the first 14 pages of the Opposition

Every trial court has the power and responsibility to supervise "its own records and files to ensure they are not used to gratify private spite or promote public scandal or serve as reservoirs of libelous statements for press consumption." *Brown v. Maxwell*, 929 F.3d 41, 51 (2d Cir. 2019) *citing Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (cleaned up). "This authority includes the court's ability to strike any filed paper which it determines to be abusive or otherwise improper under the circumstances." *United States Sec. & Exch. Comm'n v. Ahmed*, No. 3:15CV675 (JBA), 2018 WL 11458925, at *3 (D. Conn. Mar. 29, 2018) (cleaned up); *see also She Jian Guo v. Tommy's Sushi Inc.*, No. 14 CIV. 3946 (PAE), 2014 WL 5314822, at *2 (S.D.N.Y. Oct. 16, 2014) (explaining that the "Court is perfectly capable of disregarding irrelevant or inflammatory material in resolving the instant motion"); *Wilson v. Sessoms-Newton*, No. 14-CV-00106 (PKC), 2017 WL 3575240, at *3 (E.D.N.Y. Aug. 17, 2017) (declining to consider "belated submissions," which were "either irrelevant or duplicative" in deciding summary judgment motion); *Williams v. Bd. of Hudson River/Black River Regulating Dist.*, No. 99CV1282(NPM/GLS), 2001 WL 1217199, at *3 (N.D.N.Y. Sept. 23, 2001) (declining to consider any portion of affidavits

submitted in support of motion for summary judgment "which contain hearsay and/or irrelevant facts").

There can be no doubt that the first 14 pages of Mr. Giuliani's Opposition are designed to "gratify private spite." *Brown*, 929 F.3d at 51. Mr. Giuliani does not even attempt to explain how *any* of the invective directed at Plaintiff's counsel or the Court is even remotely relevant to the Motion. As such, this Court should either exercise its discretion to strike the Opposition, those 14 pages, or simply ignore them. While Plaintiffs could of course refute the inflammatory political and personal attacks lobbed at counsel and the Court contained within the first 14 pages of Mr. Giuliani's Opposition, Plaintiffs respectfully submit that these statements are so grossly unprofessional[3] that they merit no additional response in this forum.

---

[3] *See* New York Rules of Professional Conduct Rule 3.3(a)(1) (providing that a lawyer shall not knowingly "make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer"); 3.3(a)(3) (providing that a lawyer shall not knowingly "offer or use evidence that the lawyer knows to be false. If a lawyer, the lawyer's client, or a witness called by the lawyer has offered material evidence and the lawyer comes to know of its falsity, the lawyer shall take reasonable remedial measures, including, if necessary, disclosure to the tribunal. A lawyer may refuse to offer evidence, other than the testimony of a defendant in a criminal matter, that the lawyer reasonably believes is false."); 3.3(f)(2) (providing that, in appearing before a tribunal, a lawyer shall not "engage in undignified or discourteous conduct"); 3.3(f)(4) (providing that, in appearing before a tribunal, a lawyer shall not "engage in conduct intended to disrupt the tribunal"); 3.4(d)(1) (providing that, in appearing before a tribunal on behalf of a client, a lawyer shall not "state or allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence", 3.4(d)(3) (providing that, in appearing before a tribunal, a lawyer shall not "assert a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused but the lawyer may argue, upon analysis of the evidence, for any position or conclusion with respect to the matters stated herein); *see also* Rule 6.1 (noting that lawyers "are strongly encouraged to provide pro bono legal services to benefit poor persons" and noting that pro bono services that meet the goal of providing at least 50 hours of such services include "professional services rendered in civil matters . . . to persons who are financially unable to compensate counsel").

## II.    THE COURT SHOULD HOLD MR. GIULIANI IN CIVIL CONTEMPT.

The Opposition provides no colorable argument for why Mr. Giuliani should not be held in civil contempt. The Court's Orders were clear and unambiguous, there is clear and convincing evidence that Mr. Giuliani violated those Orders, and Mr. Giuliani has not made diligent efforts to comply with the Orders. *See Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004).

*First*, Mr. Giuliani does not contest and therefore concedes that the Court's Orders were clear and unambiguous. *See, e.g.*, *Curry Mgmt. Corp. v. JPMorgan Chase Bank*, 643 F.Supp.3d 421, 426 (S.D.N.Y. 2022) (arguments not addressed in an opposition brief are conceded).

*Second*, that Mr. Giuliani's only production of documents was made on December 2, 2024 and comprised just 19 self-serving "exhibits" is clear and convincing evidence that Mr. Giuliani did not comply with the Orders, which required Mr. Giuliani to "respond[] within 14 days of service" to all document requests, ECF No. 53, and to "comply with the First RFPs by no later than November 26, 2024, by producing serving responses and **all documents responsive** to the First RFPs in his possession, custody or control." ECF No. 103 (emphasis added). While the Opposition claims that there was "full or substantial compliance with the Orders" by Mr. Giuliani, Opp. at 15, it provides no argument or evidence of such compliance. Indeed, the Opposition does not even attempt to explain how the late production of a cherry-picked selection of responsive documents constitutes substantial, let alone full, compliance with Orders that required the *timely* production of *all* responsive documents. The evidence of Mr. Giuliani's noncompliance is clear and convincing.

*Third*, there can be no argument that Mr. Giuliani diligently attempt to comply with the Orders because the evidence shows Mr. Giuliani actively worked to prevent the production of any documents. Mr. Giuliani's former counsel sought to withdraw from representation including

because Mr. Giuliani refused "to participate in electronic discovery," including by refusing to "identify or provide access to his electronic device(s) for imaging by an electronics-discovery vendor." ECF No. 156; *see also* Ex. A (application for Caruso to appear as counsel in bankruptcy). While it is *possible* that Mr. Giuliani's position changed after obtaining new counsel (although there is no reason to believe it did), there is nothing in the record to suggest that Mr. Giuliani took any efforts to comply *after* Mr. Cammarata joined the case either.  For one, neither Mr. Giuliani's declaration nor the Opposition explain what, if any, steps Mr. Giuliani took to search for, collect, review, and produce documents responsive to the First RFPs. Moreover, Mr. Giuliani belatedly produced just 19 cherry-picked exhibits, and those exhibits contain no email or text communications. It is wholly implausible that someone who diligently attempted to comply with the Orders would have produced not a single text or email. Mr. Giuliani did not make reasonable efforts to diligently comply.

### III.     THE COURT SHOULD IMPOSE SANCTIONS IN THE FORM OF ADVERSE INFERENCES AND A PRECLUSION ORDER.

All the relevant factors justifying severe sanctions are satisfied here. Motion at 10-12. Mr. Giuliani's arguments against the imposition of severe sanctions appears to be that he *did* comply, that he *did not* act willfully, and that Plaintiffs have suffered no prejudice from his non-compliance. These arguments are facially baseless, but Plaintiffs address each briefly.

Mr. Giuliani did not comply with the Orders. The 19 produced "exhibits" are <u>not</u> all documents responsive to the First RFPs. For one, the production does not include a single communication—whether text or email. The production also includes obvious gaps. The production includes statements from Mr. Giuliani's Citibank account only between March 1 and July 31, 2024, despite the fact that Plaintiffs' requests seek documents between January 1, 2020

and the date the requests were served. Mr. Giuliani has not explained why he was able to access his Citibank account for some months, but not others.

Mr. Giuliani acted willfully. There is simply no reason to credit Mr. Giuliani's claim that "If any documents were not produced by me, it was because I did not possess them, and not for any nefarious reason to disobey any court order or discovery demand." Not only has Mr. Giuliani's former attorney attested that Mr. Giuliani *refused* to participate in discovery (a position Mr. Giuliani took so stridently that his former attorneys withdrew from his representation), but accepting Mr. Giuliani's representation would also mean accepting that Mr. Giuliani does not possess any of the emails or text messages that are *surely* on the phone (and perhaps other electronic devices) that Mr. Giuliani currently possesses, including the iPad which Mr. Giuliani has used during conferences before this Court.

Mr. Giuliani's non-compliance has prejudiced Plaintiffs. Mr. Giuliani's non-compliance has denied Plaintiffs the ability to prove their case on anything close to a full evidentiary record. Mr. Giuliani is the key witness in the case to determine whether and when he established a homestead at his Palm Beach Condo. Mr. Giuliani's documents and communications—including those "relating to Your intentions to maintain or establish a permanent residence at any location" (Request 13)–are highly relevant to this question. Moreover, Mr. Giuliani's non-compliance has forced Plaintiffs to expend considerable effort and resources to meet and confer, move to compel, and ultimately move for sanctions. Indeed, had Mr. Giuliani simply permitted his able (former) counsel to search his electronic devices and produce relevant materials, Plaintiffs would not have been forced to devote significant time and resources toward litigating what ought to be a straightforward turnover proceeding. In all events, Mr. Giuliani's arguments are at best unavailing, and his misconduct warrants severe sanctions for his non-compliance.

Entry of adverse inferences and a preclusion order is warranted here. Adverse inferences are appropriate here as Mr. Giuliani willfully failed to produce evidence that is in his control and relevant to Plaintiffs' claims. *Gardner-Alfred*, 2023 WL 3495091, at \*17 (cleaned up). A preclusion order is also justified because Mr. Giuliani has no credible explanation for his non-compliance, the unproduced information is critical to the case, Plaintiffs would suffer significant prejudice if forced to prepare to meet new evidence now, and further delaying these proceedings would only reward Mr. Giuliani's behavior and encourage further non-compliance. *See Icon Int'l, Inc. v. Elevation Health LLC*, 347 F.R.D. 274, 296 (S.D.N.Y. 2024); *see also* Motion at 15-17.

## CONCLUSION

Plaintiffs' Motion should be granted.

Dated: December 27, 2024          /s/ Aaron E. Nathan
New York, New York               Aaron E. Nathan

Rachel Goodman                   Michael J. Gottlieb
United to Protect Democracy      Meryl C. Governski (admitted *pro hac vice*)
82 Nassau Street, #601           Willkie Farr & Gallagher LLP
New York, NY 10038               1875 K Street NW
(202) 579-4582                   Washington, DC 20006
rachel.goodman@protectdemocracy.org   (202) 303-1000
                                 mgottlieb@willkie.com
Von DuBose (*pro hac vice forthcoming*)   mgovernski@willkie.com
DuBose Miller LLC
75 14th Street NE. Suite 2110    Aaron E. Nathan
Atlanta, GA 30309                M. Annie Houghton-Larsen
(404) 720-8111                   Willkie Farr & Gallagher LLP
dubose@dubosemiller.com          787 Seventh Avenue
                                 New York, NY 10019
                                 (212) 728-8000
                                 anathan@willkie.com
                                 mhougtonlarsen@willkie.com

                                 *Attorneys for Plaintiffs*