# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X

In re:                                                          Chapter 11

RUDOLPH W. GIULIANI                                              Case No.: 23-12055
a/k/a RUDOLPH WILLIAM GIULIANI

                Debtor.                     **NOTICE OF PRESENTMENT**
--------------------------------------------------------x


       PLEASE TAKE NOTICE, that the annexed proposed order will be presented for signature

to the Honorable Sean H. Lane at the United States Bankruptcy Court, Southern District of New

York, 300 Quarropas Street, White Plains, New York 10601 on May 8, 2024.

       PLEASE TAKE FURTHER NOTICE, that if you have good reason to object to the

granting of the proposed Order, you must do so in writing, and at least five (5) days before the

Order is to be signed, you must serve the undersigned and all other entities to whom this motion

has been noted, as indicated below, with a copy of your objection stating both the legal grounds

and the facts which establish the reasons for your objection.  The objection shall identify the

motion to which they are addressed by name of moving party, date of the hearing, relief sought by

this motion, and by title, caption, and index number of the case in which the motion is made.

Within that same time you must also file with the Clerk of the Court the original of your objections,

together with proof by affidavit, admission, or otherwise that copies have been properly served.

PLEASE BE ADVISED that if an objection is timely filed to the relief requested, or if the Court determines that a hearing is appropriate, the Court will schedule a hearing. Notice of such a hearing will be provided by the applicant.

Dated: Syosset, New York
      April 17, 2024

Respectfully submitted,

By:   Gary C. Fischoff, Esq.
BERGER, FISCHOFF, SHUMER,
WEXLER & GOODMAN, LLP
*Attorneys for the Debtor*
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791
(516) 747-1136

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

In re:                                              Chapter 11

RUDOLPH W. GIULIANI                                 Case No: 23-12055
a/k/a Rudolph William Giuliani,

                        Debtor
-----------------------------------------------------X

## DEBTOR'S APPLICATION FOR RETENTION AND EMPLOYMENT OF KENNETH CARUSO LAW LLC AS SPECIAL LITIGATION COUNSEL EFFECTIVE MARCH 20, 2024

**TO THE HONORABLE SEAN H. LANE**
**UNITED STATES BANKRUPTCY JUDGE**

The Application of Rudolph W. Giuliani, by and through his attorneys, Berger, Fischoff, Shumer, Wexler & Goodman, LLP, respectfully represents:

### JURISDICTION

1. This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2). Venue of these proceedings and this Motion is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The bases for the relief requested herein are sections 105, 327(e) and 330 of the Bankruptcy Code, Rule 2014 of the Bankruptcy Rules and Rules 2014-1 and 2016-i of the Local Rules for the Bankruptcy Court for the Southern District of New York.

### BACKGROUND

3. On December 21, 2023 (the "Petition Date"), the Debtor filed his voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

4. The Debtor continues in possession and management of his assets and is managing as a debtor and debtor-in-possession pursuant to Bankruptcy Code §§ 1107 and 1108.

1

5.      By this Application, the Debtor requests the entry of an Order, pursuant to Section 327(e) of the Bankruptcy Code and Rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure, approving the employment and retention of Kenneth Caruso Law LLC ("KCL") as special litigation counsel to the Debtor.

6.      The Debtor requests authority to employ KCL as special litigation counsel so that KCL can serve as Debtor's counsel in the appeal of *Freeman et al. v. Giuliani*, Case No: 2024-cvpri-07021, pending before the United States Court of Appeals for the D.C. Circuit (the "Appeal").

7.      Pursuant to the Declaration of Kenneth A. Caruso, Esq., the sole member of KCL (the "Caruso Declaration"), KCL requests to be retained as special litigation counsel to represent the Debtor in the Appeal.  Camara & Sibley LLP will continue to participate based on Mr. Sibley's involvement in the proceedings in the district court.

8.      Given the nature and amount of the judgment in *Freeman et al. v. Giuliani*, it is imperative to the Debtor and the estate that the Debtor succeed in and have excellent representation in the Appeal.

9.      The Debtor believes that KCL is highly qualified to represent the Debtor in the Appeal.  The Debtor seeks to retain KCL because of its expertise, experience and knowledge with respect to the issues that will arise in the Appeal.  *See* Caruso Declaration included with this Application.

10.      KCL will be compensated for professional services with a flat fee of $250,000. *See* Caruso Declaration.  KCL will also be entitled to reimbursement of actual, necessary expenses incurred in connection with the retention, subject to Court's approval in accordance with Section 330(a) of the Bankruptcy Code and in compliance with applicable provisions of the

Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and Orders of the Court.

11.      KCL does not have any connection with or represent any interest adverse to the Debtor, the Estate, creditors, or any other parties in interest, except as disclosed in the Caruso Declaration.  As of the filing date, the Debtor did not owe KCL for any outstanding fees or expenses.  KCL will not seek payment of its legal fees and expenses from the Debtor.  It will seek payment only from third party sources that have helped, from time to time, to pay some of the Debtor's legal bills and that also waive any claim for reimbursement from the estate.  *See* the Supplemental "Lar Dan Declarations" annexed hereto.

12.      Applicant believes that it would be in the best interest of the Estate for KCL to be retained as Special Litigation Counsel to the Debtor for the Appeal.

WHEREFORE, Applicant respectfully requests entry of the attached proposed Order, and for such other and further relief as is just and proper, for which previously application has not been made.

Dated:  New York, New York
            April 17, 2024

BERGER, FISCHOFF, SHUMER,
WEXLER & GOODMAN, LLP
*Attorneys for the Debtor*

_____
Gary C. Fischoff, Esq.
6901 Jericho Turnpike, Suite 230
Syosset, New York 11791

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                                                    Chapter 11

RUDOLPH W. GIULIANI                                      Case No: 23-12055
a/k/a Rudolph William Giuliani,

                                        Debtor.
-------------------------------------------------------X

### DECLARATION OF KENNETH A. CARUSO IN SUPPORT OF THE APPLICATION FOR AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF KENNETH CARUSO LAW LLC AS SPECIAL COUNSEL TO THE DEBTOR EFFECTIVE MARCH 20, 2024

I, Kenneth A. Caruso, hereby declare, pursuant to 28 U.S.C. § 1746, that the following

statements are true and correct, to the best of my knowledge and belief after due inquiry as

described herein:

1.        I am a member of the Bar of this Court and the sole member of Kenneth Caruso

Law LLC ("KCL"), 15 West 72nd Street, New York NY 10023.  In brief: In recent years, I was a

litigation partner at the global law firm White & Case LLP, and later, Special Counsel at the

boutique litigation firm now known as Mukasey Young LLP.  While in private practice, I have

also performed quasi-judicial service, by appointment of several United States District Judges, as

a Special Master, a Receiver in an SEC case, a Special Prosecutor in an attorney discipline

proceeding and a mediator.

2.        Before I entered private practice, I served as an Assistant United States Attorney

for the Southern District of New York and as Deputy Associate Attorney General of the United

States at Department of Justice headquarters in Washington, D.C.  I graduated from Columbia

University School of Law in 1977 and I was admitted to the New York Bar in 1978.  I am a

member of the Bars of the Supreme Court of the United States, the United States Court of

Appeals for the Second Circuit and the United States District Courts for the Southern and Eastern Districts of New York. Over the years, I have also been admitted *pro hac vice* in numerous federal and state courts around the country.

3. I am familiar with the matters set forth in this Declaration, which I make in support of the application (the "Application") of Rudolph W. Giuliani, the Debtor and Debtor-in Possession, to retain KCL as his special counsel in this case. Specifically, the Debtor seeks to retain KCL to represent the Debtor in connection with his appeal from the final judgment of the United States District Court for the District of Columbia, in *Freeman et al. v. Giuliani*, Case No. I:21-cv-03354-BAH, to the United States Court of Appeals for the District of Columbia Circuit (the "Appeal").

## KCL'S QUALIFICATIONS

4. The Debtor seeks to retain KCL because of my expertise, experience and knowledge with respect to the issues that will arise in the Appeal. More specifically:

5. Over the years, I have defended many defamation cases, and I am fully familiar with the common-law and constitutional-law issues that arise in such cases. I am also fully familiar with the law of intentional infliction of emotional distress ("IIED"). In fact, in a different case, I am currently litigating one of the very issues that will arise in the Appeal; namely, the contention that IIED impermissibly "duplicates" a claim for a traditional tort (such as defamation). Finally, I am fully familiar with the common-law and constitutional-law issues of compensatory and punitive damages for intentional torts.

6. I am a seasoned appellate advocate, having appeared as lead counsel in 57 appeals in the U.S. Courts of Appeals for the Second, Third, Fourth, Fifth, Sixth, Ninth and Eleventh Circuits; the New York Court of Appeals; and the Appellate Division, First and Third

2

Departments. I also was selected for, and served on, the Second Circuit's Criminal Justice Act Panel, representing indigent defendants on appeal. I am fully familiar with the Federal Rules of Appellate Procedure.

7.      In my experience, it is not uncommon for a party to change counsel when a case moves from a trial court to an appellate court. Often, at the appellate stage, the party benefits from a new lawyer's fresh perspective on the case, even a case that was very ably tried. I respectfully submit that I will bring that fresh perspective to the Appeal, which, as this Court knows, is critically important to the Debtor's successful reorganization, given the substantial damages awarded in the judgment to be challenged on the Appeal.

## PROFESSIONAL COMPENSATION

8.      KCL intends to apply for compensation for professional services rendered on the basis of a flat fee of $250,000 and reimbursement of actual, necessary expenses incurred in connection with the engagement, subject to the Court's approval in accordance with Section 330(a) of the Bankruptcy Code and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, and any other applicable procedures and orders of the Court. My current, standard hourly rate is $1,400. Therefore, in light of the work to be done on the Appeal, the flat fee of $250,000 is different from, and will likely be lower than, the fee that KCL generally charges in similar representations, regardless of the location of the matter.

9.      I will personally provide all the partner-level/senior-level services on this appeal. I will be assisted by David Labkowski, a member of the Bars of New York and Florida. Mr. Labkowski, the sole shareholder of Labkowski Law, P.A., is not an employee of KCL but he and I regularly work together on our cases. Mr. Joseph Sibley will assist with respect to the facts and

the course of the proceedings in the district court. Mr. Sibley will not duplicate efforts that Mr. Labkowski and I will undertake and perform.

10.     Under all the circumstances of this case, I believe that the fees set forth above will compensate KCL fairly for the professional services to be rendered and will cover actual, necessary expenses.

11.     It is KCL's policy to charge its clients in all areas of practice for identifiable, non-overhead expenses incurred in connection with the client's case that would not have been incurred except for representation of that particular client. It is also KCL's policy to charge its clients only the amounts actually incurred by KCL in connection with such items. With respect to the Appeal, I expect that such expenses will include court filing fees, court reporter fees for transcripts of proceedings in the district court, the fees of an appellate-printing vendor, overnight mail and courier delivery. There may also be expenses for travel to Washington, D.C., in connection with oral argument of the Appeal.

12.     KCL will not charge for standard duplication in its office, for computer-assisted legal research, or for fax transmissions (which KCL does not use).

**DISINTERESTEDNESS AND LACK OF ADVERSE INTERST**

13.     KCL, in connection with its proposed retention by the Debtor in this Chapter 11 case, undertook to determine whether it had any conflicts or other relationships that might cause it not to be disinterested or to hold or represent an interest adverse to the Debtor or his estate. Specifically, KCL obtained from the Debtor's counsel the names of individuals and entities that may be parties in interest in this Chapter 11 case or otherwise have material connections to this case (the "Potential Parties in Interest") and such parties are listed in Schedule A hereto. Schedule A includes all creditors disclosed on Debtor's schedules, and all the Debtor's affiliates

4

disclosed on the Debtor's Schedules. KCL has searched its electronic database of closed/prior matter files for connections to the entities and persons listed in Schedule A and there are no connections to the Potential Parties in Interest with any closed/prior matters. I am responsible for all matters on which KCL currently works. Therefore, I have personal knowledge that KCL currently has no connection to any of the Potential Parties in Interest.

14.     I have known the Debtor since 1977. We have been personal friends and professional colleagues in both government service and private practice. During his Mayoralty, he appointed me to positions of trust and confidence, such as membership on the Board of Directors of the Metropolitan Transportation Authority, the New York City Charter Revision Commission, and the Mayor's Appointments Committee. From 2005 to 2010, he and I were partners in the law firm then known as Bracewell & Giuliani. Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither KCL nor I, insofar as I have been able to ascertain, have any connection with the Debtor's corporate affiliates, the Debtor's creditors, or any other parties in interest, their respective attorneys and accountants, the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), any person employed in the Office of the U.S. Trustee, any Bankruptcy Judge currently serving on the United States Bankruptcy Court for the Southern District of New York, any District Judge currently serving on the United States District Court for the Southern District of New York, or the Clerk and Deputy Clerk of the United States Bankruptcy Court for the Southern District of New York. Please see the annexed Schedule A.

15.     KCL has no other connection with any other party in interest with respect to the Appeal.

5

16.     KCL will disclose in the future if it performs or has performed services for any Potential Parties in Interest in this Chapter 11 case, and KCL will promptly update this Declaration to disclose any developments regarding the Debtor, his creditors, or any other pertinent relationship that comes to KCL's attention that would require disclosure under Fed. R. Bankr. P. 2014.  KCL has not received a retainer, advance or any other property of the Debtor or other person in connection with the Appeal.

17.     To the best of my knowledge, (a) KCL is a "disinterested person" within the meaning of section 101(14) the Bankruptcy Code and does not hold or represent an interest adverse to the Debtor or the Debtor's estate with respect to the Appeal on which KCL is being employed, and (b) KCL has no connection to the Debtor, his creditors, or other parties in interest, except as is disclosed in this Declaration.

18.     To the best of my knowledge, after due inquiry, KCL:

    a.   Is not an equity security holder, or an "insider" of the Debtor;

    b.   Is not and was not, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtor; and

    c.   Does not have an interest materially adverse to the interest of the Debtor's estate, or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the Debtor or an investment banker, or for any other reason.

19.     KCL is not owed any pre-petition fees and is, therefore, not a creditor in this bankruptcy.

20.     KCL has agreed that it will not seek payment of any legal fees or costs, in connection with the Appeal, directly from the Debtor.  It will file any application for an award of

fees and expenses in this case to be payable from the Giuliani Defense fund (or other third-party funding). KCL will not seek payment from the Debtor.

21.     Accordingly, I believe that KCL is "disinterested", as that term is defined in section 101(14) of the Bankruptcy Code, and, pursuant to section 327(e) of the Bankruptcy Code, is not disqualified from being retained as special counsel to the Debtor.

22.     The following is provided in response to the request for additional information set forth in Paragraph D.l. of the Appendix B Guidelines.

Question: Did you agree to any variations from, or alternatives to your standard or customary billing arrangements for this engagement:

Response:  Yes.  My standard and customary billing arrangement is hourly; my current, standard hourly rate is $1,400.  I have agreed here to a flat fee of $250,000, plus expenses, as stated above.

Question: Do any of the professionals included in this engagement vary their rate based on the geographic location of the bankruptcy case:

Response: No.

Question: If you represented the client in the 12 months prepetition, disclose your billing rates and material financial terms for the prepetition engagement, including any adjustments during the 12 months prepetition. If your billing rates and material financial terms have changed post-petition, explain the difference and the reasons for the difference.

Response: Not applicable.

Question: Has your client approved your prospective budget and staffing plan, and, if so, for what budget period?

Response: Yes; for the duration of the proceedings in the United States Court of Appeals for the District of Columbia Circuit. KCL has agreed to the fee arrangement set forth above because I believe that this amount will be lower than a fee that would be generated by hourly rates and because I understand that the legal defense funds have many obligations on behalf of Debtor for a variety of other matters. Nevertheless, KCL will maintain time records in tenths of an hour increments and will submit, with any interim or final fee application, together with the time records, a narrative summary, by project category, of services rendered, and will identify each professional rendering services, the category of services rendered, and the amount of compensation requested.

23.     KCL agrees that it will not share fees other than in compliance with Section 504 of the Bankruptcy Code, except as otherwise disclosed herein.

24.     For avoidance of doubt, I understand the following: By Order dated February 20, 2024, this Court modified the automatic stay solely (a) to allow the Debtor and the plaintiffs in the *Freeman* case to litigate post-trial motions in the district court in that case, and (b) to allow the Debtor to file a Notice of Appeal with respect to the Appeal. The Appeal otherwise remains stayed. Therefore, if this Court grants this Application to retain KCL as the Debtor's special counsel on the Appeal, the Debtor will seek further orders of this Court modifying the stay, as and when necessary and appropriate, to perfect the Appeal.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on April 14, 2024

Kenneth A. Caruso

**CREDITORS**

BRADLEY A. KLOEWER
CAIN & SKARNULIS PLLC
P.O. BOX 1064
SALIDA, COLORADO 81201

BST & CO. CPAS, LLC
250 PARK AVENUE, 7TH FLOOR
NEW YORK, NY 10177

CHASE BANK
P.O. BOX 15298
WILMINTON, DE 19850-5298

CITIBANK/BROOKS BROTHERS
5800 SOUTH CORPORATE PLACE
SIOUX FALLS, SD 57108

CITICARDS/AMERICAN AIRLINES AADVANTAGE
P.O. BOX 6500
SIOUX FALLS, SD 57117

CITIGOLD
ATTN: C.G.S.
100 CITIBANK DRIVE
SAN ANTONIO, TX 78245-9966

DANIEL GILL
C/O LAW OFFICE OF RONALD L. KUBY
119 WEST 23RD STREET, SUITE 900
NEW YORK, NY 10011

DAVIDOFF HUTCHER & CITRON LLP
605 THIRD AVENUE
NEW YORK, NY 10158

DAVIDOFF HUTCHER & CITRON LLP
605 THIRD AVENUE
NEW YORK, NY 10158

DIAMOND PHARMACY
645 KOLTER DRIVE
INDIANA, PA 15701

DISCOVER
P.O. BOX 3008
NEW ALBANY, OH 43054-3008

EMERALD DUNES CLUB
2100 EMERALD DUNES DRIVE
WEST PALM BEACH, FL 33411

ENID NAGLER STUART, ASS'T ATTORNEY GENERAL
COUNSEL FOR NYS DEP'T OF TAXATION
28 LIBERTY STREET, 17TH FLOOR
NEW YORK, NY 10005

ERIC COOMER, PH.D.
C/O CAIN & SKARNULIS, PLLC
PO BOX 1064
SALIDA, CO 81201

GIULIANI PARTNERS LLC
45 EAST 66TH STREET
APARTMENT 10W
NEW YORK, NY 10065

IRS
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA, PA 19101-7346

IRS
CENTRALIZED INSOLVENCY OPERATION
PO BOX 7346
PHILADELPHIA, PA 19101-7346

JP MORGAN CHASE BANK, N.A.
C/O ROBERTSON, ANSCHUTZ, SCHNEID,
CRANE & PARTNERS, PLLC
6409 CONGRESS AVENUE, SUITE 100
BOCA RATON, FL 33487

LAW OFFICES OF AIDALA, BERTUNA & KAMINS
546 FIFTH AVENUE, 6TH FLOOR
NEW YORK, NY 10036

MOMENTUM TELECOM, INC
C/O ABRAMSON BROOKS LLP
1051 PORT WASHINGTON BOULEVARD, #322
PORT WASHINGTON, NY 11050

MORNINGSTAR SENIOR SOLUTIONS
175 W. NORTH STREET
ATTN: FINANCE
NAZARETH, PA 18064

NEW YORK STATE DEPARTMENT OF TAXATION & FINANCE
BANKRUPTCY SECTION
PO BOX 5300
ALBANY, NEW YORK 12205-0300

NOELLE DUNPHY
C/O ABRAMS FENSTERMAN, LLP
1 METROTECH CENTER, SUITE 1701
BROOKLYN, NY 11201

NYC DEPARTMENT OF FINANCE
59 MAIDEN LANE, 28TH FLOOR
NEW YOR, NY 10038-4501

NYS DEPARTMENT OF TAXATION & FINANCE
BANKRUPTCY UNIT-TCD
BLDG 8 ROOM 455
ALBANY, NY 12227

NYS DEPARTMENT OF TAXATION & FINANCE
BANKRUPTCY UNIT-TCD
BLDG 8 ROOM 455
ALBANY, NY 12227

PALM BEACH COUNTY TAX COLLECTOR
ATTN LEGAL SERVICES
P.O. BOX 3715
WEST PALM BEACH, FL 33402

ROBERT HUNTER BIDEN
C/O WINSTON AND STRAWN, LLP
1901 L STREET NW
WASHINGTON, DC 20036

RUBY FREEMAN & WANDREA MOSS
C/O WILKIE FARR & GALLAGHER LLP
1875 K STREET NW
WASHINGTON, DC 20006

SMARTMATIC USA CORP
C/O KISHNER MILLER HIMES P.C.
40 FULTON STREET, 12TH FLOOR
NEW YORK, NY 10038-1850

TABNER, RYAN K KENIRY, LLP
18 CORPORATE WOODS BOULEVARD, SUITE 8
ALBANY, NY 12211

THE SOUTHLAKE CONDOMINIUM ASSOCIATION
NASON YEAGER GERSON HARRIS & FUMERO P.C.
750 PARK OF COMMERCE BOULEVARD
SUITE 210
BOCA RATON, FL 33487

TRUMP INTERNATIONAL GOLF CLUB L.C.
3505 SUMMIT BOULEVARD
WEST PALM BEACH, FL 33406

US DOMINION, INC.
C/O SUSMAN GODFREY LLP
1000 LOUISIANA STREET, SUITE 5100
HOUSTON, TX 77002

U.S. DOMINION INC.
C/O BUCHALTER, A PROFESSOINAL CORPORATION
ATTN: JOEL G. SAMUELS, ESQ.
ANTHONY J. NAPOLITANO, ESQ.
1000 WILSHIRE BLVD., SUITE 1500
LOS ANGELES, CA 90017

## DEBTOR AFFILIATES

GIULIANI PARTNERS, LLC
45 EAST 66TH STREET, APARTMENT 10W
NEW YORK, NEW YORK 10036

GIULIANI GROUP, LLC
45 EAST 66TH STREET, APARTMENT 10W
NEW YORK, NEW YORK 10036

GIULIANI SECURITY & SAFETY, LLC
45 EAST 66TH STREET, APARTMENT 10W
NEW YORK, NEW YORK 10036

GIULIANI & COMPANY, LLC

GIULIANI COMMUNICATIONS, LLC

WORLD CAPITAL PAYROLL CORP.

**UNITED STATES BANKRUPTCY JUDGE SEAN H. LANE**
**CHAMBERS STAFF**
CHRISTINA AZZARO
LIZA EBANKS
SARAH ROSENTHAL
JACQUELINE TRAN

**UNITED STATES BANKRUPTCY COURT JUDGES-**
**SOUTHERN DISTRICT OF NEW YORK**
CHIEF JUDGE MARTIN GLENN
JUDGE LISA G. BECKERMAN
JUDGE PHILIP BENTLEY
JUDGE JAMES L. GARRITY, JR.
JUDGE DAVID S. JONES
JUDGE SEAN H. LANE
JUDGE JOHN P. MASTANDO III
JUDGE CECELIA G. MORRIS
JUDGE MICHAEL E. WILES

**UNITED STATES DISTRICT COURT JUDGES-**
**SOUTHERN DISTRICT OF NEW YORK**
RONNIE ABRAMS
RICHARD M. BERMAN
VINCENT L. BRICCETTI
VERNON S. BRODERICK
NAOMI REICE BUCHWALD
VALERIE E. CAPRONI
ANDREW L. CARTER JR.
KEVIN CASTEL
DENISE L. COTE
JOHN P. CRONAN
PAUL A. CROTTY
GEORGE B. DANIELS
PAUL A. ENGELMAYER
KATHERINE POLK FAILLA
JESSE M. FURMAN
PAUL G. GARDEPHE
CHARLES S. HAIGHT
PHILIP M. HALPERN
ALVIN K. HELLERSTEIN
LEWIS A. KAPLAN
KENNETH M. KARAS
JOHN F. KEENAN
JOHN G. KOELTL
LEWIS J. LIMAN
VICTOR MARRERO

**UNITES STATES DISTRICT COURT JUDGES-**
**SOUTHERN DISTRICT OF NEW YORK (CONTINUED)**
COLLEEN MCMAHON
ALISON J. NATHAN
J. PAUL OETKEN
LORETTA A. PRESKA
JED S. RAKOFF
EDGARDO RAMOS
NELSON S. ROMAN
LORNA G. SCHOFIELD
CATHY SEIBEL
LOUIS L. STANTON
SIDNEY H. STEIN
RICHARD J. SULLIVAN, CIRCUIT JUDGE SITTING BY DESIGNATION
LAURA TAYLOR SWAIN
ANALISA TORRES
MARY KAY VYSKOCIL
KIMBA M. WOOD
GREGORY H. WOODS

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**CLERK OF COURT AND DEPUTY**
VITO GENNA
MIKE PAEK

**MAGISTRATE JUDGES-**
**SOUTHERN DISTRICT OF NEW YORK**
STEWART D. AARON
SARAH L. CAVE
JAMES L. COTT
PAUL E. DAVISON
KEVIN N. FOX
DEBRA FREEMAN
MARTIN R. GOLDGERG
GABRIEL W. GORENSTEIN
ANDREW E. KRAUSE
ROBERT W. LEHRBURGER
JUDITH C. MCCARTHY
BARBARA MOSES
SARAH NETBURN
KATHARINE H. PARKER
ONA T. WANG

**CLERK OF THE COURT**
**DISTRICT COURT SOUTHERN DISTRICT OF NEW YORK**
RUBY J. KRAJICK

**UNITED STATES TRUSTEE'S OFFICE**
**SOUTHERN DISTRICT OF NEW YORK AS OF FEBRUARY 13, 2024**

LINDA A. RIFFKIN
VICTOR ABRIANO
MARK BRUH
AMANDA D. CASSARA
SHARA CORNELL
WILLIAM HARRINGTON
NADKARNI JOSEPH
BRIAN S. MASUMOTO
ERCILIA A. MENDOZA
MARY V. MORONEY
ALABA OGUNLEYE
ILUSION ROGRIGUEZ
DANIEL RUDEWICZ
ANDREA B. SCHWARTZ
PAUL K. SCHWARTZBERG
SHANNON SCOTT
SYLVESTER SHARP
RACHEL E. SIEGEL
TARA TIANTIAN
ANDY VELEZ-RIVERA
MADELEINE VESCOVACCI
VALENTINA VLASOVA
ANNIE WELLS
GREG M. ZIPES

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

In re:                                              Chapter 11

RUDOLPH W. GIULIANI                                 Case No: 23-12055
a/k/a Rudolph William Giuliani

                        Debtor
-------------------------------------------------------X

## DECLARATION OF ANDREW GIULIANI[1]

I, Andrew Giuliani, hereby declare pursuant to 28 U.S.C. § 1746 that the following

statements are true and correct to the best of my knowledge and belief after due inquiry as

detailed herein:

1.      I am the son of Rudolph W. Giuliani and the President of Giuliani Defense fund,

which is an FEC political action committee ("PAC") organized on August 4, 2023, to help defray

legal and other expenses for Rudolph W. Giuliani, and I have full authority to make this

declaration.

2.      As President of Giuliani Defense, my responsibilities include general oversight of

all aspects of the PAC. Mr. Kiger and myself are the only two individuals managing the PAC.

Mr. Kiger is responsible for maintaining the books and records including the issuance of checks.

---

[1] This declaration is premised on the requirements set forth in Lar Dan Enterprises, where an insider third party
seeks to pay counsel fees of the Debtor. There are five required representations necessary for this declaration. They
include: These factors include: (1) the arrangement must be fully disclosed to the debtor/client and the third party
payor/insider; (2) the debtor must expressly consent to the arrangement; (3) the third party payor/insider must retain
independent legal counsel and must understand that the attorney's duty of undivided loyalty is owed exclusively to
the debtor/client; (4) the factual and legal relationship among the third party payor/insider, the debtor, the respective
attorneys, and their contractual arrangement concerning the fees, must be fully disclosed to the Court at the outset of
the debtor's bankruptcy representation; (5) the debtor's attorney/applicant must demonstrate and represent, to the
court's satisfaction, the absence of facts which otherwise create non-disinterestedness, actual conflict, or
impermissible potential for a conflict of interest. *In re Kelton Motors Inc.*, 109 B.R. 641 (Bankr. D. Vt. 1989); *In re
Lar Dan Enterprises, Inc.*, 221 B.R. 93, 95 (Bankr. S.D.N.Y. 1998).

I may, on occasion, receive a check and deposit it into the bank account. Wells Fargo is the sole depository for the entity. I use the title of President, but it is not an official title.

3.       I understand that the Debtor is applying to this Court to retain Kenneth Caruso Law LLC ("KCL") to represent the Debtor in the appeal of *Freeman v. Giuliani, et al.*, currently pending before the United States Court of Appeals for the D.C. Circuit.

4.       I fully understand that KCL's obligation is solely for the representation of the Debtor to the exclusion of any other entity or individual, including Giuliani Defense.

5.       Giuliani Defense will not seek to be reimbursed in the Chapter 11 case nor will it file a claim in the Chapter 11 case for such advances of monies.

6.       Giuliani Defense is not a creditor of the Debtor.  Other than assisting the Debtor with payments of legal fees to KCL and other firms, Giuliani Defense has no relationship with the Debtor.

7.       Giuliani Defense does not intend to bid on any assets of the Debtor and does not intend to provide any financing to the Debtor beyond the payment of legal fees to KCL or any other professionals whose retention on similar terms has been or will be approved, and from time to time may pay costs, such as, but not limited to, travel and lodging, to support the Debtor's political activities. Giuliani Defense also will not seek reimbursement for any of these payments.

8.       Pursuant to 28 U.S.C. § 1746 I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Andrew Giuliani

Executed on April 17, 2024

2