UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

    Plaintiffs,

v.

RUDOLPH W. GIULIANI,

    Defendant.

No. 24-cv-06563-LJL

# PLAINTIFFS' MOTION *IN LIMINE*

Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
rachel.goodman@protectdemocracy.org

Von DuBose (*pro hac vice forthcoming*)
DuBose Miller LLC
75 14th Street NE. Suite 2110
Atlanta, GA 30309
(404) 720-8111
dubose@dubosemiller.com

Michael J. Gottlieb
Meryl C. Governski (admitted *pro hac vice*)
Willkie Farr & Gallagher LLP
1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

Aaron E. Nathan
M. Annie Houghton-Larsen
Willkie Farr & Gallagher LLP
787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

*Attorneys for Plaintiffs*

## **TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................................. i

TABLE OF AUTHORITIES ........................................................................................................... ii

INTRODUCTION ...........................................................................................................................1

BACKGROUND .............................................................................................................................3

ARGUMENT .................................................................................................................................10

    I.      The Court Should Preclude Mr. Giuliani's Third-Party Witnesses From Testifying at Trial. ................................................................................................10

    II.     The Court Should Preclude Mr. Giuliani From Relying on any Documents that He Did Not Produce in Discovery. ..........................................................................13

CONCLUSION ..............................................................................................................................14

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abouelmakarem v. Mssminja Inc.*,
   2023 WL 4561765 (S.D.N.Y. July 7, 2023) ................................................................11, 12, 13

*Design Strategy, Inc. v. Davis*,
   469 F.3d 284 (2d Cir. 2006).........................................................................................................12

*Haas v. Del. & Hudson Ry. Co.*,
   282 F. App'x 84 (2d Cir. 2008) .................................................................................................11

*Magee v. Paul Revere Life Ins. Co.*,
   178 F.R.D. 33 (E.D.N.Y. 1998)..........................................................................................11, 12

*Pal v. N.Y. Univ.*,
   2008 WL 2627614 (S.D.N.Y. June 30, 2008) .........................................................................13

*Patterson v. Balsamico*,
   440 F.3d 104 (2d Cir. 2006)...............................................................................................12, 13

*SEC v. Rayat*,
   2023 WL 1861498 (S.D.N.Y. Feb. 9, 2023)............................................................................14

*Serin v. N. Leasing Sys.*,
   2010 WL 6501661 (S.D.N.Y. Oct. 26, 2010).........................................................................11

*Williams v. Bethel Springvale Nurson Home, Inc.*,
   2018 WL 1662644 (S.D.N.Y. Apr. 5, 2018)............................................................................13

**Rules**

Fed. R. Civ. P. 26(a) ................................................................................................... *passim*

Fed. R. Civ. P. 37(c)(1)............................................................................................11, 13

Pursuant to Rule 5(B)(i) of this Court's Individual Practices in Civil Cases, Federal Rule of Civil Procedure 37, and the Court's Order dated December 20, 2024 (ECF No. 150 ("December 20 Order")), Plaintiffs Ruby Freeman and Wandrea' ArShaye Moss respectfully move *in limine* to exclude Defendant Rudolph W. Giuliani's ("Defendant" or "Mr. Giuliani") late-disclosed third-party witnesses from testifying in support of his claim that he established Florida as a homestead prior to August 8, 2024 ("Homestead Claim") and to preclude Defendant from relying on any documents he did not produce in discovery.[1]

## **INTRODUCTION**

For months Mr. Giuliani has engaged in the type of hide-the-ball gamesmanship that the Federal Rules of Civil Procedure ("Rule" or "Rules"), specifically those regarding initial and pre-trial disclosures, are designed to prevent. Parties in civil litigation must timely disclose all witnesses with relevant information in order to provide the opposing side with time to seek and obtain discovery from them, including in the form of documents and deposition testimony. Mr. Giuliani failed to make such timely disclosures. His initial disclosures—which he served timely on November 3, 2024—indicated that he, *alone*, possessed information about his Homestead Claim. More than one month later, and just over a month before trial, Mr. Giuliani disclosed five new witnesses on December 8, 2024. Since that date, Mr. Giuliani has added witnesses to his disclosures, removed witnesses, and represented to Plaintiffs' counsel that he may, or will, or will not call certain witnesses without amending his disclosures. In response, Plaintiffs worked diligently to serve each of the numerous third-party witnesses with document and deposition subpoenas, and to prepare for, and take, depositions of many of those witnesses in the highly compressed time that Mr. Giuliani's late disclosures permitted. All told, Plaintiffs successfully

---

[1] Where certain filings appear on both the docket for 24-mc-353 and 24-cv-6563, Plaintiffs cite to the versions that appear on the docket for 24-cv-6563.

served subpoenas on and deposed four of Mr. Giuliani's third-party witnesses, all the last week of December.

Document productions have been another story altogether. The Rules also require parties and third parties alike make full and complete productions of relevant, responsive, and non-privileged information in order to afford opposing counsel the opportunity to probe testimony and test credibility. Mr. Giuliani has failed to do so. As this Court found in its January 6, 2025 oral opinion, Mr. Giuliani's non-compliance with discovery and related orders is "clear and convincing" as demonstrated by from his production of only 19 "cherry-picked documents" well after various deadlines and without including "a single communication, a single e-mail, text message or phone record." Decl.² Ex. 12 at 383:25–284:6. Mr. Giuliani's third-party witnesses have failed to make full and complete productions too. Of *all* the third-party witnesses served, *Plaintiffs have received only a single document from a single witness*, even after the Court granted motions to compel production from at least two of them. Meanwhile, Mr. Giuliani has not made any efforts to facilitate the process or to encourage his own witnesses—all of whom are, according to him, on his payroll—to cooperate with Plaintiffs to ensure they receive discovery to which they are entitled. In sum, Plaintiffs have received fewer than *twenty documents* from all of Mr. Giuliani's disclosed trial witnesses, combined. Notwithstanding herculean efforts to avoid the very situation in which they now find themselves, Plaintiffs now must prepare to cross examine multiple third-party witnesses without virtually any documents.

As the Court recently explained, when noncompliance with discovery obligations would deprive a party of a fair opportunity for effective cross examination, district courts have broad

---

² All cites to "Decl." are to the declaration of M. Annie Houghton-Larsen submitted in support of this motion.

2

discretion to "'hold the scales of justice even'" by imposing sanctions authorized by Rule 37. Decl. Ex. 12 at 374:17–20. And with respect to the issues discussed in this Motion, the Court has already exercised this discretion by responding to Mr. Giuliani's late disclosures with the following a clear and unambiguous directive:

> **No witness will be permitted to testify unless that witness has made a full compliance with any interrogatories or documents requests and shall have submitted himself or herself to a noticed deposition by December 31, 2024, absent a showing of good cause**.

ECF No. 150. None of Mr. Giuliani's third-party witnesses are in "full compliance" with Plaintiff's discovery requests. The consequences set forth in the Court's December 20 Order should accordingly follow. The Court should not reward Mr. Giuliani's decision to belatedly disclose his own employees and personal friends as third-party witnesses by allowing them to testify free of the constraints of contemporaneous documents and communications nor should Mr. Giuliani be permitted to rely on, including testify to, information not produced to Plaintiffs during discovery.

## **BACKGROUND**

Plaintiffs incorporate by reference the letters to the Court filed on December 13, 2024, December 19, 2024, and January 2, 2025, which recount much of the relevant factual history. *See* ECF Nos. 124, 146, 180. Plaintiffs herein provide additional developments and highlight facts especially relevant to this Motion.

Pursuant to the Case Management Plan and Scheduling Order the Court entered on October 28, 2024, and Rule 26(a), initial disclosures were due November 4, 2024. ECF No. 53. Both Plaintiffs and Mr. Giuliani listed only one witness in those initial disclosures: the Defendant. Ex. at 1. The Case Management Plan and Scheduling Order required the parties complete depositions by December 31, 2024, and discovery by January 9, 2025.

3

On December 8, 2024, Mr. Giuliani served amended disclosures, adding five new witnesses: Ryan Medrano, Joseph Ricci, Maria Ryan, Michael Ragusa, and Robert Wagner. ECF No. 125-5. He failed to provide an address or location for the last two individuals. *Id*. Counsel for Plaintiffs promptly emailed Mr. Giuliani's attorney regarding the newly disclosed witnesses, explaining that "we are preparing document and deposition subpoenas to each of the newly disclosed witnesses, with the plan to depose each of them between December 20, 2024 and December 31, 2024" but were hoping to discuss alleviating the need for depositions if Mr. Giuliani confirmed that he did not intend to call all of the individuals at trial. ECF No. 125-6, at 10. Despite Plaintiffs' repeated requests for such confirmation in the days following December 8, 2024, Mr. Giuliani's counsel did not provide any further information regarding the late disclosures or confirm whether they would serve as trial witnesses.

On December 13, 2024, Plaintiffs requested a status conference regarding Mr. Giuliani's late-disclosed trial witnesses. ECF No. 124. The same day, the Court entered the following order:

> Defendant shall respond no later than Tuesday, December 17, 2024 at 5 p.m. Defendant shall indicate whether he will arrange for the five additional witnesses to receive subpoenas and to be made available for deposition on or before January 9, 2025, including when and where the witnesses will be made available for in-person depositions. Defendant shall also indicate whether he will arrange for the responsive documents of each of the witnesses to be produced to the Plaintiffs at least one week prior to deposition. The Court takes the request for a conference under advisement, pending receipt of Defendant's letter.

ECF No. 129.

On December 17, 2024—exactly two weeks before the date by which the Court had ordered all depositions to be completed—Defendant filed amended initial disclosures that removed Mr. Robert Wagner from the list and added an entirely new witness, Monsignor Alan Placa. ECF No. 147-1. He still did not identify an address for Mr. Ragusa. *Id*. On the same date, Defendant also

4

filed a letter purportedly responding to the Court's December 13 Order, but which did not indicate whether he would "arrange for the five additional witnesses to receive subpoenas and to be made available for deposition on or before January 9, 2025, including when and where the witnesses will be made available for in-person depositions" or if he would "arrange for the responsive documents of each of the witnesses to be produced to the Plaintiffs at least one week prior to deposition." ECF No. 138. Instead, counsel for Mr. Giuliani stated in the December 17, 2024 letter that he had "been advised" that the third parties would "make themselves available for a deposition" and provided phone numbers for Mr. Medrano and Mr. Ragusa and an address (which was incorrect) for Monsignor Placa. *Id*. On December 19, 2024, Plaintiffs filed another letter with the Court confirming that Plaintiffs would be diligently pursuing document productions and depositions from the late-disclosed third-party witnesses notwithstanding the Defendant's inexcusable delay. ECF No. 141.

On December 20, 2024, the Court entered the December 20 Order that *inter alia* required the Parties, including Plaintiffs, Defendant, and Intervenor Andrew Giuliani ("Intervenor"), to file "their proposed witnesses, the topics of their testimony, and a request for an amount of time for their direct examination" no later than December 23, 2024 5 p.m. ECF No. 150 at 2. The December 20 Order further provided that:

> No witness will be permitted to testify unless that witness has made a full compliance with any interrogatories or documents requests and shall have submitted himself or herself to a noticed deposition by December 31, 2024, absent a showing of good cause.

*Id.*

Immediately after the December 20 Order, Plaintiffs' counsel emailed counsel for Mr. Giuliani, suggesting that given "the time constraints and the holidays, we believe the only way to ensure that all four of the late-disclosed witnesses (Dr. Ryan, Mr. Medrano, Monsignor Placa, Mr.

5

Ragusa) who Mr. Giuliani intends to call during trial receive document and deposition subpoenas in advance of December 31, 2024 is for us to work collaboratively on serving and scheduling the depositions." Decl. ¶ 3, Ex. 1. The same email explained that Plaintiffs had already noticed and served a subpoena on Dr. Ryan for a deposition on December 30, and explained that to date she had only produced a single document in response to an earlier served subpoena. *Id*. As far as the other three witnesses, Plaintiffs' counsel provided various dates and locations for their depositions, asking for assistance in serving and scheduling. *Id*. Plaintiffs explained that absence assistance, "Mr. Giuliani will knowingly be taking the risk of preclusion if we are unable to properly serve any of the individuals above." *Id*. Plaintiffs received no response, and no assistance, and engaged in their own considerable efforts to personally serve Mr. Medrano, Monsignor Placa, and Mr. Ragusa.

On December 23, 2024, and in the midst of Plaintiffs' efforts to schedule depositions of the third-party witnesses, Defendant disclosed the following *six* individuals as trial witnesses: Rudolph W. Giuliani, Theodore Goodman, Ryan Medrano, Monsignor Alan Placa, Michael Ragusa, and Maria Ryan (together, the "Third-Party Trial Witnesses", and with Giuliani, "Defendant's Proposed Trial Witnesses"). ECF No. 157. Plaintiffs spent the week of the holidays attempting to complete service on all of the Third-Party Trial Witnesses, and kept counsel for Mr. Giuliani apprised of efforts, including him on emails regarding the same. Decl. Ex. 8; Ex. 10; Ex. 4; Ex. 6; Ex. 3. On December 29, 2024, Mr. Giuliani represented to counsel for Plaintiffs that he does not intend to call Mr. Ragusa or Mr. Medrano, ECF No. 182-3, but he still has not filed an amended trial witness list.

In all, the Third-Party Trial Witnesses have produced a *single* document. Decl. ¶ 11. Plaintiffs below summarize the specific discovery status of each of Defendant's Proposed Trial Witnesses:

**Rudolph Giuliani**: After a two-day hearing on various motions to compel, the Court on January 6, 2025, the Court held Mr. Giuliani in contempt of Court based on finding that the evidence of his non-compliance with Plaintiffs' discovery requests and related court orders was "clear and convincing." Decl. Ex. 12 at 383:25-384:6. The Court explained: "He did not produce any documents as required by November 26. Plaintiff produced only 17[sic] cherry-picked documents on December 8. He has not produced a single communication, a single e-mail, text message or phone record in response to plaintiffs' 24 requests for production, not one of which he timely objected to." *Id*. The Court found that evidence indicates that Mr. Giuliani possessed responsive documents but did not produce them, and "did not act with reasonable diligence and energy in attempting to comply" including by failing to "search his e-mails," "provide them to a vendor to search," or "ask any of his colleagues who had access to his e-mails and who could have helped him search to do so." *Id*. at 384:7–10; 385:4–7. The Court explained that there "simply is no world and it's implausible that the 19 documents produced by defendant are the full universe of responsive documents." *Id*. at 385:23–25. Mr. Giuliani sat for a deposition on December 27, 2024 in West Palm Beach Florida. Mr. Giuliani's deposition remains open, in part, because he refused to answer questions about his email addresses without any basis in privilege. ECF Nos. 182 ¶ 4; 182-2, at 26:06–28:08.

**Alan Placa**: Monsignor Placa sat for a deposition on December 26, 2024 in West Palm Beach Florida. Monsignor Placa's testimony indicated that he possessed information and documents responsive to Plaintiffs' document requests. *See* ECF Nos. 180, at 2; 182-1, at 17:23–

7

18:9; 34:6–13; 42:6–9; 63:15–65:10. As of this filing, Monsignor Placa has not responded to, objected to, or produced any documents responsive to Plaintiffs' discovery requests, despite being personally served with a subpoena. Decl. ¶ 4, Ex. 2; *see also* ECF No. 180, at 2.

**Maria Ryan:** Plaintiffs personally served Dr. Ryan with a Rule 45 subpoena for documents on November 18, 2024, with a return date for December 2, 2024. ECF Nos. 116-2, 116-6. On December 6, 2024, Plaintiffs moved to compel Dr. Ryan after she not lodged responses or objections, produced documents, or filed seeking any extension of their deadline to respond. ECF No. 115. On December 14, 2024, the Court granted Plaintiffs' motion, directing that Dr. Ryan had "until Wednesday, December 18, 2024 at 5 p.m. to produce all responsive documents in [her] possession, custody or control, or show cause why they should not be held in contempt for violation of the Court's order." ECF Nos. 135; 180, at 2–3. As of this filing, Dr. Ryan has produced only a single document, which is demonstrably deficient, as evident from additional emails in Plaintiffs' possession—including the two introduced as Exhibits 13 and 14 during the January 6, 2025 hearing (Decl. Ex. 12 at 311:14–312:21, 314:08–21)—that Dr. Ryan received but did not produce. ECF Nos. 180, at 2–3; 182 ¶ 6; Decl. ¶ 6.

On December 11, 2024, Plaintiffs served Dr. Ryan with a deposition subpoena for an in-person deposition on December 30, 2024 in New York. ECF No. 123. After a request from counsel for Dr. Ryan to reschedule her deposition the evening before it was scheduled to occur, Plaintiffs agreed to depose Dr. Ryan on December 31, 2024 by Zoom. Decl. Ex. 5. Dr. Ryan's deposition remains open because she testified extensively about documents that were in her possession and responsive to Plaintiffs' discovery requests, but that she did not ever produce. *See* ECF Nos. 180, at 2; 182-4, at 166:07–13; 167:10–168:19; 262:02–263:07; 270:09–271:05.

8

**Theodore Goodman:**  Plaintiffs personally served Mr. Goodman with a Rule 45 subpoena for documents on November 18, 2024, with a return date for December 2, 2024. ECF Nos. 116-4, 116-7. On December 6, 2024, Plaintiffs moved to compel Mr. Goodman after he had not lodged responses or objections, produced documents, or filed seeking any extension of their deadline to respond. ECF No. 115. On December 14, 2024, the Court granted Plaintiffs' motion, directing that Mr. Goodman had "until Wednesday, December 18, 2024 at 5 p.m. to produce all responsive documents in [his] possession, custody or control, or show cause why they should not be held in contempt for violation of the Courts order." ECF Nos. 135; 180, at 2. As of this filing, Mr. Goodman has not responded to, objected to, or produced any documents responsive to Plaintiffs' discovery requests, or submitted any filing with the Court articulating why he has failed to do so. Decl. ¶ 7.

On December 11, 2024, Plaintiffs served Mr. Goodman with a deposition subpoena for an in-person deposition on December 30, 2024 in New York. ECF No. 123. After a request from Mr. Goodman to reschedule his deposition on the morning it was scheduled to occur, Plaintiffs agreed to depose Mr. Goodman on December 31, 2024 by Zoom. ECF No. 180, at 2; Decl. Ex. 6, Ex. 7. During his deposition, Mr. Goodman was unable to articulate any efforts he made to search for responsive documents despite his own testimony that he possessed documents responsive to Plaintiffs' discovery requests. ECF No. 182-5, at 42:13–48:4; 54:24–55:06; 56:05–07; 83:02–13; 90:16–91:20; 155:23–157:14; 160:22–161:20.

**Ryan Medrano:** Mr. Medrano was properly served a deposition and document subpoena. ECF Nos. 110, 111, 161, 162. Mr. Medrano sat for a deposition on December 31, 2024 by Zoom. That deposition remains open because he testified extensively about responsive documents in his possession but that he did not produce. ECF Nos. 180, at 2; 182-6, at 33:03–20; 72:09–15; 84:11–

9

21; 103:09–104:02; 116:15–24; 228:24–229:20; 294:16–22. During his deposition, Mr. Medrano testified that he had not searched for or produced any documents, but he indicated he would search and produce all responsive documents by January 6, 2025. ECF Nos. 180, at 2–3; 182-6, at 291:14–19. As of this filing, Mr. Medrano has not responded to, objected to, or produced any documents responsive to Plaintiffs discovery requests. Decl. ¶ 8. Plaintiffs understand from Defendant's counsel that Defendant will not seek to call Mr. Medrano at trial. *See* ECF Nos. 180, at 2, 182-3.

**Michael Ragusa:** Plaintiffs were unable to serve Mr. Ragusa with document and deposition subpoenas despite diligent efforts, including repeated attempts at his home address, correspondence with Mr. Ragusa by email and phone, and attempts to serve Mr. Ragusa via email personally and via Defendant's counsel, though neither would accept service. ECF Nos. 180, at 2; Decl. ¶ 9, Ex. 9. Plaintiffs ceased service attempts based on Defendant's counsel's representation that he would not call Mr. Ragusa at trial. *See* ECF Nos. 180, at 2, 182-3. Having noticed Mr. Ragusa for a deposition on December 27, 2024 and having communicated with Mr. Ragusa over email and phone, counsel for Plaintiffs appeared in-person at the noticed date and time, but Mr. Ragusa did not appear. Decl. Ex. 10.

## ARGUMENT

I. **THE COURT SHOULD PRECLUDE MR. GIULIANI'S THIRD-PARTY WITNESSES FROM TESTIFYING AT TRIAL.**

Plaintiffs respectfully request the Court exclude the testimony of Mr. Giuliani's Third-Party Witnesses pursuant to the Court's December 20 Order advising all parties that no "witness will be permitted to testify unless that witness has made a full compliance with any interrogatories or documents requests and shall have submitted himself or herself to a noticed deposition by December 31, 2024, absent a showing of good cause." ECF No. 150. Those consequences follow as a matter of course from the Court's December 20, 2025 order, and are amply justified by the

Court's authority under Rule 37. Fed. R. Civ. P. 37(c)(l) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see, e.g.*, *Haas v. Del. & Hudson Ry. Co.,* 282 F. App'x 84, 85–86 (2d Cir. 2008) (affirming exclusion of late-disclosed third-party witness); *Serin v. N. Leasing Sys.,* 2010 WL 6501661, at *2 (S.D.N.Y. Oct. 26, 2010) (precluding trial testimony of late-disclosed witnesses); *Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33, 38 (E.D.N.Y. 1998) (precluding portions of trial testimony of third-party witness where plaintiff failed to produce evidence relevant to third-party's testimony). None of the Third-Party Trial Witnesses have fully (or, really, remotely) complied with Plaintiffs' discovery requests—all but one of them have not even produced a single document and one has not sat for a deposition—notwithstanding Plaintiffs' efforts to secure discovery in the month since their belated disclosure.

When determining whether to exclude a witness, courts consider "'(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of continuance.'" *Abouelmakarem v. Mssminja Inc.*, 2023 WL 4561765, at *2 (S.D.N.Y. July 7, 2023) (quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006)). Neither Mr. Giuliani nor the Third-Party Witness can provide any "good cause" or other legal reason for why the Third-Party Witnesses should be permitted to testify in light of their lack of full disclosure.

Mr. Giuliani has not and cannot provide any justification for his late disclosure of the Third-Party Witnesses or his failure to comply with the requirements of Rule 26(a)(1), including failing to: disclose any of the witnesses prior to December 7, 2024; provide address information for each

11

of them; facilitate service of the subpoenas and scheduling of the depositions; timely update initial disclosures or the trial witness list; or encourage any of the Third-Party Witnesses (who all are on Mr. Giuliani's payroll, *see* Jan. 6 Tr. 303:8-18; 318:10-322:13; H-PTX 175 (Giuliani Depo. Tr.) 50:10-24, 51:5-21) to make full and complete document productions. *See Abouelmakarem*, 2023 WL 4561765 (noting that a party's failure to "provide the[] names and last known addresses" of late-disclosed witnesses weighed in favor of witness preclusion). None of the third parties have attempted to provide any "good cause" for why they have failed to produce documents, nor have they explained *any* efforts they have made in order to comply. *See supra* at 7–10; *see Magee*, 178 F.R.D. at 38 (precluding testimony of third-party due to plaintiffs' failure to comply with discovery orders).

Nor will Mr. Giuliani be able to explain why the testimony of the Third-Party Witnesses are important for purposes of assessing *his* subjective intentions and conduct. *Patterson*, 440 F.3d at 117 ("never explained to the district court why these witnesses allegedly [have] important testimony"). Mr. Giuliani apparently did not think their testimony was of sufficient importance to ever disclose any of the witnesses until a month after initial disclosures were due, and even after that to drop and replace witnesses as if they were fungible. ECF No. 125-5; 157.

Further, Plaintiffs would be severely prejudiced if Mr. Giuliani's Third-Party Witnesses are permitted to testify without having provided any documents—save one document produced by Dr. Ryan—in defiance of properly served subpoenas (and, in the case Dr. Ryan, Mr. Goodman, and Mr. Medrano in defiance of a court order compelling compliance). *See Williams v. Bethel Springvale Nurson Home, Inc.*, 2018 WL 1662644, at *5 (S.D.N.Y. Apr. 5, 2018) (finding prejudice where "untimely disclosures" of third parties prevent the "opportunity to take discovery of the named" witnesses); *Pal v. N.Y. Univ.*, 2008 WL 2627614, at *5 (S.D.N.Y. June 30, 2008)

12

(finding prejudice where party was unable to obtain records from late disclosed witness). And, as to Mr. Ragusa, Plaintiffs would additionally be prejudiced as they were unable to depose him. *Abouelmakarem*, 2023 WL 4561765, at *3 ("Plaintiff has been severely prejudiced" based on being "prevented from taking their depositions.").

There is no "possibility of continuance" of the January 16 trial. *Patterson*, 440 F.3d at 117. The January 16 trial date has been set since October 17, 2024, and as the Court observed as recently as the January 6, 2025 hearing, the trial date must hold—notwithstanding efforts by Mr. Giuliani to, in the words of the Court, "run the clock." ECF Nos. 47, 107-5 at 19:23 –22:18, 150; Decl. Ex. 12 at 377:19-23. To grant such a continuance at this late date—less than ten days before trial—would reward Mr. Giuliani for his late disclosures and prejudice Plaintiffs.

## II.   THE COURT SHOULD PRECLUDE MR. GIULIANI FROM RELYING ON ANY DOCUMENTS THAT HE DID NOT PRODUCE IN DISCOVERY.[3]

The Court should preclude Mr. Giuliani from relying on any documents that he failed to produce to Plaintiffs, including by testifying to their contents. *See* Rule 37(c)(1) ("If a party fails to provide information . . . the party is not allowed to use that information . . . at trial"); *SEC v. Rayat*, 2023 WL 1861498, at *6 (S.D.N.Y. Feb. 9, 2023) (explaining that courts must protect the "party, the factfinder, and the judicial process from selectively disclosed and potentially misleading evidence") (internal quotations omitted); *see also* Decl. Ex. 12 at 374:17-20 ("The Court has a high degree of flexibility in crafting sanctions that are just, and may use as many as

---

[3] Plaintiffs understand the December 20 Order to have applied not only to Mr. Giuliani's third-party witnesses, but also to Mr. Giuliani as well. And Plaintiffs agree that it is within the Court's discretion to exclude Mr. Giuliani's own testimony based on his adjudicated failure to make full compliance with discovery requests and court orders to comply. Plaintiffs are not, however, seeking to preclude Mr. Giuliani from testifying at trial, although Plaintiffs reserve the right to seek further relief as may be appropriate depending on the additional sanctions that the Court enters in this case.

necessary to 'hold the scales of justice even.'" (citation omitted)). Allowing Mr. Giuliani to rely "unproduced and undisclosed discovery" that the Court already has determined "would have been relevant to the questions of Mr. Giuliani's homestead" would reward Mr. Giuliani's non-compliance and prejudice Plaintiffs. Decl. Ex. 12 at 381:12–17.

## **CONCLUSION**

For these reasons, Plaintiffs respectfully request that the Court enter an order precluding Defendant's Proposed Trial Witnesses from testifying at trial, and precluding Defendant from introducing any documents not produced by him during discovery or offering affirmative testimony relating to such documents.

                                                  Respectfully submitted,

Dated: January 7, 2025                                       s/ Aaron E. Nathan
       New York, New York

| | |
|---|---|
| Rachel Goodman | Michael J. Gottlieb |
| United to Protect Democracy | Meryl C. Governski (admitted *pro hac vice*) |
| 82 Nassau Street, #601 | Willkie Farr & Gallagher LLP |
| New York, NY 10038 | 1875 K Street NW |
| (202) 579-4582 | Washington, DC 20006 |
| rachel.goodman@protectdemocracy.org | (202) 303-1000 |
| | mgottlieb@willkie.com |
| Von DuBose (*pro hac vice forthcoming*) | mgovernski@willkie.com |
| DuBose Miller LLC | |
| 75 14th Street NE. Suite 2110 | Aaron E. Nathan |
| Atlanta, GA 30309 | M. Annie Houghton-Larsen |
| (404) 720-8111 | Willkie Farr & Gallagher LLP |
| dubose@dubosemiller.com | 787 Seventh Avenue |
| | New York, NY 10019 |
| | (212) 728-8000 |
| | anathan@willkie.com |
| | mhoughton-larsen@willkie.com |

*Attorneys for Plaintiffs*