UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

                Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                Defendant.

No. 24-cv-6563-LJL

**DECLARATION OF M. ANNIE HOUGHTON-LARSEN IN SUPPORT OF PLAINTIFFS' MOTION IN LIMINE**

I, M. Annie Houghton-Larsen, hereby declare as follows pursuant to 28 U.S.C. § 1746:

1. I am counsel to Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") in the above-captioned actions.

2. I submit this declaration in support of Plaintiffs' Motion *in Limine* to Preclude Trial Testimony of Proposed Trial Witnesses and Defendant's Reliance on Documents not Produce.

3. Immediately following the Court's December 20 Order, counsel for Plaintiffs emailed counsel for Defendant to coordinate the service of document and deposition subpoenas, and scheduling of the depositions themselves, for Mr. Giuliani's late disclosed witnesses. Attached as **Exhibit 1** is a true and correct copy of that December 20, 2024 to December 23, 2024 email chain. Counsel for Plaintiffs never received a response to these email.

4. On December 24, 2024, Plaintiffs personally served Monsignor Placa in Palm Beach Gardens, Florida. A true and correct copy of the affidavit of service of Monsignor Placa's document and deposition subpoena is attached as **Exhibit 2**. Counsel for Plaintiffs kept counsel for Defendant appraised of Monsignor Placa's noticed deposition time and location. Email correspondence reflecting this appraisal from December 20, 2024 to December 24, 2024 is

attached as **Exhibit 3**. Monsignor Placa sat for a deposition in West Palm Beach, Florida on December 26, 2024. As of this filing, Monsignor Placa has not responded to, objected to, or produced any documents responsive to the subpoena personally served on him on December 24, 2024.

5.  Mr. Giuliani sat for a deposition in West Palm Beach Florida on December 27, 2024. As of this filing, Mr. Giuliani has not produced any additional documents to Plaintiffs since his first "production" or December 8, 2024.

6.  Plaintiffs personally served Dr. Ryan with a document subpoena on November 18, 2024 and with a deposition subpoena via alternative service on December 11, 2024. *See* ECF Nos.116-6, 123. On December 31, 2024, counsel for Plaintiffs deposed Maria Ryan by Zoom. Prior to her deposition, counsel for Plaintiffs kept counsel for Defendant appraised of their efforts to obtain documents from and schedule a deposition for Dr. Ryan. A true and correct copy of this email correspondence from December 29, 2024 is attached as **Exhibit 4**. On December 29, 2024, the day before her originally noticed deposition, counsel for Dr. Ryan reached out to counsel for Plaintiffs for the first time requesting postponement of Dr. Ryan's deposition to December 31, 2024, to which counsel for Plaintiffs consented. A true and correct copy of the December 29, 2024 email correspondence with counsel for Dr. Ryan is attached as **Exhibit 5**. As of this filing, Dr. Ryan has only produced a single document in response Plaintiffs' document subpoena despite the Court's December 14, 2024 order (ECF No. 135[1]).

7.  Plaintiffs personally served Mr. Goodman with a document subpoena on November 18, 2024 and with a deposition subpoena via alternative service on December 11, 2024. *See* ECF Nos. 116-7, 123. On December 31, 2024, counsel for Plaintiffs deposed Theodore Goodman by

---

[1] Unless otherwise noted, all docket references herein refer to No. 24-cv-6563 (LJL).

2

Zoom. Prior to his deposition, counsel for Plaintiffs kept counsel for Defendant appraised of their efforts to obtain documents from and schedule a deposition for Mr. Goodman. A true and correct copy of such email correspondence is attached hereto at **Exhibit 6**. On December 30, 2024, just a few hours before Mr. Goodman's originally noticed deposition, counsel for Mr. Goodman reached out to counsel for Plaintiffs requesting a rescheduling of Mr. Goodman's deposition to December 31, 2024, to which counsel for Plaintiffs consented. A true and correct copy of such email correspondence is attached as **Exhibit 7**. As of this filing, Mr. Goodman has not responded to, objected to, or produced any documents responsive to Plaintiffs' discovery requests, despite the Court's December 14, 2024 order (ECF No. 135).

8. Plaintiffs served Mr. Medrano via alternative service with a document subpoena on December 4, 2024 and with a deposition subpoena on December 20, 2024. *See* ECF Nos. 110, 111, 161, 162. On December 31, 2024, counsel for Plaintiffs deposed Ryan Medrano by Zoom. Prior to his deposition, counsel for Plaintiffs kept counsel for Defendant appraised of their efforts to obtain documents from and schedule a deposition for Mr. Medrano. A true and correct copy of this email chain correspondence with last email in time dated as December 28, 2024 is attached as **Exhibit 8**. As of this filing, Mr. Medrano has not has not responded to, objected to, or produced any documents responsive to Plaintiffs' discovery requests.

9. Plaintiffs attempted to serve Mr. Ragusa repeatedly at his home address. Plaintiffs also corresponded with Mr. Ragusa by email and phone and attempted to serve Mr. Ragusa via email personally and via Mr. Giuliani's counsel, but neither would accept service. Attached as **Exhibit 9** is a true and correct copy of the affidavit for a personal service attempt on Mr. Ragusa. Counsel for Plaintiffs kept counsel for Defendant appraised of their efforts to obtain documents from and schedule a deposition for Mr. Ragusa. Plaintiffs were prepared to depose Mr. Ragusa as

3

noticed on December 27, 2024 in New York and had a videographer and court reporter on site, but Mr. Ragusa did not appear for his deposition. A true and correct copy of a December 27, 2024 email from counsel for Plaintiffs to counsel for Defendant noting Mr. Ragusa's failure to appear is attached as **Exhibit 10**. As of this filing, Mr. Ragusa has not responded to, objected to, or produced any documents responsive to Plaintiffs' discovery requests.

10. In contrast to the last minute requests for changes of time, date, and venue for the various depositions of the Third-Party Witnesses—and their lack of document productions—counsel for Plaintiffs began diligent efforts as early as early December 8, 2024, when Mr. Giuliani amended his initial disclosures, to serve document and deposition subpoenas and to schedule the corresponding depositions for the Third Party Witnesses. A true and correct copy of email correspondence between counsel for Plaintiffs and counsel for Defendant demonstrating these efforts from December 8, 2024 to December 12, 2024 is attached as **Exhibit 11.**

11. As of this filing, Plaintiffs have received only a single document from Dr. Ryan, Mr. Goodman, Mr. Medrano, Monsignor Placa, and Mr. Ragusa: a single email produced by Dr. Ryan.

12. On January 6, 2025, the Court held a hearing on Plaintiffs' pending motions for contempt and sanctions against Mr. Giuliani in both the Homestead Action and the Turnover Action. A true and correct copy of the transcript from the January 6, 2025 Hearing is attached as **Exhibit 12**. During the January 6, 2025 Hearing, the Court held Mr. Giuliani in contempt for his discovery violations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 7, 2025.               s/ Annie Houghton-Larsen
                                           M. Annie Houghton-Larsen
                                           Willkie Farr & Gallagher LLP

787 Seventh Avenue
New York, New York 10019
Tel: (212) 728-8000
mhoughton-larsen@willkie.com