UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
Ruby Freeman and Wandrea' Moss

Case No. 24-cv-6563 (LJL)

Plaintiffs,

- against –

Rudolph W. Giuliani

Defendant.
---------------------------------------------------------X

**DEFENDANT RUDOLPH W. GIULIANI'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**

Joseph M. Cammarata, Esq.
Cammarata & DeMeyer P.C.
Attorneys for Defendant
456 Arlene Street,
Staten Island, New York 10314
718-477-0020

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ........................................ iii

I. INTRODUCTION / PROCEDURAL HISTORY ........................................ 1

II. DEFENDANT HAS A VALID HOMESTEAD UNDER THE FLORIDA CONSTITUTION WHICH MAY NOT BE REVERSED BY THIS COURT ........................................ 2

FINDINGS OF FACTS ........................................ 10

III. THE FACTS ARE THAT DEFENDANT ESTABLISHED HIS HOMESTEAD IN FLORIDA BEFORE AUGUST 8, 2024, THE DATE ON WHICH PLAINTIFFS FILED A JUDGMENT IN THE OFFICE OF THE PALM BEACH COUNTY, FLORIDA CLERK'S OFFICE ........................................ 10

CONCLUSION ........................................ 12

# TABLE OF AUTHORITIES


Cases — Page(s)

Barbosa v. City of New York,
2018 U.S. Dist. LEXIS 165540, 2018 WL 4625620 (S.D.N.Y. Sept. 26, 2018)…………8

Butterworth v Caggiano,
605 So 2d 56, 57-58 [Fla 1992]…………………………………………………….…..8

Cont'l Cas. Co. v. Coastal Sav. Bank,
977 F.2d 734, 737 (2d Cir. 1992)…...…………………………………………………..4, 5

DeRuyter v. State,
521 So. 2d 135 (Fla. 5th DCA 1988)…...………………………………………………2

Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.,
411 F.3d 384, 389 (2d Cir. 2005)……………………………………………………4, 5

Frase v. Branch,
362 So. 2d 317, 319 (Fla. 2d DCA 1978)………………………………………………7

Fuller v Carollo,
2024 US Dist LEXIS 148950 [SD Fla May 28, 2024]…………………………………6

Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc.,
697 F.3d 59 (2d Cir. 2012) ……………………………………………………………..5

Grant v. Credithrift of Am., Inc.,
402 So. 2d 486, 488 (Fla. 1st DCA 1981) …………………………………………..6

H&R Convention & Catering Corp. v Somerstein,
2013 US Dist LEXIS 65794, [EDNY May 8, 2013, No. 12-CV-1425]..…………………5

In re Englander,
95 F.3d 1028, 1031 (11th Cir. 1996)………………………………………………...7

In re Joint E. & S. Asbestos Litig.,
14 F.3d 726 (2nd Cir. 1993) ………………………………………………………3, 4, 8

In re Lloyd,
394 B.R. 605 (Bankr. S.D. Fla. 2008) ………………………………................9

In re Mangieri,
2021 Bankr. LEXIS 1169, 2021 WL 1747422, at 3 (Bankr. M.D. Fla. May 3, 2021)…...6

In re Martinez,
595 B.R. 912 (Bankr. S.D. Fla. 2019) ……………………………………………....6, 7, 9

In re Orion Pictures Corp.,
4 F.3d 1095, 1100 (2d Cir. 1993) ……………………………………………………4

Lanier v. Lanier,
116 So. 867, 868 (1928) ……………………………………………………………..9

Merco Prop., Inc. v. Guggenheimer,
395 F. Supp. 1322, 1326 (S.D.N.Y. 1975) …………………………………………8, 9

Muzumala v Mayorkas,
2022 US Dist LEXIS 131093 (S.D.N.Y. 2022, No. 22-CV-3789 (JGK))……………..8, 9

Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp,
108 F.3d 17, 21 (2d Cir. 1997) ………………………………………………………4

Osborne v. Dumoulin,
55 So. 3d 577, 583 (Fla. 2011) ………………………………………………………6

PAR Tech. Corp. v Travelers Prop. Cas. Co. of Am.,
2024 US Dist LEXIS 94961 (N.D.N.Y. May 29, 2024)…………………………………..4

Revitalizing Auto Cmtys. Env't. Response Tr. v. Nat'l Grid USA,
10 F.4th 87, 106 (2d Cir. 2021) ……………………………………………………..4

Reyes v Wells Fargo Bank, N.A. (In re Reyes),
627 BR 569 (Bankr SDNY 2021)………………………………………………………4

Stone v. Williams,
970 F.2d 1043, 1048 (2d Cir. 1992)……………………………………………………4

Wilton v. Seven Falls Co.,
515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995) …………………………..5

Zyburo v Cont. Cas. Co.,
60 F Supp 3d 531, 532 (S.D.N.Y. 2014) ……………………………………………3

Statutes Page(s)

28 U.S.C. §2201…………………………………………………………………...1, 3

Florida Statutes §222.01…………………………………………………………6

Florida Statutes §222.02……………………………………………………………..6

Florida Constitution Article X, §4…………………………………………………...7

Pursuant to the Order of this Court, Defendant Rudolph W. Giuliani ("Defendant"), by and through his undersigned counsel hereby submits his Proposed Findings of Fact and Conclusions of Law:

## I. Introduction / Procedural History

Plaintiffs instituted this action against Defendant pursuant to 28 U.S.C. §2201. The Complaint in this action filed as DE-1 (the "Complaint") states that the relief sought by Plaintiffs is "Cause of Action (28 U.S.C. §2201)" as set forth between paragraphs 59 and 60 of the Complaint. There is no cause of action permitted under 28 U.S.C. §2201, as seeking a declaratory judgment is not a cause of action but rather a remedy.

28 U.S.C. §2201 is entitled "Creation of remedy" and states that:

> **(a)** In a case of actual controversy within its jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 [26 USCS § 7428], a proceeding under section 505 or 1146 of title 11 [11 USCS § 505 or 1146], or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(9) of the Tariff Act of 1930 [19 USCS § 1516a(f)(9)]), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
>
> **(b)** For limitations on actions brought with respect to drug patents see section 505 or 512 of the Federal Food, Drug, and Cosmetic Act [21 USCS §§ 355 or 360b], or section 351 of the Public Health Service Act [42 USCS § 262].

The only relief sought by Plaintiffs in the Complaint is pursuant to 28 U.S.C. §2201, which is also known as the Declaratory Judgment Act.

**II. <u>Defendant has a valid homestead under the Florida Constitution which may not be reversed by this Court.</u>**

Even where an individual was convicted under Florida's Racketeering Influenced and Corrupt Organizations Act, the Florida Supreme Court stated that such individual's homestead and homestead exemptions cannot be taken away from him. In *Butterworth v Caggiano*, 605 So 2d 56, 57-58 [Fla 1992], the Florida Supreme Court stated that "Caggiano was convicted in 1986 of one count of racketeering in violation of the Florida Racketeer Influenced and Corrupt Organization Act (Florida RICO Act), chapter 895, Florida Statutes (1983 & Supp. 1984), and fifteen counts of bookmaking in violation of chapter 849, Florida Statutes (1983 & Supp. 1984). Three of the bookmaking incidents occurred at Caggiano's personal residence. The State later sought forfeiture of the residence in separate civil proceedings under the Florida RICO Act on the grounds that the property was "used" in the course of racketeering activity in violation of section 895.05(2)(a), Florida Statutes (1989). The trial court, relying on *DeRuyter v. State,* 521 So. 2d 135 (Fla. 5th DCA 1988), found that the homestead exemption in article X, section 4 of the Florida Constitution did not protect Caggiano's residence against RICO forfeiture, and entered final summary judgment for the State. Caggiano appealed to the Second District Court of Appeal, which reversed the trial court's entry of summary judgment and held that homestead property is not subject to forfeiture under the Florida RICO Act. The Second District noted conflict with *DeRuyter* and certified the question to this Court. The State seeks review of the Second District's decision".

The Florida Supreme Court stated in *Butterworth*, *supra*, that "Consequently, in light of the historical prejudice against forfeiture, the constitutional sanctity of the home, and the rules of construction requiring a liberal, nontechnical interpretation of the homestead exemption and a

strict construction of the exceptions to that exemption, we hold that article X, section 4 of the Florida Constitution prohibits civil or criminal forfeiture of homestead property."

Plaintiffs seek to reverse the homestead protections granted to Defendant by the State of Florida under the Florida Constitution. Florida law applies in this case. Plaintiffs have not presented a valid cause of action to this Court under Florida law. "If the plaintiff does not present a valid cause of action, as determined by state law, then the court has no authority to issue a declaratory judgment remedy. *Zyburo v Cont. Cas. Co.*, 60 F Supp 3d 531, 532 (S.D.N.Y. 2014)". Here, the Plaintiffs have not presented, nor alleged, any valid cause of action under Florida law, and therefore, this Court has no authority to issue a declaratory judgment remedy.

Plaintiffs cannot prevail in their demand for a declaratory judgment pursuant to 28 U.S.C. §2201 because Plaintiffs have not presented any valid cause of action as determined by Florida state law. "If plaintiff does not present a valid cause of action, as determined by state law, then this Court has no authority to issue a declaratory judgment remedy. *Zyburo, Id.*

In In re Joint E. & S. Asbestos Litig., 14 F.3d 726 (2nd Cir. 1993), the Second Circuit stated that "The Declaratory Judgment Act, 28 U.S.C.S. § 2201 does not expand jurisdiction. Nor does it provide an independent cause of action. Its operation is procedural only -- to provide a form of relief previously unavailable. Therefore, a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief".

Plaintiffs are seeking a declaratory judgment from this court pursuant to 28 U.S.C. § 2201:

> "Declaring that Defendant had not established the Palm Beach Condo as his homestead under the Florida Constitution, art. X, § 4, prior to recording of Plaintiffs' lien on August 8, 2024; that Plaintiffs' lien is valid and enforceable under Florida law and immune from any subsequent claim of homestead relating to the Palm Beach Condo; and that the Palm Beach Condo may be executed upon and sold to satisfy Plaintiffs' judgment through any lawful means, including

> CPLR § 5228 receivership or other appropriate means, regardless of any homestead claim that Defendant may make".

In PAR Tech. Corp. v Travelers Prop. Cas. Co. of Am., 2024 US Dist LEXIS 94961, at 4-5 (N.D.N.Y. May 29, 2024, No. 6:22-cv-1121 (BKS/TWD)]), the Court stated that "Declaratory judgment is a remedy that may be awarded when an underlying substantive right has been violated, not an independent cause of action or claim. *See* Revitalizing Auto Cmtys. Env't. Response Tr. v. Nat'l Grid USA, 10 F.4th 87, 106 (2d Cir. 2021)".

A declaratory judgment is a procedural device that is used to vindicate substantive rights. *Reyes v Wells Fargo Bank, N.A. (In re Reyes)*, 627 BR 569, 571 (Bankr SDNY 2021).

In *Reyes v Wells Fargo Bank, N.A. (In re Reyes)*, 627 BR 569, 580 [Bankr SDNY 2021]), the Court stated "Finally, the Court dismisses the Plaintiffs' request for declaratory judgment. A declaratory judgment is a procedural device that is used to vindicate substantive rights. *Stone v. Williams*, 970 F.2d 1043, 1048 (2d Cir. 1992)… Given the Court's dismissal of the Plaintiffs' underlying substantive claims, the request for declaratory judgment must also be dismissed …".

Declaratory judgment is a form of relief, not a substantive cause of action. *See Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Karp*, 108 F.3d 17, 21 (2d Cir. 1997) ("The DJA is procedural in nature, and merely offers an *additional remedy* to litigants.") Accordingly, "a court may only enter a declaratory judgment in favor of a party who has a substantive claim of right to such relief." *In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993). Further, the declaratory judgment remedy is discretionary even if a party has a substantive claim of right to the relief he or she seeks. *See In re Orion Pictures Corp.*, 4 F.3d 1095, 1100 (2d Cir. 1993) ("A district court has broad discretion to decide whether to render a declaratory judgment."). In

the Second Circuit, in deciding whether declaratory judgment is appropriate, the court must consider "(1) whether the judgment will serve a useful purpose in clarifying or settling the legal [*15] issues involved; and (2) whether a judgment would finalize the controversy and offer relief from uncertainty." *Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co.*, 411 F.3d 384, 389 (2d Cir. 2005) (citation omitted); *see also Cont'l Cas. Co. v. Coastal Sav. Bank*, 977 F.2d 734, 737 (2d Cir. 1992).

In *H&R Convention & Catering Corp. v Somerstein*, 2013 US Dist LEXIS 65794, at 27-28 [EDNY May 8, 2013, No. 12-CV-1425]), the Court stated that "The Declaratory Judgment Act states that "any court of the United States . . . *may* declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. 2201(a). Though not raised in the parties' briefs, it is axiomatic that the Declaratory Judgment Act vests district courts with "*unique and substantial* discretion in deciding whether to declare the rights of litigants." *Wilton v. Seven Falls Co*., 515 U.S. 277, 286, 115 S. Ct. 2137, 132 L. Ed. 2d 214 (1995); *accord Garanti Finansal Kiralama A.S. v. Aqua Marine & Trading Inc*., 697 F.3d 59, 64 (2d Cir. 2012). Placed "in the district court's quiver" is "an opportunity, rather than a duty, to grant [declaratory] relief to qualifying litigants." *Wilton*, 515 U.S. at 288".

Here, this Court has no duty to grant the declaratory relief to Plaintiffs. Plaintiffs relief sought should not be granted by this Court, when Plaintiffs have a proper procedure to follow in the State of Florida to challenge the fact that Defendant claims that he is homesteaded in Florida and his condominium unit located in the State of Florida is protected as Defendant's homestead.

Plaintiffs' procedure to challenge the homestead under Section 4, Article X of the Florida constitution would be, pursuant to Fla. Stat. 222.01, et.seq. to file an action in the Circuit Court of Palm Beach County, Florida for a declaratory judgment in the Circuit Court of Palm Beach

County, Florida to determine the constitutional homestead status of Defendant's Florida condominium unit.

In *Fuller v Carollo*, 2024 US Dist LEXIS 148950, at 7-8 [SD Fla May 28, 2024, No. 1:18-cv-24190-RS]), the Court stated that "Chapter 222, Florida Statutes, entitled 'Method of Setting Apart Homestead and Exemptions,' includes provisions pertinent to the constitutional homestead exemption. *Osborne v. Dumoulin*, 55 So. 3d 577, 583 (Fla. 2011). Sections 222.01 and 222.02, Florida Statutes, provide a means whereby a person may claim property as homestead and notify judgment creditors of the property's exempt status under section 4, article X of the Florida Constitution, either pre-or post-levy. *See id.* Before levy, § 222.01 provides that a property owner may make a signed, written declaration that certain property qualifies as homestead and record this declaration in the circuit court. *Grant v. Credithrift of Am., Inc.*, 402 So. 2d 486, 488 (Fla. 1st DCA 1981). Relevant to the instant Motion, § 222.02 provides that, after a levy is made, a property owner may in writing notify the officer making the levy, by notice under oath, of what he regards as his homestead, at any time before the day appointed for the sale. Fla. Stat. § 222.02; *Grant*, 402 So. 2d at 488. '[F]ailure to file a 'preventive' prelevy designation of homestead under § 222.01 does not preclude' a property owner from asserting homestead rights once that property is set to be auctioned. *Grant*, 402 So. 2d at 488. After an affidavit claiming a homestead exception is filed, a creditor may object to the claim of homestead. *See id.* at 489; *In re Mangieri*, No. 2:20-BK-07403-FMD, 2021 Bankr. LEXIS 1169, 2021 WL 1747422, at 3 (Bankr. M.D. Fla. May 3, 2021).

In *Fuller, supra*, the Court stated that "Indeed, the procedure to challenge a claim of exemption is by filing an objection and, subsequently, for the Court to conduct an evidentiary hearing on any relevant factual disputes. *See In re Martinez*, 595 B.R. 912, 914, 923 (Bankr. S.D.

Fla. 2019)". Here, Plaintiffs have not filed an objection to the claim of homestead exemption by Defendant, nor have Plaintiffs filed a summons and complaint seeking the substantive claims.

When Plaintiffs filed the judgment which is the subject of this action in the Office of the Palm Beach County Clerk on August 8, 2024, Plaintiffs knew or should have known of the remedies that they should have sought in the State of Florida, not in the State of New York. The situs of the subject property which is homesteaded is in the State of Florida, under Florida law pursuant to the Florida Constitution, with remedies available to Plaintiffs in the State of Florida.

In *Frase v. Branch,* 362 So. 2d 317, 319 (Fla. 2d DCA 1978), the Court said that "The Florida Constitution provides a homestead exemption to real property that is located within a municipality so long as the property is limited to 'one-half acre of contiguous land' and is 'the residence of the owner or his family.' Fla. Const. art X, § 4(a)(1). Florida case law dictates that the homestead exemption laws be liberally applied to the end that the family shall have shelter and shall not be reduced to absolute destitution." *In re Englander,* 95 F.3d 1028, 1031 (11th Cir. 1996)."

Defendant has obtained homestead rights and protections under the Florida Constitution, Article X, Section 4. This Court cannot dissolve the homestead rights and protections that were granted to Defendant under the Florida Constitution without any cause of action alleged in the Complaint. The Complaint in this action only seeks a Declaratory Judgment and Plaintiffs have no substantive claims before this Court. Plaintiffs are not attempting to enforce a judgment in this action, but rather only obtain a declaration from this Court to state that "…Defendant had not established the Palm Beach Condo as his homestead under the Florida Constitution, art. X, § 4, prior to recording of Plaintiffs' lien on August 8, 2024; that Plaintiffs' lien is valid and enforceable under Florida law and immune from any subsequent claim of homestead relating to

the Palm Beach Condo; and that the Palm Beach Condo may be executed upon and sold to satisfy Plaintiffs' judgment through any lawful means, including CPLR § 5228 receivership or other appropriate means, regardless of any homestead claim that Defendant may make".

First and foremost, the Plaintiffs failed to file any oaths to act as receivers in this case, and as such, the Plaintiffs have no power to act as the receivers appointed by this Court.

Plaintiffs do not have any substantive claim of right to the relief sought by Plaintiffs from this Court as set forth in the Complaint.

In *Muzumala v Mayorkas*, 2022 US Dist LEXIS 131093, at 9 (S.D.N.Y. 2022, No. 22-CV-3789 (JGK)), the Court held that "The Declaratory Judgment Act, 28 U.S.C. § 2201, on which the Plaintiff also relies, 'does not afford an independent basis for relief.' *Barbosa v. City of New York*, No. 16-cv-7340, 2018 U.S. Dist. LEXIS 165540, 2018 WL 4625620, at *5 (S.D.N.Y. Sept. 26, 2018) (citing *Merco Prop., Inc. v. Guggenheimer*, 395 F. Supp. 1322, 1326 (S.D.N.Y. 1975)); *see also In re Joint E. & S. Dist. Asbestos Litig.*, 14 F.3d 726, 731 (2d Cir. 1993) (holding that § 2201 does not "provide an independent cause of action")."

In *Barbosa, supra,* the Court stated that "Plaintiff asserts claims for declaratory relief under 28 U.S.C. Sections 2201 and 2202, seeking 'a declaratory judgment that Defendants, including . . . [the] City, violated Plaintiff's rights under the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the Constitution of the United States and 42 U.C.S. [sic] §§ 1983 and 1985(3)." (SAC ¶¶ 181-84.) [*14] Because "the Declaratory Judgment Act does not afford an independent basis for relief," Merco Prop., Inc. v. Guggenheimer, 395 F. Supp. 1322, 1326 (S.D.N.Y. 1975), and because Plaintiff failed to state a claim of municipal liability against the City, Plaintiff's Eleventh and Twelfth Causes of Action for declaratory relief against the City must be dismissed with prejudice."

In Merco Prop., Inc., Id., the Court held that the claim under 28 U.S.C. §2201 must be dismissed for failure to state a claim for relief, citing Muzumala, *supra*, where the Court dismissed the claims under the Declaratory Judgment Act because the statute does not provide for a cause of action.

"In order to qualify his or her property with homestead status, the party seeking the protection of the exemption must have an actual intent to live permanently on the property *and* actual use and occupancy of the property." *Id.* (emphasis in original). The first test is subjective and looks to the perceived intent of the claimant to reside permanently in the subject property as evidenced by the claimant's actions. *In re Martinez*, 595 B.R. at 919. In addition to testimonial evidence, "courts often look to documentary evidence in the form of driver's license registration, voting registration, mail delivery, and other similar discrete indicators of continued intent to reside at the property claimed as homestead." *Id.* at 919-20; *see, e.g., In re Lloyd*, 394 B.R. 605, 610-12 (Bankr. S.D. Fla. 2008). By contrast, with the second test, proof of actual residence, it can typically be shown through habitation at the property for a significant period, although reference to the same extrinsic markers may be mandated in a handful of unusual situations. *In re Martinez*, 595 B.R. at 920; *see, e.g., Lanier v. Lanier*, 116 So. 867, 868 (1928) (discussing historical status of subject property as the homestead)." *Fuller, supra*.

Defendant has produced evidence of actual intent to live permanently on the property, *inter alia*, deed, driver's license registration, voting registration, declaration of domicile filed in the Palm Beach County, Florida clerk's office, and other similar discrete indicators of continued intent to reside at the property claimed as homestead including the Exclusive Right to Sell agreement with Sotheby's International Realty to sell his only residence in New York, some 13 months prior to the Plaintiffs filing their judgment in the State of Florida, and documents

showing that many of Defendant's personal possessions were moved starting in July 2023 from the New York City Cooperative Apartment to a storage facility, obtaining a homestead tax exemption from the Palm Beach County Tax Assessor. Defendant showed that he actually resided in his Florida Condominium Unit well before August 8, 2024. Under Florida law and the Florida Constitution, there is no mandatory number of days that Defendant had to actually sleep in his Florida Condominium Unit. The calendar, photographs and other documents showed that between January 1, 2024 and August 8, 2024, Defendant actually resided in his Florida Condominium Unit pursuant to the Florida Constitution.

## FINDINGS OF FACT

### III. The facts are that Defendant established his homestead in Florida before August 8, 2024, the date on which Plaintiffs filed a judgment in the Office of the Palm Beach County, Florida clerk's office.

The following facts prove that Defendant was a homesteaded individual in the State of Florida, and that Defendant's condominium unit located in the State of Florida.

There was no evidence at trial that Plaintiffs own the judgment which is Plaintiffs' basis for filing this action for a declaratory judgment in this court.

There was no evidence at trial that Plaintiffs did not sell or transfer all or any portion of the judgment which is Plaintiffs' basis for filing this action for a declaratory judgment in this court.

Defendant with his former wife, owned his Florida condominium unit pursuant to a deed dated February 11, 2010 for the real property located at and known as Condominium Unit 5D, 315 S. Lake Drive, Palm Beach, Florida (the "Florida Condominium Unit") **(Exhibit H-PTX "1")**.

Defendant and his former wife were divorced, and Defendant received a deed dated January 14, 2020 in Defendant's name only for the Florida Condominium Unit **(Exhibit H-PTX "2")**.

On July 12, 2023, evidencing his desire to sell his New York City Cooperative Apartment, Defendant executed an Exclusive Right to Sell – Cooperative Agreement entered into between Defendant and Sotheby's International Realty dated July 12, 2023 **(Exhibit H-PTX "3").**

Defendant caused personal property to be moved out of the New York City Cooperative Apartment (Invoice #416642 from Corporate Transfer & Storage Inc. dated October 16, 2024) **(Exhibit H-PTX "4")**.

Prior to August 8, 2024, Defendant filed an Application for Homestead and Related Tax Exemption with a Florida governmental administrative agency in Palm Beach County, Florida **(Exhibit H-PTX "5").**

Prior to August 8, 2024, the Palm Beach Tax Assessor in Palm Beach County, Florida issued a Notice of Proposed Property Taxes and Proposed or Adopted Non-Ad Valorem Assessments evidencing that the Florida Condominium Unit was homesteaded and received a homestead tax exemption **(Exhibit H-PTX "6").**

Defendant produced a Real Estate Tax Bill from the Palm Beach County Tax Assessor / Collector showing the homestead tax exemption **(Exhibit H-PTX "7").**

Prior to August 8, 2024, on July 15, 2024, Defendant filed a Declaration of Domicile filed in the Office of the Palm Beach County Clerk evidencing the fact that Defendant declared Palm Beach County, Florida as Defendant's domicile **(Exhibit H-PTX "8")**;

Prior to August 8, 2024, Defendant obtained a Florida driver's license dated February 22, 2024 **(Exhibit H-PTX "9")**.

Prior to August 8, 2024, Defendant owned a motor vehicle for a 1980 Mercedes Benz which bore Florida license plate / tag JA3414 **(Exhibit H-PTX "10")**.

Prior to August 8, 2024, Defendant changed his voting registration from New York to Florida, evidenced by the Defendant's registration number 132378699 issued on May 17, 2024 **(Exhibit H-PTX "11")**.

Defendant's Federal Income Tax Return for 2023 listed his Florida Condominium Unit as the Defendant's mailing address **(Exhibit H-PTX "12")**.

Defendant produced a calendar noting Defendants' presence inside and outside the State of Florida in 2024, showing that prior to August 8, 2024, Defendant spent a substantial amount of time in Palm Beach County, Florida **(Exhibit H-PTX "13")**.

Defendant produced Photographs that show Defendant in the State of Florida prior to August 8, 2024 **(Exhibit H-PTX "14")**.

To claim a homestead in Florida, the Florida Constitution requires that the residence be the person claiming a homestead's actual residence, with an intention to maintain the property as a permanent home. Prior to August 8, 2024, the date on which Plaintiffs filed the judgment in Palm Beach County, Florida, Defendant made his Florida Condominium Unit his actual residence with his intention to maintain the property as a permanent home.

## Conclusion

For the foregoing reasons, the Court enters a verdict in favor of Defendant in that Plaintiffs have not proven that Defendant is not entitled to claim his Florida Condominium Unit as Defendant's homestead pursuant to Article X, Section 4 of the Florida Constitution.

Respectfully submitted,

Dated: January 7, 2024
Staten Island, New York

Joseph M. Cammarata, Esq.
Cammarata & DeMeyer P.C.
Attorneys for Defendant Rudolph W. Giuliani
456 Arlene Street,
Staten Island, New York 10314
718-477-0020