UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RUBY FREEMAN and WANDREA' MOSS,

                Plaintiffs,

v.

RUDOLPH W. GIULIANI,

                Defendant.

No. 24-cv-06563-LJL

**[PROPOSED] JOINT PRETRIAL ORDER**

Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this proposed Joint Pretrial Order without the participation of Defendant Rudolph W. Giuliani. Plaintiffs' counsel have made numerous attempt to confer with counsel for Defendant Rudolph W. Giuliani ("Defendant") about the contents of this proposed joint pretrial order, and the exhibit list submitted herewith. Despite repeated attempts to confer over several days, Defendant did not make himself available to confer with Plaintiffs' counsel regarding any matters relating to this joint filing, including by disclosing Defendant's proposed exhibits or providing any objections to the proposed exhibits disclosed to him by Plaintiffs.

    I.    **Case Caption:** The case caption for this matter is *Ruby Freeman and Wandrea' Moss v. Rudolph W. Giuliani*, Case No. 24-cv-06563-LJL.

    II.    **Counsel:** Plaintiffs are represented by Michael J. Gottlieb (mgottlieb@willkie.com; 202-303-1442), and Meryl C. Governski (mgovernski@willkie.com; 202-303-1000) of Willkie Farr & Gallagher LLP, 1875 K Street NW, Washington, D.C. 20015, Aaron Nathan (anathan@willkie.com; 212-728-8904), and M. Annie Houghton-Larsen

(mhoughton-larsen@willkie.com; 212-728-8164) of Willkie Farr & Gallagher, 787 Seventh Avenue, New York, New York 10019, and Rachel Goodman (rachel.goodman@protectdemocracy.org; 202-579-4582) of United to Protect Democracy, 82 Nassau Street, #601, New York, New York 10038. Defendant is represented by Joseph Michael Cammarata (joe@cammaratalawpc.com; 718-477-0020) of Cammarata & De Meyer P.C., 456 Arlene Street, Staten Island, New York 10314.

III. **Subject Matter Jurisdiction**

   a. **Plaintiffs' position**: This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1). Plaintiffs are citizens of Georgia. ECF No. 1 ("Compl."), ¶¶ 5-6; ECF No. 62 ("Amended Answer"), ¶¶ 5-6. Plaintiffs' position is that Defendant is a citizen of New York, and Defendant admits that he is at least a citizen of a different State than Plaintiffs. Compl. ¶¶ 7, 8; Amended Answer ¶ 8. The amount in controversy exceeds $75,000. *See* Compl. ¶ 8; Amended Answer ¶ 8.

   b. **Defendant's position:** Defendant is a citizen, resident and domiciliary of Palm Beach County, State of Florida (ECF No. 1 ("Compl."), ¶7; ECF No. 62 ("Answer"), ¶ 7.) Plaintiffs are citizens of Georgia. ECF No. 1 ("Compl."). This Court does not have subject matter jurisdiction over this case as the Declaratory Judgment Act, 28 U.S.C.S. § 2201 does not expand jurisdiction (In re Joint E. & S. Asbestos Litig., 14 F.3d 726 (2nd Cir. 1993)). The Declaratory Judgment Act, 28 U.S.C.S. § 2201 does not provide this Court with an independent cause of action.

IV. **Summary of Claims and Defenses**

a. **Plaintiffs' position:** that the claims to be tried are Plaintiffs' claim that they are entitled under 28 U.S.C. § 2201 to a judgment declaring that (1) Plaintiffs established a valid lien on the Palm Beach Condo on August 8, 2024 under Fla. Stat. § 55.10; (2) Defendant did not establish his Palm Beach Condo as a homestead within the meaning of Article X, section 4 of the Florida Constitution prior to the fixing of that lien; and (3) Plaintiffs' lien on the Palm Beach Condo is thus valid and enforceable notwithstanding any claim that Mr. Giuliani may make to homestead status under the Florida Constitution, and the Palm Beach Condo may be executed upon and sold in satisfaction of Plaintiffs' judgment, including through receivership or other lawful means, notwithstanding any claim that Mr. Giuliani may make to such homestead status. Defendant's Second and Third Affirmative Defenses, previously asserted in Defendant's Answer, have been adjudicated in the Court's December 27, 2024 Opinion and Order and are not to be tried. Answer ¶¶ 66, 67; ECF No. 172.

b. **Defendant's position:** (i) that Plaintiffs need to prove that this Court has proper subject matter jurisdiction in that the Complaint contains no cause of action, as the relief sought for a Declaratory Judgment is a remedy, not a cause of action; (ii) that Plaintiffs need to prove that the Palm Beach County Property Appraiser erred in granting Defendant a homestead tax exemption based upon the evidence required by the Palm Beach County Property Appraiser to claim homestead and that the Defendant was not entitled to claim a homestead in the State of Florida at his Florida Condominium Unit; (iii) that prior to August 8, 2024, Defendant evidenced his actually intent to live permanently in his Florida Condominium Unit located at

315 S. Lake Drive, Unit 5D, Palm Beach, County of Palm Beach, State of Florida and that Defendant actually used and occupied the Florida Condominium Unit prior to August 8, 2024 consistent with the meaning within the Florida Constitution and applicable case law from Federal and State courts in the State of Florida; (iv) that Plaintiffs do not have any valid lien under Fla. Stat. § 55.10 upon the Florida Condominium Unit; (v) that Defendant established the Florida Condominium Unit as his homestead within the meaning of Article X, section 4 of the Florida Constitution prior to August 8, 2024; and (3) Plaintiffs' lien on the Florida Condominium Unit is invalid and not enforceable against Defendant and Plaintiffs may not enforce their judgment against Defendant's Florida Condominium Unit.

V. **Length of Trial; Nonjury Case.** The parties estimate that two days will be needed for trial. The case will be tried without a jury.[1]

VI. **Nature of Case for Purposes of Jury Selection:** N/A.

VII. **Names and People to be Mentioned for Purposes of Jury Selection:** N/A.

VIII. **Consent to Magistrate Judge:** All parties have not consented to trial by a magistrate judge.

IX. **Trial Witnesses:**

a. **Plaintiffs' position**: The trial witnesses to be offered by Plaintiffs are listed below. None of Plaintiffs' witnesses will require an interpreter.

| Witness Name | Live/By deposition | Summary of Substance |
|---|---|---|
| Rudolph W. Giuliani | Live | Plaintiffs expect Mr. Giuliani to testify about his |

---

[1] The estimate regarding the length of trial assumes that the witnesses disclosed on Mr. Giuliani's witness list, ECF No. 157, will be permitted to testify. In so estimating, Plaintiffs do not concede that the witnesses on Mr. Giuliani's witness list, ECF No. 157, should be permitted to testify. *See* ECF No. 150 ¶ 4; ECF No. 179.

| Witness Name | Live/By deposition | Summary of Substance |
|---|---|---|
| | | actions and intentions relating to establishing a homestead at the Palm Beach Condo within the meaning of the Florida Constitution. |

b. **Defendant's position:** The trial witnesses to be offered by Defendant are listed below. None of the Defendant's witnesses will require an interpreter.

| Witness Name | Live/By deposition | Summary of Substance |
|---|---|---|
| Rudolph W. Giuliani | Live | Defendant expects Rudolph W. Giuliani to testify about his having a bona fide homestead in his Florida Condominium Unit in Palm Beach County, Florida and that such homestead had been his homestead prior to August 8, 2024, with such homestead established within the meaning of the Florida Constitution. |
| Dr. Maria Ryan | Live | Defendant expects Dr. Maria Ryan to testify about Defendant having actually resided in his Florida Condominium Unit in Palm Beach County, Florida as his homestead prior to August 8, 2024, with such homestead established within the meaning of the Florida Constitution. |
| Theodore Goodman | Live | Defendant expects Theodore Goodman to testify about Defendant having actually resided in his Florida Condominium Unit in Palm Beach County, Florida as his homestead prior to August 8, 2024, with such homestead established within the meaning of the Florida Constitution. |

| | | |
|---|---|---|
| Monsignor Alan Placa | Live | Defendant expects Monsignor Alan Placa to testify about Defendant having actually resided in his Florida Condominium Unit in Palm Beach County, Florida as his homestead prior to August 8, 2024, with such homestead established within the meaning of the Florida Constitution. |

X. **Deposition Designations:**

    a. **Plaintiffs' position:** Plaintiffs' do not submit any deposition designations, but reserve the right to introduce the sworn testimony of any witness for impeachment, rebuttal, or any other purpose allowed by the Federal Rules.

    b. **Defendant's position:** Defendant does not submit any deposition designations.

XI. **Exhibit List:** Plaintiffs' exhibit list is attached hereto as Exhibit A. Plaintiffs state that despite numerous attempts to confer with Defendant's counsel with respect to Defendant's position on the matters discussed in this proposed joint pretrial order, Plaintiffs' did not receive any proposed exhibit list from Defendant, nor did Defendant provide any objections to Plaintiffs' proposed exhibits.

XII. **Relief Sought:**

    a. **Plaintiffs' position:** Plaintiffs seek relief in the form of a judgment (1) declaring that Defendant had not established the Palm Beach Condo as his homestead under the Florida Constitution, art. X, § 4, prior to recording of Plaintiffs' lien on August 8, 2024; (2) declaring that that Plaintiff's lien is valid and enforceable under Florida law and immune from any subsequent claim of homestead relating to the Palm Beach Condo; (3) declaring that the Palm Beach Condo may be executed upon and

sold to satisfy Plaintiffs' judgment through any lawful means, including CPLR § 5228 receivership or other appropriate means, regardless of any homestead claim that Defendant may make; and (4) awarding Plaintiffs' their costs, including reasonable attorney's fees.

b. **Defendant's position:** Defendant seeks judgment in favor of Defendant and against Plaintiff (i) denying Plaintiffs' requested relief for the remedy of a Declaratory Judgment; (ii) for a declaration that based on the evidence, prior to August 8, 2024, Defendant was a citizen, resident and domiciliary of Palm Beach County, Florida, (iii) that the Florida Condominium Unit is homestead property of the Defendant, (iv) that the Palm Beach County Property Appraiser did not err in granting Defendant a homestead tax exemption based upon the evidence required by the Palm Beach County Property Appraiser and submitted by Defendant to claim homestead, (v) that the Defendant was and is entitled to claim the Florida Condominium Unit as his homestead in the State of Florida within the meaning within the Florida Constitution and applicable case law from Federal and State courts in the State of Florida; (vi) that Plaintiffs do not have any valid lien under Fla. Stat. § 55.10 upon the Florida Condominium Unit, and (vii) that Plaintiffs have not proven that Defendant did not establish the Florida Condominium Unit as his homestead within the meaning of Article X, section 4 of the Florida Constitution prior to August 8, 2024.

XIII. **Consent to Less than Unanimous Verdict:** N/A.

| | |
|---|---|
| Michael J. Gottlieb<br>Meryl C. Governski (admitted *pro hac vice*)<br>Willkie Farr & Gallagher LLP | s/ Aaron E. Nathan<br>Aaron E. Nathan<br>M. Annie Houghton-Larsen<br>Willkie Farr & Gallagher LLP |

1875 K Street NW
Washington, DC 20006
(202) 303-1000
mgottlieb@willkie.com
mgovernski@willkie.com

787 Seventh Avenue
New York, NY 10019
(212) 728-8000
anathan@willkie.com
mhoughton-larsen@willkie.com

Rachel Goodman
United to Protect Democracy
82 Nassau Street, #601
New York, NY 10038
(202) 579-4582
rachel.goodman@protectdemocracy.org

*Counsel for Plaintiffs*

s/ Joseph M. Cammarata
Joseph M. Cammarata, Esq.
Cammarata & DeMeyer P.C.
Attorneys for Defendant
456 Arlene Street,
Staten Island, New York 10314
718-477-0020

*Counsel for Defendant*

Dated: January 7, 2025
New York, New York


SO ORDERED.

Dated: January  , 2025
      New York, New York                          LEWIS J. LIMAN
                                                     United States District Judge