**WILLKIE FARR & GALLAGHER** LLP

787 Seventh Avenue
New York, NY 10019-6099
Tel: 212 728 8000
Fax: 212 728 8111

January 10, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:     *Freeman et al. v. Giuliani*, No. 24-mc-353 (LJL), 24-cv-6563 (LJL)

Dear Judge Liman:

Plaintiffs Ruby Freeman and Wandrea' Moss respectfully submit this letter to notify the Court of a filing by Defendant Rudolph W. Giuliani with the Clerk of Palm Beach County of a purported "Notice of Homestead," a true and correct copy of which (along with the envelope transmitting it to Plaintiffs' counsel) is attached hereto as Exhibit A. The Notice was recorded on December 30, 2024, mailed that same day, and received by Plaintiffs' counsel on January 7, 2025. *See* Ex. A.

The Notice purports to invoke Mr. Giuliani's rights under Fla. Stat. § 222.01(2), which provides that "a person who is entitled to the benefit of the provisions of the State Constitution exempting real property as homestead *and who has a contract to sell or a commitment from a lender for a mortgage on the homestead* may file a notice of homestead in the public records of the county in which the homestead property is located." Fla. Stat. § 222.01(2) (emphasis added). The lienor then has 45 days from the date of mailing to "institute an action for a declaratory judgment to determine the constitutional homestead status of the property described in the notice of homestead or to file an action to foreclose the judgment lien," or else the lien "shall be deemed as not attaching to the property by virtue of its status as homestead property as to the interest of any buyer or lender, or his or her successors or assigns, who takes under the contract of sale or loan commitment described" in the Notice. *Id.* § 222.01(4).

In addition to numerous other defects, Mr. Giuliani's Notice is not authorized by § 222.01(2)-(4) because it does not describe any contract to sell or a commitment from a lender for a mortgage on the Palm Beach Condo, Ex. A—nor could it, as Mr. Giuliani has long been subject to a restraining notice that forbids him to "make or suffer any sale, transfer, or assignment of, or interference with, any property in which [he has] and interest," including the Palm Beach Condo. ECF No. 10-10[1]; CPLR § 5222(b).

---

[1] Docket citations in this letter refer to No. 24-mc-353.

January 10, 2025
Page 2

And Mr. Giuliani is *also* subject to a clear and unambiguous order of this Court, to which he consented, *see* ECF No. 72, enjoining him as follows:

> Defendant shall have no right to and is hereby ENJOINED that he shall not sell, dispose of, transfer, will, lease, assign, sub-lease, encumber, or grant any right of tenancy or occupation of any kind, contingent or otherwise, to any person or entity, or attempt to do any of the foregoing, or take any action that would diminish the value of the Palm Beach Condo.

ECF No. 74 ("October 31 Order"), ¶ 2(a).

Further, to the extent it had any validity at all, Mr. Giuliani's Notice would violate Paragraph 2(c) of the Court's October 31 Order, which provides:

> At all times prior to entry of an order including the Palm Beach Condo among the property subject to the Receivership Order, any and all persons claiming any interest in or any interest relating to the Palm Beach Condo, including but not limited to Defendant and his agents and any person or entity acting in concert with him, are ENJOINED (1) from commencing any action or proceeding against the Receivers or with respect to the Palm Beach Condo in any forum, (2) from taking any action to interfere with, impede, or frustrate to any extent this Court's jurisdiction to determine any party's rights in the Palm Beach Condo or the validity of Defendant's claimed homestead exemption.

*Id.* at ¶ 2(c). At the very least, Mr. Giuliani has evidently *attempted* to violate Paragraph 2(c) of the Court's October 31 Order.

Plaintiffs maintain that Mr. Giuliani's Notice is without effect. However, to protect their rights, and out of an abundance of caution, Plaintiffs may need to seek some form of relief under Fla. Stat. § 222.01(4) in the Circuit Court of Palm Beach County by the 45-day deadline to do so, which expires on February 13, 2025. Accordingly, this development underscores the need for expeditious proceedings in the above-captioned actions.

> Respectfully submitted,
>
> s/ Aaron E. Nathan