UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
Ruby Freeman and Wandrea' Moss                                           Case No. 24-cv-6563 (LJL)

                             Plaintiffs,

     -    against –

Rudolph W. Giuliani

                             Defendant.
------------------------------------------------------------X


## DEFENDANT'S MEMORANDUM OF LAW
## IN OPPOSITION TO PLAINTIFFS'
## MOTION IN LIMINE

Joseph M. Cammarata, Esq.
Cammarata & DeMeyer P.C.
Attorneys for Defendant
456 Arlene Street,
Staten Island, New York 10314
718-477-0020

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1

ARGUMENT ..................................................................................................................

I.    THE COURT SHOULD <u>NOT</u> PRECLUDE ANY THIRD-PARTY WITNESSES

FROM TESTIFYING AT TRIAL ...................................................................................2

Conclusion ................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

**<u>Cases</u>**                                                                                                  <u>Page(s)</u>

Haas v. Del. & Hudson Ry. Co., 282 F. App'x 84, 85-86 (2d Cir. 2008)…………      7

Magee v. Paul Revere Life Ins. Co., 178 F.R.D. 33 (E.D.N.Y. 1998) …………      11

Volkart Bros., Inc. v. M/V Palm Trader, 130 F.R.D. 285 (S.D.N.Y. 1990) ……      12

Basch v. Westinghouse Elec. Corp., 777 F.2d 165 (4th Cir. 1985)   ………………      13

Abouelmakarem v. Mssminja Inc., 2023 WL 4561765, at 2 (S.D.N.Y. July 7, 2023)..   13

Patterson v. Balsamico, 440 F.3d 104, 117 (2d Cir. 2006)………………………    13, 16

**<u>Statutes</u>**

Fed.R.Civ.P.37(c)(1)………………………………………………………………    8

## PRELIMINARY STATEMENT

Defendant Rudolph W. Giuliani ("Defendant"), respectfully submits this memorandum of law in opposition to Plaintiffs' Motion in Limine ("Motion in Limine").

Plaintiffs claim in their Motion in Limine that the court should preclude Defendant's Third-Party Witnesses from testifying at trial and that the Court should preclude Defendant from relying on any documents that he did not produce in discovery. The individuals that the Plaintiffs refer to as Third-Party Witnesses, are non-parties to this action.

The undisputable fact is that prior to August 8, 2024, Defendant's homestead was in the State of Florida. It is evident that the Plaintiffs know that the truth is that prior to August 8, 2024, Defendant's homestead was in the State of Florida. Therefore, Plaintiffs are attempting to thwart Defendant's legitimate responses and defenses in this case. Plaintiffs recorded their judgment from the United States District Court for the District of Columbia in the Office of the Palm Beach County Clerk on August 8, 2024. August 8, 2024 is the critical date for this Court to use in this case. If Defendant met the criteria for homestead required by the Palm Beach County Property Appraiser, the Florida Constitution and Florida law prior to August 8, 2024, then this Court must grant judgment for the Defendant.

The factors set forth in the Florida Constitution dictate (i) that Defendant has his homestead in the State of Florida prior to August 8, 2024, (ii) that Defendant's condominium unit located at 315 S. Lake Drive, Unit 5D, Palm Beach, Florida (the "Florida Condominium Unit"), is Defendant's homestead property and was so prior to August 8, 2024, (iii) that prior to August 8, 2024, the Florida Condominium Unit was Defendant's homestead property, (iv) Plaintiffs recorded their judgment from the United States District Court for the District of Columbia in the Office of the Palm Beach County Clerk on August 8, 2024 and (v) that if

Defendant actually resided in the Florida Condominium Unit and declared it to be his homestead at any time prior to August 8, 2024, there is no way legitimate manner for this Court to declare that prior to August 8, 2024, the Florida Condominium Unit was not Defendant's homestead under the Florida Constitution.

Based on the facts and the merits and under the Florida Constitution and Florida case law, this Court *must* declare that prior to August 8, 2024, the Florida Condominium Unit was Defendant's homestead and the Florida Condominium Unit is protected under Article X, Section 4 of the Florida Constitution. That is the reason why Plaintiffs are doing and trying everything possible to get this Court to ignore and disregard the ultimate fact that prior to August 8, 2024, the Florida Condominium Unit was Defendant's homestead under the Florida Constitution and using the criteria set forth in the Florida Constitution and Florida law. Plaintiffs are attempting to use technicalities rather than rely on the facts, because the facts are not good for the Plaintiffs regarding the homestead. The facts are that Defendant's Florida Condominium Unit was Defendant's homestead prior to August 8, 2024. The Court relying only on the facts for both side, results in this Court having to grant judgment for Defendant on the homestead issue.

<u>ARGUMENT</u>

I.    THE COURT SHOULD <u>NOT</u> PRECLUDE ANY THIRD-PARTY WITNESSES FROM TESTIFYING AT TRIAL

Plaintiffs are asking the Court to exclude the testimony of non-party witnesses. Plaintiffs state on page 10 of their memorandum of law that "Plaintiffs respectfully request the Court exclude the testimony of Mr. Giuliani's Third-Party Witnesses pursuant to the Court's December 20 Order advising all parties that no 'witness will be permitted to testify unless that witness has made a full compliance with any interrogatories or documents requests and shall have submitted

himself or herself to a noticed deposition by December 31, 2024, absent a showing of good cause.'"

The Court's December 20, 2024 order (DE-150) states in paragraph "4" that "No witness will be permitted to testify unless that witness has made full compliance with any interrogatories or document requests and shall have submitted himself or herself to a noticed deposition by December 31, 2024, absent a showing of good cause." In effect, the Court stated that Defendant would be penalized and prejudiced if a non-party to this action fails to comply with "full compliance" with (i) any interrogatories (ii) or document requests and (iii) shall have submitted himself or herself to a noticed deposition by December 31, 2024. Plaintiffs want this Court to penalize and prejudice Defendant if any witnesses who are not the Defendant did not comply with "full compliance" of any discovery requests made by Plaintiffs upon non-parties to this action. That would certainly violate Defendant's rights to a fair trial. Instead of the Plaintiffs wanting Defendant to have a right to a fair trial, it appears that Plaintiffs desire to prevent Defendant from having a full, fair and unbiased trial. It is respectfully requested that this Court disregard the Plaintiffs' distractions of trying to exclude testimony of non-parties when that would absolutely and undeniably prejudice the Defendant and the result would be that the Defendant would not be having a full and fair trial on the facts and merits. Plaintiffs should have long ago acknowledged and admitted that the Defendant met the criteria set forth in the Florida Constitution and that while it would not make the Plaintiffs happy, the fact is that prior to August 8, 2024, Defendant was homesteaded in Florida.

In their memorandum of law (DE-186, page 10-11), Plaintiffs state that the Court should preclude testimony of the non-parties who may be witnesses at trial, which effect would be solely to harm Defendant, and to prevent the Defendant from having a full and fair trial decided

on the facts. This Court should want to (i) decide this case only on the facts, (ii) give the Defendant a fair trial based on the facts only, (iii) truthfully decide this case based only on whether Defendant made Florida his homestead prior to August 8, 2024, (iv) truthfully decide this case based only on whether Defendant's Florida Condominium Unit was homesteaded property prior to August 8, 2024, and (iv) whether (a) the Palm Beach County Property Appraiser in Palm Beach County, Florida made the correct administrative decision in granting Defendant a homestead for his Florida Condominium Unit or (b) if the Palm Beach County Property Appraiser in Palm Beach County, Florida made the incorrect administrative decision in granting Defendant a homestead for his Florida Condominium Unit. It is respectfully submitted that the decision as to whether the Palm Beach County Property Appraiser in Palm Beach County, Florida made the correct or incorrect administrative decision in granting Defendant a homestead for his Florida Condominium Unit, is not an issue that would be properly adjudicated before this Court. Defendant has previously stated to this Court that this Court is incorrect in believing that this Court has the authority to reverse a decision made by administrative decision made by the Palm Beach County Property Appraiser in Palm Beach County, Florida, which must only be made in a proper proceeding to challenge the reasoning made by the administrative agency / authority of the Palm Beach County Property Appraiser in Palm Beach County, Florida in the Circuit Court of the State of Florida for Palm Beach County. While this Court stated in earlier decisions and/or orders in this case that courts in other areas of the United States made homestead decisions, the facts in those decisions are not the same as in this case at all. In this case, there is a local governmental authority being the Palm Beach County Property Appraiser in Palm Beach County, Florida that actually reviewed all of the facts and documents that were submitted by Defendant to them, and which were required by the Palm Beach County Property

Appraiser in Palm Beach County, Florida under the Florida Constitution to grant homestead status and exemptions to Defendant, and after the administrative agency's review of the application for a homestead exemption submitted by Defendant, such administrative agency, the Palm Beach County Property Appraiser granted the homestead exemptions and benefits to the Defendant.

It should be noted by this Court that Plaintiffs have not done anything whatsoever to challenge the decision made by the Palm Beach County Property Appraiser in Florida, although Plaintiffs filed the judgment on August 8, 2024 in the Office of the Palm Beach County Clerk, and instead thinks that this Court sitting in New York has the power to reverse the administrative decision made by the administrative agency, the Palm Beach County Property Appraiser, in granting the homestead to Defendant. The Palm Beach County Property Appraiser has not even been notified of this action by Plaintiffs and has not been named as a party to challenge the decision that the Palm Beach County Property Appraiser solely made. If Federal or State Courts in the fifty (50) United States started to make decisions revoking administrative decisions made by local governments in other states, then the United States would be in a very problematic position, as no one would have faith in the legal processes, and creditors would select forums to challenge other state's local governmental administrative agency decisions in friendly forums for such creditors. In this case, Defendant is entitled to fairness, and this Court should not be making any decisions regarding why the administrative agency, the Palm Beach County Property Appraiser, granted the homestead exemptions and benefits to Defendant without the presence of the Palm Beach County Property Appraiser. The burden is on the Plaintiffs to show why the Palm Beach County Property Appraiser erred in granting homestead status and exemptions to Defendant; the burden is not on the Defendant.

The fact is that prior to August 8, 2024, Defendant was granted homestead exemptions and benefits in the State of Florida by the administrative agency, the Palm Beach County Property Appraiser.  Just on that basis alone, this Court should have said that if the Plaintiffs in this case do not agree with the decision of the administrative agency, the Palm Beach County Property Appraiser, then the Plaintiffs should have moved in Florida with an action to challenge the decision of the administrative agency, the Palm Beach County Property Appraiser, and not come to New York to challenge the decision of the administrative agency, the Palm Beach County Property Appraiser.

It appears that Plaintiffs know that they did not properly pursue a challenge to the homestead exemptions and homestead of Defendant in Florida.  In this case, there was a procedure for filing for homestead status and exemptions in Florida.  In this case, the Defendant filed an application for homestead, filed a declaration of domicile, obtained his driver's license in Florida, voted in Florida, made his intention to live in Florida, and actually resided in the Florida Condominium Unit prior to August 8, 2024.  Defendant followed all of the requirements for homestead set forth in the Florida Constitution and required by the administrative agency, the Palm Beach County Property Appraiser. The administrative agency, the Palm Beach County Property Appraiser approved the homestead application because the Defendant followed all of the requirements for homestead set forth in the Florida Constitution and required by the administrative agency, the Palm Beach County Property Appraiser. This Court should not even be proceeding to trial and should have dismissed this action or transferred it to a body that properly would review the decision of the administrative agency, the Palm Beach County Property Appraiser, and I am sure that this Court would not want to make a decision that would have an impact on the administrative agency, the Palm Beach County Property Appraiser's

decision to grant homestead status to Defendant. This Court easily should have said to the Plaintiffs that the Defendant was granted homestead and homestead exemptions and/or benefits by a Florida administrative agency, the Palm Beach County Property Appraiser, and that the Federal Court sitting in New York on diversity is not a proper place to seek an order or decision from as to why the administrative agency, the Palm Beach County Property Appraiser granted the homestead benefits to Defendant; and the proper venue for seeking that relief would be in the State of Florida, in Palm Beach County, where the Palm Beach County Property Appraiser made its decisions and can be deposed and/or made a party to an action. Plaintiffs need to reverse the decision made by the Palm Beach County Property Appraiser, and it certainly should not be in this Court out of the State of Florida.

In Plaintiffs' memorandum of law (DE-186, page 10-11), Plaintiffs refer to Fed.R.Civ.P.37(c)(1) stating "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless", citing *Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 85-86 (2d Cir. 2008). Plaintiff complied with Fed.R.Civ.P. 26 and identified witnesses that Defendant intends to call as witnesses at trial.

Just to be clear, the Plaintiffs want preclusion of non-party witnesses' testimony in order to cause harm to the Defendant who provided documents and gave a full day deposition to the Plaintiffs. Additionally, the non-party witnesses that Defendant intends to call at trial also were deposed by Plaintiffs. Defendant does not control non-parties, and to impute anything negatively to the Defendant for conduct of any non-party witness would be patently improper, and would certainly cause harm to the Defendant and would result in an unfair trial. This Court should deny

Plaintiffs' motion in limine in its entirety. This Court should acknowledge that if the Court independently reviews this case and the history, it appears that Plaintiffs do not want this case decided on the facts because the facts show that the Defendant is and was prior to August 8, 2024 a citizen, resident and domiciliary of the State of Florida. This Court should also conclude that another States' administrative agency, the Palm Beach County Property Appraiser properly granted Defendant homestead exemptions and benefits and the remedy for disputing that is not in New York, but rather in Florida. This Court should not be persuaded by Plaintiffs to disregard the facts and disregard the particular important fact that prior to August 8, 2024, Defendant was a citizen, resident and domiciliary of the State of Florida, and that Florida's administrative agency, the Palm Beach County Property Appraiser properly granted Defendant homestead exemptions and benefits.

In *Haas, Id.*, the Court stated that "The district court struck a late-filed affidavit provided by the employee [plaintiff] and held that the record did not show that the switch was defective or that the employer knew or should have known about a defect. On appeal, the court found that because the employee failed to identify the affiant as a fact witness or timely amend his discovery answers to interrogatories regarding this affiant, there was no abuse of discretion in rejecting the affidavit." Plaintiffs in this case are seeking to preclude non-party witnesses from testifying due to possible conduct of the non-party witnesses, not because of anything in the control of the Defendant. There was nothing submitted to Plaintiffs so late that the Plaintiffs did not have an opportunity to depose the non-party witness on any such document.

Plaintiffs referring to Fed.R.Civ.P.37(c)(1) is not applicable for non-party witnesses conduct. Fed.R.Civ.P.37(c)(1) talks about a "party", not "non-party" and states that "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not

allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless", citing *Haas, Id.* It is wrong for the Plaintiffs to file the motion in limine claiming that Fed.R.Civ.P.37(c)(1) or any other provision should preclude Defendant from defending himself with non-party witnesses' testimony when a non-party witness may have not complied with a Plaintiffs demand of any kind. Defendant does not admit or acknowledge any non-party witness not complying with discovery, but the remedy for any non-party witnesses non-compliance or not "full" compliance with Plaintiffs demands would be for Plaintiffs to seek contempt against the non-party, not hurt the Defendant or seek to preclude a non-party witnesses testimony, when the Plaintiffs had remedies against the non-party witness that the Plaintiffs could have pursued if they had legitimate claims that the non-party witness did not "fully" comply with any demands or orders. This Court should agree with Defendant that seeking to preclude a non-party witness from testifying at trial is not the remedy that Plaintiffs are entitled to.

If this Court gives any credibility to the Plaintiffs' motion in limine, and even considers the motion in limine, then this Court also would have to hold an evidentiary hearing to determine if any of the non-party witnesses that the Plaintiffs seek to preclude did not "fully" comply with any of the Plaintiffs' discovery requests, and if any failure to "fully" comply by a non-party witness was "substantially justified or is harmless" as required by Fed.R.Civ.P. Rule 37(c)(1).

It would be improper for this Court to preclude any non-party witness just because the Plaintiffs ask for this relief, especially when the Plaintiffs have not brought in the non-party witnesses to this action to show what Plaintiffs claim the non-party or non-parties did or did not do and if there was any non-compliance and if the claimed non-compliance was "substantially justified or is harmless". This Court should swiftly deny Plaintiff's motion in limine based on

the law and the fact that Plaintiffs remedies are not to preclude non-party witnesses' testimony, which would only result in causing harm the Defendant precluding Defendant from mounting his full and unfettered defense to the Plaintiffs' claims.

Any preclusion of a non-party witness as a result of the non-parties conduct, would only result in prejudice to Defendant and not provide the Defendant with a fair trial. It would be unconstitutional to deny Defendant the right to call any witness, just because the Plaintiffs claim that there may not have been "full" compliance, with "full" being subjective and requiring an evidentiary hearing.

If the Plaintiffs are so certain that Defendant's Florida Condominium Unit was not his homestead prior to August 8, 2024, then Plaintiffs should not have any problem having all the evidence submitted by both sides permitted, so that this Court hears all of the evidence. However, it is respectfully submitted that based on the United States Constitution, Florida Constitution, Florida law, Florida Federal and State case law and the facts of this case, Plaintiffs should not be able to prevail in this case because the homestead of Defendant in Florida, fully complied with the laws of the State of Florida, and the Florida Constitution. This Court should see that based on the Plaintiffs' actions in this Court, the Plaintiffs fear having this case decided on the facts, because there is no question that any court in any venue must conclude that Defendant's Florida Condominium Unit was Defendant's homestead prior to August 8, 2024, which puts the Plaintiffs in a losing position here regarding the homestead of Defendant's Florida Condominium Unit.

It is respectfully submitted that this Court should rule in an unbiased manner based on the facts, and there can be no way that this Court could decide anything other than that the Defendant's Florida Condominium Unit was Defendant's homestead prior to the critical date of

August 8, 2024, which is the date when Plaintiffs recorded their judgment in the Palm Beach County Clerk's Office in Palm Beach County, Florida.

The case of *Haas, Id.,* cited by Plaintiffs does not support Plaintiffs claim for preclusion of non-party witnesses testimony.

Another case cited by Plaintiffs is *Magee v. Paul Revere Life Ins. Co.*, 178 F.R.D. 33 (E.D.N.Y. 1998), where Plaintiff's treating physician failed to appear for depositions on three occasions and failed to appear twice pursuant to served subpoenas. In that case, the Court properly precluded the treating physician's testimony. That is nothing akin to the instant case whatsoever. Plaintiffs are using the word "fully" to say that while the non-party witnesses either substantially complied (or may have fully complied), that if there any anything that the Plaintiffs can say to show that in their minds a non-party witness did not "fully" comply, then that witness should be precluded. That is greatly different from *Magee, Id.,* where there, there was clearly non-compliance by the Plaintiff's treating physician who just ignored the Defendant's demand for the Plaintiff's treating physician's deposition. The United States District Court, Judge Arthur Spatt, in *Magee, Id.* stated that "when coupled with the plaintiff's failure to produce Dr. Tassy for deposition on three occasions over the course of several months, despite the witness having been lawfully subpoenaed, despite Judge Orenstein's order compelling his testimony, despite defense counsel making reasonable accommodations to the doctor's schedule, and despite Judge Orenstein repeatedly extending the discovery deadline, the sanction was not merely warranted, but virtually required." The facts concerning discovery in *Magee, Id.* are very different from the facts in this case.

Any non-party witness that Defendant intends to call at trial has been deposed by Plaintiffs. The Court stated that a "party may be sanctioned for a non-party witness' failure to

testify under two provisions: (1) under Rule 37(a), where the witness who has been designated to testify defies a court order compelling the deposition; and (2) under rule 37(d), where a witness designated to testify as to specific matters fails to appear for the deposition after being served with proper notice. *See Basch v. Westinghouse Elec. Corp.*, 777 F.2d 165 (4th Cir. 1985)(upholding imposition of sanction of precluding physician from testifying as expert and limiting his testimony to that of fact witness), cert. denied, 476 U.S. 1108, 90 L. Ed. 2d 365, 106 S. Ct. 1957 (1986); *Volkart Bros., Inc. v. M/V Palm Trader*, 130 F.R.D. 285 (S.D.N.Y. 1990) (willful violation of discovery order by vessel owner's agent by failing to produce witness for deposition justified deemed admission of paragraphs and prohibiting opposition to charterer's efforts to pierce corporate veils of vessel's purported owners).

In this case, the Defendant's non-party witnesses were deposed by Plaintiffs and produced documents, and if Plaintiffs had a real concern about the non-party witnesses conduct, then the Plaintiffs should have sought the remedies against the non-party witnesses, not seek to prevent their testimony at trial, after having been deposed by Plaintiffs in this case. In *Basch, supra,* cited in *Magee, supra,* the Fourth Circuit upheld the imposition of a sanction of precluding physician from testifying as expert and limiting his testimony to that of fact witness), cert. denied, 476 U.S. 1108, 90 L. Ed. 2d 365, 106 S. Ct. 1957 (1986). While the physician could not testify as an expert, he was still allowed to testify as a fact witness.

Again, Defendant respectfully submits that the case law cited by Plaintiffs are not helpful to the Plaintiffs, but the Plaintiffs wish to try anything possible to prevent the truth from being disclosed at trial, which would absolutely show that Defendant's Florida Condominium Unit is his homestead and was his homestead prior to August 8, 2024.

Plaintiffs state in their memorandum of law (DE-186, page 11) that "When determining

whether to exclude a witness, courts consider '(1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the precluded evidence; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of continuance.' *Abouelmakarem v. Mssminja Inc.*, 2023 WL 4561765, at 2 (S.D.N.Y. July 7, 2023) (quoting *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006))." Plaintiffs have not given the non-party witnesses whom the Plaintiffs claim did not comply with fully disclosing whatever Plaintiffs were seeking, any ability to explain to this Court any alleged the failure to comply with any disclosure requirements, what was disclosed and what was not complied with, what the importance of the requested precluded evidence or testimony, the prejudice suffered by the Plaintiffs and the possibility of continuance of the trial if Plaintiffs claim that they are lacking any discovery.  It is respectfully submitted that there has been full or at a minimum substantial compliance by Defendant as well as the non-party witnesses who Defendant plans to call at trial.

Plaintiffs have had the opportunity to depose the witnesses that Defendant will call at trial and actually deposed Defendant, Dr. Maria Ryan, Theodore Goodman and Monsignor Alan Placa. Many were deposed for seven hours or available to Plaintiffs' counsel under the Federal Rules of Civil Procedure.

In this case, did Plaintiffs have the opportunity to depose Defendant's trial witnesses and did Plaintiffs actually depose Defendant's trial witnesses: (i) Defendant, (ii) Dr. Maria Ryan, (iii) Theodore Goodman and (iv) Monsignor Alan Placa?, the answer is yes.

The depositions in this case occurred at a most difficult time for non-parties to any case, between Christmas and New Years; they were deposed by Plaintiffs' counsel.

All of the paper discovery was either fully responded to or substantially responded to by

Defendant and Defendant's trial witnesses to the extent that they could respond.  The Plaintiffs

had the right and exercised their right to depose the Defendant's anticipated trial witnesses, and it

is respectfully submitted that the only reason why the Plaintiffs filed the motion in limine is to

try to get this Court to give the Plaintiffs what they want, which is to prevent the Defendant and

the Defendant's witnesses telling the Court the truth and the facts concerning the Florida

Condominium Unit and Defendant's homestead.

Further grasping at straws, Plaintiffs state on page 12 of the memorandum of law (DE-

186) that "Nor will Mr. Giuliani be able to explain why the testimony of the Third-Party

Witnesses are important for purposes of assessing *his* subjective intentions and conduct.

*Patterson*, 440 F.3d at 117 ("never explained to the district court why these witnesses allegedly

[have] important testimony")."  Plaintiffs had Defendant for his deposition for seven (7) hours

and Plaintiffs had the ability to ask Defendant, as well as Defendant's trial witnesses: Dr. Maria

Ryan, Theodore Goodman and Monsignor Alan Placa everything and anything that Plaintiffs'

counsel desired to inquire upon. Plaintiffs could have asked Defendant at his deposition to

explain why the testimony of the Third-Party Witnesses are important for purposes of assessing

Defendant's subjective intentions and conduct.  The Third-Party Witnesses are also able to

testify regarding Defendant's actually residing in the Florida Condominium Unit prior to August

8, 2024.  Plaintiffs, in their submissions to this Court make it appear that if a person goes on

vacation or spends the summer up north, not in Florida that they then abandon their homestead.

That is the furthest from being fact. The Court should be able to take judicial notice of people

called snowbirds who reside in Florida, but then go up north for the summer to avoid the

oppressive heat in Florida in the summer – which never results in an abandonment of homestead

protections in Florida. If every resident of Florida who spends the summer in New York, North

Carolina, Maine or any other state lost their homestead by spending the summer out of the State of Florida, then millions of people would lose their homestead status, which in reality and actually does not happen.

Plaintiffs state on page 12 of the memorandum of law that "Plaintiffs would be severely prejudiced if Mr. Giuliani's Third-Party Witnesses are permitted to testify without having provided any documents" for those who did not provide documents. If any one of the non-party witnesses had no documents or did not provide documents, Plaintiffs will not suffer any prejudice as documents not produced to Plaintiffs will not be utilized at trial, as Defendant does not have what the non-party witnesses did not produce.

It is respectfully submitted that Plaintiffs have not shown in their Motion in Limine any prejudice or how the Plaintiffs could be prejudiced in any way.

Plaintiffs state that "as to Mr. Ragusa, Plaintiffs would additionally be prejudiced as they were unable to depose him" (Plaintiffs memorandum of law (DE-186, page 13)). That issue is easily resolved, as Defendant will not call Michael Ragusa as a witness at trial.

Plaintiffs claim in their memorandum of law that "there is no 'possibility of continuance' of the January 16 trial". Obviously, if the Plaintiffs claim that they need more discovery, the Plaintiffs could file a motion for a continuance of the trial, and Defendant would likely agree. However, Plaintiffs have not requested any continuance of the trial, which if Plaintiffs claim that they are prejudiced as a result of any discovery, the Plaintiffs could have or could still, but did not seek a continuance of the trial. For some reason, it appears that the Plaintiffs want this case decided by January 20, 2025, before President Trump takes office. Inasmuch as the Plaintiffs have received millions of dollars of assets from the Defendant (the New York cooperative apartment alone is worth over $5,000,000), and Defendant's Florida Condominium Unit is

restrained, there is no reason why the Plaintiffs are in such a "rush to judgment" in this case. This Court appears to have leapfrogged this case over many other cases to get this case to trial from the September 23, 2024 date when this case was reassigned to this Court from Judge Hellerstein until the trial date of January 16, 2024 which was the date selected by this Court on October 17, 2024.

From the date of issuance of the Scheduling Order (DE-47) of October 17, 2024 to the trial date of January 16, 2025 is only approximately 90 days for all discovery to be demanded, responded to, conducted, completed primarily around the Thanksgiving and Christmas holidays, and the case tried.  It is respectfully submitted that if the Plaintiffs believe that for any reason that they need more time than the 90 days set by the Court from the start of discovery to the trial date, the Plaintiffs could have, but unilaterally elected not to seek additional time for discovery.

If the Plaintiffs want more time, Defendant consents to the Court affording the Plaintiffs as much time as the Plaintiffs need. If the Plaintiffs really believed that they were prejudiced in any manner by the rapid discovery process, then the Plaintiffs could ask for a continuance, but calculated in their decision not to ask for a continuance which would resolve any issues that the Plaintiffs claim regarding discovery, including non-party discovery.

Plaintiffs cited to *Patterson, supra*, stating "In determining whether the district court acted within its discretion, the court considers (1) the party's explanation for the failure to comply with the disclosure requirement; (2) the importance of the testimony of the precluded witnesses; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance".

Why have the Plaintiffs not asked this Court for a continuance of the trial? If the Plaintiffs have not asked the Court for the possibility of a continuance, then this Court should

deny the Plaintiffs' motion in limine.

Plaintiffs deposed Defendant and the non-party witnesses that Defendant intends to call at trial, and obtained answers to their questions. Defendant provided documents to Plaintiffs. Plaintiffs consistently filed motions because the last thing that the Plaintiffs want is the Defendant testifying regarding the facts and his actions to obtain a homestead of his Florida Condominium Unit in Florida.  There is no jury in this case. The Court can exclude certain evidence at trial if the Court believes that such evidence, on both sides, Plaintiffs and Defendant, requires exclusion.  It is respectfully submitted that this Court should deny Plaintiffs' motion in limine in its entirety, and allow the facts to come out at trial and have this Court render a decision based on the facts or decide that the Plaintiffs' proper venue for this case is in Florida so that the administrative agency, the Palm Beach County Property Appraiser could explain why Defendant qualified under the Florida Constitution, Florida law and the Palm Beach County Property Appraiser's requirements and criteria for granting homestead exemptions and benefits to Defendant.

Plaintiffs state in their memorandum of law (DE-186, page 13) that "Plaintiffs are not, however, seeking to preclude Mr. Giuliani from testifying at trial…". Defendant wants to testify and answer Plaintiffs' questions, so that the Plaintiffs and the Court can see that there is and was homestead status and exemption granted to Defendant prior to August 8, 2024.

Defendant should not be penalized for any non-party witnesses' actions if they occurred, which non-party witnesses actually were deposed at length by the Plaintiffs' counsel, who had full and unfettered access, and ability to depose each of the witnesses: (i) Defendant, (ii) Dr. Maria Ryan, (iii) Theodore Goodman and (iv) Monsignor Alan Placa.

### Conclusion

For the foregoing reasons, it is respectfully submitted that Plaintiffs' motion in limine should be denied in its entirety and for such other and further relief as this Court deems just and proper.

Dated: January 10, 2025
      Staten Island, New York

*s/joseph m. cammarata*
_____
Joseph M. Cammarata, Esq.
Cammarata & DeMeyer P.C.
Attorneys for Defendant Rudolph W. Giuliani
456 Arlene Street,
Staten Island, New York 10314
718-477-0020