```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------X
                                                                     :
RUBY FREEMAN and                                                     :
WANDREA' MOSS,                                                       :
                                                                     :
                              Plaintiffs,                            :   24-cv-06563 (LJL)
                                                                     :
        -v-                                                          :   MEMORANDUM &
                                                                     :   ORDER
RUDOLPH W. GIULIANI,                                                 :
                                                                     :
                              Defendant.                             :
                                                                     :
---------------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/13/2025

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") move, in limine, for an order precluding Defendant Rudolph W. Giuliani ("Defendant") from offering the testimony of late-disclosed third-party witnesses in support of his claim that he established Florida as his homestead prior to August 8, 2024, and from relying on any documents he did not produce in discovery. Dkt. No. 186. The motion is granted in part and denied in part. The motion is denied to the extent that it seeks to preclude Defendant from calling Maria Ryan as a witness at trial. It is granted to the extent that it seeks to preclude Defendant from calling Theodore Goodman or Alan Placa as witnesses at trial and to the extent that it seeks to preclude Defendant from relying at the scheduled January 16, 2025 trial of this matter on documents not produced in discovery.

## BACKGROUND

This case has been plagued by Defendant's failure to respond to discovery requests. As a result, the Court has held Defendant in contempt of court. *See* Dkt. No. 187-12 at 383:3–384:6.

The complaint in this case was filed on August 30, 2024. Dkt. No. 1. Defendant was served on September 5 and 6, 2024. Dkt. No. 10. On September 11, 2024, Defendant was

served personally at his residence in New York, New York.  Dkt. No. 13.  Counsel appeared for Defendant on September 20, 2024.  Dkt. Nos. 20–21.  The Court held an initial conference in the case on September 27, 2024.  The Court expressed its intention to move the case forward quickly with the deposition of Defendant occurring in late October or early November.  Counsel for Defendant agreed.  Dkt. No. 37 at 27.

On October 17, 2024, the Court set the date for trial for January 16, 2025.  Dkt. No. 47; *see also* Dkt. No. 50.

On October 28, 2024, the Court entered the Case Management Plan and Scheduling Order submitted by the parties.  Dkt. No. 53.  The plan required initial disclosures to be served on November 4, 2024, depositions to be completed by December 31, 2024, and all discovery to be completed by January 9, 2025.  Dkt. No. 53.

Defendant timely served initial disclosures on November 4, 2024.  Dkt. No. 125-1.  In those initial disclosures, he identified a single person as an individual "likely to have discoverable information that Defendant may use to support his defense in this action": himself.  *Id.*

Over one month later, on December 8, 2024, Defendant served amended disclosures.  Dkt. No. 125-5.  In the amended disclosures, Defendant added five new persons as individuals likely to have discoverable information he might use to support his defense in this action: Ryan Medrano, Joseph Ricci, Maria Ryan, Michael Ragusa, and Robert Wagner.  *Id.*  He did not provide telephone numbers for any of the individuals.  He did not provide an address for the last two individuals.

On December 13, 2024, Plaintiffs requested a status conference regarding Defendant's late-disclosed trial witnesses. Dkt. No. 124. That same day, the Court entered the following order:

> Defendant shall respond no later than Tuesday, December 17, 2024 at 5 p.m. Defendant shall indicate whether he will arrange for the five additional witnesses to receive subpoenas and to be made available for deposition on or before January 9, 2025, including when and where the witnesses will be made available for in-person depositions. Defendant shall also indicate whether he will arrange for the responsive documents of each of the witnesses to be produced to the Plaintiffs at least one week prior to deposition. The Court takes the request for a conference under advisement, pending receipt of Defendant's letter.

Dkt. No. 129.

On December 17, 2024, Defendant served another set of initial disclosures, his Second Amended Initial Disclosures. Dkt. No. 147-1. He removed Robert Wagner from the list and added a new individual, Alan Placa. He still did not provide telephone numbers for any of the individuals. He did not provide an address for Ragusa. *Id.*

Also on December 17, 2024, in a letter in response to the Court's order of December 13, 2024, Defendant did not address whether he would make any efforts to arrange for responsive documents of his witnesses to be produced. He simply stated, "We are not counsel to Ryan Medrano, Joseph Ricci, Michael Ragusa and Robert Wagner," without mentioning Maria Ryan, and then stated that Ryan, Medrano, Ragusa, and Placa would make themselves available for deposition, while providing some (but not all) contact information for the latter three but not for Ryan. Dkt. No. 138.

On December 20, 2024, the Court entered an order requiring the Parties to file "their proposed witnesses, the topics of their testimony, and a request for an amount of time for their direct examination" no later than December 23, 2024 at 5 p.m. Dkt. No. 150. The Court also ordered:

3

> No witness will be permitted to testify unless that witness has made a full compliance with any interrogatories or document requests and shall have submitted himself or herself to a noticed deposition by December 31, 2024, absent a showing of good cause.

*Id.*

On December 23, 2024, in response to the Court's order that Defendant file a witness list, Defendant filed a witness list pursuant to Federal Rule of Civil Procedure 26(a)(3). He added a new individual: Theodore Goodman. He thus identified the following six individuals as trial witnesses: himself, Goodman, Medrano, Placa, Ragusa, and Ryan. Dkt. No. 157. For Goodman, Defendant stated under the "Category" column: "Defendant may call if the need arises." *Id*. at 3. Under the "Topics of Testimony" column, Defendant stated "Photographs that had been taken showing Defendant." *Id.* He also finally provided telephone numbers for the individuals. *Id.*

Plaintiffs expeditiously sought discovery from Ryan, Goodman, and Placa. Ryan and Goodman dragged their feet in response. Plaintiffs served Ryan and Goodman with Rule 45 subpoenas for documents on November 18, 2024, with a return date for December 2, 2024. Dkt. Nos. 116-2, 116-6, 116-4, 116-7. Neither Ryan nor Goodman responded as required and so, on December 6, 2024, Plaintiffs moved to compel Ryan and Goodman after they failed to lodge responses or objections, produce documents, or file seeking any extension of their deadline to respond. Dkt. No. 115. On December 14, 2024, the Court granted Plaintiffs' motion, directing that Ryan and Goodman had "until Wednesday, December 18, 2024 at 5 p.m. to produce all responsive documents in their possession, custody or control, or show cause why they should not be held in contempt for violation of the Court's order." Dkt. No. 135.

Goodman did not comply with the order. He has not produced a single document, despite testifying in deposition that he possessed documents responsive to Plaintiffs' discovery requests. Dkt. No. 182-5, at 42:13–48:4; 54:24–55:06; 56:05–07; 83:02–13; 90:16–91:20; 155:23–157:14;

4

160:22–161:20.  Ryan has produced only a single document, what has been described as an email exchange between herself and Sotheby's, *see* Dkt. No. 182-4 at 261:17–262:82.

On December 11, 2024, Plaintiffs served Ryan and Goodman with deposition subpoenas for in-person depositions to be taken on December 30, 2024 in New York.  Dkt. No. 123.  On December 29, the night before the deposition was to occur, counsel for Ryan emailed Plaintiffs' counsel that Ryan would not appear the following day, and offered her for deposition by Zoom after January 6, 2025, *i.e.*, after the close of depositions.  Dkt. No. 187-5 at ECF p. 5.  Her lawyer stated that she had not been served with the subpoena and was not aware of it when, in fact, the subpoena had been served on her through email in accordance with the Court order that permitted service of the subpoena on an email address through which Plaintiffs' counsel had previously corresponded with Ryan.  Ultimately, Ryan's counsel agreed on her behalf to a deposition on December 31, 2024, at 9 a.m. over Zoom.  Dkt. No. 187-5 at ECF pp. 3–4.  For his part, after weeks of evasive responses to Plaintiffs' request for a confirmation of his noticed deposition, Goodman wrote Plaintiffs on December 30, the morning of the scheduled deposition, to ask that his deposition be rescheduled to the following day for the same time as Ryan's deposition.  Dkt. No. 187-6 at ECF pp. 5–7.  Plaintiffs accommodated the requests and agreed to depose both Ryan and Goodman on December 31, 2024, and to do so over Zoom rather than in person, Dkt. No. 187-5, 187-6, even though they were entitled to insist on in-person depositions under the terms of the Court's order of December 13.  Dkt. No. 129.

Plaintiffs served Placa with a document and deposition subpoena on December 24, 2024, the day after Defendant listed him as a witness.  *See* Dkt. No 187 ¶ 4; Dkt. No. 187-2.  He sat for a deposition on December 26, 2024, in West Palm Beach Florida.  Placa's testimony indicated that he possessed information and documents responsive to Plaintiffs' document requests, *see*

5

182-1, at 17:23–18:9; 34:6–13; 42:6–9; 63:15–65:10, but he has not produced a single document responsive to Plaintiffs' discovery requests. Dkt. No. 180 at 2.

On December 29, 2024, Defendant represented to counsel for Plaintiffs that he did not intend to call Ragusa or Medrano. Dkt. No. 182-3. In the joint pretrial order entered by the Court on January 8, 2025, Defendant listed Ryan, Goodman, and Placa as third-party trial witnesses, but not Ragusa or Medrano. Dkt. No. 201 at 5–6.

## DISCUSSION

Plaintiffs argue that the Court should preclude Defendant from calling Ryan, Goodman, and Placa (the "Third-Party Witnesses")[1] at trial for failure to comply with the requirements of Federal Rule of Civil Procedure 26(a)(1), including failure to disclose any of the witnesses prior to December 7, 2024, failure to provide address information for each of them, failure to facilitate service of the subpoenas and scheduling of depositions, failure to timely update initial disclosures or the trial witness list, and failure to encourage the witnesses (all of who, are or were Defendant's employees) to make full and complete document production. Dkt. No. 186 at 12. Plaintiffs also argue that Defendant should be precluded from calling the Third-Party Witnesses because of their failure to comply with Plaintiffs' discovery requests. *Id*. Defendant responds that he should not be penalized for the failure of the Third-Party Witnesses to comply with their discovery obligations. Dkt. No. 206. He does not address his failure to list the Third-Party Witnesses in his initial disclosures and, in the case of Placa, his failure to list him until the Second Amended Initial Disclosures and, in the case of Goodman, the failure ever to identify him in an amended initial disclosure. *Id*.

---

[1] Plaintiffs' request for preclusion on its face extends to Medrano and Ragusa. However, Medrano and Ragusa have not been listed on Defendant's witness list, Dkt. No. 157, or in the joint pretrial order, Dkt. No. 201, so Plaintiffs' motion is moot as to them.

6

Federal Rule of Civil Procedure 37(c) gives the Court authority to preclude a party from offering information or witnesses if that party fails to timely make initial disclosures. The rule provides: "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see* Fed. R. Civ. P. 26(a)(1), advisory committee's note to 2000 amendment ("The obligation to disclose information the party may use connects directly to the exclusion sanction of Rule 37(c)(1)."). The Second Circuit has determined that Rule 37(c)(1) "does not require a showing of bad faith before imposition of the preclusion sanction. Bad faith can be taken into account, however, in determining what sanction to impose." 7 Moore's Federal Practice § 37.60[2][b] (2024) (citing *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006)).

Federal Rule of Civil Procedure 26(a)(1)(A), in turn, requires each party, "without awaiting a discovery request," to disclose to the other parties "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support the claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A). The purpose of the Rule is to avoid "surprise" or "trial by ambush." *Am. Stock Exch., LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (internal quotation marks omitted) (citing *Transclean Corp. v. Bridgewood Servs., Inc.*, 77 F. Supp. 2d 1045, 1061 (D. Minn. 1999)); *see also Haas v. Del. & Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (summary order) ("The purpose of the rule is to prevent the practice of 'sandbagging' an opposing party with new evidence." (quoting *Ebewo v. Martinez,* 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004))); *3DT Holdings LLC v.*

*Bard Access Sys. Inc.*, 2022 WL 1569493, at *2 (S.D.N.Y. May 17, 2022). "Substantial justification" under Rule 26(a)(1)(A) means "'justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request.' [. . .] 'Failure to comply with the mandate of the Rule is harmless when there is no prejudice to the party entitled to the disclosure.'" *Mopex, Inc.*, 215 F.R.D. at 93 (first quoting *Henrietta D. v. Giuliani*, 2001 WL 1602114, at *5 (E.D.N.Y. Dec. 11, 2001) then quoting *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan. 1995)).

In deciding whether to exclude a witness from testifying as a sanction for a violation of Rule 26, the court considers the *Softel* factors: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (quoting *Softel, Inc. v. Dragon Med. & Scientific Commc'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)). "Preclusion is considered 'a drastic remedy' that is generally disfavored within the District." *Rosado v. Soriano*, 2021 WL 4192863, at *1 (S.D.N.Y. Aug. 6, 2021) (quoting *Rivera v. United Parcel Serv.*, 325 F.R.D. 542, 548 (S.D.N.Y. 2018)). "Before the extreme sanction of preclusion may be used by the district court, a judge should inquire more fully into the actual difficulties which the violation causes, and must consider less drastic responses." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988).

There is no serious dispute that Defendant violated Rule 26(a)(1), at least with respect to witnesses other than Ryan. Defendant listed only himself in his first set of Initial Disclosures on November 4 and, of the Third-Party Witnesses, listed only Ryan in his Amended Initial Disclosures on December 8. The rule requires each party to list, at an early date in the matter

and without awaiting a discovery request, all of the persons who the disclosing party believes has discoverable information that the disclosing party "*may use* to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(i) (emphasis added).[2]  The purpose of the initial disclosure requirements, was to make discovery fairer and more efficient by requiring parties "to reveal basic information to their adversaries […] at an early point" in litigation.  8A C. Wright & A. Miller, Federal Practice and Procedure ("Wright & Miller") § 2053 (3d ed. 2024); *see also* Fed. R. Civ. P. 26(a) advisory committee's note (1993) (initial disclosure requirements designed to "accelerate the exchange of basic information about the case and to eliminate the paper work involved in requesting such information").  The objective is to "expedit[e] early disclosure of materials that predictably will be disclosed ultimately and avoiding imposing undue burden or uncertainty on the disclosing party."  Wright & Miller, § 2053.  The requirement to provide the identity of individuals that the disclosing party "may use" as a witness is meant to be understood broadly, given the limited information that a party may have at an early stage in the proceeding about their ultimate trial strategy.  *See* Administrative Committee Note 192 F.R.D. at 385, December 1, 2000 amendments ("Use" of a witness under Rule 26(a)(1)(A)(i) "includes any use at a pretrial conference, to support a motion, or at trial."); *See* 6 Moore's Federal Practice § 26.22[4][a][ii] ("The obligation to disclose is no longer tied to persons with information relating to particularized allegations in the pleadings and is no longer limited to persons who may have potential evidence regarding controverted facts.  The focus is on persons who have information that the disclosing party may use . . . The disclosing party should, therefore, provide identifying

---

[2] Fed. R. Civ. P. 26(a)(1)(C) requires mandatory disclosures to be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order.  Here, the Court set the date by court order base on the submission of the parties.

9

information for all persons it intends to use in the presentation of its case, at trial or pretrial, even those whose information is limited exclusively to uncontroverted or background facts.").

Although the Federal Rules of Civil Procedure require a disclosing party to supplement their initial disclosures when they learn the disclosures are incomplete or incorrect, Fed. R. Civ. P. 26(e), Defendant does not seek refuge in that provision. That provision is intended for circumstances in which the disclosing party has become aware of additional information that makes the initial disclosures incomplete, and even then, requires the initial disclosures to be amended or corrected on a timely basis. It is not intended to permit the disclosing party to sandbag her opponent by withholding information of which the disclosing party was aware at the time set for initial disclosures on the pretense that no firm conclusion has been reached on the persons to be called at trial. "A party must make its initial disclosures based on the information *then reasonably available to it* and is not excused from making its disclosures because it has *not fully completed its investigation* of the case or because it challenges the sufficiency of another party's disclosures or because another party had not made its disclosures." 2 M. Silberberg, E. Spiro, J. Mogul, Civil Practice in the Southern District of New York § 13:7 (2d ed. 2024) (emphasis added); *see Lexington Furniture Indus., Inc. v. Lexington Co.*, 2021 WL 2333859, at *2 (S.D.N.Y. May 27, 2021) (precluding a late-disclosed witness from testifying where there was "no claim by defendant that this was a mistake or oversight or anything other than a strategic decision"); *Rivera*, 325 F.R.D. at 546–47 (finding a violation of Rule 26(e) where the disclosing party "knew from the commencement of this lawsuit that [witnesses] possessed relevant information" but "failed to identify either person until the last day of fact discovery"); *cf. Agence France Presse v. Morel*, 293 F.R.D. 682, 687–88 (S.D.N.Y. 2013) (Nathan, J.); *Heredia v. Americare, Inc.*, 2020 WL 3961618, at *5 (S.D.N.Y. July 13, 2020). Rule 26(e) is intended for

circumstances where a party "learns" that its disclosures are "incomplete or incorrect" Fed. R. Civ. P. 26(e), not to excuse a party from making complete and correct disclosures in the first place.

Defendant failed to include the Third-Party Witnesses in the initial disclosures and failed to amend those disclosures to include Placa's name until December 23, 2024 (and failed to ever name Goodman).[3] He also failed to include telephone numbers as required by Rule 26(a)(1)(A)(i). His failures were not substantially justified or harmless. Defendant offers no justification or explanation for the failure to identify Ryan, Placa, or Goodman.[4] Defendant proposes to offer Ryan and Placa to testify to his alleged relocation from New York City to Palm Beach. Dkt. No. 157. But he does not offer any reason why, if those persons have relevant information, he would not have known the information and have formed the view that they might be used as witnesses at the time of the November 4 initial disclosures. *See Patterson*, 440 F.3d at 117 (rejecting disclosing party's explanation under the first *Softel* factor that newly substituted counsel was unaware of late-added witnesses, when witnesses were disclosed three weeks after Rule 26(a) disclosure, "during which time, even by his own explanation, he should have been aware of their existence"); *see also Max Impact, LLC v. Sherwood Grp., Inc.*, 2014 WL 902649, at *11 (S.D.N.Y. Mar. 7, 2014) (noting with respect to Rule 26(a)(1) initial disclosures, "the federal discovery rules place a duty on a party to turn over not only proper materials of which he is aware, but also those of which he reasonably ought to have been aware" (quoting *Arthur v. Atkinson Freight Lines Corp.*, 164 F.R.D. 19, 20 (S.D.N.Y.1995))). The information at issue is

---

[3] Defendant did include Goodman in his witness list but that disclosure was belated. *See* Fed. R. Civ. P. 26(c) (supplementation not required where witness is otherwise made known during the discovery process).
[4] He also offers no explanation for his failure to include telephone numbers which are necessary to timely contact proposed witnesses.

11

Defendant's alleged move to Florida. Defendant would have known the universe of individuals with information and knowledge of that subject well before his Initial Disclosure of November 4, 2024. Goodman is Defendant's employee; he is paid by Defendant and works for Defendant full-time. Dkt. No. 187-12 at 318:10–319:13; Dkt. No. 182-5 at 54:2–54:12, 79:10–81:6. Ryan also is Defendant's employee; she works for him three-quarters of her time. Dkt. No. 187-12 at 321:33–321:9. And Placa has been Defendant's "closest personal friend" since the two met in high school, Dkt. No. 202 at 230:14–230:19; 24-mc-00353[5], Dkt. No. 209-5 at 49:6–49:11; 209-4 at 77:24–78:20, and, according to the Defendant, has also been the Defendant's employee, *id*. at 50:5–51:20. The failure to identify them for over a month and until the second week of December (at the earliest) was not harmless: as a result, Plaintiffs were forced to depose them on an accelerated basis without sufficient time to appeal to the Court for assistance in forcing the three to comply with their discovery obligations. *See* 6 Moore's Federal Practice § 26.22[4][a][i] ("The purpose of requiring the parties to disclose the identities of their prospective witnesses early in the litigation is to assist the other parties in deciding whom they wish to depose without the necessity of first serving multiple boilerplate interrogatories seeking this information.").

The Court turns to the *Softel* factors. Defendant offers no explanation for his failure to have identified on a timely basis, consistent with Rule 26(a)(1), the Third-Party Witnesses as persons whom he might call to support his claims. In his memorandum in opposition, Defendant does not even make an attempt to address why he could not have disclosed any of the witnesses timely on November 4, 2024. The Court can only conclude that Defendant's conduct

---

[5] The Court takes judicial notice of the full transcripts of the depositions of Defendant at Dkt. No. 209-5 and Placa at Dkt. No. 209-4 which are filed in the docket for the related judgment enforcement action at 24-mc-00353, not for the truth of the statements contained in the transcripts but for the fact that those statements were made.

constituted "a deliberate attempt . . . to engage in the 'sandbagging' that Rule 26 forbids." *Lebada v. N.Y.C. Dep't of Educ.*, 2016 WL 626059, at *6 (S.D.N.Y. Feb. 8, 2016) (quoting *Agence France Presse*, 293 F.R.D. at 688), *objections overruled*, 2016 WL 8453417 (S.D.N.Y. May 16, 2016).

Second, Defendant does not argue that the testimony of any of the witnesses Plaintiffs seek to preclude are important to his claim to have obtained homestead rights in the Palm Beach Condo. Where the testimony of a witness is particularly important "only extreme misconduct on the part of the [disclosing party] or extreme prejudice suffered by the [receiving party] justif[ies] the extraordinary sanction of preclusion." *Outley v. City of New York*, 837 F.2d 587, 591 (2d Cir. 1988). Here, the defense witness with the percipient knowledge of facts relevant to Defendant's claim to a homestead is Defendant himself; he is presumably in a position to testify to the underlying facts that support, or undermine, his claim that the Palm Beach Condo is his homestead. He does not identify any facts that any of the three have that are particularly relevant to his claim. The most that he says is that they will be "able to testify regarding Defendant's [*sic*] actually residing in the Florida Condominium Unit prior to August 8, 2024." Dkt. No. 206 at 17. But the fact that Defendant, from time to time, resided in the Palm Beach Condo is not disputed. What is disputed is whether (1) his request to convert the bankruptcy case to a Chapter Seven proceeding is inconsistent with his claim that the Palm Beach Condo was his homestead; (2) assuming his position in the bankruptcy case is not inconsistent with his claim that the Palm Beach Condo was his homestead, whether he had a present rather than future intent to make that property his homestead or whether, to the contrary, it was a vacation or second home; and (3) whether he actually occupied the Palm Beach Condo as a homestead prior to Plaintiffs' lien attaching. Defendant makes no assertion that the Third-Party Witnesses have information that

speak to those issues. To the contrary, Defendant mostly argues that the testimony of the witnesses—and, for that matter, of Defendant himself—is irrelevant. He argues that the administrative decision of the Palm Beach County Property Appraiser that the Defendant qualified for a homestead *tax* exemption under Article VII, section 6 of the Florida constitution is preclusive of the separate question whether Defendant has established a homestead to protect his property against creditors under Article X, section 4 of the Florida Constitution and "that the decision as to whether the Palm Beach County Property Appraiser . . . made the correct or incorrect administrative decision in granting Defendant a homestead for his Florida Condominium Unit, is not an issue that would be properly adjudicated before this Court," and that "[j]ust on that basis alone" Defendant has established that the Florida condo is his homestead. Dkt. No. 206 at ECF pp. 7, 9.

Placa testified at his deposition on December 26, 2024, that he did not know Defendant intended to call him as a witness at this trial, that he had not spoken to Defendant about testifying at this trial, and that he did not know what the trial was about. Dkt. No. 182-1 at 58:14–61:9. He could not testify to any specific recollection of times that Defendant was in Palm Beach, to any specific conversations he had with Defendant about establishing his homestead in Palm Beach, or that he ever attended an event at a club with Defendant in Palm Beach; he could not identify any church Defendant had ever attended in Palm Beach; and he could not identify any party Defendant had ever hosted in the Palm Beach Condo. Dkt. No. 182-1 at 21:19–25:22. Defendant's intent to call Placa appears to be only half-hearted, and it is questionable whether Placa has any relevant information to impart. With respect to Goodman, as late as December 23 in his Rule 26(a)(3) witness list, Defendant states only that he may call Goodman "if the need arises" and, if so, only to authenticate pictures taken showing Defendant. Dkt. No. 157. But if

14

that is Goodman's importance, he is not at all important.  Defendant presumably can authenticate pictures of himself.  Although Defendant revised that disclosure in his proposed pretrial order, he still offers only the conclusory statement that "Defendant expects Theodore Goodman to testify about Defendant having actually resided in his Florida Condominium Unit in Palm Beach County, Florida as his homestead prior to August 8, 2024, with such homestead established within the meaning of the Florida Constitution."  Dkt. No. 200, 201.

The Court reaches a mixed result on the question of prejudice and, with that question, the further question of whether a continuance would be practicable in this case.  The primary prejudice identified by Plaintiffs was their inability to obtain documents from the Third-Party Witness (or Defendant for that matter) with which to confront the witnesses.  Dkt. No. 186 at 12–13.  All of the Third-Party Witnesses testified to communicating with Defendant by email or sending and receiving emails on his behalf.  Dkt. No. 182-4 at 163:7–168:25; Dkt. No. 182-5 at 44:2–44:7, 54:24–55:22; Dkt. No. 182-1 at 10:9–10:21.  All were required to produce emails.  Dkt. No. 116-2 at 5–6; Dkt. No. 116-4 at 5–6; Dkt. No. 182-2 at 64:7–64:14.  As noted, the Court compelled Ryan and Goodman to produce documents.  Dkt. No. 135.  Only Ryan produced any documents at all, and she produced a single email thread.  Dkt. No. 186 at 10.[6]

---

[6] The Court also held Defendant in contempt for his willful failure to search for and produce emails.  *See* Dkt. No. 187-12 at 383:25-384:6.  The Court explained: "He did not produce any documents as required by November 26.  Plaintiff produced only 17[*sic*] cherry-picked documents on December 8.  He has not produced a single communication, a single e-mail, text message or phone record in response to plaintiffs' 24 requests for production, not one of which he timely objected to."  *Id*.  The Court found that evidence indicates that Defendant possessed responsive documents but did not produce them, and "did not act with reasonable diligence and energy in attempting to comply" including by failing to "search his e-mails," "provide them to a vendor to search," or "ask any of his colleagues who had access to his e-mails and who could have helped him search to do so."  *Id.* at 384:7–10; 385:4–7.  The Court explained that there "simply is no world and it's implausible that the 19 documents produced by defendant are the full universe of responsive documents."  *Id.* at 385:23–25.

15

Defendant is bold enough to suggest that there was no prejudice to Plaintiffs because "[t]here was nothing submitted to Plaintiffs so late that the Plaintiffs did not have an opportunity to depose the non-party witness on any such document." Dkt. No. 206 at 11. But in fact, there was almost nothing submitted to Plaintiffs at all by the Third-Party Witnesses, and therefore nothing with which to test their credibility and the completeness of their testimony in deposition. Although Defendant suggests that the appropriate next course would have been for Plaintiffs to have moved to hold Ryan and Goodman in contempt and for the Court to have imposed sanctions on Ryan and Goodman until they complied, that course was no longer practicable at the time of the non-compliance. As a result of Defendant's stalling, there was no time in the deposition schedule for a renewed deposition or for a motion for contempt. As to Placa, because he was identified only at the last minute, Plaintiff did not even have an opportunity to do anything other than serve a subpoena duces tecum on him which he appeared for on December 26, 2024. It was only at the time of deposition that Placa failed to produce any documents and only at that point that Plaintiff could even have moved to compel compliance.

The Second Circuit has instructed that preclusion is a stiff sanction to be employed only after less drastic sanctions are considered. Where the receiving party has not suffered prejudice, the Court should be reluctant to take steps that would prevent the disclosing party from presenting his case—even if the proposed testimony is of marginal value. Although the question is close, the Court concludes that preclusion is not necessary with respect to Ryan. Plaintiff has had the opportunity to take the deposition of Ryan. She testified at deposition that she did not believe that she had any documents responsive to the subpoena. Dkt. No. 182-4 at 262:8–274:20. Ryan testified that she did search her email for responsive documents, *id.* at 277:9–277:22, but that as a matter of habit, she routinely deleted emails, documents, and text messages

16

shortly after receiving them, *id*. at 167:25–169:18.  Although Plaintiffs offer reasons to question those claims and Ryan was Defendant's employee, Plaintiffs have presented insufficient evidence to penalize him for Ryan's discovery failures.  For the same reasons, the question of continuance is somewhat moot with respect to Ryan.  Plaintiffs can question Ryan at trial with respect to her claim not to have responsive documents and whether she engaged in any search for documents at all.  Depending on her answers, any prejudice to Plaintiffs can be addressed by the inferences the Court may draw regarding her credibility and the weight to be given her testimony in the absence of documents.

      The Court precludes Defendant from calling Goodman and Placa at trial.  Leaving aside Defendant's failure to explain the late disclosure of those witnesses and the unimportance of Goodman for the purposes for which he is being offered, Plaintiffs would suffer severe prejudice from those late disclosures if Goodman or Placa was permitted to testify at trial.  Goodman is in violation of a court order.  He testified at deposition that he communicated with Plaintiff by email but that, notwithstanding the court order, he did not conduct any search for emails that would be responsive to the subpoena.  Dkt. No. 182-5 at 39:16–45:23.  Placa was subpoenaed for documents, including documents relating to Defendant's travel.  Dkt. No. 182-1 at 63:2–64:10.  He testified that he kept records on his telephone that would reflect Defendant's presence in Florida.  Dkt. No. 182-1 at 12:5–12:18.  Those documents would have been highly relevant to this case and are necessary to test Placa's testimony.  Yet, Placa did not produce them.  Indeed, he admitted that, contrary to the instruction in the subpoena, he did not make any efforts to search for responsive documents.  *Id*. at 63:15–67:5. This is paradigmatic prejudice.  *See Williams v. Bethel Springvale Nurson Home, Inc.*, 2018 WL 1662644, at *5 (S.D.N.Y. Apr. 5, 2018) (finding prejudice where "untimely disclosures" of third parties prevent the "opportunity

to take discovery of the named" witnesses); *Pal v. N.Y.U.*, 2008 WL 2627614, at *5 (S.D.N.Y. June 30, 2008) (finding prejudice sufficient to warrant preclusion of witnesses disclosed on the last day of discovery period where otherwise discovery would have to be reopened on the eve of a pretrial conference).

Defendant proposes that, rather than preclude the witnesses from testifying, Plaintiffs should move for contempt. Dkt. No. 206 at 12. But, as Defendant well knows, it is his own discovery violations that have prevented that option from becoming viable. There is no time for the Court to initiate contempt proceedings against Goodman before the scheduled trial. Because the need to depose him arose only at the last minute, Goodman was deposed only at the last minute. It was only at that time—and as the period for discovery was nearing a close—that Goodman's apparently contemptuous behavior fully came to light. And, with respect to Placa, because he was not disclosed until the last minute, there was no reason for Plaintiffs to subpoena him until the last minute and thus no time for them even to obtain an order compelling him to respond to discovery. In short, Defendant is attempting to enjoy the fruits of his own discovery misconduct.

Which brings the Court to the question of a continuance. In his response to the motion in limine, Defendant repeatedly bemoans the January 16 trial date and seeks to avoid a trial in this matter. Dkt. No. 206 at 18–19. But the January 16 date was adopted on October 17, 2024, without objection when Defendant was represented by his initial counsel in this case, Dkt. No. 47, and, when new counsel appeared, he agreed that he would be ready on January 16. Dkt. No. 107-5 at 3:9–3:19. The Court has previously explained why it chose that date. A clock is ticking in this case and, as Defendant himself implicitly appears to concede, Dkt. No. 206 at 7–9, the issues here are not particularly complicated. A continuance is not practicable. There is no

reason to believe Goodman would produce documents if a short continuance were granted. Placa testified at deposition that he would produce responsive documents, but he has yet to do so. In sum, what Defendant is suggesting as a means of allaying the prejudice to Plaintiffs is not a short continuance of the type that courts frequently allow to address a Rule 26(a)(1) violation but a lengthy delay of this matter.

Defendant does not address Plaintiffs' argument that he should be precluded from relying on documents that he did not produce in discovery. Accordingly, that motion is granted.

## CONCLUSION

Plaintiffs' motion in limine is GRANTED in part and DENIED in part. Defendant is precluded from calling Theodore Goodman or Alan Placa as witnesses at trial and from relying on any document he did not produce in discovery. The motion is denied with respect to the request that Maria Ryan be precluded as a witness at trial.

Dated: January 13, 2025
New York, New York

_____
LEWIS J. LIMAN
United States District Judge