```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 1/14/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RUBY FREEMAN and WANDREA' MOSS,

        Plaintiffs,

      -v-

RUDOLPH W. GIULIANI,

        Defendant.

------------------------------------------------------------X

------------------------------------------------------------X

RUBY FREEMAN and WANDREA' MOSS,

        Plaintiffs,

      -v-

RUDOLPH W. GIULIANI,

        Defendant.

------------------------------------------------------------X

24-mc-00353 (LJL)
24-cv-06563 (LJL)

MEMORANDUM AND ORDER

LEWIS J. LIMAN, United States District Judge:

Plaintiffs Ruby Freeman and Wandrea' Moss ("Plaintiffs") move for leave to redact certain information concerning tax documents filed by Defendant Rudolph W. Giuliani ("Defendant") from their proposed findings of fact and conclusions of law. 24-cv-6563, Dkt. No. 189; 24-mc-00353, Dkt. No. 222. Plaintiffs' sealing motions were filed on January 7, 2025. *Id.* Under Paragraph 2(H) and Attachment A of the Court's Individual Practices in Civil Cases, a party seeking to file a document redacting information marked confidential by another party must filed a letter motion so indicating and request that the Court not rule on the letter motion for

one week.  Individual Practices in Civil Cases ¶ 2(H), Attachment A.  "Failure of the Producing Party to file a letter within one week [supporting continued sealing] will constitute grounds for unsealing."  Individual Practices in Civil Cases Attachment A ¶ 4(b).  The Court took Plaintiffs' motions under advisement and ordered Defendant to file his response "no later than 5pm on January 14, 202[5]."  24-cv-6563, Dkt. No. 199; 24-mc-00353, Dkt. No. 227.  The Court warned Defendant that "[f]ailure to timely respond will result in unsealing for that reason alone."  *Id.*  Defendant did not respond to the sealing motions by that deadline.  The Court therefore denies the motions to seal.  Even if Defendant had filed a timely response, the Court would deny the motions on the merits for the reasons that follow.

Under both the First Amendment and the common law, there is a strong presumption of public access to judicial documents and proceedings.  *See Major League Baseball Players Ass'n v. Arroyo*, 2024 WL 3028432, at *1 (S.D.N.Y. June 17, 2024); *E.E.O.C. v. Kelley Drye & Warren LLP*, 2012 WL 691545, at *1 (S.D.N.Y. Mar. 2, 2012).  That presumption ensures the legitimacy and accountability of the courts, as "professional and public monitoring is an essential feature of democratic control," without which "the public could have no confidence in the conscientiousness, reasonableness, or honesty of judicial proceedings."  *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).  The public's ability to monitor the judicial process "is not possible without access to testimony and documents that are used in the performance of Article III functions."  *Id.* (quoting *United States v. Amodeo* ("*Amodeo II*"), 71 F.3d 1044, 1048 (2d Cir. 1995)).

To determine whether to permit the sealing of records filed in federal court, the Court engages in a three-step analysis.  "First, the court determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches."  *Mirlis v.*

*Greer*, 952 F.3d 51, 59 (2d Cir. 2020).  Second, "if the record sought is determined to be a judicial document, the court proceeds to determine the weight of the presumption of access to that document." *Id.* (quotation omitted).  Third, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*; *see Stafford v. Int'l Bus. Machs. Corp.*, 78 F.4th 62, 70 (2d Cir. 2023), *cert. denied*, 144 S. Ct. 1011 (2024).

First, the proposed finding of facts and conclusions of law with the reference to the tax documents are judicial records.  "In order to be designated a judicial document, 'the item filed must be relevant to the performance of the judicial function and useful in the judicial process.'" *Lugosch*, 435 F.3d at 119 (quoting *United States v. Amodeo* ("*Amodeo I*"), 44 F.3d 141, 145 (2d Cir. 1995)).  "[B]ecause the documents are submitted in connection with an adjudication that would determine the litigants' substantive rights, the presumption is 'at its zenith.'" *(RC) 2 Pharma Connect, LLC v. Mission Pharmacal Co.*, 2022 WL 1265855, at *1 (S.D.N.Y. Apr. 28, 2022) (quoting *Bernstein v. Bernstein Litowitz Berger & Grossmann LLP*, 814 F.3d 132, 142 (2d Cir. 2016)).

Second, the records are "integral to the Court's reasoning in this case" and the presumption of access is at its "strongest." *Olson v. Major League Baseball*, 29 F.4th 59, 89–90 (2d Cir. 2022).  The "weight of the presumption [of access] is a function of (1) the role of the material at issue in the exercise of Article III judicial power and (2) the resultant value of such information to those monitoring the federal courts." *Bernstein*, 814 F.3d at 142 (quotations omitted).  The highest presumption applies to "matters that directly affect an adjudication." *Lugosch*, 435 F.3d at 119 (quoting *Amodeo II*, 71 F.3d at 1049).  The information sought to be redacted reflect Defendant's records of gifts to his children and others and are directly relevant to

the Court's ultimate findings of fact and conclusions of law with regard to whether Defendant gifted the World Series rings at issue to his son, Andrew Giuliani.  The documents thus "should not remain under seal absent the most compelling reasons."  *Lugosch*, 435 F.3d at 121 (internal quotation marks omitted) (quoting *Joy v. North*, 692 F.2d 880, 893 (2d Cir. 1982)).

Third, the privacy and governmental interests counseling against disclosure of the tax information sought to be redacted do not outweigh the presumption of access.  The tax code itself does not require sealing as it expressly permits disclosure of tax return information in federal and state judicial or administrative proceedings where "the taxpayer is a party to the proceeding."  26 U.S.C.A. § 6103(h)(4)(A).  Nonetheless, courts in the Second Circuit have acknowledged tax returns stand apart from other subjects of discovery due to "the private nature of the sensitive information contained therein" as well as "the public interest in encouraging the filing by taxpayers of complete and accurate returns."  *Xiao Hong Zheng v. Perfect Team Corp.*, 739 F. App'x 658, 660 (2d Cir. 2018) (citation omitted); *see also S.E.C. v. Rayat*, 2023 WL 1861498, at *4 (S.D.N.Y. Feb. 9, 2023) (noting that "'[t]he public policy supporting the courts' sensitive treatment of tax returns is' founded, in part, 'in provisions of the Internal Revenue Code declaring that federal tax returns are confidential communications between the taxpayer and the government.'" (quoting 6 Moore's Federal Practice § 26.45[1][b] (3d ed. 2021)); *Mangahas v. Eight Oranges Inc.*, 2022 WL 14106010, at *2 (S.D.N.Y. Oct. 24, 2022).  These are compelling concerns that could militate in favor of sealing if the presumption of access was lower.  Here, however, given the centrality of the information to the Court's adjudication, neither Defendant's privacy interest nor the government's interest in nondisclosure outweigh the strong presumption of access.  *See United States v. Buff*, 2024 WL 4262956, at *3 (2d Cir. Sept. 23, 2024) (summary order) (affirming unsealing of tax documents).

The motions to seal are denied. Plaintiffs' proposed findings of fact and conclusions of law shall be unsealed and Plaintiffs are permitted to make reference to the tax information reflected in them in open court during the bench trial scheduled to begin on January 16, 2025.

In 24-cv-6563, the Clerk of Court is respectfully directed to unseal the documents at Dkt. Nos. 193 and 196 as well as to close Dkt. No. 189.

In 24-mc-353, the Clerk of Court is respectfully directed to unseal the document at Dkt. No. 223 as well as to close Dkt. No. 222.

SO ORDERED.

Dated: January 14, 2025
      New York, New York

                                        LEWIS J. LIMAN
                                   United States District Judge